JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Shamus R. Roller, SBN 247782
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com
E-mail: sroller@justicefirstllp.com

JUSTICE FIRST, LLP
Sarita I. Ordóñez, SBN 216047
P.O. Box 181
Imperial Beach, CA 91933-0181
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: sordonez@justicefirstllp.com

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br>(42 U.S.C. § 1983)<br><br>Demand for Jury Trial |

Plaintiff, ABHINAV BHATNAGAR, hereby alleges as follows:

**INTRODUCTION**

1. In May of 2006, Plaintiff ABHINAV BHATNAGAR was at a gas station in San Ramon when he was targeted by Defendant JASON INGRASSIA because of his actual or perceived race. INGRASSIA falsely arrested Plaintiff, using racially derogatory and threatening language. Based upon INGRASSIA's falsified police report, Plaintiff was arrested, falsely imprisoned, and forced to defend against criminal charges and a license suspension. More than

four months after his arrest, INGRASSIA again targeted Plaintiff on the basis of his race when he stopped Plaintiff while driving in San Ramon. INGRASSIA threatened Plaintiff, told him never to return to San Ramon, and then issued him a false traffic violation. On three occasions, INGRASSIA falsely testified against Plaintiff under oath. On all three occasions, a court of law and/or a hearing officer found INGRASSIA not to be credible and dismissed all charges against Plaintiff. Although INGRASSIA has shown a pattern of racial harassment towards members of racial minorities, the COUNTY OF CONTRA COSTA and CITY OF SAN RAMON have failed to take appropriate disciplinary action against INGRASSIA.

2. To vindicate his rights and to prevent further violations against other members of racial minorities, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under the common and constitutional laws of the State of California.

## JURISDICTION

3. Plaintiff brings this action against Defendants to redress the deprivation of rights guaranteed to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983, and by the common and constitutional laws of the State of California.

4. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§1331 and 1343.

5. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Northern District of California because the claims arose in the City of San Ramon and all parties reside in this district.

6. Pursuant to 42 U.S.C. § 1367(a), this court has supplemental jurisdiction over the state claims brought in this action, which arise from a common set of operative facts and from the same set of transactions and occurrences raised in the federal claims.

## INTRADISTRICT ASSIGNMENT

7. The claims alleged herein arose in the City of San Ramon and County of Contra Costa. This action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES

8. Plaintiff ABHINAV BHATNAGAR is an Asian male of Indian descent, who resides in the County of Alameda.

9. Defendant JASON INGRASSIA is a Caucasian male. Upon information and belief, INGRASSIA was employed by the COUNTY OF CONTRA COSTA as a deputy sheriff and assigned to work for the Police Department of the CITY OF SAN RAMON. At all relevant times, INGRASSIA was acting under color of law and within the scope of his employment for Defendants COUNTY OF CONTRA COSTA and CITY OF SAN RAMON. INGRASSIA is sued both individually and in his official capacity.

10. Defendant COUNTY OF CONTRA COSTA is a municipal corporation that owns, operates, and governs the Contra Costa County Sheriff's Department pursuant to the laws of the State of California. Upon information and belief, the COUNTY OF CONTRA COSTA was and/or is the public employer of INGRASSIA and was responsible for the training, supervision, and discipline of INGRASSIA. Upon information and belief, monetary damages for misconduct by INGRASSIA and/or the Contra Costa County Sheriff's Department would be paid for by the COUNTY OF CONTRA COSTA.

11. Defendant CITY OF SAN RAMON is a municipal corporation that owns, operates, and governs the San Ramon Police Department pursuant to the laws of the State of California. Upon information and belief, the CITY OF SAN RAMON was and/or is the public employer of INGRASSIA and is responsible for the training, supervision, and discipline of INGRASSIA.

12. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

## STATEMENT OF FACTS

13. On or about May 20, 2006, Plaintiff was standing outside of his car getting gas at a gas station in San Ramon when INGRASSIA pulled into the gas station and parked his patrol car.

14. Based on Plaintiff's actual and/or perceived race, INGRASSIA singled out and targeted Plaintiff for questioning without reasonable suspicion that Plaintiff had committed any crime.

15. During the arrest, INGRASSIA repeatedly called Plaintiff a "terrorist" and used other racially derogatory and threatening language towards Plaintiff. For instance, INGRASSIA yelled at Plaintiff that "You Asians create a lot of trouble in the world and then you come here and steal all our jobs."

16. INGRASSIA maliciously provided false statements and fabricated evidence in his police report dated May 20, 2006. For instance, INGRASSIA claimed that he saw Plaintiff driving, that Plaintiff made an illegal U-turn, and that he pulled Plaintiff over for the traffic violation after activating his emergency lights.

17. After giving Plaintiff a sobriety test, INGRASSIA unlawfully arrested Plaintiff for driving under the influence of alcohol, in violation of Vehicle Code § 23152(A), without probable cause and based on Plaintiff's actual and/or perceived race.

18. As a result of INGRASSIA's misconduct, Plaintiff's car was towed from the gas station, he was held in custody overnight at the Martinez Detention Facility, and his driver's license was suspended.

19. As a result of INGRASSIA's misconduct, Plaintiff was required to defend himself against criminal charges for driving while intoxicated and administrative proceedings for his license suspension.

20. During his criminal and administrative proceedings, Plaintiff and several witnesses testified about the actual circumstances under which Plaintiff was arrested. For instance, one of Plaintiff's witnesses testified that Plaintiff was parked at the gas station getting gas when INGRASSIA pulled into the gas station and parked his patrol car. Other witnesses testified to overhearing the racially offensive and threatening language used by INGRASSIA towards Plaintiff.

21. While the criminal and other charges were still pending against Plaintiff in August of 2006, the Contra Costa County Public Defender's Office requested an investigation of INGRASSIA on Plaintiff's behalf by advising both the CITY OF SAN RAMON and the COUNTY OF CONTRA COSTA about INGRASSIA's misconduct relating to Plaintiff's arrest on May 20, 2006. The Public Defender's Office further advised the CITY OF SAN RAMON and the COUNTY OF CONTRA COSTA of disturbing and repeated phone calls received by

Plaintiff and his family in which the caller said to "watch your back," "watch your family," and "you don't belong here."

22. In September of 2006, the CITY OF SAN RAMON advised that although the CITY OF SAN RAMON was in transition to form its own police department, INGRASSIA's employment was contracted by the CITY OF SAN RAMON from Ingrassia's employer, the COUNTY OF CONTRA COSTA. The CITY OF SAN RAMON referred the request for investigation to the COUNTY OF CONTRA COSTA for further review and investigation.

23. More than four months after his arrest, INGRASSIA stopped Plaintiff while he was driving his vehicle in San Ramon on or about September 29, 2006. Acting under color of law, INGRASSIA pulled Plaintiff over in his vehicle, then yelled at and threatened Plaintiff for bringing a complaint against him. For instance, INGRASSIA told Plaintiff, "No attorney can do anything to me" and "I can take your ass to jail anytime."

24. Again claiming that Plaintiff made an illegal U-turn, INGRASSIA maliciously issued Plaintiff a traffic citation and told him, "I don't want to see your ass in San Ramon again."

25. INGRASSIA falsely testified under oath against Plaintiff in *People v. Bhatnagar,* Contra Costa County Superior Court Case No. 127484-4, in support of criminal charges against Plaintiff for driving while intoxicated. On November 27, 2006 Contra Costa County Superior Court Judge Charles Treat dismissed the criminal complaint against Plaintiff, concluding, "I do not credit the officer's testimony. It appears to me as most credible, that the officer was trolling for drunk drivers across from the bar and picked on this defendant because of his race."

26. INGRASSIA falsely testified under oath before the Department of Motor Vehicles ("DMV") in support of the suspension of Plaintiff's driver's license. On January 5, 2007, the Contra Costa County District Attorney advised DMV that criminal charges against Plaintiff were dismissed, based on the District Attorney's conclusion that INGRASSIA had insufficient grounds to stop Plaintiff.

27. On March 30, 2007, the DMV hearing officer found that Plaintiff did not drive under the influence of alcohol, INGRASSIA had no reasonable cause to believe Plaintiff was driving under the influence, and that INGRASSIA unlawfully arrested Plaintiff. Although INGRASSIA failed to comply with the subpoena to appear as a witness at Bhatnagar's rehearing,

the hearing officer concluded that INGRASSIA lacked credibility and that "he was less than truthful when completing documents submitted to the department."

28. INGRASSIA falsely testified under oath against Plaintiff in support of the traffic citation he issued to Plaintiff on September 29, 2006. On March 14, 2007, Contra Costa County Superior Court Judge Joel Golub found Plaintiff not guilty of the traffic citation and dismissed the action entitled *People v. Bhatnagar*, Contra Costa County Superior Court Docket No. 1-968674-2.

29. During the pending internal affairs investigation of INGRASSIA, the Sheriff's Department of the COUNTY OF CONTRA COSTA was advised that criminal charges against Plaintiff were dismissed based on unfavorable findings regarding INGRASSIA's credibility.

30. Also during the pending internal affairs investigation of INGRASSIA, the Sheriff's Department of the COUNTY OF CONTRA COSTA was further advised about the outcome in *People v. Raymond Eli*, Contra Costa Superior Court Case No. 1-128472-8, a separate case involving an African American motorist who was also stopped without justification and unlawfully arrested by INGRASSIA. In *People v. Raymond Eli*, a third judge in the Contra Costa County Superior Court, namely Judge William Kolin, found INGRASSIA's testimony lacked credibility and dismissed criminal charges against Mr. Eli.

31. During the internal affairs investigation of INGRASSIA, Plaintiff, his family, and at least one of his witnesses felt scared and intimidated by officers conducting the investigation of INGRASSIA.

32. By letter dated March 12, 2007, the Sheriff's Department of the COUNTY OF CONTRA COSTA advised Plaintiff that it had concluded its investigation of INGRASSIA with an "unfounded" finding. Specifically, the investigation concluded that the acts complained of "did not occur" as alleged.

33. Upon information and belief, the COUNTY OF CONTRA COSTA and the CITY OF SAN RAMON failed to appropriately discipline INGRASSIA for his misconduct towards Plaintiff, as previously alleged herein.

34. In the absence of appropriate discipline for the misconduct alleged above, INGRASSIA is likely to commit future constitutional violations against members of racial minorities.

## EXHAUSTION OF REMEDIES

35. Plaintiff timely filed notices of claim with the CITY OF SAN RAMON and with CONTRA COSTA COUNTY. Plaintiff's claim was rejected by the COUNTY OF CONTRA COSTA on December 13, 2006 and by the CITY OF SAN RAMON on March 8, 2007. Plaintiff has therefore exhausted his administrative remedies.

## STATEMENT OF DAMAGES

36. As a result of INGRASSIA's misconduct, Plaintiff was unlawfully stopped and detained, falsely arrested, falsely imprisoned, and maliciously prosecuted. As a result of Defendants' actions and omissions, Plaintiff sustained pain and suffering, including emotional distress, fear, humiliation, loss of security, anxiety, lost wages and earning capacity, anxiety, loss of appetite and sleep, significant strain on his family relationships, and attorney's fees and costs required to defend himself against criminal charges and the suspension of his driver's license.

37. Defendants' actions and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiff's protected rights. As such, and to deter future similar conduct by Defendants, Plaintiff is entitled to an award of punitive damages against Defendants.

38. Plaintiff was required to hire private counsel to vindicate his rights under the law, thereby accruing attorney's fees and costs. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable statutes.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983
### (Against Defendant INGRASSIA)

39. Plaintiff incorporates by reference the allegations set forth above and below.

40. By the actions alleged above, Defendant INGRASSIA acted under color of law by depriving Plaintiff of his constitutional rights, which include, but are not limited to, the following:

(a) The right to be free from unreasonable stops, searches, and seizures,

(b) The right to be free from unlawful arrests, imprisonment, and malicious prosecution,

(c) The right to equal protection of the laws,

(d) The right to be free from racial profiling and racial discrimination,

(e) The right not to be deprived of liberty without due process of law, and/or

(f) The right to be free from retaliation for seeking redress for one's grievances.

41. The above-asserted rights are embodied in clearly established constitutional law pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

42. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983
### (Against Defendants COUNTY OF CONTRA COSTA and CITY OF SAN RAMON)

43. Plaintiff incorporates by reference the allegations set forth above and below.

44. Upon information and belief, Defendant INGRASSIA's misconduct was pursuant to and made possible by the customs, policies, practices, and/or procedures of the COUNTY OF CONTRA COSTA and the CITY OF SAN RAMON, which include, but are not limited to, the following:

(a) Engaging in, condoning, and/or failing to properly investigate or discipline racial profiling and other violations of equal protection,

(b) Engaging in, condoning, and/or failing to properly investigate or discipline unreasonable stops, detentions, searches, and seizures, false arrests, false imprisonment, and malicious prosecutions,

(c) Engaging in, condoning, and/or failing to properly investigate or discipline officers who abuse the legal process by making false statements in police reports, falsify sworn testimony, harass and intimidate complainants and witnesses, and ignore court findings and orders,

(d) Inadequately hiring, training, and supervising officers and failing to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of officers,

(e) Inadequately investigating and failing to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation and response to citizen complaints of officer misconduct.

45. The above-asserted rights are embodied in clearly established constitutional law pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

46. As a result of the policies and customs listed above, Defendant INGRASSIA believed that his actions would not be monitored, investigated, or cause for disciplinary action by his supervisors and would instead be tolerated.

47. The above-listed policies and customs constitute a deliberate indifference by Defendants COUNTY OF CONTRA COSTA and CITY OF SAN RAMON to Plaintiff's constitutional rights.

48. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

### THIRD CAUSE OF ACTION

### 42 U.S.C.A. § 1983
### Retaliation for Complaining of Police Misconduct
### ((Against All Defendants)

49. Plaintiff incorporates by reference the allegations set forth above and below.

50. Defendants INGRASSIA, COUNTY OF CONTRA COSTA, and the CITY OF SAN RAMON denied Plaintiff of his First Amendment rights to seek redress for his grievances by retaliating against him for complaining of INGRASSIA's misconduct.

51. INGRASSIA's retaliatory acts against Plaintiff were committed within the scope of his employment, under color of law, and pursuant to the customs and policies of the COUNTY OF CONTRA COSTA and CITY OF SAN RAMON.

52. Defendants CITY OF SAN RAMON and COUNTY of CONTRA COSTA willfully failed to protect Plaintiff from the retaliatory actions of Defendant INGRASSIA.

53. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

**42 U.S.C. § 2000d (Title VI)**
**(Against Defendants COUNTY OF CONTRA COSTA and CITY OF SAN RAMON)**

54. Plaintiff incorporates by reference the allegations set forth above and below.

55. Defendants discriminated against Plaintiff in the provision of law enforcement on the basis of his actual and/or perceived race or ethnicity.

56. Upon information and belief, Defendants COUNTY OF CONTRA COSTA, and the CITY OF SAN RAMON receive federal financial assistance to provide law enforcement.

57. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

**Malicious Prosecution**
**(Against All Defendants)**

58. Plaintiff incorporates by reference the allegations set forth above and below.

59. Acting within the scope of his employment with the COUNTY OF CONTRA COSTA and the CITY OF SAN RAMON, Defendant INGRASSIA pursued and encouraged the prosecution of criminal and other charges against Plaintiff with malicious intent, without probable cause, and for the purpose of discriminating against Plaintiff on the basis of his race and/or national origin.

60. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION

### False Arrest / False Imprisonment
### (Against All Defendants)

61. Plaintiff incorporates by reference the allegations set forth above and below.

62. Acting within the scope of his employment with the COUNTY OF CONTRA COSTA and the CITY OF SAN RAMON, Defendant INGRASSIA unlawfully arrested and imprisoned Plaintiff for charges of driving while intoxicated.

63. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION

### Abuse of Process
### (Against All Defendants)

64. Plaintiff incorporates by reference the allegations set forth above and below.

65. Acting within the scope of his employment with the COUNTY OF CONTRA COSTA and the CITY OF SAN RAMON, Defendants used the criminal process against Plaintiff to cover up for their own wrongdoing and to avoid civil and criminal liability for their own acts.

66. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## EIGHTH CAUSE OF ACTION

### Violation of Civil Code § 52.1
### (Against All Defendants)

67. Plaintiff incorporates by reference the allegations set forth above and below.

68. By the actions alleged above, Defendants violated Plaintiff's clearly established rights under the United States and California Constitutions, which include, but are not limited to, the following:

    (a) The right to be free from unreasonable stops, searches, and seizures,

    (b) The right to be free from unlawful arrests, imprisonment, and malicious prosecution,

    (c) The right to equal protection of the laws,

    (d) The right to be free from racial profiling and racial discrimination,

    (e) The right not to be deprived of liberty without due process of law, and/or

    (f) The right to be free from retaliation for seeking redress for one's grievances.

69. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

### NINTH CAUSE OF ACTION

**Negligence**
**(Against All Defendants)**

70. Plaintiff incorporates by reference the allegations set forth above and below.

71. At all relevant times, each Defendant owed Plaintiff the duty to act with reasonable care which include, but are not limited to, the following duties:

    (a) To refrain from conducting unreasonable stops, searches, and seizures,

    (b) To refrain from conducting unlawful arrests, imprisonment, and malicious prosecution,

    (c) To refrain from violating equal protection of the laws,

    (d) To refrain from racial profiling and racial discrimination,

    (e) To refrain from retaliating against those who complain of police misconduct,

    (f) To refrain from abusing the authority granted by law, and

    (g) To adequately hire, train, and supervise officers and to adopt and/or enforce policies and procedures for the proper hiring, training, supervising of officers,

(h)   To adequately investigate citizen complaints of officer misconduct and to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation and response to citizen complaints of officer misconduct.

72.   By their acts and omissions, Defendants breached each of the above-listed duties owed to Plaintiff.

73.   As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (Against All Defendants)

74.   Plaintiff incorporates by reference the allegations set forth above and below.

75.   Defendants conduct as alleged above was extreme, outrageous, and exceeded the boundaries of a decent society.  Said conduct was intended to and did cause Plaintiff severe emotional distress.

76.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. General damages, including damages for pain, suffering, and emotional distress, in an amount according to proof;
2. Specific damages in an amount according to proof;
3. Punitive damages in an amount according to proof;
4. Injunctive, declaratory relief, and equitable relief;

1    5.  Reasonable attorney's fees;

2    6.  Case costs; and

3    7.  Any further relief that the Court may deem just and proper.

Date: May 21, 2007                              Respectfully Submitted,

                                            JUSTICE FIRST, LLP
                                            2831 Telegraph Avenue
                                            Oakland, CA 94609

                                            By:     /s/
                                            JENNY C. HUANG
                                            Attorneys for Plaintiff Abhinav Bhatnagar