SILVANO B. MARCHESI (SBN 42965)
County Counsel
GREGORY C. HARVEY (SBN 47974)
Assistant County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
email: gharv@cc.cccounty.us

Attorneys for Defendants
CITY OF SAN RAMON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>　　　　Plaintiff<br><br>v.<br><br>JASON INGRASSIA, COUNTY OF CONTRA COSTA, and CITY OF SAN RAMON,<br><br>　　　　Defendants. | Case No. C07-02669 EMC<br><br>ANSWER OF CITY OF SAN RAMON TO PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL |

　　　　Defendant, CITY OF SAN RAMON, hereby appears in this action, demands a jury trial, and answers the complaint of Abhinav Bhatnagar, as follows:

　　　　1. Answering paragraph 1 of Plaintiff's complaint, Defendant CITY OF SAN RAMON (hereinafter "Defendant") responds to the allegations in paragraph 1 of Plaintiffs complaint by admitting that Abhinav Bhatnagar was arrested at a gas station in San Ramon in May of 2006 by Jason Ingrassia for driving under the influence. Said defendant further admits that Abhinav Bhatnagar was stopped and issued a citation by Jason Ingrassia approximately four months later for an illegal u-turn. Defendant also admits that the driving under the influence charge

1  and the citation for an illegal u-turn were subsequent dismissed by judicial officers.  Except as
2  specifically admitted herein, Defendant CIT Y OF SAN RAMON denies the remaining
3  allegations of paragraph 1 of Plaintiff's complaint.

5       2.  Answering paragraph 2 of Plaintiff's complaint, Defendant lacks sufficient
6  information or belief to admit or deny the allegations of paragraph 2 of Plaintiff's complaint
7  and therefore denies said allegations.

9       3.  Answering paragraph 3 of Plaintiff's complaint, Defendant lacks sufficient
10  information or belief to admit or deny the allegations of paragraph 3 of Plaintiff's complaint
11  and therefore denies said allegations.

13      4.  Answering paragraph 4 of Plaintiff's complaint, Defendant admits that this court has
14  jurisdiction of this matter pursuant to 28 U.S.C. § 1331.  Defendant denies that the Plaintiff's
15  complaint provides a basis for jurisdiction under 28 U.S.C. § 1343.

17      5.  Answering paragraph 5 of Plaintiff's complaint, Defendant admits that venue is
18  appropriate in the Northern District of California.

20      6.  Answering paragraph 6 of Plaintiff's complaint, Defendant admits that this court has
21  supplemental jurisdiction over the causes of action brought under state law which arise from
22  common operative facts to the federal claim.

24      7.  Answering paragraph 7 of Plaintiff's complaint, Defendant admits that the arrest and
25  citation of Plaintiff occurred in the City of San Ramon.  Defendant denies the remaining
26  factual allegations of paragraph 7 of the Plaintiff's complaint.

28      8.  Answering paragraph 8 of Plaintiff's complaint, Defendant lacks sufficient

information to admit or deny the allegations of paragraph 8 of Plaintiff's complaint and therefore, based on a lack of information or belief, denies said allegations of descent or residence.

9. Answering paragraph 9 of Plaintiff's complaint, Defendant admits that Jason Ingrassia is a Caucasian male and is employed as a deputy sheriff by the County of Contra Costa. The defendant admits that the County of Contra Costa provides police services to the City of San Ramon under contract and that Deputy Ingrassia was assigned to provide such services to the City of San Ramon as an employee of the Sheriff's Department. The defendant denies the remaining factual allegations of paragraph 9 of the Plaintiff's complaint.

10. Answering paragraph 10 of Plaintiff's complaint, Defendant admits that the County of Contra Costa is a California County created by the Constitution of the State of California and that the Sheriff's Department is a County agency. Deputy Ingrassia is an employee of the County of Contra Costa Sheriff's Department and as such is entitled by statute to a defense and indemnification of general damages under the provisions of the California Government Code for legal claims based upon acts or omissions arising in the scope of his employment. Defendant admits that the training, supervision and discipline of Sheriff's deputies is the responsibility of Contra Costa County Sheriff's Department. Defendant denies the remaining factual allegations of paragraph 10 of the Plaintiff's complaint.

11. Answering paragraph 11 of Plaintiff's complaint, Defendant admits that the City of San Ramon is a municipal corporation. Defendant denies that the City of San Ramon was the employer of Deputy Ingrassia or had responsibility for his training, supervision, or discipline as alleged in paragraph 11 of the Plaintiff's complaint.

12. Answering paragraph 12 of Plaintiff's complaint, Defendant admits that, in the arrest and citation of Mr. Bhatnagar, Deputy Ingrassia was acting under color of law.

Defendant denies the remaining factual allegations of paragraph 12 of the Plaintiff's complaint.

13. Answering paragraph 13 of Plaintiff's complaint, Defendant admits that Plaintiff was already in the gas station when Ingrassia pulled into the gas station where Plaintiff was ultimately arrested; however, Defendant is informed and believes and, based on said information and belief, alleges that Ingrassia observed Plaintiff make an illegal u-turn and followed him into the gas station to make a traffic stop.  Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 13 of Plaintiff's complaint, and, based on said lack of information or belief, denies the remaining allegations of paragraph 13 of Plaintiff's complaint.

14. Answering paragraph 14 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 14 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

15. Answering paragraph 15 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 15 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

16. Answering paragraph 16 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 16 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

17. Answering paragraph 17 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 17 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

1   18. Answering paragraph 18 of Plaintiff's complaint, Defendant admits that Plaintiff
2   was held in custody as a result of his arrest for driving under the influence.  Defendant lacks
3   sufficient information or belief to admit or deny the remaining allegations of paragraph 14 of
4   Plaintiff's complaint and, based upon such lack of information or belief, denies said
5   allegations.

7   19. Answering paragraph 19 of Plaintiff's complaint, Defendant lacks sufficient
8   information or belief to admit or deny the allegations of paragraph 19 of Plaintiff's complaint
9   and, based upon such lack of information or belief, denies said allegations.

11  20. Answering paragraph 20 of Plaintiff's complaint, Defendant lacks sufficient
12  information or belief to admit or deny the allegations of paragraph 20 of Plaintiff's complaint
13  and, based upon such lack of information or belief, denies said allegations.

15  21. Answering paragraph 21 of Plaintiff's complaint, Defendant admits that a deputy
16  public defender made a request for an investigation of Deputy Ingrassia and that said deputy
17  also claimed that unidentified phone calls had been made.  Defendant lacks sufficient
18  information or belief to admit or deny the remaining allegations of paragraph 21 of Plaintiff's
19  complaint and, based upon such lack of information or belief, denies said allegations.

21  22. Answering paragraph 22 of Plaintiff's complaint, Defendant lacks sufficient
22  information or belief to admit or deny the allegations of paragraph 22 of Plaintiff's complaint
23  and, based upon such lack of information or belief, denies said allegations.

25  23. Answering paragraph 23 of Plaintiff's complaint, Defendant admits that more than
26  four months after Mr. Bhatnagar was arrested for driving under the influence, Deputy Ingrassia
27  made a traffic stop of Mr. Bhatnagar's vehicle.  Defendant lacks sufficient information or
28  belief to admit or deny the remaining allegations of paragraph 23 of Plaintiff's complaint and,

based upon such lack of information or belief, denies said allegations.

24. Answering paragraph 24 of Plaintiff's complaint, Defendant admits at the time of the traffic stop that Deputy Ingrassia issued Mr. Bhatnagar a citation for an illegal u-turn. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 24 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

25. Answering paragraph 25 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 25 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

26. Answering paragraph 26 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 26 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

27. Answering paragraph 27 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 27 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

28. Answering paragraph 28 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 28 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

29. Answering paragraph 29 of Plaintiff's complaint, Defendant admits that representatives of Bhatnagar advised internal affairs investigators of the Sheriff's Department that the charges against Plaintiff were dismissed based on unfavorable findings regarding Ingrassia's credibility.

1    30. Answering paragraph 30 of Plaintiff's complaint, Defendant admits that
2  representatives of Bhatnagar advised internal affairs investigators of the dismissal of Eli Case
3  by letter. Defendant lacks information and belief as to the remaining allegations of paragraph
4  30 of Plaintiff's complaint and based, on said lack of information and belief, denies said
5  allegations.

7    31. Answering paragraph 31 of Plaintiff's complaint, Defendant lacks sufficient
8  information or belief to admit or deny the allegations of paragraph 31 of Plaintiff's complaint
9  and, based upon such lack of information or belief, denies said allegations.

11    32. Answering paragraph 32 of Plaintiff's complaint, Defendant admits the allegation
12  of paragraph 32 of the Plaintiff's complaint.

14    33. Answering paragraph 33 of Plaintiff's complaint, Defendant denies the allegations
15  of paragraph 33 of the Plaintiff's complaint.

17    34. Answering paragraph 34 of Plaintiff's complaint, Defendant denies the allegations
18  of paragraph 34 of the Plaintiff's complaint.

20    35. Answering paragraph 35 of Plaintiff's complaint, Defendant admits that Plaintiff
21  filed a timely government tort claim with the County and exhausted his state law tort claim
22  requirements as to the County as to the state law claims alleged in the complaint. Defendant
23  lacks sufficient information and belief as to the remaining allegations of paragraph 35 and,
24  based on said lack of information or belief, denies said allegations.

26    36. Answering paragraph 36 of Plaintiff's complaint, Defendant lacks sufficient
27  information or belief to admit or deny the allegations of paragraph 36 of Plaintiff's complaint
28  and, based upon such lack of information or belief, denies said allegations.

1  37.  Answering paragraph 37 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 37 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

38.  Answering paragraph 38 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 38 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

39.  Answering paragraph 39 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 39 of Plaintiffs complaint.[1]

40.  Answering paragraph 40 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 40 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

41.  Answering paragraph 41 of Plaintiff's complaint, Defendant admits that the general rights elucidated in 40 (a) - (f) are rights protected under the constitution and laws of the United States.  Defendant lacks sufficient information and belief to admit or deny that these rights were violated in this case, and therefore denies that they were violated.

42.  Answering paragraph 42 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 42 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

---

[1] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 39, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

43. Answering paragraph 43 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 43 of Plaintiff's complaint.[2]

44. Answering paragraph 44 of Plaintiff's complaint, Defendant denies the allegations of paragraph 44 of Plaintiff's complaint.

45. Answering paragraph 45 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 45 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

46. Answering paragraph 46 of Plaintiff's complaint, Defendant denies the allegations of paragraph 46 of Plaintiff's complaint.

47. Answering paragraph 47 of Plaintiff's complaint, Defendant denies the allegations of paragraph 47 of Plaintiff's complaint.

48. Answering paragraph 48 of Plaintiff's complaint, Defendant denies the allegations of paragraph 48 of Plaintiff's complaint

49. Answering paragraph 49 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 49 of

---

[2] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 43, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

ANSWER OF DEFENDANT CITY OF SAN RAMON TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                          9

Plaintiff's complaint.[3]

50. Answering paragraph 50 of Plaintiff's complaint, Defendant denies the allegations of paragraph 50 of Plaintiff's complaint.

51. Answering paragraph 51 of Plaintiff's complaint, Defendant denies that there is any County policy supporting, encouraging or allowing retaliatory actions for complaints about law enforcement activities. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 51 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

52. Answering paragraph 52 of Plaintiff's complaint, Defendant denies the allegations of paragraph 52 of Plaintiff's complaint.

53. Answering paragraph 53 of Plaintiff's complaint, Defendant denies the allegations of paragraph 53 of Plaintiff's complaint.

54. Answering paragraph 54 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 54 of Plaintiff's complaint.[4]

55. Answering paragraph 55 of Plaintiff's complaint, Defendant denies the allegations

---

[3] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 49, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

[4] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 54, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

1  of paragraph 55 of Plaintiff's complaint.

3      56.   Answering paragraph 56 of Plaintiff's complaint, Defendant admits that the County receives federal funding for law enforcement. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 56 in relation to the City of San Ramon and, based on said lack of information and belief, denies said allegations.

8      57.   Answering paragraph 57 of Plaintiff's complaint, Defendant denies the allegations of paragraph 57 of Plaintiff's complaint.

11     58.   Answering paragraph 58 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 58 of Plaintiff's complaint.[5]

15     59.   Answering paragraph 59 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 59 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

19     60.   Answering paragraph 60 of Plaintiff's complaint, Defendant denies the allegations of paragraph 60 of Plaintiff's complaint.

22     61.  Answering paragraph 61 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 61 of

---

[5] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 58, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

ANSWER OF DEFENDANT CITY OF SAN RAMON TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                                11

Plaintiff's complaint.[6]

62. Answering paragraph 62 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 62 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

63. Answering paragraph 63 of Plaintiff's complaint, Defendant denies the allegations of paragraph 63 of Plaintiff's complaint.

64. Answering paragraph 64 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 64 of Plaintiff's complaint.[7]

65. Answering paragraph 65 of Plaintiff's complaint, Defendant denies the allegations of paragraph 65 of Plaintiff's compliant.

66. Answering paragraph 66 of Plaintiff's complaint, Defendant denies the allegations of paragraph 66 of Plaintiff's complaint.

67. Answering paragraph 67 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 67 of

---

[6] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 61, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

[7] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 64, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

Plaintiff's complaint.[8]

68. Answering paragraph 68 of Plaintiff's complaint, Defendant denies the allegations of paragraph 68 of Plaintiff's complaint.

69. Answering paragraph 69 of Plaintiff's complaint, Defendant denies the allegations of paragraph 69 of Plaintiff's complaint.

70. Answering paragraph 70 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 70 of Plaintiff's complaint.[9]

71. Answering paragraph 71 of Plaintiff's complaint, Defendant denies that the CITY, as a public entity, can be directly liable to Plaintiff for general negligence under California law absent a mandatory duty expressed by statute which satisfies the provisions of Government Code section 815.6. The Plaintiff has failed to identify any such statute in their cause of action for "negligence." Absent identification of a particular statute upon which to base a mandatory duty, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 71 and, based on said lack of information or belief, Defendant denies said allegations.

72. Answering paragraph 72 of Plaintiff's complaint, Defendant denies that it

---

[8] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 67, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

[9] Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 70, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

breached any duty owed to Plaintiff.  Defendant lacks sufficient information or belief to admit or deny or deny the remaining allegations of paragraph 72 and, based on said lack of information or belief, denies said allegations.

73.  Answering paragraph 73 of Plaintiff's complaint, Defendant denies the allegations of paragraph 73 of Plaintiff's complaint.

74. Answering paragraph 74 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 74 of Plaintiff's complaint.[10]

75.  Answering paragraph 75 of Plaintiff's complaint, Defendant denies the allegations of paragraph 75 of Plaintiff's complaint.

76. Answering paragraph 76 of Plaintiff's complaint, Defendant denies the allegations of paragraph 76 of Plaintiff's complaint.

AFFIRMATIVE DEFENSES

1. As its first affirmative defense, the City of San Ramon alleges that Plaintiff's fourth cause of action brought under Title VI does not state facts upon which a claim for relief may be based in that the Plaintiff is not a person who is a beneficiary of federal funds for law enforcement.

2. As its second affirmative defense, the City of San Ramon alleges that Plaintiff's fourth cause of action brought under Title VI does not state facts upon which a claim for relief

---

[10]  Because the plaintiff has not specified which paragraphs he is incorporating, defendant is uncertain as to what allegations are actually being incorporated into plaintiff's paragraph 74, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to plaintiffs complaint.

ANSWER OF DEFENDANT CITY OF SAN RAMON TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                                   14

may be based in that the Plaintiff did not exhaust available administrative remedies.

3. As its third affirmative defense, the City of San Ramon alleges that Plaintiff's fifth cause of action for malicious prosecution, seventh cause of action for abuse of process, the eighth cause of action for violation of civil code section 52.1, the ninth cause of action for negligence, and tenth cause of action for infliction of emotional distress, both individually and collectively, do not state facts upon which a claim for relief against a public entity can be based under state law because a public entity is statutorily immune for acts or omissions of its employees in the institution of legal proceedings pursuant to Government Code section 821.6, an immunity made applicable to a public entity pursuant to Government Code section 815.2.

4. As its fourth affirmative defense, the City of San Ramon alleges that Plaintiff's state law claims with the sole exception of false arrest claim in this action do not state facts upon which a claim for relief against a public entity may be based under California law because the defendants are immune from liability pursuant to Government Code section 821.6 and Government Code section 815.2.

5. As its fifth affirmative defense, the City of San Ramon alleges that Plaintiff has failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

6. As its sixth affirmative defense, the City of San Ramon alleges that Plaintiff has failed to exhaust administrative remedies, and his claims are barred thereby.

7. As its seventh affirmative defense, the City of San Ramon is informed and believes and, based on said information and belief, alleges that Plaintiff acted unjustly and inequitably, and his action against said Defendants is therefore barred by the doctrine of unclean hands.

8. As its eighth affirmative defense, the City of San Ramon alleges that Defendant is immune from civil liability for the state law claims based on the Sheriff's Department investigation of Jason Ingrassia pursuant to the provisions of Government Code sections 821.6 and 815.2, in that the decision of whether to impose discipline on a public employee peace officer is part of a decision of whether or not to institute an administrative proceeding. Further, Jason Ingrassia was the employee of the County, not the City.

9. As its ninth affirmative defense, the City of San Ramon alleges that Defendant is immune from civil liability for the state law claims based on the investigation of the Plaintiff's complaint against Jason Ingrassia pursuant to the immunity provided by Government Code sections 820.2 and 815.2, in that the decision of whether to impose discipline on a public employee is based on the exercise of discretion based on a weighing of the evidence presented to the investigating internal affairs officers. Further, Jason Ingrassia was the employee of the County, not the City.

10. As its tenth affirmative defense, the City of San Ramon alleges that Defendant is immune from civil liability for the state law claims pursuant to the provisions of Government Code Section 818.2 and 820.4 in that the acts alleged in the complaint involved the enforcement of laws.

11. As its eleventh affirmative defense, the City of San Ramon alleges that Defendant is immune from civil liability for the state law claims pursuant to Government Code section 818.8 for any injury caused by the misrepresentation by an employee of the County, whether such misrepresentation be negligent or intentional.

12. As its twelfth affirmative defense, the City of San Ramon alleges that Defendant is immune from civil liability for the state law claims pursuant to the immunities and defenses contained in Government Code Sections 810 through 898.5.

13. As its thirteenth affirmative defense specifically to the claim of negligence, the City of San Ramon alleges that the Plaintiff was himself negligent, and that such negligence was a proximate or legal cause of his alleged damages.

## JURY TRIAL DEMAND

The City of San Ramon demands trial by jury in this action on all claims as to which the right to trial by jury attaches.

## PRAYER FOR RELIEF

Wherefore, Defendant requests that this action be dismissed, and that Plaintiff take nothing by his action, and that Defendant be awarded its reasonable litigation expenses, costs of suit, and attorney fees expended in the defense of this action, and request any such other relief as justice requires and the law allows.

DATED: June 18, 2007                    SILVANO B. MARCHESI, County Counsel

By:_____/s/_____
       GREGORY C. HARVEY
       Assistant County Counsel
       Attorneys for Defendants
       CITY OF SAN RAMON