SILVANO B. MARCHESI (SBN 42965)
County Counsel
GREGORY C. HARVEY (SBN 47974)
Assistant County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone:  (925) 335-1800
Facsimile:   (925) 335-1866
email: gharv@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>          Plaintiff<br><br>v.<br><br>JASON INGRASSIA, COUNTY OF CONTRA COSTA, and CITY OF SAN RAMON,<br><br>          Defendants. | Case No. C07-02669 EMC<br><br>ANSWER OF CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

        Defendant, COUNTY OF CONTRA COSTA, hereby appears in this action, demands a jury trial, and answers the complaint of Abhinav Bhatnagar, as follows:

        1.  Answering paragraph 1 of Plaintiff's complaint, Defendant County of Contra Costa (hereinafter "Defendant") responds to the allegations in paragraph 1 of Plaintiff's complaint by admitting that Abhinav Bhatnagar was arrested at a gas station in San Ramon in May of 2006 by Jason Ingrassia for driving under the influence.  Said Defendant further admits that Abhinav Bhatnagar was stopped and issued a citation by Jason Ingrassia approximately four months later for an illegal u-turn.  Defendant also admits that the driving under the influence

charge and the citation for an illegal u-turn were subsequent dismissed by judicial officers. Except as specifically admitted herein, Defendant County of Contra Costa denies the remaining allegations of paragraph 1 of Plaintiff's complaint.

2.  Answering paragraph 2 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 2 of Plaintiff's complaint and therefore denies said allegations.

3.  Answering paragraph 3 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 3 of Plaintiff's complaint and therefore denies said allegations.

4.  Answering paragraph 4 of Plaintiff's complaint, Defendant admits that this court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.  Defendant denies that the Plaintiff's complaint provides a basis for jurisdiction under 28 U.S.C. § 1343.

5.  Answering paragraph 5 of Plaintiff's complaint, Defendant admits that venue is appropriate in the Northern District of California.

6.  Answering paragraph 6 of Plaintiff's complaint, Defendant admits that this court has supplemental jurisdiction over the causes of action brought under state law which arise from common operative facts to the federal claim.

7.  Answering paragraph 7 of Plaintiff's complaint, Defendant admits that the arrest and citation of Plaintiff occurred in the City of San Ramon.  Defendant denies the remaining factual allegations of paragraph 7 of the Plaintiff's complaint.

8.  Answering paragraph 8 of Plaintiff's complaint, Defendant lacks sufficient

1    information to admit or deny the allegations of paragraph 8 of Plaintiff's complaint and

2    therefore, based on a lack of information or belief, denies said allegations of descent or

3    residence.

4

5        9.  Answering paragraph 9 of Plaintiff's complaint, Defendant admits that Jason

6    Ingrassia is a Caucasian male and is employed as a deputy sheriff by the County of Contra

7    Costa.  The Defendant admits that the County of Contra Costa provides police services to the

8    City of San Ramon under contract and that Deputy Ingrassia was assigned to provide such

9    services to the City of San Ramon as an employee of the Sheriff's Department.  The Defendant

10   denies the remaining factual allegations of paragraph 9 of the Plaintiff's complaint.

11

12       10.  Answering paragraph 10 of Plaintiff's complaint, Defendant admits that the County

13   of Contra Costa is a California County created by the Constitution of the State of California

14   and that the Sheriff's Department is a County agency.  Deputy Ingrassia is an employee of the

15   County of Contra Costa Sheriff's Department and as such is entitled by statute to a defense

16   and indemnification of general damages under the provisions of the California Government

17   Code for legal claims based upon acts or omissions arising out of the scope of his employment.

18   Defendant admits that the training, supervision and discipline of Sheriff's deputies is the

19   responsibility of Contra Costa County Sheriff's Department. Defendant denies the remaining

20   factual allegations of paragraph 10 of the Plaintiff's complaint.

21

22       11.  Answering paragraph 11 of Plaintiff's complaint, Defendant County of Contra

23   Costa admits that the City of San Ramon is a municipal corporation.  Defendant denies that the

24   City of San Ramon was the employer of Deputy Ingrassia or had responsibility for his training,

25   supervision, or discipline as alleged in paragraph 11 of the Plaintiff's complaint.

26

27       12.  Answering paragraph 12 of Plaintiff's complaint, defendant admits that in the arrest

28   and citation of Mr. Bhatnagar, Deputy Ingrassia was acting under color of law.   Defendant

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                          3

denies the remaining factual allegations of paragraph 12 of the Plaintiff's complaint.

13.  Answering paragraph 13 of Plaintiff's complaint, Defendant admits that Plaintiff was already in the gas station when Ingrassia pulled into the gas station where Plaintiff was ultimately arrested; however, Defendant is informed and believes and, based on said information and belief, alleges that Ingrassia observed Plaintiff make an illegal u-turn and followed him into the gas station to make a traffic stop.  Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 13 of Plaintiff's complaint, and, based on said lack of information or belief, denies the remaining allegations of paragraph 13 of Plaintiff's complaint.

14.  Answering paragraph 14 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 14 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

15.  Answering paragraph 15 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 15 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

16.  Answering paragraph 16 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 16 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

17.  Answering paragraph 17 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 17 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

18.  Answering paragraph 18 of Plaintiff's complaint, Defendant admits that Plaintiff

was held in custody as a result of his arrest for driving under the influence.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 14 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

19.  Answering paragraph 19 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 19 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

20.  Answering paragraph 20 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 20 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

21.  Answering paragraph 21 of Plaintiff's complaint, Defendant admits that a deputy public defender made a request for an investigation of Deputy Ingrassia and that said deputy also claimed that unidentified phone calls had been made.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 21 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

22.  Answering paragraph 22 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 22 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

23.  Answering paragraph 23 of Plaintiff's complaint, Defendant admits that more than four months after Mr. Bhatnagar was arrested for driving under the influence, Deputy Ingrassia made a traffic stop of Mr. Bhatnagar's vehicle.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 23 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                          5

24.  Answering paragraph 24 of Plaintiff's complaint, Defendant admits at the time of the traffic stop that Deputy Ingrassia issued Mr. Bhatnagar a citation for an illegal u-turn. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 24 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

25.  Answering paragraph 25 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 25 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

26.  Answering paragraph 26 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 26 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

27.  Answering paragraph 27 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 27 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

28.  Answering paragraph 28 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 28 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

29.  Answering paragraph 29 of Plaintiff's complaint, Defendant admits that representatives of Bhatnagar advised internal affairs investigators of the Sheriff's Department that the charges against Plaintiff were dismissed based on unfavorable findings regarding Ingrassia's credibility.

30.  Answering paragraph 30 of Plaintiff's complaint, Defendant admits that

representatives of Bhatnagar advised internal affairs investigators of the dismissal of Eli Case by letter.  Defendant lacks information and belief as to the remaining allegations of paragraph 30 of Plaintiff's complaint and based, on said lack of information and belief, denies said allegations.

31.  Answering paragraph 31 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 31 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

32.  Answering paragraph 32 of Plaintiff's complaint, Defendant admits the allegation of paragraph 32 of the Plaintiff's complaint.

33.  Answering paragraph 33 of Plaintiff's complaint, Defendant denies the allegations of paragraph 33 of the Plaintiff's complaint.

34.  Answering paragraph 34 of Plaintiff's complaint, Defendant denies the allegations of paragraph 34 of the Plaintiff's complaint.

35.  Answering paragraph 35 of Plaintiff's complaint, Defendant admits that Plaintiff filed a timely government tort claim with the County of Contra Costa and exhausted his state law tort claim requirements as to the County as to the state law claims alleged in the complaint.  Defendant lacks sufficient information and belief as to the remaining allegations of paragraph 35 and, based on said lack of information or belief, denies said allegations.

36.  Answering paragraph 36 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 36 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

37. Answering paragraph 37 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 37 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

38. Answering paragraph 38 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 38 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

39. Answering paragraph 39 of Plaintiff's complaint, Defendant incorporates by reference its responses to the allegations incorporated by reference in paragraph 39 of Plaintiffs complaint.[1]

40. Answering paragraph 40 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 40 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

41. Answering paragraph 41 of Plaintiff's complaint, Defendant admits that the general rights elucidated in 40 (a) - (f) are rights protected under the constitution and laws of the United States. Defendant lacks sufficient information and belief to admit or deny that these rights were violated in this case, and therefore denies that they were violated.

42. Answering paragraph 42 of Plaintiff's complaint, Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 42 of Plaintiff's complaint and, based upon such lack of information or belief, denies said allegations.

---

[1] Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 39, and therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's complaint.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1    43. Answering paragraph 43 of Plaintiff's complaint, Defendant incorporates by

2    reference its responses to the allegations incorporated by reference in paragraph 43 of

3    Plaintiff's complaint.[2]

4

5    44. Answering paragraph 44 of Plaintiff's complaint, Defendant denies the allegations

6    of paragraph 44 of Plaintiff's complaint.

7

8    45. Answering paragraph 45 of Plaintiff's complaint, Defendant lacks sufficient

9    information or belief to admit or deny the allegations of paragraph 45 of Plaintiff's complaint

10   and, based upon such lack of information or belief, denies said allegations.

11

12   46. Answering paragraph 46 of Plaintiff's complaint, Defendant denies the allegations

13   of paragraph 46 of Plaintiff's complaint.

14

15   47. Answering paragraph 47 of Plaintiff's complaint, Defendant denies the allegations

16   of paragraph 47 of Plaintiff's complaint.

17

18   48. Answering paragraph 48 of Plaintiff's complaint, Defendant denies the allegations

19   of paragraph 48 of Plaintiff's complaint

20

21   49. Answering paragraph 49 of Plaintiff's complaint, Defendant incorporates by

22   reference its responses to the allegations incorporated by reference in paragraph 49 of

23

24

25

26

27        [2] Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
     uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 43, and
28   therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
     complaint.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                              9

1    Plaintiff's complaint.[3]

2

3        50.  Answering paragraph 50 of Plaintiff's complaint, Defendant denies the allegations

4    of paragraph 50 of Plaintiff's complaint.

5

6        51.  Answering paragraph 51 of Plaintiff's complaint, Defendant denies that there is any

7    County policy supporting, encouraging or allowing retaliatory actions for complaints about

8    law enforcement activities.  Defendant lacks sufficient information or belief to admit or deny

9    the remaining allegations of paragraph 51 of Plaintiff's complaint and, based upon such lack of

10   information or belief, denies said allegations.

11

12       52.  Answering paragraph 52 of Plaintiff's complaint, Defendant denies the allegations

13   of paragraph 52 of Plaintiff's complaint.

14

15       53.  Answering paragraph 53 of Plaintiff's complaint, Defendant denies the allegations

16   of paragraph 53 of Plaintiff's complaint.

17

18       54.  Answering paragraph 54 of Plaintiff's complaint, Defendant incorporates by

19   reference its responses to the allegations incorporated by reference in paragraph 54 of

20   Plaintiff's complaint.[4]

21

22       55.  Answering paragraph 55 of Plaintiff's complaint, Defendant denies the allegations

23

24       [3]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
     uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 49, and
25   therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
     complaint.
26
27       [4]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
     uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 54, and
28   therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
     complaint.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                    10

1    of paragraph 55 of Plaintiff's complaint.

2

3        56.  Answering paragraph 56 of Plaintiff's complaint, Defendant admits that it receives

4    federal funding for law enforcement. Defendant lacks sufficient information or belief to admit

5    or deny the allegations of paragraph 56 in relation to the City of San Ramon and, based on said

6    lack of information and belief, denies said allegations.

7

8        57.  Answering paragraph 57 of Plaintiff's complaint, Defendant denies the allegations

9    of paragraph 57 of Plaintiff's complaint.

10

11        58.  Answering paragraph 58 of Plaintiff's complaint, Defendant incorporates by

12    reference its responses to the allegations incorporated by reference in paragraph 58 of

13    Plaintiff's complaint.[5]

14

15        59.  Answering paragraph 59 of Plaintiff's complaint, Defendant lacks sufficient

16    information or belief to admit or deny the allegations of paragraph 59 of Plaintiff's complaint

17    and, based upon such lack of information or belief, denies said allegations.

18

19        60.  Answering paragraph 60 of Plaintiff's complaint, Defendant denies the allegations

20    of paragraph 60 of Plaintiff's complaint.

21

22        61. Answering paragraph 61 of Plaintiff's complaint, Defendant incorporates by

23    reference its responses to the allegations incorporated by reference in paragraph 61 of

24

25

26
        [5]   Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
27    uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 58, and
      therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
28    complaint.

1  Plaintiff's complaint.[6]

2

3       62.  Answering paragraph 62 of Plaintiff's complaint, Defendant lacks sufficient

4  information or belief to admit or deny the allegations of paragraph 62 of Plaintiff's complaint

5  and, based upon such lack of information or belief, denies said allegations.

6

7       63.  Answering paragraph 63 of Plaintiff's complaint, Defendant denies the allegations

8  of paragraph 63 of Plaintiff's complaint.

9

10      64.  Answering paragraph 64 of Plaintiff's complaint, Defendant incorporates by

11  reference its responses to the allegations incorporated by reference in paragraph 64 of

12  Plaintiff's complaint.[7]

13

14      65.  Answering paragraph 65 of Plaintiff's complaint, Defendant denies the allegations

15  of paragraph 65 of Plaintiff's complaint.

16

17      66.  Answering paragraph 66 of Plaintiff's complaint, Defendant denies the allegations

18  of paragraph 66 of Plaintiff's complaint.

19

20      67. Answering paragraph 67 of Plaintiff's complaint, Defendant incorporates by

21  reference its responses to the allegations incorporated by reference in paragraph 67 of

22

23  _____

24      [6]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
25  uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 61, and
   therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
26  complaint.

27      [7]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
   uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 64, and
28  therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
   complaint.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                        12

1  Plaintiff's complaint.[8]

2

3      68.  Answering paragraph 68 of Plaintiff's complaint, Defendant denies the allegations

4  of paragraph 68 of Plaintiff's complaint.

5

6      69.  Answering paragraph 69 of Plaintiff's complaint, Defendant denies the allegations

7  of paragraph 69 of Plaintiff's complaint.

8

9      70.  Answering paragraph 70 of Plaintiff's complaint, Defendant incorporates by

10  reference its responses to the allegations incorporated by reference in paragraph 70 of

11  Plaintiff's complaint.[9]

12

13      71.  Answering paragraph 71 of Plaintiff's complaint, Defendant denies that the County

14  of Contra Costa, as a public entity, can be directly liable to Plaintiff for general negligence

15  under California law absent a mandatory duty expressed by statute which satisfies the

16  provisions of Government Code section 815.6.  The Plaintiff has failed to identify any such

17  statute in their cause of action for "negligence."   Absent identification of a particular statute

18  upon which to base a mandatory duty, Defendant lacks sufficient information or belief to

19  admit or deny the allegations of paragraph 71 and, based on said lack of information or belief,

20  Defendant denies said allegations.

21

22      72.  Answering paragraph 72 of Plaintiff's complaint, Defendant denies that  it

23

---

24      [8]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 67, and
25  therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
complaint.

26

27      [9]  Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 70, and
28  therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
complaint.

---

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                13

1   breached any duty owed to Plaintiff.   Defendant lacks sufficient information or belief to admit

2   or deny the remaining allegations of paragraph 72 and, based on said lack of information or

3   belief, denies said allegations.

4

5       73.  Answering paragraph 73 of Plaintiff's complaint, Defendant denies the allegations

6   of paragraph 73 of Plaintiff's complaint.

7

8       74. Answering paragraph 74 of Plaintiff's complaint, Defendant incorporates by

9   reference its responses to the allegations incorporated by reference in paragraph 74 of

10  Plaintiff's complaint.[10]

11

12      75.  Answering paragraph 75 of Plaintiff's complaint, Defendant denies the allegations

13  of paragraph 75 of Plaintiff's complaint.

14

15      76.  Answering paragraph 76 of Plaintiff's complaint, Defendant denies the allegations

16  of paragraph 76 of Plaintiff's complaint.

17

18  AFFIRMATIVE DEFENSES

19      1.  As its first affirmative defense, the County of Contra Costa alleges that Plaintiff's

20  fourth cause of action brought under Title VI does not state facts upon which a claim for relief

21  may be based in that the Plaintiff is not a person who is a beneficiary of federal funds for law

22  enforcement.

23

24      2.  As its second affirmative defense, the County of Contra Costa alleges that Plaintiff's

25

26

27  [10]   Because the Plaintiff has not specified which paragraphs he is incorporating, Defendant is
    uncertain as to what allegations are actually being incorporated into Plaintiff's paragraph 74, and
    therefore as a matter of precaution incorporates all its responses and affirmative defenses to Plaintiff's
28  complaint.

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                          14

fourth cause of action brought under Title VI does not state facts upon which a claim for relief may be based in that the Plaintiff did not exhaust available administrative remedies.

3. As its third affirmative defense, the County of Contra Costa alleges that Plaintiff's fifth cause of action for malicious prosecution, seventh cause of action for abuse of process, eighth cause of action for violation of Civil Code section 52.1, ninth cause of action for negligence, and tenth cause of action for infliction of emotional distress, both individually and collectively, do not state facts upon which a claim for relief against a public entity can be based under state law because a public entity is statutorily immune for acts or omissions of its employees in the institution of legal proceedings pursuant to Government Code section 821.6, an immunity made applicable to a public entity pursuant to Government Code section 815.2.

4. As its fourth affirmative defense, the County of Contra Costa alleges that Plaintiff's state law claims with the sole exception of false arrest claim in this action do not state facts upon which a claim for relief against a public entity may be based under California law because the defendants are immune from liability pursuant to Government Code section 821.6 and Government Code section 815.2.

5. As its fifth affirmative defense, the County of Contra Costa alleges that Plaintiff has failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

6. As its sixth affirmative defense, the County of Contra Costa alleges that Plaintiff has failed to exhaust administrative remedies, and his claims are barred thereby.

7. As its seventh affirmative defense, the County of Contra Costa is informed and believes and, based on said information and belief, alleges that Plaintiff acted unjustly and inequitably, and his action against said Defendants is therefore barred by the doctrine of

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                                                    15

1   unclean hands.

2

3       8.  As its eighth affirmative defense, the County of Contra Costa alleges that Defendant

4   is immune from civil liability for the state law claims based on the investigation of its

5   employee pursuant to the provisions of Government Code Sections 821.6 and 815.2, in that the

6   decision of whether to impose discipline on a public employee peace officer is part of a

7   decision of whether or not to institute an administrative proceeding.

8

9       9.  As its ninth affirmative defense, the County of Contra Costa alleges that Defendant

10  is immune from civil liability for the state law claims based on the investigation of the

11  Plaintiff's complaint against its employee pursuant to the immunity provided by Government

12  Code sections 820.2 and 815.2, in that the decision of whether to impose discipline on a public

13  employee is based on the exercise of discretion based on a weighing of the evidence presented

14  to the investigating internal affairs officers.

15

16      10.  As its tenth affirmative defense, the County of Contra Costa alleges that Defendant

17  is immune from civil liability for the state law claims pursuant to the provisions of

18  Government Code Section 818.2 and 820.4 in that the acts alleged in the complaint involved

19  the enforcement of laws.

20

21      11.  As its eleventh affirmative defense, the County of Contra Costa alleges that

22  Defendant is immune from civil liability for the state law claims  pursuant to Government

23  Code section 818.8 for any injury caused by the misrepresentation by an employee of the

24  County, whether such misrepresentation be negligent or intentional.

25

26      12.  As its twelfth affirmative defense, the County of Contra Costa alleges that

27  Defendant is immune from civil liability for the state law claims pursuant to the immunities

28  and defenses contained in Government Code Sections 810 through 898.5.

---

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                    16

1     13.  As its thirteenth affirmative defense specifically to the claim of negligence, the

2   County of Contra Costa alleges that the Plaintiff was himself negligent, and that such

3   negligence was a proximate or legal cause of his alleged damages.

4

5                                  JURY TRIAL DEMAND

6        The County demands trial by jury in this action on all claims as to which the right to

7   trial by jury attaches.

8

9                                  PRAYER FOR RELIEF

10        Wherefore, Defendant requests that this action be dismissed, and that Plaintiff take

11  nothing by his action, and that Defendant be awarded its  reasonable litigation expenses, costs

12  of suit, and attorney fees expended in the defense of this action, and request any such other

13  relief as justice requires and the law allows.

14

15   DATED:  June 19, 2007                          SILVANO B. MARCHESI, County Counsel

16

17

18                                          By:_____/s/_____
                                                GREGORY C. HARVEY
19                                              Assistant County Counsel
                                                Attorneys for Defendants
20                                              COUNTY OF CONTRA COSTA

21

22

23

24  I:\TORT\CASES\07-2024\Pleadings\ANSWER - CCC.wpd

25

26

27

28

ANSWER OF DEFENDANT CONTRA COSTA COUNTY TO PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

Case No. C07-02669                                                                    17