JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
JASON INGRASSIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>Plaintiff,<br><br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON,<br><br>Defendants. | Case No. C07-02669 EMC<br><br>**ANSWER TO COMPLAINT** |

Defendant Jason Ingrassia hereby appears in this action, demands a jury trial, and responds to the complaint of Plaintiff as follows:

### Introduction

1. In answering the allegations in paragraphs 1 and 2, this answering Defendant responds by admitting that Plaintiff was arrested at a gas station in San Ramon in May of 2006 by this answering Defendant for driving under the influence. This answering Defendant further admits that Plaintiff was stopped and issued a citation by this answering Defendant approximately four months later for an illegal u-turn. This answering Defendant further admits that the driving under the influence charge and the citation for an illegal u-turn were subsequently dismissed by Judicial Officers. This answering Defendant denies the remaining allegations in paragraphs 1 and 2.

### Jurisdiction & Intradistrict Assignment

2. In answering paragraphs 3 through 7, this answering Defendant neither admits or denies the allegations relating to jurisdiction as they are matters of law and not appropriate for admission or denial.

### Parties

3. In answering paragraphs 8 through 12, this answering Defendant admits that he is a Caucasian male, employed by the County of Contra Costa as a Deputy Sheriff and was assigned to work for the contract police department of the City of San Ramon. This answering Defendant admits that at all times he was acting under color of law and within the course and scope of his employment for the City of San Ramon and Contra Costa County. This answering Defendant has no information or belief as to the remaining allegations in paragraphs 8 through 12 and as a consequence thereof denies them.

### Statement of Facts

4. In answering the allegations in paragraphs 13 through 20, this answering Defendant responds as follows. This answering Defendant observed Plaintiff make an illegal u-turn and followed Plaintiff into the gas station to make a traffic stop. After giving Plaintiff a sobriety test this answering Defendant arrested Plaintiff for driving under the influence of alcohol in violation of Vehicle Code Section 23152(a). As a consequence of the arrest Plaintiff's car was towed, he was taken into custody and taken to the Martinez Detention Facility. This answering Defendant denies the remaining allegations in paragraphs 13 through 20.

5. In answering paragraphs 21 through 24, this answering Defendant admits that he gave Plaintiff a traffic citation for making an illegal u-turn on or about September 29, 2006 and was acting in the course and scope of his employment and under color of law. This answering Defendant denies the remaining allegations in paragraphs 21 through 24.

6. In answering paragraphs 25 through 34, this answering Defendant responds as follows. This answering Defendant did testify in People v. Bhatnagar in Contra Costa County Superior Court Case Number 127484-4, did testify at a Department of Motor Vehicles hearing, and did testify before Commissioner Golub relating to Plaintiff's illegal u-turn citation. This

ANSWER TO COMPLAINT                                  2

answering Defendant further admits that the Sheriff's Department did conduct an investigation of a complaint made by Plaintiff and determined after its investigation that the complaint was "unfounded" and that the acts complained of "did not occur" as alleged. This answering Defendant denies the remaining allegations in paragraphs 21 through 34.

### Exhaustion of Remedies

7. In answering paragraph 35, this answering Defendant neither admits or denies the allegations as they are matters of law and not appropriate for admission or denial.

### Statement of Damages

8. This answering Defendant denies the allegations in paragraphs 36 through 38.

### First Cause of Action

9. In answering paragraph 39, this answering Defendant incorporates by reference his responses to paragraphs 1 through 38 of Plaintiff's complaint.

10. This answering Defendant denies the allegations in paragraphs 40 through 42.

### Second Cause of Action

11. In answering paragraph 43, this answering Defendant incorporates by reference his responses to paragraphs 1 through 42 of Plaintiff's complaint.

12. This answering Defendant denies the allegations in paragraphs 44 through 48.

### Third Cause of Action

13. In answering paragraph 49, this answering Defendant incorporates by reference his responses to paragraphs 1 through 48 of Plaintiff's complaint.

14. This answering Defendant denies the allegations in paragraphs 50 through 53.

### Fourth Cause of Action

15. In answering paragraph 54, this answering Defendant incorporates by reference his responses to paragraphs 1 through 53 of Plaintiff's complaint.

16. This answering Defendant denies the allegations in paragraphs 55 through 57.

### Fifth Cause of Action

17. In answering paragraph 58, this answering Defendant incorporates by reference his responses to paragraphs 1 through 57 of Plaintiff's complaint.

18. This answering Defendant denies the allegations in paragraphs 59 and 60.

### Sixth Cause of Action

19. In answering paragraph 61, this answering Defendant incorporates by reference his responses to paragraphs 1 through 60 of Plaintiff's complaint.

20. This answering Defendant denies the allegations in paragraphs 62 and 63.

### Seventh Cause of Action

21. In answering paragraph 64, this answering Defendant incorporates by reference his responses to paragraphs 1 through 63 of Plaintiff's complaint.

22. This answering Defendant denies the allegations in paragraphs 65 and 66.

### Eighth Cause of Action

23. In answering paragraph 63, this answering Defendant incorporates by reference his responses to paragraphs 1 through 66 of Plaintiff's complaint.

24. This answering Defendant denies the allegations in paragraphs 68 and 69.

### Ninth Cause of Action

25. In answering paragraph 70, this answering Defendant incorporates by reference his responses to paragraphs 1 through 69 of Plaintiff's complaint.

26. This answering Defendant denies the allegations in paragraphs 71 through 73.

### Tenth Cause of Action

27. In answering paragraph 74, this answering Defendant incorporates by reference his responses to paragraphs 1 through 73 of Plaintiff's complaint.

28. This answering Defendant denies the allegations in paragraphs 75 and 76.

### Affirmative Defenses

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that he is immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

3.  AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has failed to state facts sufficient to support a prayer for punitive damages against this answering defendant in plaintiff's Complaint herein.

4.  AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that at all times and places mentioned in the Complaint herein, the plaintiff failed to mitigate the amount of their damages, if any. The damages claimed by plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances. The plaintiff's failure to mitigate is a bar to their recovery under the Complaint.

5.  AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's own negligence in and about the matters alleged in their Complaint herein was the sole proximate cause of the happening of the accident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of plaintiff bars recovery to plaintiff or, in the alternative, that said plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of plaintiff requires that any damages awarded plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said plaintiff.

6.  AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

7.  AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's unclean hands preclude any recovery by plaintiff.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that there is no statutory or other basis for the attorney's fees sought by plaintiff.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that the matters complained of by plaintiff, if committed by defendant, were consented to by plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that the alleged acts or omissions of the peace officer complained of in the Complaint herein were based upon the peace officer's reasonable cause to believe that the plaintiff had committed a misdemeanor in the officers presence and the officer used reasonable force to effect the arrest, prevent the escape or overcome the resistance of said plaintiff; and defendant is therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that at or about the time of the alleged event, the defendant was presented with and had in their possession sufficient facts to constitute probable cause for the arrest of plaintiff.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that at all times herein mentioned, all actions taken by the defendant were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and defendants are therefore immune under the "good faith immunity" doctrine.

ANSWER TO COMPLAINT                 6

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering defendant alleges that only such reasonable force as was necessary and lawful under the circumstances was used by the defendant.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays the following relief:

1. That plaintiff take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: July 6, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: *[signature]*
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
JASON INGRASSIA

ANSWER TO COMPLAINT                    7