1  JUSTICE FIRST, LLP
   Jenny C. Huang, SBN 223596
2  2831 Telegraph Avenue
   Oakland, CA  94609
3  Telephone: (510) 628-0695
   Fax: (510) 272-0711
4  E-mail: jhuang@justicefirstllp.com

5  Attorneys for Plaintiff ABHINAV BHATNAGAR

6            UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8  ABHINAV BHATNAGAR,              Case No. C-07-02669 (CRB)

9       Plaintiff              JOINT CASE MANAGEMENT STATEMENT

10  v.

11  JASON INGRASSIA, COUNTY OF
    CONTRA COSTA, and CITY OF SAN
12  RAMON,

13       Defendants.

14

15       The parties to the above-entitled action jointly submit this Joint Case Management

16  Statement pursuant to Civil Local Rule 16-9.

17  1.  Jurisdiction and Service:

18       This court has jurisdiction over the claims brought under 42 U.S.C. §1983 in the first

19  four causes of action of the complaint because the complaint presents a federal question under

20  28 U.S.C. §1331 and involves a claim of violation of civil rights under 28 U.S.C. 1343.  This

21  Court also has supplemental claim jurisdiction under 28 U.S.C. §1367 (a) since the state law

22  claims arise out of the same events or allegations as the federal claims.

23  2.  Facts:

24    a.  Plaintiff's Statement:

25       On May 20, 2006, Mr. Bhatnagar was parked at a gas station in San Ramon when Officer

26  Ingrassia pulled into the gas station and parked his patrol car.  Officer Ingrassia targeted Mr.

27

28            JOINT CASE MANAGEMENT STATEMENT - Page 1

1   Bhatnagar on the basis of his actual or perceived race and started interrogating him without

2   reasonable suspicion to believe that he had committed any crime.  After Mr. Bhatnagar admitted

3   that he had a few drinks that evening, Officer Ingrassia falsified evidence claiming that he saw

4   Mr. Bhatnagar driving, that he made an illegal u-turn, and that he pulled Mr. Bhatnagar over for

5   the traffic violation.  Officer Ingrassia conducted field sobriety tests, a breathalyzer, and blood

6   alcohol test on Mr. Bhatnagar.  Officer Ingrassia told Mr. Bhatnagar that he looked like a

7   "terrorist" and made other racially offensive remarks to him.  Based upon the falsified charge of

8   driving while intoxicated, Mr. Bhatnagar's car was towed from the gas station, he was held in

9   custody overnight, and his driver's license was suspended.

10  While his criminal case was pending, the Contra Costa County Public Defender advised

11  the City of San Ramon and the County of Contra Costa of Officer Ingrassia's misconduct and

12  informed them of repeated threatening phone calls received by Plaintiff and his family in which

13  the caller said to "watch your back," "watch your family," and "you don't belong here."  At the

14  request of the public defender's office, the Contra Costa County Sheriff's Department conducted

15  an internal affairs investigation into the allegations against Officer Ingrassia.

16  Several months after his arrest and while the criminal case and the internal affairs

17  investigations were both pending, Officer Ingrassia stopped Mr. Bhatnagar on September 29,

18  2006 while he was driving in San Ramon.  Officer Ingrassia threatened Mr. Bhatnagar for

19  bringing a complaint against him, told him never to return to San Ramon again, and then issued

20  him a traffic citation based again on the false allegation that Mr. Bhatnagar made an illegal u-

21  turn.

22  In his criminal case for driving under the influence, Mr. Bhatnagar moved to suppress the

23  evidence against him, claiming that it was obtained as the result of an unconstitutional search

24  and seizure.  Based on the testimony of Officer Ingrassia, Mr. Bhatnagar, and two witnesses,

25  Contra Costa County Superior Court Judge Charles Treat granted the motion to suppress,

26

27

28  JOINT CASE MANAGEMENT STATEMENT - Page 2

1   concluding that Officer Ingrassia's testimony was not credible and that he targeted Mr.

2   Bhatnagar because of his race.   Judge Treat subsequently dismissed all criminal charges against

3   Mr. Bhatnagar for driving while intoxicated.   While the internal affairs investigation was

4   pending, Mr. Bhatnagar advised the Sheriff's Department of Judge Treat's findings, as well as

5   the outcome in *People v. Eli*, a case involving an African American motorist who was also

6   detained without justification and unlawfully arrested by Officer Ingrassia.   In *People v. Eli,*

7   another superior court judge dismissed the criminal charges against the African American

8   motorist, also concluding that Officer Ingrassia lacked credibility.   In March of 2007, a third

9   superior court judge rejected the sworn testimony of Officer Ingrassia and dismissed the traffic

10  citation against Mr. Bhatnagar.   Also in March of 2007, the Department of Motor Vehicles

11  reversed Mr. Bhatnagar's license suspension, concluding that Officer Ingrassia lacked

12  credibility, he was dishonest in documents submitted to DMV, he had no reasonable basis to

13  believe Mr. Bhatnagar was driving under the influence, and his arrest was unlawful.

14

15          Contrary to the findings of three superior court judges and a DMV hearing officer, the

16  Sheriff's Department concluded its investigation in March 2007, finding that the allegations

17  against Officer Ingrassia were "unfounded".   To date, Officer Ingrassia has not been disciplined

18  for falsifying police reports, providing fabricated testimony under oath, and racially profiling

19  members of racial minorities.

20      b.   Defendants' Statement:

21          This case arises out of two traffic-related interactions between the plaintiff Abhinav

22  Bhatnagar and Officer Jason Ingrassia, an employee of the Sheriff's Department of Contra Costa

23  which, at that time, provided police services to the City of San Ramon under contract.   The

24  initial interaction between Mr. Bhatnagar and Officer Ingrassia occurred on May 20, 2006 and

25  culminated in the arrest of Mr. Bhatnagar for driving under the influence of alcohol.   The second

26  interaction was on September 29, 2006 which resulted in Mr. Bhatnagar being issued a citation

27

28                          JOINT CASE MANAGEMENT STATEMENT - Page 3

1    for an illegal left turn.  The statements of the parties as to the circumstances of these events are

2    diametrically different.

3

4                                    *The First Incident*

5        On May 20, 2006, the officer was on routine patrol in the City of San Ramon.  He

6    observed Bhatnagar make an illegal u-turn on Bollinger and followed him.  Bhatnagar then

7    turned into Market Place into the number 1 lane.  Officer Ingrassia followed him but turned into

8    the number 2 lane.  Bhatnagar then suddenly turned right across the path of the officer's vehicle

9    in the number two lane into the gas station.  Officer Ingrassia turned on his unit's red lights and

10   pulled into the gas station behind Bhatnagar and contacted him while he was still in his vehicle.

11   He observed that the plaintiff had red eyes and the smell of alcohol on his breath.  He requested

12   that Bhatnagar do a field sobriety test and documented the signs of intoxication.  He requested

13   Bhatnagar blow into a Breathalyzer.  Bhatnagar agreed to do this.

14       The Breathalyzer registered above 0.08, the legal limit for driving under the influence

15   under California law and Mr. Bhatnagar was arrested and taken to the San Ramon police station.

16   At the station, Bhatnagar was given a choice of which test to take and he elected a blood test.  A

17   blood test technician was called, blood was taken and tested and, ultimately came back at 0.09,

18   over the legal limit for driving under the influence of alcohol under California law.  The only

19   comment about Mr. Bhatnagar's ethnicity came when the Plaintiff was asked where he was

20   from, a standard question on the booking form.

21       Plaintiff was unable to get anyone to come and pick him up and therefore could not be

22   cited and released.  He was booked into the Contra Costa County Martinez Detention Facility

23   and was released several hours later.

24                                   *The Second  Incident*

25       At the outset of the second interaction, Mr. Bhatnagar was observed by Officer Ingrassia

26   to have made an illegal u-turn in San Ramon on September 29, 2006.  As Officer Ingrassia was

27   _____

28                      JOINT CASE MANAGEMENT STATEMENT - Page 4

1  running the plates of the vehicle preparatory to pulling him over he realized that it was

2  Bhatnagar's vehicle.  After pulling Bhatnagar over and obtaining his license and registration,

3  Officer Ingrassia consulted with his Sergeant as to whether he should cite him for the illegal left

4  turn or let him go.  Ingrassia was instructed that if Bhatnagar had violated the law, he should cite

5  him.  He did so.  He did not threaten Bhatnagar, use profanity or act in any unprofessional

6  manner.  He did not stop or arrest Mr. Bhatnagar because of his race or ethnicity.

7    Subsequently a motion to suppress the alcohol test was made and granted by the trial

8  court and the drunk driving charge was dismissed following the suppression ruling because of

9  the exclusion of the evidence.   Mr. Bhatnagar's license was restored by the DMV.  The traffic

10  citation was dismissed.

11

12  3.  Legal issues:

13  A. Federal Claims

14  1.  Was there a constitutional violation by Officer Ingrassia which creates a right to recover

15  damages against Officer Ingrassia under 43 U.S.C. §1983 under the Fourth, Fifth, and

16  Fourteenth Amendments to the Constitution of the United States?

17

18  2.  Did Officer Ingrassia have reasonable suspicion to believe Mr. Bhatnagar committed a

19  crime in order to justify the initial detention?

20

21  3.  Was Officer Ingrassia's arrest of Mr. Bhatnagar based on probable cause for driving under

22  the influence of alcohol?

23

24  4.  Is Officer Ingrassia entitled to qualified or absolute immunity?

25

26  5.  If there was a constitutional violation, did the constitutional violation result from an

27

28  JOINT CASE MANAGEMENT STATEMENT - Page 5

1    unconstitutional policy or a custom or practice of longstanding?

2

3    6.  Does the plaintiff have standing to raise a claim under Title VI ( 42 U.S.C. § 2000d.) if the

4    evidence shows that he is neither an applicant, intended beneficiary, or participant in a federally

5    funded program for which the Sheriff's Department receives funds?

6

7    7.  Are there grounds for municipal liability of the City of San Ramon for alleged constitutional

8    violations of Officer Ingrassia if the evidence establishes that (a) the City is not a final policy

9    maker for the officers of the Contra Costa County Sheriff's Department providing police

10   services under contract between the City and the County Sheriff's Department, (b) the City did

11   not have the authority to discipline Officer Ingrassia?

12                                     B.  State Law Claims

13   1.  Did Officer Ingrassia have reasonable suspicion to believe Mr. Bhatnagar committed a crime

14   in order to justify the initial detention?

15

16

17   2.  Was Officer Ingrassia's arrest of Mr. Bhatnagar based on probable cause for driving under

18   the influence of alcohol?

19

20   3.  Are Defendants immune from state law claims other than false arrest based on Officer

21   Ingrassia's investigation and institution of the drunk driving charge and the issuance of the

22   citation for an illegal left turn under Government Code section 821.6?

23                                     Other Legal Issues

24   1.  Whether the findings of the underlying criminal actions and administrative DMV proceedings

25   are relevant, non hearsay, binding or admissible against defendants in this action.

26

27   _____

28                          JOINT CASE MANAGEMENT STATEMENT - Page 6

1    4.  Motions:

2        After the conclusion of discovery, both the County of Contra Costa and the City of San

3    Ramon anticipate filing a motion for summary judgment on questions of (1) municipal liability

4    (Second and Third Causes of Action), (2) plaintiffs standing under federal law for the Title VI

5    claim (Fourth Cause of Action), and (3) immunity for all state law causes of action except for

6    false arrest (Fifth, Seventh, Ninth, and Tenth Causes of Action.  Whether the County and the

7    City will move for summary adjudication/summary judgment under the second, third, sixth and

8    eighth causes of action will depend on discovery.

9    5.  Amendment of Pleadings:

10        Plaintiff will seek leave of court to amend the complaint to add a claim for obstruction of

11    justice and witness intimidation pursuant to 42 U.S.C. § 1985, and additional related state law

12    claims.  The City of San Ramon and County of Contra Costa seeks to amend their answer to add

13    the judicial privilege of Civil Code Section 47 (b) (2).

14    6.  Evidence Preservation:

15        Upon the filing of the tort claim required by state law, the Sheriff's Department was

16    instructed by the County Counsel's Office to preserve all documentary or electronic evidence.

17    This was recently followed up by another memorandum from trial counsel.

18     7.  Disclosures:

19        All parties will provide initial disclosures by August 17, 2007.

20    8.  Discovery:

21        For the purpose of discovery limitations the City of San Ramon and County of Contra

22    Costa will be considered a single party.  The parties do not seek discovery beyond the

23    limitations provided in the federal rules.

24    9.  Class Actions:

25        At this time, Plaintiff does not intend to bring this matter as a class action.

26

27    

28                    JOINT CASE MANAGEMENT STATEMENT - Page 7

1    10.  Related Cases:

2        A.  *People v. Bhatnagar*, Contra Costa County Superior Court, Case No. 127484-4, for

3    criminal charges resulting from Officer Ingrassia's arrest on May 20, 2006 for driving under the

4    influence, in violation of Vehicle Code §§ 23152(a) and 23152(b).  On November 27, 2006,

5    Superior Court Judge Charles Treat granted Mr. Bhatnagar's motion to suppress evidence based

6    on the testimony of Officer Ingrassia, Mr. Bhatnagar, and two witnesses.  Judge Treat

7    subsequently dismissed all criminal charges against Mr. Bhatnagar.

8        B.  *People v. Bhatnagar*, Contra Costa Superior Court, limited jurisdiction, Docket No. 1-

9    968674-2 for traffic citation issued by Officer Ingrassia on September 29, 2006 for making an

10   illegal u-turn.  After hearing the testimony of Officer Ingrassia and Mr. Bhatnagar, Superior

11   Court Judge Joel Golub found Mr. Bhatnagar not guilty of the alleged traffic violation and

12   dismissed the case against him on March 14, 2007.

13       C.  Department of Motor Vehicles ("DMV") administrative hearing - for suspension of Mr.

14   Bhatnagar's driver's license resulting from his arrest on May 20, 2006.  On March 30, 2007, a

15   hearing officer set aside the suspension of Mr. Bhatnagar's driver's license.

16   11.  Relief:

17       Plaintiff intends to seek the following relief:

18       A.  Compensatory damages in the amount of $150,000, which includes, but is not limited

19   to, lost wages, pain and suffering, severe emotional distress, attorney's fees and costs accrued in

20   the criminal and administrative proceedings, towing expenses, and increased auto insurance

21   premiums.

22       B.   Punitive damages in the amount of $250,000 against each defendant for the

23   intentional, willful, malicious, reckless, and conscious disregard of Mr. Bhatnagar's

24   constitutional rights

25       C.   Attorney's fees and costs.

26

27   _____

28                    JOINT CASE MANAGEMENT STATEMENT - Page 8

1    D.    Injunctive relief which includes, but is not limited to, the expungement of Mr.

2    Bhatnagar's criminal and DMV records relating to this action, a proper investigation into all

3    allegations of misconduct against Officer Ingrassia and appropriate disciplinary action, proper

4    training of Officer Ingrassia, and the adoption of policies necessary to ensure the proper

5    investigation of all future complaints of police misconduct against the Contra Costa County

6    Sheriff's Department and the imposition of appropriate discipline when justified.

7    12. Settlement and ADR:

8        The parties have been unable to agree upon a process for alternative dispute resolution

9    and requested an ADR telephone conference, which is scheduled for August 22, 2007.

10   13. Consent to Magistrate Judge For All Purposes:

11       One party has rejected an assignment to a Magistrate Judge.

12   14. Other References:   No references appear necessary at this time.

13   15. Narrowing of Issues:  *Issues that can be narrowed by agreement or by motion, suggestions*

14   *to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts),*

15   *and any request to bifurcate issues, claims or defenses.*

16       The parties have identified several issues that may be narrowed after discovery.

17   16. Expedited Schedule:

18       The parties agree that this case is not appropriate for expedited scheduling.

19   17. Scheduling:   The parties suggest the following Proposed dates for:

20       1. Fact discovery cutoff:          May 16, 2008

21       2. Designation of experts:         July 1, 2008

22       3. Expert discovery cutoff:        September 15, 2008

23       4. Dispositive motions filed by:    November 15, 2008

24       5. Pretrial conference:            January 12, 2009

25       6. Trial:                          February 9, 2009

26

27

28             JOINT CASE MANAGEMENT STATEMENT - Page 9

1    18.  Trial:

2        The trial is expected to last 5-8 days.  All parties have requested a jury.

3    19.  Disclosure of Non-party Interested Entities or Persons:   None.

4    20.  Other:

5        A stipulation that the Internal Affairs reports and documentation may be submitted under

6    stipulated a protective order and order to produce precluding its use outside of the litigation

7    would probably avoid a motion for protection of this confidential personnel information.   The

8    parties have agreed to draft language for a stipulated protective order on these materials and on

9    identification of arrestees other than Mr. Bhatnagar.

10   DATED:  August 17, 2007                    SILVANO B. MARCHESI, County Counsel

11

12

13                                              By:_____/s/_____
                                                   GREGORY C. HARVEY
                                                   Assistant County Counsel
14                                                 Attorneys for Defendants
                                                   COUNTY OF CONTRA COSTA
15                                                 and CITY OF SAN RAMON

16   DATED:  August 17, 2007                    JUSTICE FIRST, LLP

17

18                                              By:_____/s/_____
                                                   JENNY C. HUANG
19                                                 Attorneys for Plaintiff
                                                   ABHINAV BHATNAGAR
20

21   DATED:  August 17, 2007                    MCNAMARA, DODGE, NEY, BEATTY,
                                                SLATTERY, PFALZER, AND BORGES
22

23

24                                              By:_____/s/_____
                                                   JAMES V. FITZGERALD, III
25                                                 Attorney for Defendant
                                                   JASON INGRASSIA

26

27   _____

28              JOINT CASE MANAGEMENT STATEMENT - Page 10