1   JUSTICE FIRST, LLP
    Jenny C. Huang, SBN 223596
2   2831 Telegraph Avenue
    Oakland, CA  94609
3   Telephone: (510) 628-0695
    Fax: (510) 272-0711
4   E-mail: jhuang@justicefirstllp.com

5   JUSTICE FIRST, LLP
    Sarita I. Ordóñez, SBN 216047
6   P.O. Box 181
    Imperial Beach, CA  91933-0181
7   Telephone: (510) 628-0695
    Fax: (510) 272-0711
8   E-mail: sordonez@justicefirstllp.com

9   JIVAKA CANDAPPA, SBN 225919
    5111 Telegraph Avenue, #215
10  Oakland, CA  94609
    Telephone: (510) 654-4129
11  Fax: (510) 594-9610
    E-mail:  jcandappa@sbcglobal.net

12  Attorneys for Plaintiff Abhinav Bhatnagar

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15  ABHINAV BHATNAGAR,                    )   Case No.:  Case No. CV07-02669 (CRB)
                                          )
16              Plaintiff,                )
                                          )
17      vs.                               )   **AFFIDAVIT OF JENNY HUANG**
                                          )   **IN SUPPORT OF PLAINTIFF'S**
18  JASON INGRASSIA, individually and in  )   **MOTION FOR PROTECTIVE ORDER**
    his official capacity; COUNTY OF      )
19  CONTRA COSTA; and CITY OF             )
    SAN RAMON.                            )
20                                        )
                Defendants.               )
21  _____      )

22          I, JENNY HUANG, state under penalty of perjury as follows:

23          1.      I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action.  I

24  submit this affidavit in support of Plaintiff's motion for a protective order to exclude Defendant

25  Jason Ingrassia from the deposition of Richard Ha.

26

27

28

JUSTICE FIRST, LLP

Mr. Bhatnagar's Criminal Case

2.    Plaintiff was arrested by Defendant Ingrassia on May 20, 2006 at the Valero Gas Station in San Ramon, California.  Attached as Exhibit 1 is a copy of the police report authored by the officer for this arrest.

3.    Among other statements, Defendant Ingrassia claimed in his police report that the officer saw Plaintiff driving, that he saw Plaintiff make an illegal u-turn, and that he pulled Plaintiff over at the gas station for a traffic violation. (Exh. A at p.2.)

4.    As a result of the arrest, Plaintiff was required to defend himself against criminal charges.  On November 27, 2006, a hearing was held in the criminal case based on a motion to suppress the evidence.  A copy of relevant portions from the transcript of that hearing are attached hereto as Exhibit 2.

5.    Consistent with the statements in his police report, Defendant Ingrassia gave testimony under oath at the suppression hearing on November 26, 2006.  (Exh. B at pp. 5-9.)

6.    A gas station attendant who was working at the time of Plaintiff's arrest also testified as a witness at the suppression hearing.  Contrary to the officer's testimony, Mr. Ha testified that Plaintiff was getting gas at the gas station when he was approached by Defendant Ingrassia several minutes later.  Contrary to the officer's testimony, Mr. Ha testified that he did not see the emergency lights on Defendant Ingrassia's patrol car turned on that night. (Exh. B at pp. 28-29.)

7.    The Honorable Charles Treat granted the suppression motion and dismissed all criminal charges against Plaintiff.  A copy of the minute order on November 27, 2006 is attached hereto as Exhibit 3.

8.    In granting the suppression motion, Judge Treat concluded, "I do not credit the officer's testimony.  It appears to me as most credible, that the officer was trolling for drunk

JUSTICE FIRST, LLP

drivers across from the bar and picked on this defendant because of his race." (Exh. C at 61.)

Mr. Bhatnagar's License Suspension

9.      As a result of his arrest, Plaintiff was also required to defend himself against proceedings to suspend his license.  Relevant portions of the transcript from the hearings before the Department of Motor Vehicles ("DMV") are attached hereto as Exhibit 4.

10.     Defendant Ingrassia testified under oath at Plaintiff's DMV hearing on July 26, 2006.  Consistent with his police report, the officer testified that he saw Plaintiff driving, that he saw Plaintiff make an illegal u-turn, and that he pulled Plaintiff over at the gas station for a traffic violation. (Exh. D at 16:14-16, 25:11-18.)  Defendant Ingrassia also admitted that during the arrest, he had some conversation with Plaintiff about Plaintiff's ethnicity, but the officer did not recall the specifics of that conversation. (*Id.* at 47:7-13.)

11.     Richard Ha also testified as a witness at Plaintiff's DMV hearing on October 11, 2006.  Mr. Ha testified that on May 20, 2006, Plaintiff was parked at a gas pump getting gas and that there was no police car in front or behind Plaintiff's car.  (Exh. D at 62:2-11.)  Contrary to the officer's testimony, Mr. Ha stated that Plaintiff was standing outside of his car when Defendant Ingrassia first approached Plaintiff and started questioning him and was not sitting in his vehicle at that time as the officer had claimed.  (Exh. D at 68:6-11, 27:5-10.)  Mr. Ha also testified that it did not look to him as though Defendant Ingrassia had followed Plaintiff into the gas station and he did not see the emergency lights on the officer's patrol car turned on that night. (Exh. D at 66:3-13, 17-22, 69:4-22.)

12.     By decision issued on October 16, 2006, Hearing Officer Lee concluded that the suspension of Plaintiff's license was warranted.  However, that decision was set aside by the DMV on March 30, 2007, upon rehearing after the criminal charges against Plaintiff were dismissed.  A copy of the final decision by Hearing Officer Beireis-Molnar on March 30, 2007 is

attached hereto as Exhibit 5.

Mr. Bhatnagar's Traffic Citation Issued on Sept. 29, 2006

13.    On September 29, 2006, Defendant Ingrassia initiated a traffic stop on Plaintiff while he was driving in San Ramon.  The officer issued Plaintiff a traffic citation, claiming that Plaintiff made an illegal u-turn. A copy of the traffic citation is attached hereto as Exhibit 6.

14.    I represented Plaintiff in the hearing for this traffic citation before Commissioner Joel Golub on March 5, 2007.  While waiting for Plaintiff's case to be called, I saw Defendant Ingrassia and other accompanying police officers look at Plaintiff and myself in a hostile manner.

15.    Throughout Plaintiff's testimony, I observed Defendant Ingrassia looking at Plaintiff in a hostile manner, smirking and snickering at him, and at one point he started laughing at Plaintiff.

16.    On March 14, 2007, Commissioner Golub found Plaintiff not guilty of the traffic violation and dismissed the citation against him.  A copy of the minute order from *People v. Abhinav Bhatnagar*, Case No. 968674-2, on March 14, 2007 is attached hereto as Exhibit 7.

Internal Affairs Investigation

17.    I represented Plaintiff at his interview on January 19, 2007 with two internal affairs investigators at the Sheriff's Department.

18.    During the course of the two-hour interview, the investigators primarily focused their questioning on facts related to the basis for Plaintiff's arrest, although those facts had already been litigated in Plaintiff's favor in his criminal case.  The investigators asked Plaintiff very few questions about his allegations of harassment and retaliation against Defendant Ingrassia.

19.    At the conclusion of the interview of Plaintiff, I requested that the investigators advise Defendant Ingrassia that he is not to have any communications with Plaintiff.  I was

assured by Sergeant Anderson that Defendant Ingrassia would be so advised.

20.    During my questioning of Defendant Ingrassia at the traffic court hearing on March 5, 2007, Defendant Ingrassia testified that he was never advised by anyone with the internal affairs division that he was not to have any communications with Plaintiff.

21.    At the request of one of those investigators, namely Sergeant Ted Anderson, I provided him with copies of witness statements submitted to the DMV.  Sergeant Anderson advised me that he already had a copy of the audio recording from the DMV hearings, as well as the transcript from the suppression hearing on November 27, 2006.

22.    After the interview of Plaintiff, Sergeant Anderson phoned Plaintiff and questioned him directly, after I previously requested that he direct any future communications with Plaintiff to his counsel.

23.    While the internal affairs investigation was still pending, our office advised Sergeant Anderson of the decision in *People v. Eli*, Case No. 1-128472-8, in which the Honorable William Kolin dismissed criminal charges in a separate case in which Defendant Ingrassia was the arresting officer.  Sergeant Anderson was further advised that Judge Kolin's decision was based upon negative findings of credibility against Defendant Ingrassia.

Harassment of Richard Ha

24.    On May 29, 2007, I received a phone call from Richard Ha, a witness who previously testified on Plaintiff's behalf.  Mr. Ha sounded terrified and told me that he believed it was Defendant Ingrassia who came to his home just minutes earlier.  He asked to meet with me right away.

25.    When I met with Mr. Ha that evening, the witness expressed a lot of fear and concern for his safety if he continued to be involved in this lawsuit.

26.    When I showed Mr. Ha a photograph of Defendant Ingrassia, he confirmed that the

officer who came to his home earlier resembled the person depicted in the photograph.

27.    Our office is investigating this matter to determine the identity of the officer who appeared at the home of Richard Ha on May 20, 2007 and whether that officer was acting in retaliation for Mr. Ha's involvement as a witness in Plaintiff's case.  At this time, we have not yet received any conclusive information.

28.    On October 30, 2007, Plaintiff requested production of the dispatch log and audio recordings for any 911 calls received by the Sheriff's Department relating to Mr. Ha's residence. Defendant County of Contra Costa is required to produce any responsive documents by November 29, 2007.

Deposition of Plaintiff on October 17, 2007

29.    On October 12, 2007, I received a notice for Plaintiff's deposition scheduled on October 17, 2007.

30.    It was not until I arrived for Plaintiff's deposition on October 17, 2007 that I was informed that Defendant Ingrassia would be present during Plaintiff's deposition.

31.    Plaintiff was very anxious and stressed that the officer would be present during his deposition testimony.

32.    Based on my prior experience with Defendant Ingrassia at the traffic court hearing on March 5, 2007, I requested that Defendant Ingrassia be seated at a location in the room where he could not look at Plaintiff in a manner that would interfere with his testimony.  Counsel for Defendant Ingrassia, James Fitzgerald, refused my request and the officer was instead seated at the deposition table, across the table from where Plaintiff was seated.

33.    After asserting his objections to Defendant Ingrassia's attendance at his deposition, Plaintiff agreed to proceed with the deposition in the officer's presence.

34.    Also in attendance at Plaintiff's deposition was Lieutenant Eric Navarro, an

individual designated by Assistant County Counsel Gregory Harvey as the county's representative. Lieutenant Navarro was assigned to the Sheriff Department's internal affairs investigation of Defendant Ingrassia and is knowledgeable about the facts underlying this case. Plaintiff did not object to the presence of Lieutenant Navarro at his deposition.

35.     In my opinion, the officer's presence during Plaintiff's deposition affected my client's ability to focus his testimony and to articulate himself in a clear manner.

36.     In my opinion, Defendant Ingrassia's mere presence during the deposition caused my client unnecessary fear, stress, and anxiety and interfered with his ability to testify freely and without intimidation.

37.     A few hours before Plaintiff's deposition terminated, Defendant Ingrassia left the deposition early. I noticed a considerable difference in Plaintiff's ability to testify clearly, concisely, and in a focused manner after the officer left the room.

Deposition of Mr. Ha

38.     On October 13, 2007, Mr. Ha called and left a message informing me that he had been served with subpoena. He stated that he did not want to be involved as a witness anymore because he felt that he was being threatened by the police.

39.     On October 16, 2007, Mr. Ha decided to proceed with his deposition. The witness requested and Plaintiff's counsel agreed to represent Mr. Ha at his deposition if it should proceed.

40.     With regard to the deposition of Richard Ha scheduled for October 23rd, I requested on behalf of the witness that Defendant Ingrassia agree not to attend Mr. Ha's deposition, that the defendants provide a Vietnamese interpreter, and that the deposition be rescheduled for the afternoon to accommodate his needs for childcare.

41.     While Mr. Fitzgerald agreed to provide an interpreter and postpone the deposition until the afternoon, he asserted the officer's right as a party to attend Mr. Ha's deposition.

42.     By letter dated October 24, 2007, I advised defendants' counsel that Mr. Ha

AFFIDAVIT OF JENNY HUANG IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

JUSTICE FIRST, LLP

1   required a postponement of his deposition to allow Plaintiff to file a motion for a protective order

2   for Mr. Ha.  Both Mr. Fitzgerald and Assistant County Counsel Gregory Harvey agreed to

3   stipulate to shortened time on Plaintiff's motion for a protective order pursuant to Rule 26(c).

4

5       43.     On November 7, 2007, I received a deposition subpoena for Richard Ha to be

6   deposed on December 7, 2007 at 9:30am.

7       44.     At this time, the parties in this action are scheduled to appear for a mediation

8   before Wendy Rouder on December 7, 2007 at 10:00am.

9       45.     In addition to Mr. Ha, Defendants seek to depose two other witnesses during the

10  first week of December.  Plaintiff does not object to Defendant Ingrassia's presence during either

11  of those depositions.

12      46.     Mr. Ha does not object to Lt. Navarro's presence at his deposition.

13

14      47.     Plaintiff does not object to Lt. Navarro's presence at any future depositions.

15      I declare under penalty of perjury that the foregoing is true and correct.  Executed on

16  November 21, 2007 in Oakland, California.

17

18                                          _____/s/ Jenny Huang_____
                                            JENNY HUANG
19

20

21

22

23

24

25

26

27

28

JUSTICE FIRST, LLP