JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
5111 Telegraph Avenue, #215
Oakland, CA  94609
Telephone: (510) 654-4129
Fax: (510) 594-9610
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>           Plaintiff,<br><br>     vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>           Defendants. | Case No.:  Case No. CV07-02669 CRB<br><br>**AFFIDAVIT OF DIANA GARRIDO IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

STATE OF CALIFORNIA)
COUNTY OF CONTRA COSTA)s.:

I, DIANA GARRIDO, state under penalty of perjury as follows:

1.     I am a Deputy Public Defender with the Office of the Public Defender in Contra Costa County, State Bar # 243343.  I defended Abhinav Bhatnagar against criminal charges brought against him in *People v. Bhatnagar*, Contra Costa County Superior Court Case No. 1-127484-4.

2.  By Complaint dated June 20, 2006, Mr. Bhatnagar was charged with driving under the influence of alcohol or drugs, in violation of Vehicle Code § 23152(a) and driving with a blood alcohol level higher than .08, in violation of Vehicle Code § 23152(b). The arresting officer in that case was Defendant Jason Ingrassia.

3.  On Mr. Bhatnagar's behalf, I moved to suppress evidence on grounds that Defendant Ingrassia had no lawful reason to stop and detain Mr. Bhatnagar. I further argued that Defendant Ingrassia fabricated a reason for stopping my client when, in fact, Mr. Bhatnagar was targeted as a result of racial profiling by the officer.

4.  A hearing on the motion to suppress was originally scheduled for October 16, 2006. The suppression hearing was continued because Richard Ha, an employee at the gas station who witnessed Mr. Bhatnagar's arrest, failed to appear in court to testify as a witness. When I spoke with Mr. Ha prior to the scheduled hearing, he was very hostile and did not want to be involved in the case.

5.  A hearing on the motion to suppress was conducted on November 27, 2006 before the Honorable Charles Treat. The witnesses at the hearing included Defendant Ingrassia, Mr. Bhatnagar, and Richard Ha. Judge Treat granted the motion to suppress, finding that the officer's testimony was not credible and that it was more credible that "the officer was trolling for drunk drivers across from the bar and picked on this defendant because of his race." (Reporter's Transcript, 11/27/06, at 61.) Judge Treat dismissed all charges against Mr. Bhatnagar.

6.  While Mr. Bhatnagar's case was pending, I requested an investigation by the Contra Costa County Sheriff's Department into my client's claims that Defendant Ingrassia was harassing and threatening Mr. Bhatnagar, his family, and Richard Ha. In

- 3 -

my letter dated August 30, 2006, I described Mr. Bhatnagar's accounts of numerous disturbing and threatening phone calls to Mr. Bhatnagar and his family, and harassing, retaliatory conduct towards Mr. Ha.  In response to my request, the Contra Costa County Sheriff's Department conducted an internal affairs investigation.

7. On September 29, 2006, also while Mr. Bhatnagar's case was pending, I further advised the Sheriff's Department that Mr. Bhatnagar claimed that Defendant Ingrassia illegally stopped him while driving in San Ramon, repeatedly threatened him, and issued him a traffic citation.

8. Approximately one week after the suppression hearing on November 27, 2006, I was in the Walnut Creek courthouse when I saw Defendant Ingrassia near the Clerk's Office.  The officer fixed his attention on me as he walked towards me, and then gave me a hateful stare as he walked past.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 25, 2007 in Martinez, California.

_____
DIANA GARRIDO