JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
JASON INGRASSIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>Plaintiff,<br><br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON,<br><br>Defendants. | Case No. C07-02669 CRB<br><br>**DEFENDANT INGRASSIA'S MOTION TO STRIKE PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>Date:  December 7, 2007<br>Time:  10:00 a.m.<br>Judge: Hon. Charles R. Breyer |

Defendant JASON INGRASSIA ("Defendant") hereby submits this Motion to Strike portions of Plaintiff ABHINAV BHATNAGAR's ("Plaintiff") proffered evidence in support of Plaintiff's Motion for Protective Order to exclude Defendant from personally attending the deposition of Mr. RICHARD HA ("Ha"), a third-party witness in this case. In support of Plaintiff's motion for a protective order, he has submitted evidence that is objectionable so Defendant herein moves to strike that evidence or portions of that proffered evidence as follows:

### Summary of Proffered Evidence to be Stricken

    A)    Affidavit of Witness Richard Ha

    B)    Portions of Affidavit of Plaintiff's Counsel Jenny Huang

    C)    Declarations of Mr. Ahearn

    D)    Affidavit of Ms. Garrido

## I. LEGAL ARGUMENTS

### A. Affidavit of Witness Richard Ha

The entire Affidavit[1] of Mr. Richard Ha ("Ha") should be stricken per this motion for several reasons, namely lack of authentication, lack of foundation and hearsay without an exception. First, Plaintiff has not authenticated and/or laid a proper foundation for Ha's affidavit. The affidavit was submitted and purportedly signed personally by Ha on November 7, 2007. However, the affidavit is written in English and in his affidavit, Ha stated that he needed the assistance of a <u>Vietnamese interpreter</u> to review his prior testimony in this case. (Ha Affidavit ¶¶ 10, 15). Ha, through his newly retained counsel, Plaintiff's counsel Ms. Huang, also requested the attendance of a Vietnamese interpreter for his upcoming deposition in this case. (Declaration of Fitzgerald, ¶ 19, filed herewith). These facts lead to the conclusion that Ha cannot read and understand English, but instead needs a <u>Vietnamese interpreter</u>. Despite this strong indication, no where in the affidavit does it indicate that the information in the affidavit was explained to Ha in his native language of Vietnamese so he could properly execute the affidavit. Without such a threshold showing by Plaintiff, Ha is not competent to provide an affidavit in English, nor has he shown that he possesses personal knowledge of the assertions in this affidavit which is written in English and not his native language of Vietnamese. There is no evidence submitted in the affidavit that indicates that Ha read and understood the English affidavit, thereby ensuring he has knowledge of its assertions. Per Federal Rule of Evidence 601 and 602, this affidavit should be stricken in total as these authentications and foundations have not been laid by Plaintiff.

In addition, this affidavit is garden variety hearsay without an exception, in violation of FRE 801-802. The affidavit includes many out of court assertions offered for the truth of the matters asserted, in violation of FRE FRE 801-802. Moreover, as the affidavit was no doubt prepared by counsel for the Plaintiff, as Mr. Ha is not proficient in English, the affidavit is inherently not trustworthy so is not saved by the catch-all exception of FRE 807. All in all, as such affidavit lacks authentication, foundation and is hearsay without an exception, Ha's affidavit

---

[1] Note that Plaintiff labels his proffered evidence as either affidavits or declarations. Defendant will refer to the evidence per the labels of Plaintiff, knowing that affidavits and declarations are essentially the same thing. Also, all exhibits are attachd hereto to the Declaration of James V. Fitzgerald, III, Esq., filed herewith.

DEFENDANT'S MOTION TO STRIKE PORTIONS OF          2
PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER – C07-02669 CRB

should be stricken and disregarded by the Court for Plaintiff's motion for a protective order. The effect of such motion to strike should lead to summary denial of Plaintiff's motion as there would be no remaining evidentiary basis to exclude Defendant from attending Ha's deposition.

### B. Portions of Affidavit of Plaintiff's Counsel Jenny Huang

In support of Plaintiff's motion for protective order in this case, Plaintiff's counsel Jenny Huang submitted an affidavit. In the affidavit, there are several portions of the affidavit that indicate that Ms. Huang has personal knowledge about issues that she is relying to support Plaintiff's motion. In that sense, the affidavit indicates that Ms. Huang is a percipient witness to relevant issues in this case and pertaining to this motion, specifically, necessitating the need for Defendant to take her deposition to properly oppose this motion, filed the day before the four day holiday weekend of Thanksgiving. (Fitzgerald Decl. ¶¶ 2-3). Specifically, these assertions are included in Paragraphs 14, 15, 24-26, 31 and 35-36 of the Huang Affidavit. As can be seen below, these portions of the affidavit should be stricken.

For example, in Paragraph 14 of the Huang Affidavit, Ms. Huang indicates that at the traffic citation hearing in March of 2007, she saw Defendant look at Plaintiff and herself in a "hostile manner." She goes on to indicate in Paragraph 15 that in addition to seeing Defendant look at Plaintiff in a "hostile manner," Defendant was also "smirking and snickering at Plaintiff and even laughed at Plaintiff. Further, Ms. Huang also declares that she spoke to Ha on the telephone and Mr. Ha "sounded terrified," per Paragraph 24 of her affidavit. She goes on to discuss her meeting and conversation with Mr. Ha, as well as the circumstance of Ms. Huang providing Mr. Ha with one photograph, of Defendant (a patent leading and suggestive action), which made Mr. Ha confirm that the officer that came to his home on May 29th (the so called "911" call for service) resembled Defendant. (See Huang Affidavit, ¶¶ 25-26).

In addition, in Paragraph 31, Ms. Huang asserts that Plaintiff was very anxious and stressed that Defendant would be present for Plaintiff's deposition. In Paragraphs 35-36, Huang states her opinions about the fact that the Defendant's presence during Plaintiff's deposition affected Plaintiff's ability to focus his testimony, articulate, and caused fear and intimidation to Plaintiff. These assertions transform Ms. Huang into a percipient witness in this case, especially

DEFENDANT'S MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER – C07-02669 CRB

3

with regard to this motion.

As Ms. Huang indicated she was a percipient witness, Defendant's counsel e-mailed Ms. Huang a letter and a deposition subpoena for her deposition on November 26th at 4:00 p.m., so Defendant could explore in deposition the foundation for Ms. Huang's assertions in her affidavit. (Fitzgerald Decl. ¶ 4). This letter and deposition subpoena is attached as <u>Exhibit A</u> to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 6). This letter was also personally served on Ms. Huang by a process server on the morning of November 26th. (Fitzgerald Decl. ¶ 5). On November 26th, at about 2:30 p.m., Defendant's counsel's office received a letter from Ms. Huang indicating that she would not appear for the deposition at 4:00 p.m. that day. (Fitzgerald Decl. ¶ 7). This letter from Ms. Huang is attached as <u>Exhibit B</u> to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 8). Ultimately, as Defendant was precluded from investigating the personal assertions in Ms. Huang's affidavit, those portions, namely Paragraphs 14, 15, 24-26, 31 and 35-36 of the Huang Affidavit, should be summarily stricken from consideration in the Court's evaluation of Plaintiff's motion for a protective order.

Similarly, such assertions by Ms. Huang are also objectionable and subject to the motion to strike in that they are hearsay statements without any exception per FRE 801-802. These assertions by Ms. Huang are offered for the proof of the matters asserted, namely that those actions were taken by Defendant and/or the feelings of Plaintiff. These statements are also garden-variety hearsay without an exception and subject to exclusion per FRE 801-802.

C.   **Declarations of Mr. Ahearn**

The protective order motion filed by Plaintiff on November 21st initially included a one page signed declaration of Mr. Ahearn that included only 8 paragraphs. (Fitzgerald Decl. ¶ 9). This was signed at the bottom by Mr. Ahearn. This declaration did not include any detrimental facts in relation to Defendant. Then, on November 26th, only two days prior to the shortened deadline for Defendant to file an opposition to Plaintiff's motion, Plaintiff e-filed a second signed declaration of Mr. Ahearn that included 15 paragraphs. (Fitzgerald Decl. ¶ 10). That updated declaration included detrimental facts in relation to Defendant, facts which were not included in the originally filed declaration of Mr. Ahearn. This declaration is objectionable and Defendant

DEFENDANT'S MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER – C07-02669 CRB

4

moves to strike it on several grounds as follows.

First, this 15 paragraph declaration was not included in the original filing by Plaintiff, making this filed late and subject to being stricken by the Court per Local Rules filing deadlines. After all, not only was this motion agreed to be heard and briefed on shortened time, but Plaintiff filed this 15 paragraph updated declaration of Mr. Ahearn on November 26th, only two days prior to Defendant's deadline to file an opposition to Plaintiff's extensive motion for a protective order. Not only do local rules mandate that such updated declaration be stricken, but it should be stricken in the interests of justice due to the fact that such late filing prejudices Defendant's ability to adequately respond to its "updated" contents.

Secondly, these two signed declarations, one of which is signed after only 8 paragraphs and one of which is signed after 15 paragraphs, ultimately contradict themselves, casting serious doubt on the reliability of either declaration. For example, one includes no detrimental facts in relation to Defendant and the other one includes facts about an alleged threatening stare. The inconsistency between the two declarations makes them inherently unreliable and subject to being stricken. Further, both declarations of Mr. Ahearn contain hearsay assertions that are not saved by any hearsay exceptions. Per FRE 801-802, both declarations should be summarily stricken.

Finally, like Ms. Huang, Mr. Ahearn's declarations indicated he was a percipient witness in this case. (Fitzgerald Decl. ¶ 11). Therefore, Mr. Ahearn was subpoenaed for deposition by personally serving him with a deposition subpoena on November 26th for a deposition on November 28th so Defendant could examine Mr. Ahearn regarding his assertions from his declaration. (Id). The deposition subpoena is attached as <u>Exhibit C</u> to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 12). On November 28th, at just prior to 9 a.m., we received a brief letter, faxed by Mr. Ahearn the night before around 9:00 p.m., indicating that he would not appear for his deposition. (Fitzgerald Decl. ¶ 13). The letter from Mr. Ahearn is attached as <u>Exhibit D</u> to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 14). As Mr. Ahearn also did not appear for his properly subpoenaed deposition, this is yet another basis upon which the Court should strike his declarations.

DEFENDANT'S MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER – C07-02669 CRB

5

### D. Affidavit of Ms. Garrido

Likewise, Ms. Garrido's affidavit should also be stricken. First, this affidavit includes various hearsay assertions that are not saved by any hearsay exceptions. Per FRE 801-802, this affidavit should be summarily stricken as hearsay.

Further, like Ms. Huang and Mr. Ahearn, Ms. Garrido was identified as a percipient witness in this case so she was subpoenaed for deposition by Defendant personally serving her with a deposition subpoena on November 26th for a deposition on November 28th so Defendant could examine her regarding her assertions from her affidavit regarding an interaction with Defendant Ingrassia. (Fitzgerald Decl. ¶ 15). The deposition subpoena is attached as Exhibit E to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 16). On November 27th, at just about 1 p.m., we received a brief letter, faxed by Ms. Garrido, indicating that she would not appear for her deposition. (Fitzgerald Decl. ¶ 17). The letter from Ms. Garrido is attached as Exhibit F to the Fitzgerald Declaration. (Fitzgerald Decl. ¶ 18). As Ms. Garrido also did not appear for her properly subpoenaed deposition, this is another basis upon which the Court should strike her affidavit.

## II. CONCLUSION

All in all, these proffered items of evidence submitted by Plaintiff are objectionable and should be summary stricken herein as stated above.

Dated: November 28, 2007

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III / Noah G. Blechman
Attorneys for Defendant
JASON INGRASSIA