1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile:  (925) 939-0203

6  Attorneys for Defendant
   JASON INGRASSIA

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ABHINAV BHATNAGAR,                Case No. C07-02669 CRB

12          Plaintiff,                **DECLARATION OF JAMES V.
                                      FITZGERALD, III, ESQ. IN SUPPORT OF
13      vs.                           DEFENDANT INGRASSIA'S MOTION TO
                                      STRIKE PORTIONS OF PLAINTIFF'S
14  JASON INGRASSIA, individually and in   PROFFERED EVIDENCE IN SUPPORT
    his official capacity; COUNTY OF   OF MOTION FOR PROTECTIVE ORDER**
15  CONTRA COSTA; and CITY OF SAN
    RAMON,                            Date:   December 7, 2007
16                                    Time:   10:00 a.m.
            Defendants.               Judge: Hon. Charles R. Breyer
17

18

19          I, James V. Fitzgerald, III, declare:

20          1.      I have personal knowledge of each matter stated herein for the following reasons: I

21  am an attorney at law duly licensed to practice before this Court and all courts in the State of

22  California and am a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer,

23  Borges & Brothers, LLP; attorneys of record for Defendant Jason Ingrassia.

24          2.      In the afternoon of November 21, 2007, the afternoon before a four day holiday

25  weekend for Thanksgiving, Plaintiff's counsel e-filed a protective order motion seeking to

26  prevent Defendant Ingrassia from attending witness Mr. Ha's deposition.

27          3.      In support of Plaintiff's motion, Plaintiff's counsel Jenny Huang submitted an

28  affidavit that included various statements indicating that Ms. Huang was a percipient witness to

DECLARATION OF FITZGERALD IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S PROFFERED EVIDENCE

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   some of the issues before the Court for this motion.

2       4.    As Ms. Huang indicated she was a percipient witness, I immediately e-mailed her

3   a letter and a deposition subpoena for a deposition on November 26th at 4:00 p.m., so I could

4   explore in deposition the foundation for Ms. Huang's assertions in her affidavit prior to having to

5   respond to Plaintiff's motion, already noticed on shortened notice.

6       5.    The letter from myself and the deposition subpoena was also personally served on

7   Ms. Huang by a process server on the morning of November 26th.

8       6.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of the letter and deposition

9   subpoena e-mailed to Plaintiff's counsel Ms. Huang on November 21st and personally served on

10  Ms. Huang on the morning of November 26th.

11      7.    On November 26th, at about 2:30 p.m., we received a letter from Ms. Huang

12  indicating that she would not appear for the deposition at 4:00 p.m.

13      8.    Attached hereto as <u>Exhibit B</u> is a true and correct copy of the letter faxed by

14  Plaintiff's counsel Ms. Huang to our office on November 26th at 2:29 p.m.

15      9.    The protective order motion filed by Plaintiff on November 21st initially included a

16  one page signed declaration of Mr. Ahearn that included only 8 paragraphs.

17      10.   On November 26th, only two days prior to the shortened deadline for Defendant to

18  file an opposition to Plaintiff's motion, Plaintiff e-filed a second signed declaration of Mr. Ahearn

19  that included 15 paragraphs.

20      11.   As Mr. Ahearn's declarations indicated he was a potential percipient witness in

21  this case, particularly with regard to this motion, Mr. Ahearn was personally served with a

22  deposition subpoena on November 26th for a deposition on November 28th.

23      12.   Attached hereto as <u>Exhibit C</u> is a true and correct copy of the deposition subpoena

24  personally served on Mr. Ahearn on November 26th for a deposition on November 28th.

25      13.   On November 28th, at just prior to 9 a.m., I received a brief letter, faxed by Mr.

26  Ahearn the night before around 9:00 p.m., indicating that he would not appear for his deposition.

27      14.   Attached hereto as <u>Exhibit D</u> is a true and correct copy of the faxed letter from Mr.

28  Ahearn to our office indicating he would not appear for the deposition.

DECLARATION OF FITZGERALD IN                2
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S PROFFERED EVIDENCE

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

15.   As Ms. Garrido's affidavit indicated she was a potential percipient witness in this case, particularly with regard to this motion, Ms. Garrido was personally served with a deposition subpoena on November 26th for a deposition on November 28th.

16.   Attached hereto as <u>Exhibit E</u> is a true and correct copy of the deposition subpoena personally served on Ms. Garrido on November 26th for a deposition on November 28th.

17.   On November 27th, at just about 1 p.m., we received a brief letter, faxed by Ms. Garrido, indicating that she would not appear for her deposition.

18.   Attached hereto as <u>Exhibit F</u> is a true and correct copy of the faxed letter from Ms. Garrido to our office indicating she would not appear for the deposition.

19.   When my office subpoenaed Mr. Ha for deposition, he informed us, through his recently retained counsel, Plaintiff's attorney Ms. Huang, that he would need a Vietnamese interpreter for his deposition.

I declare under penalty and perjury the foregoing is true and correct.

Executed this 28th day of November, 2007 at Walnut Creek, California.

By: _____

James V. Fitzgerald, III, Esq., Declarant

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DECLARATION OF FITZGERALD IN
SUPPORT OF DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S PROFFERED EVIDENCE

3

# EXHIBIT A

# MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
### ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN M. LARSON
R. DEWEY WHEELER
ROBERT W. LAMSON
RICARDO A. MARTINEZ

JENIFER K. LEECE
LISA M. U'REN
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
KIRK NEUNER
MILOSLAV KHADILKAR
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL

DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
SETH J. SCHWARTZ
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

AARON M. SCOLARI
SHAWN F. HARDING
PETRA BRUGGISSER
CHRISTOPHER N. OONE
NOLAN S. ARMSTRONG
MARK P. IEZZA
CHRISTOPHER T. LUSTIG
BARTON J. CERIONI
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
CHRISTINE E. GARSKE
WILLIAM L. McCASLIN
CONNOR MICHAEL DAY
KEVIN T. KERR

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

**PLEASE RESPOND TO:**
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

November 21, 2007

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
68 EAST 11TH STREET, SUITE 108
TRACY, CA 95376
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
GEORGE D. McLEMORE
ANTHONY J. DeMARIA

James V. Fitzgerald, III
james.fitzgerald@mcnamaralaw.com

Ms. Jenny C. Huang
Justice First, LLP
2831 Telegraph Avenue
Oakland, CA 94609

Re:     **Bhatnagar, Abhinav v. Jason Ingrassia, et al.**

Dear Ms. Huang:

I did not have an opportunity to review the surprisingly voluminous motion that you filed in this matter shortly before 1:00 p.m. until late this afternoon. In reviewing the motion, I was dumbfounded that you have made yourself a percipient witness regarding the issues before the court due to some of the statements you have made in your declaration in support of the motion.

Accordingly, given the short notice we have to respond to your motion, you have left me no alternative but to schedule your deposition for Monday, November 26, 2007 at 4:00 p.m. to provide me and counsel for the County and opportunity to ask you about the aspects of your declaration wherein you have made yourself a material witness on the issues you have presented to the court in the motion.

I have enclosed a deposition subpoena requiring your attendance at my office at 4:00 p.m. on Monday, November 26, 2007 for deposition. I will have your office served with a deposition subpoena prior to the scheduled time for the deposition. I have provided you this deposition subpoena and brief note to provide you with as much notice as possible and an explanation as to why I am noticing your deposition. Have a Happy Holiday.

Ms. Jenny C. Huang
November 21, 2007
Page 2

Re:    <u>Bhatnagar, Abhinav v. Jason Ingrassia, et al.</u>

Very truly yours,

James V. Fitzgerald, III

JVF:ssa
Encl.
cc: Greg Harvey

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

ABHINAV BHATNAGAR,

**SUBPOENA IN A CIVIL CASE**

V.

JASON INGRASSIA, individually and in his official
capacity; COUNTY OF CONTRA COSTA; and CITY OF
SAN RAMON,

Case Number:[1] C07-02669 CRB

TO: Jenny Huang
Justice First
2831 Telegraph Avenue
Oakland, CA 94609

■

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

✓  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McNamara Law Firm, 1211 Newell Avenue, Walnut Creek, CA 94596 | November 26, 2007 at 4:00 P.M. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | November 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

James V. Fitzgerald, III
1211 Newell Avenue, Walnut Creek, CA 94596, (925) 939-5330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BHATNAGAR v. JASON INGRASSIA, ET AL.

OA88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | CASE No.: C07-02669 CRB |
|---|---|

| | DATE 11/26/07 | PLACE 2831 TELEGRAPH AVE. OAKLAND, CA 94609 |
|---|---|---|

SERVED JENNY HUANG

SERVED ON (PRINT NAME)

MANNER OF SERVICE
PERSONAL

JOE GÖTZ

SERVED BY (PRINT NAME)

TITLE PRIVATE INVESTIGATOR

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  NOV. 26, 2007
                        DATE

SIGNATURE OF SERVER  P.I. 8670

ADDRESS OF SERVER  P.O. BOX 355 CLAYTON, CA 94517

(925) 672-0740

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Sabrina Ahia**

| | |
|---|---|
| **From:** | Sabrina Ahia |
| **Sent:** | Wednesday, November 21, 2007 4:41 PM |
| **To:** | 'JHuang@justicefirstllp.com'; 'jennyhuang673@yahoo.com' |
| **Cc:** | 'gharv@cc.cccounty.us' |
| **Subject:** | Bhatnagar |

Please see attached correspondence with enclosures.  Thanks.

*Sabrina Ahia*
*Legal Assistant to James V. Fitzgerald, III*
*and Noah G. Blechman*
*(925) 817-3826 Direct #*
*(925) 930-5678 Fax*
*sabrina.ahia@mcnamaralaw.com*

# EXHIBIT B

# Justice First, LLP
### Attorneys at Law

Jenny Huang, Partner
Sarita Ordóñez, Partner
Nadia Aziz, Fellow
Michael J. Solis, Fellow

Main Office:
2831 Telegraph Avenue
Oakland, CA 94600
t (510) 628-0695 • f (510) 272-0711

November 26, 2007

**By fax and mail**

Mr. James Fitzgerald, III
McNamara Dodge et al. LLP
P O Box 5288
Walnut Creek, CA 94596-1288

**Re: *Bhatnagar v. Ingrassia et al.*, Case No. C 07-02669 (CRB)**

Dear Mr. Fitzgerald:

I write in response to your letter dated November 21, 2007, which was e-mailed to me by your assistant as a PDF attachment at 4:30pm on Wednesday, November 21st. Because I was out of town for the Thanksgiving holiday, I did not receive your assistant's e-mail until Saturday, November 24th and was unable to review the PDF attachment until I returned to the office today. I did not receive your deposition subpoena until I was personally served by your investigator at approximately 10:40 a.m. this morning.

Please be advised that I will not be appearing for the deposition today for several reasons: I am not available to be deposed today, you have not given me reasonable notice of this deposition, you have not established the requisite showing required by federal courts to demonstrate the necessity of deposing an opposing party's attorney, the proposed deposition would be unduly burdensome, and it is intended for no legitimate purpose and solely for the purpose of harassment and retaliation for filing the recent motion for a protective order.

Yours truly,

Jenny Huang

cc:    Gregory Harvey

# EXHIBIT C

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

ABHINAV BHATNAGAR,

**SUBPOENA IN A CIVIL CASE**

V.

JASON INGRASSIA, individually and in his official
capacity; COUNTY OF CONTRA COSTA; and CITY OF
SAN RAMON,

Case Number:[1] C07-02669 CRB

TO: Tim Ahern
Alternate Public Defender's Office
Martinez, CA  94553

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

✓  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McNamara Law Firm, 1211 Newell Avenue, Walnut Creek, CA  94596 | November 28, 2007 at 8:30 A.M. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | November 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James V. Fitzgerald, III
1211 Newell Avenue, Walnut Creek, CA  94596, (925) 939-5330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

MCNAMARA
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
BHATNAGAR v. JASON INGRASSIA, ET AL.

AO88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE     CASE NO.: C07-02669 CRB

DATE  11/26/07                    PLACE  610 COURT ST., MARTINEZ, CA 94553

SERVED  TIM AHERN

SERVED ON (PRINT NAME)

MANNER OF SERVICE  PERSONAL

JOE GÖTZ

SERVED BY (PRINT NAME)

TITLE  PRIVATE INVESTIGATOR

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/26/07
                     DATE

SIGNATURE OF SERVER   PI 8670

ADDRESS OF SERVER   P.O. BOX 355, CLAYTON, CA 94517

(925) 672-0740

Rule 45, Federal Rules of Civil Proce    ., Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF TRANSMISSION/SERVICE BY FACSIMILE
Code of Civil Procedure Sections 1012.5, 1013a and 2015.5
California Rules of Court, Rule 2008

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On November 26, 2007 I served by use of facsimile machine telephone number (925) 939-0203, the foregoing **SUBPOENA IN A CIVIL CASE** on the parties in said action, by transmitting by facsimile machine to the following:

**Attorneys For Defendants County of Contra Costa and City of San Ramon:**

Greg Harvey, Esq.
County Counsel
651 Pine Street, 9th Floor
Martinez, CA 94553

Phone: 925-335-1890
Fax: 925-335-1866

**Attorneys For Plaintiff:**

Ms. Jenny C. Huang
Justice First, LLP
2831 Telegraph Avenue
Oakland, CA 94609

Phone: 510-628-0695
Fax: 510-272-0711

The facsimile I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 26, 2007 at Walnut Creek, California.

_____
SABRINA AHIA

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# EXHIBIT D

Timothy W. Ahearn
610 Court Street
Martinez, CA 94553

November 27, 2007

McNamara Law Firm
1211 Newell Avenue
Walnut Creek, CA 94596
Fax No. (925) 939-0203

Re:    Bhatnagar v. Ingrassia, et al, C08-02669 CRB
       Subpoena for Deposition on November 28, 2007 at 8:30 am.

To Whom It May Concern:

Due to the lack of reasonable notice, I will be unable to comply with your above
reference subpoena for a deposition. At the date and time of the subpoena, I am
scheduled to appear in Department 1 of the Superior Court of Contra Costa County as
counsel in a criminal trial matter. That matter is People v. Mouton et al, docket number 5-
071514-4.

Very Truly Yours,

Timothy W. Ahearn

# EXHIBIT E

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ABHINAV BHATNAGAR,

**SUBPOENA IN A CIVIL CASE**

V.

JASON INGRASSIA, individually and in his official
capacity; COUNTY OF CONTRA COSTA; and CITY OF
SAN RAMON,

Case Number:[1] C07-02669 CRB

TO: Diana Garrido
Public Defender's Office
Martinez, CA 94553

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McNamara Law Firm, 1211 Newell Avenue, Walnut Creek, CA 94596 | November 28, 2007 at 9:00 A.M. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | November 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James V. Fitzgerald, III
1211 Newell Avenue, Walnut Creek, CA 94596, (925) 939-5330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
BHATNAGAR v. JASON INGRASSIA, ET AL.

AO88 (Rev. 1/96) Subpoena in a Civil Case

| | PROOF OF SERVICE | CASE NO.: C07-02669 CRB |
|---|---|---|
| | DATE 11/26/07 | PLACE 610 COURT ST., MARTINEZ, CA 94553 |

SERVED
DIANA GARRIDO                    PERSONAL

SERVED ON (PRINT NAME) VIA STEVEN JOHNSON, SUBPOENA CLERK
(AUTHORIZED TO ACCEPT SUBPOENA ON
BEHALF OF DIANA GARRIDO PUBLIC DEFENDER)

SERVED BY (PRINT NAME)                    TITLE
JOE GÖTZ                         PRIVATE INVESTIGATOR

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11/26/07
                   DATE

                                        PI 8670
SIGNATURE OF SERVER
P.O. Box 355, Clayton, CA 94517
ADDRESS OF SERVER
(925) 672-0740

Rule 45, Federal Rules of Civil Proce.. .e, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PROOF OF TRANSMISSION/SERVICE BY FACSIMILE
Code of Civil Procedure Sections 1012.5, 1013a and 2015.5
California Rules of Court, Rule 2008

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On November 26, 2007 I served by use of facsimile machine telephone number (925) 939-0203, the foregoing **SUBPOENA IN A CIVIL CASE** on the parties in said action, by transmitting by facsimile machine to the following:

**Attorneys For Defendants County of Contra Costa and City of San Ramon:**

Greg Harvey, Esq.
County Counsel
651 Pine Street, 9th Floor
Martinez, CA 94553

Phone: 925-335-1890
Fax: 925-335-1866

**Attorneys For Plaintiff:**

Ms. Jenny C. Huang
Justice First, LLP
2831 Telegraph Avenue
Oakland, CA 94609

Phone: 510-628-0695
Fax: 510-272-0711

The facsimile I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 26, 2007 at Walnut Creek, California.

SABRINA AHIA

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# EXHIBIT F

## Public Defender

800 Ferry Street
Martinez, California 94553-1626
(925) 335-8000

# Contra
# Costa
# County

Date: November 27, 2007

## *FAX COVER PAGE*

**CONFIDENTIALITY NOTICE**

The information contained in or accompanying this facsimile transmission is intended only for the use of the stated recipient and may contain information that is confidential and/or privileged. If the reader is not the intended recipient or the agent thereof, you are hereby notified that any dissemination, distribution or copying of this information is strictly prohibited and may constitute a breach of confidence and/or privilege. If you have received this facsimile transmission in error, please notify the sender immediately. Any views or opinions presented are solely those of the author and do not necessarily represent those of Contra Costa County, California.

Number of pages (including cover page): ☐1 pages

To (FAX number): (925) 939-0203

Name:        McNamara Law Firm

**Attn: James V. Fitzgerald, III**

From:        Diana Garrido

(925) 335-8052

RETURN FAX NUMBER: (925) 335-8010

Re: *Bhatnagar v. Ingrassia*

Dear Mr. Fitzgerald,

I received the subpoena you or one of your colleagues dropped off at my office yesterday. Unfortunately, given the extremely short notice, I will be unable to attend the deposition scheduled for November 28, 2007, as I have several matters on in court that day.

I apologize for any inconvenience.

Best Regards,

Diana Garrido
Deputy Public Defender

H:\fax cover conf.doc rev. 11/27/07