JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JUSTICE FIRST, LLP
Sarita I. Ordóñez, SBN 216047
P.O. Box 181
Imperial Beach, CA  91933-0181
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: sordonez@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
5111 Telegraph Avenue, #215
Oakland, CA  94609
Telephone: (510) 654-4129
Fax: (510) 594-9610
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br>       Plaintiff,<br>  vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>       Defendants. | Case No.:  Case No. CV07-02669 (CRB)<br><br><br><br>Date:  December 7, 2007<br>Time:  10:00am<br>Honorable Charles R. Breyer |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. PRO. 26(c)**

## ARGUMENT

### I. THE EVIDENCE SUBMITTED BY PLAINTIFF CONSTITUTES GOOD CAUSE TO JUSTIFY THE ISSUANCE OF A PROTECTIVE ORDER EXCLUDING DEFENDANT INGRASSIA FROM ATTENDING THE DEPOSITION OF RICHARD HA

In his opposition to Plaintiff's motion for a protective order, Defendant Ingrassia seeks to impose upon Plaintiff the burden of proving that Defendant Ingrassia is the officer identified by Mr. Ha as the officer who has repeatedly harassed the witness at his work and home. However, at this early stage of discovery, it is premature to impose such an obligation on Plaintiff in the absence of any discovery on the defendant officer. (Reply Affidavit of Jenny Huang dated 12/4/07 ("Huang Reply Aff.") at ¶ 12.) More importantly, Plaintiff is not required to meet such a burden pursuant to Fed. R. Civ. Pro., rule 26(c). Rather, to justify the issuance of a protective order, Plaintiff bears the burden of proving harm or prejudice that will result to Plaintiff if the protective order is not granted. ((*Rivera v. NIBCO, Inc.* (9th Cir. 2004) 364 F.3d 1057, 1063; *Phillips ex rel. Estates of Byrd v. General Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1210-11.)

As a whole, the evidence submitted on this motion establishes that Plaintiff will be severely prejudiced in the event that this motion is denied.[1] Plaintiff has put forth particularlized claims by Mr. Ha that he has endured a long history of harassment by the police for well over a year now. (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Protective Order ("Plaintiff's Brief") at 11-12.) Specifically, Mr. Ha asserts that he has been subjected to numerous incidents of police harassment, some of which involved an officer who resembled Defendant Ingrassia. (Affidavit of Richard Ha, dated 11/7/07 ("Ha Aff.") at ¶¶ 7, 17-24, 27-29.) To substantiate Mr. Ha's claims of harassment, Plaintiff has also submitted

---

[1] In his opposition brief, Defendant Ingrassia repeats arguments asserted in his Motion to Strike Evidence Submitted in Support of Plaintiff's Motion for a Protective Order. (Defendant Ingrassia's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Protective Order ("Def. Brief") at 6-7.) Plaintiff responds to said arguments in full in Plaintiff's Opposition to Defendant Ingrassia's Motion to Strike.

1  evidence that Defendant Ingrassia has engaged in a similar pattern of conduct with Plaintiff and
2  with two deputy public defenders.  (*Id.* at 12-13.)
3       In his opposition, Defendant Ingrassia seeks to undermine Plaintiff's argument for good
4  cause by attempting to prove that (1) the officer was not in town for two of the many alleged
5  incidents by Mr. Ha of police harassment, and (2) Defendant Ingrassia was not the officer who
6  appeared at the home of the witness on May 29, 2007.  ((Defendant Ingrassia's Memorandum of
7  Points and Authorities in Opposition to Plaintiff's Motion for Protective Order ("Def. Brief") at
8  8-9, 12-14.)  Assuming for the moment that Defendant Ingrassia has established that he was not
9  present for the incidents of police harassment on May 22nd, 23rd, or 29th of 2007, Mr. Ha has
10 alleged numerous other incidents of police harassment to justify the witness' fear of testifying in
11 the presence of Defendant Ingrassia. (Ha Aff. at ¶¶ 7, 19-20, 22-24, 27-28.)  Moreover, with
12 regard to the incident at his home on May 29, 2007, Mr. Ha attests that at the very least, he
13 believes that Defendant Ingrassia is responsible for this incident because it occurred shortly after
14 Plaintiff filed his complaint in this action and while the witness was also feeling harassed by the
15 police at his workplace. (*Id.* at ¶ 22.)
16      Moreover, the evidence submitted by Defendant Ingrassia in opposition to Plaintiff's
17 motion fails to undermine Plaintiff's evidence of good cause to justify issuance of the protective
18 order.  In his opposition, the defendant officer argues that Richard Ha's allegations of police
19 harassment are "hollow," conclusory, and unfounded. (Def. Brief at 6.)  The officer then
20 proceeds to argue against Mr. Ha's specified allegations of harassment in May of 2007, by
21 attesting that he was out-of-town for a training from May 14-18, 2007 and May 20-25, 2007.
22 (Declaration of Defendant Ingrassia dated 11/27/07 "Ingrassia Decl." at ¶¶ 5-6.)  To substantiate
23 his claim, the officer submitted documentation consisting of training records, travel
24 authorizations, and duty logs to show that he was not in San Ramon for those dates in May of
25 2007.  With regard to the majority of Mr. Ha's other allegations of harassment at his workplace
26 in 2006, on or about May 28, 2007, or June to August of 2007, Defendant Ingrassia carefully
27 asserts he has never done anything to Mr. Ha "that could be perceived as harassment and/or
28

1  intimidation." (Ingrassia Decl. at ¶ 9.)  It is significant to note that Defendant Ingrassia does not
2  deny that he has ever visited the witness at his workplace.
3     With regard to the incident at Mr. Ha's home on May 29, 2007, Defendant Ingrassia
4  submits documentation confirming that a police officer appeared at Mr. Ha's home that evening
5  at approximately 7:10pm. (Declaration of Erinn Evans dated 11/26/07 ("Evans Decl.") at Exh. A;
6  Declaration of Travis Hilderbrand dated 11/26/07 ("Hilderbrand Decl.") at ¶¶ 5-8.)  Defendant
7  Ingrassia asserts that it was physically impossible for him to have been involved in this incident
8  because he was "preparing" for his graveyard shift in Richmond which began at 9:30pm, more
9  than two hours after the incident at Mr. Ha's home. (Ingrassia Decl. at ¶ 8; Declaration of Rene
10 Kenny ("Kenny Decl.") at Exh. B, p. 29.)  Rather, Defendant Ingrassia submits declarations from
11 a communications supervisor and a dispatcher for the Contra Costa County Sheriff's Department
12 to show that it was another officer, namely Officer Cary Goldberg, who appeared at Mr. Ha's
13 home. (Evans Decl. at Exh. A; Hilderbrand Decl. at ¶¶ 6-8.)  Noticeably absent from the record
14 is any statement from Officer Goldberg attesting that he was the officer who appeared at Mr.
15 Ha's home and not Defendant Ingrassia.  In the absence of any such statement from Officer
16 Goldberg or any further discovery, Plaintiff is unable to confirm at this time the identity of the
17 officer who appeared at Mr. Ha's home.
18     Based on the record submitted on this motion, Plaintiff has put forth sufficient evidence
19 for this court to reasonably conclude that a protective order is justified. (*Koster v. Chase*
20 *Manhattan Bank* (S.D.N.Y. 1982) 93 F.R.D. 471 (In demonstrating necessity for a protective
21 order pursuant to Rule 26(c), moving party must provide court with information from which it
22 can reasonably conclude that nature and magnitude of moving party's interest are such that
23 protective intervention by court is justified).)  Aside from the evidence submitted regarding the
24 officer's work schedule in May of 2007, the entire strength of the officer's opposition relies upon
25 four brief paragraphs attested to by Defendant Ingrassia in which he denies the harassment of
26 Mr. Ha, Plaintiff, and two deputy public defenders. (Ingrassia Decl. at ¶¶ 7-10.)  To discredit the
27 officer's credibility, Plaintiff has submitted evidence of negative findings of credibility against
28 Defendant Ingrassia by three superior court judges, a commissioner, and an administrative

hearing officer. (Huang Aff. at ¶¶ 8, 12, 16, 23; Declaration of Tim Ahearn at ¶¶ 8, 11; Declaration of Diana Garrido at ¶ 5.) Based on the weight of these findings, the affidavits of Mr. Ha, Plaintiff and two deputy public defenders, Plaintiff has provided the court with ample evidence to reasonably conclude that Plaintiff has good cause to justify the issuance of a protective order.

## II.  ON BALANCE, DEFENDANT INGRASSIA'S STATED INTEREST IN ATTENDING THE DEPOSITION OF MR. HA IS OUTWEIGHED BY THE PREJUDICIAL IMPACT ON PLAINTIFF IF THE PROTECTIVE ORDER IS NOT ISSUED

In support of his opposition to Plaintiff's motion, Defendant Ingrassia asserts that he has a significant interest in exercising his constitutional right to attend Mr. Ha's deposition.[2] However, Defendant Ingrassia's conduct in prior proceedings undermines his claimed interest in exercising his right to attend Mr. Ha's deposition. For instance, during Plaintiff's deposition, Defendant Ingrassia opted to leave the deposition several hours before its conclusion to receive a bed being delivered to his home. (Huang Reply Aff. at ¶ 11.) Due to his early departure, the officer was not present during critical portions of Plaintiff's testimony concerning conversations he had with the officer on the night of his arrest on May 20, 2006, the incident on September 29, 2006 in which the officer issued Plaintiff a traffic citation and threatened him with physical violence, or the entire period of questioning of Plaintiff by Assistant County Counsel Gregory Harvey. (*Id.*) Similarly, after the criminal case against Plaintiff was dismissed, Defendant Ingrassia was subpoenaed to appear before the Department of Motor Vehicles ("DMV") for a rehearing on the suspension of Plaintiff's driver's license. In apparent disregard for the need to defend his false statements to the DMV, Defendant Ingrassia initially appeared for the rehearing

---

[2] As a preliminary matter, the memorandum of points and authorities filed by Defendant Ingrassia disregards this court's Standing Order, which imposes a 15-page limit on memoranda submitted in opposition to any motion, excluding motions for summary judgment. (Judge Breyer's Standing Order, ¶ 5.) As such, the majority of Defendant Ingrassia's argument in Section B should be stricken from the record.

1   and then left after stating to the receptionist that "whatever would be decided could be decided
2   without him." (Affidavit of Jenny Huang dated 11/21/07 ("Huang Aff.") at Exh. 5, p.1
3   (Notification of DMV Findings and Decision and Order of Set Aside).) Consequently, the DMV
4   officer concluded, in Defendant Ingrassia's absence, that the officer was "less than truthful when
5   completing the documents submitted to the department," among other findings. (*Id.* at p.2.) The
6   past conduct of Defendant Ingrassia suggests that, contrary to the assertions of his counsel, the
7   officer is not interested in exercising his right to participate in Mr. Ha's deposition. In fact,
8   Defendant Ingrassia does not assert in his affidavit that he has any interest in attending Mr. Ha's
9   deposition. (Ingrassia Decl. at ¶¶ 1-9.)

10  James Fitzgerald, counsel for Defendant Ingrassia, asserts that the officer's presence at
11  Mr. Ha's deposition is necessary to assist counsel at the deposition of this witness. (Def. Brief at
12  16-17.) Specifically, Mr. Fitzgerald asserts that the officer's presence at the deposition is
13  essential because he is the only person with personal knowledge about the factual allegations
14  made by Plaintiff and Mr. Ha. (*Id.* at 16.) However, the officer's attendance was not necessary
15  during critical portions of Plaintiff's testimony about facts for which the officer had personal
16  knowledge. (Huang Reply Aff. at ¶ 11.) Mr. Fitzgerald also asserts that the officer's presence is
17  necessary for him to require Mr. Ha to make an in-person identification of Defendant Ingrassia
18  as the police officer who the witness has seen repeated times at his work and his home, giving
19  him threatening looks. (Def. Brief at 17.) As an initial matter, it is important to note that defense
20  counsel's stated need for an in-person identification of the officer is necessary solely for the
21  purpose of defending the instant motion. Once this motion is decided, defense counsel's need
22  for identification becomes moot. Moreover, Mr. Fitzgerald cites no authority for his contention
23  that the officer is entitled to question the witness with a live, in-person identification and there is
24  no reason why defense counsel could not adequately address those questions with a photograph
25  of the officer.

26  As indicated by the balance of the evidence submitted, Defendant Ingrassia has no
27  legitimate or genuine interest in attending the deposition of Mr. Ha. On the other hand, the
28  record demonstrates that the officer's mere presence at Mr. Ha's deposition will have a

threatening and intimidating impact on this witness. (Plaintiff's Brief at 10-13.) Even worse, Plaintiff has good reason to fear that Mr. Ha may refuse to be deposed if the officer is not excluded from his deposition. (*Id.* at 9-10.) Because the balance of interests weigh in Plaintiff's favor, this court should grant the motion for a protective order to protect Mr. Ha.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this court issue a protective order as follows: (1) to prohibit Defendant Ingrassia from attending the deposition of Richard Ha, and (2) to order any further relief as this court may deem just and proper.

Date:  December 4, 2007
       Oakland, California

**JUSTICE FIRST, LLP**
Attorneys for Plaintiff Abhinav Bhatnagar
By:
_____/s/_____
Jenny C. Huang
2831 Telegraph Avenue
Oakland, CA  94609
Tel.: (510) 628-0695