JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JUSTICE FIRST, LLP
Sarita I. Ordóñez, SBN 216047
P.O. Box 181
Imperial Beach, CA  91933-0181
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: sordonez@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
5111 Telegraph Avenue, #215
Oakland, CA  94609
Telephone: (510) 654-4129
Fax: (510) 594-9610
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br>      Plaintiff,<br>  vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>      Defendants. | Case No.:  Case No. CV07-02669 (CRB)<br><br><br><br>Date:  December 7, 2007<br>Time:  10:00am<br>Honorable Charles R. Breyer |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT INGRASSIA'S MOTION TO STRIKE EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

## ARGUMENT

Defendant Ingrassia's motion to strike evidence submitted in support of Plaintiff's motion for a protective order is based in large part upon his counsel's failed efforts to depose Plaintiff's counsel and two deputy public defenders prior to the due date of his opposition to Plaintiff's motion.  Specifically, Defendant Ingrassia contends that because he was unable to conduct such depositions prior to the stipulated due date of his opposition to Plaintiff's motion, the court should strike the affidavits of Diana Garrido and Tim Ahearn in their entirety and portions of the affidavit by Plaintiff's counsel. (Defendant Ingrassia's Motion to Strike Evidence in Support of Plaintiff's Motion for a Protective Order ("Def. Mot.") at 3-4, 5, 6.)  Aside from whether Defendant Ingrassia was entitled to conduct such depositions prior to the due date of his opposition brief, the evidence submitted by counsel for the defendant officer establishes that he gave unreasonable notice of those depositions, as required by Fed. R. Civ. Pro., rule 30(b)(1).  In particular, the record establishes that Defendant Ingrassia served deposition notices on two deputy public defenders with less than two days notice and on Plaintiff's counsel with less than six hours notice. (Declaration of James Fitzgerald in Support of Defendant Ingrassia's Motion to Strike, dated 11/28/07 ("Fitzgerald Decl.") at Exhibits A-F.)  Defendant Ingrassia was not entitled to conduct said depositions based on such unreasonable notice. (*U.S. v. Philip Morris Inc.* (D.D.C. 2004) 312 F.Supp.2d 27 (deposition subpoenas providing three days notice did not constitute reasonable notices for the depositions of busy litigators).)  Moreover, Mr. Fitzgerald failed to consult with both the deponents and Plaintiff's counsel regarding the scheduling of these depositions, as required by the Local Rules of the Northern District, Rule 30-1. (Affidavit of Jenny Huang in Reply to Plaintiff's Motion for Protective Order and in Opposition to Defendant Ingrassia's Motion to Strike, dated 12/4/07 ("Huang Reply Aff.") at ¶ 10; Fitzgerald Decl. at Exhibits D & F.)  Given his flagrant disregard for the court rules, Mr. Fitzgerald was not entitled to conduct the depositions as noticed.[1]  Mr. Fitzgerald's claimed need to conduct such

---

[1] In his declaration, Mr. Fitzgerald notes that Plaintiff's motion was filed the day before Thanksgiving. (Fitzgerald Decl. at ¶ 2.) Because defendants stipulated to the briefing schedule on Plaintiff's motion, Mr. Fitzgerald's assertion is highly disingenuous. (Huang Reply Aff. at ¶¶

3

depositions prior to filing his opposition brief is significantly undermined by his failure to request an extension of time to respond to Plaintiff's motion. As such, Defendant Ingrassia's motion to strike should be denied on these grounds.[2]

Furthermore, with regard to the deposition of Plaintiff's counsel, Mr. Fitzgerald failed to establish the requisite showing required by federal courts to demonstrate the necessity of deposing an opposing party's attorney. (*Shelton v. America Motors Corp.* (8th Cir. 1986) 805 F.2d 1323, 1327; *American Casualty Co. of Reading, PA v. Krieger* (S.D. Cal. 1995) 160 F.R.D. 582, 586-88.) In addition to being provided with less than six hours notice of the deposition, Plaintiff's counsel was not available at that time to be deposed by Defendant Ingrassia. (Huang Reply Aff. at ¶ 9.) For these additional reasons, Defendant Ingrassia's motion to strike portions of the affidavit by Plaintiff's counsel should be denied.

With regard to the affidavit of Richard Ha, Mr. Fitzgerald makes the baseless assertion that Mr. Ha cannot read and understand English, he is not competent to provide an affidavit in English, and he lacks proficiency in the English language. (Def. Mot. at 2; *see also,* Defendant Ingrassia's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a Protective Order at 7.) Mr. Fitzgerald's assertions are directly contradicted by transcripts of Mr. Ha's testimony in two proceedings which demonstrate Mr. Ha's abilities to communication in and understand English. (Affidavit of Jenny Huang, dated 11/21/07, at Exh. 2, pp. 26-60; *Id.* at Exh. 4, pp. 48-73.) The submitted evidence adequately shows that Mr. Ha is capable of communicating and understanding the English language. (*See also,* Huang Reply Aff. at ¶¶ 3-4.)

---

5-7; *Id.* at Exh. A.) Quite to the contrary, it was Mr. Fitzgerald who attempted to contact Plaintiff's counsel with a holiday greeting over the Thanksgiving holiday by informing her about her upcoming deposition. (Fitzgerald Decl. at Exh. A & B.)

[2] With regard to the declaration of Tim Ahearn, Mr. Fitzgerald argues that the statement should be stricken because it is "inherently unreliable" and it was not correctly filed until November 26, 2007. Due to a scanning error, Mr. Ahearn's declaration was erroneously scanned and filed on November 21, 2007. (Huang Reply Aff. at ¶ 13.) A corrected declaration was subsequently filed on November 26, 2007. (*Id.*) Because Plaintiff's brief repeated the unscanned allegations in Mr. Ahearn's declaration, defendants were not prejudiced by the corrected filing of Mr. Ahearn's declaration as asserted by Mr. Fitzgerald. (Plaintiff's Brief at 13; Def. Mot. at 5.)

In support of his motion to strike Mr. Ha's affidavit, Defendant Ingrassia argues that the affidavit lacks authentication and foundation. (Def. Mot. at 2-3.)  Mr. Fitzgerald contends that Mr. Ha's request for a Vietnamese interpreter at his deposition and his use of a Vietnamese interpreter to review his prior testimony substantiates the need to authenticate Mr. Ha's affidavit to show that he understands the affidavit, which is written in English.  However, Mr. Fitzgerald fails to cite any caselaw to support such an argument.  In fact, this very argument was rejected in *Matsuda v. Wada* (D. Hawaii) 101 F.Supp.2d 1315.  In that case, the defendant argued that Plaintiff's declaration should be stricken because the affidavit was written in English on behalf of Plaintiff, who did not speak English.  The court in *Matsuda* rejected this argument, adopting the holding of the Sixth Circuit that a non-English speaking affiant need not provide evidence that the declaration was translated into the affiant's native language prior to signing it. (*Id.* at 1323.)  As an English speaking affiant, Mr. Ha is not required to provide evidence that his affidavit was translated into Vietnamese prior to signing it.  Rather, pursuant to 28 U.S.C. 1746, Mr. Ha's affidavit, signed under penalty of perjury, has the same effect as a sworn statement taken under oath and does not require further authentication or foundation.

In support of his motion to strike, Defendant Ingrassia makes vague and blanket assertions that the affidavits contain inadmissible hearsay. (Def. Mot. at 2, 4, 6.)  Defendant Ingrassia fails to identify which particular statements constitute inadmissible hearsay.  Accordingly, Plaintiff is unable to respond in a practical manner to the defendant's assertion, which should be denied in its entirety.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this court deny Defendant Ingrassia's Motion to Strike in its entirety and to order any further relief as this court may deem just and proper.

Date:   December 4, 2007
         Oakland, California

**JUSTICE FIRST, LLP**
Attorneys for Plaintiff Abhinav Bhatnagar
By:
_____/s/_____
Jenny C. Huang

5

2831 Telegraph Avenue
Oakland, CA  94609
Tel.: (510) 628-0695