JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Michael Solis, SBN 252912
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail:  jhuang@justicefirstllp.com
E-mail:  msolis@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
5111 Telegraph Avenue, #215
Oakland, CA  94609
Telephone: (510) 654-4129
Fax: (510) 594-9610
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ABHINAV BHATNAGAR,<br><br>                     Plaintiff,<br><br>     vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>                     Defendants. | Case No.: Case No. CV07-02669 (CRB)<br><br>**AFFIDAVIT OF JENNY HUANG IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*** |
|---|---|

I, JENNY HUANG, state under penalty of perjury as follows:

1.     I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action.  I submit this affidavit in support of Mr. Bhatnagar's motion *in limine* seeking to admit evidence of prior judicial findings against the defendants in this case.

<u>Mr. Bhatnagar's Criminal Case</u>

2.     As a result of his arrest on May 20, 2006, Mr. Bhatnagar was required to defend himself against criminal charges of driving under the influence of alcohol.  In his defense, Mr. Bhatnagar's public defender moved to suppress the evidence against him, including any

observations by the officers, any statements by Mr. Bhatnagar, and any other evidence obtained as a result of the unlawful search and seizure.  A true and accurate copy of Mr. Bhatnagar's motion to suppress is attached here to as Exhibit 1.

3. The district attorney opposed Mr. Bhatnagar's motion to suppress.  A true and accurate copy of the district attorney's brief in opposition to the suppression motion is attached hereto as Exhibit 2.

4. On November 27, 2006, a hearing was held on the motion to suppress and the Honorable Charles Treat ruled in Mr. Bhatnagar's favor.  A true and accurate copy of the entire transcript of that hearing is attached hereto as Exhibit 3.

5. I have reviewed a copy of Mr. Bhatnagar's criminal file and did not see any indication that the prosecution appealed Judge Treat's order dated November 27, 2006.

Mr. Bhatnagar's License Suspension

6. On July 26, 2006 and October 11, 2006, Plaintiff was required to defend himself against the suspension of his license during hearings before the Department of Motor Vehicles ("DMV").  A true and accurate copy of the transcript from those hearings are attached hereto as Exhibit 4.

7. By decision issued on October 16, 2006, the DMV hearing officer concluded that the suspension of Plaintiff's driver's license was warranted and would remain in effect for an additional four months.  However, after the criminal charges against Plaintiff were dismissed, the district attorney submitted a sworn statement to the DMV, stating that probable cause for the stop was insufficient. A true and accurate copy of the district attorney's sworn statement is attached hereto as Exhibit 5.

8. On March 30, 2007, DMV Hearing Officer Beireis-Molnar conducted a rehearing on the suspension of Plaintiff's driver's license.  A true and accurate copy of the transcript from that hearing is attached hereto as Exhibit 6.

9. Upon that decision was set aside by the DMV on March 30, 2007 upon rehearing. A true and accurate copy of the final decision on March 30, 2007 by the DMV to set aside the suspension of Plaintiff's driver's license is attached hereto as Exhibit 7.

Mr. Bhatnagar's Traffic Citation Issued on Sept. 29, 2006

10. On March 5, 2007, Contra Costa County Commissioner Joel Golub conducted a hearing on the traffic citation issued by Defendant Ingrassia on September 29, 2006. A true and accurate copy of the transcript from that hearing is attached hereto as Exhibit 8.

11. On March 14, 2007, Commissioner Golub found Plaintiff not guilty of the traffic violation and dismissed the citation against him. A copy of the minute order from *People v. Abhinav Bhatnagar*, Case No. 968674-2, on March 14, 2007 is attached hereto as Exhibit 9.

Raymond Eli's Suppression Hearing

12. On February 5, 2007, Contra Costa County Superior Court Judge William Kolin conducted a hearing on Raymond Eli's motion to suppress. A true and accurate copy of the transcript from that hearing is attached hereto as Exhibit 10.

Richard Smith's Suppression Hearing

13. On August 8, 2007, Contra Costa County Superior Court Judge Nancy Stark conducted a hearing on Richard Smith's motion to suppress. A true and accurate copy of the transcript from that hearing is attached hereto as Exhibit 11.

Internal Affairs Investigation

14. On August 30, 2006, Deputy Public Defender Diana Garrido mailed a letter that was forwarded to the Contra Costa County Sheriff's Department. On Plaintiff's behalf, Ms. Garrido advised the Sheriff's Department of numerous threatening and harassing phone calls received by Plaintiff, as well as possible police intimidation of Plaintiff's witness, Richard Ha. A true and accurate copy of Ms. Garrido's letter is attached hereto as Exhibit 12.

15. By letter dated September 13, 2006, the Sheriff's Department advised Ms. Garrido that the allegations of misconduct against Defendant Ingrassia were referred to the Department's Professional Standards Unit/Internal Affairs Unit ("IA") for investigation. A true and accurate copy of this letter is attached hereto as Exhibit 13.

16. By letter dated September 29, 2006, Ms. Garrido immediately informed IA that Defendant Ingrassia harassed and retaliated against Plaintiff by conducting a traffic stop of Plaintiff and issuing him a traffic citation based on the repeated and false allegation that Plaintiff made an illegal u-turn. A true and accurate copy of this letter is attached hereto as Exhibit 14.

17. On December 1, 2006, Ms. Garrido advised IA of Judge Treat's findings in Plaintiff's criminal case. A true and accurate copy of this letter is attached hereto as Exhibit 15.

18. I represented Plaintiff at his interview on January 19, 2007 with two internal affairs investigators at the Sheriff's Department.

19. During the course of the two-hour interview, the investigators primarily focused their questioning on facts related to the basis for Plaintiff's arrest, although those facts had already been litigated in Plaintiff's favor in his criminal case. The investigators asked Plaintiff very few questions about his allegations of harassment and retaliation against Defendant Ingrassia.

20. At the conclusion of the interview of Plaintiff, I requested that the investigators advise Defendant Ingrassia that he is not to have any communications with Plaintiff. I was assured by Sergeant Anderson that Defendant Ingrassia would be so advised.

21. During my questioning of Defendant Ingrassia at the traffic court hearing on March 5, 2007, Defendant Ingrassia testified that he was never advised by anyone with the internal affairs division that he was not to have any communications with Plaintiff.

22. At the request of one of those investigators, namely Sergeant Ted Anderson, I provided him with copies of witness statements submitted to the DMV.  Sergeant Anderson advised me that he already had a copy of the audio recording from the DMV hearings, as well as the transcript from the suppression hearing on November 27, 2006.

23. While the internal affairs investigation was still pending, our office advised Sergeant Anderson of the decision in *People v. Eli*, Case No. 1-128472-8 by letter dated 2/16/07. A true and accurate copy of this letter is attached hereto as Exhibit 16.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 14, 2008 in Oakland, California.

                                                                                          /s/ Jenny Huang
                                                                                            JENNY HUANG