1    DAVID C. COLEMAN, Public Defender, State Bar #55545
     Office of the Public Defender, Contra Costa County
2    By: Diana Garrido, Deputy Public Defender, State Bar #243343
     800 Ferry Street
3    Martinez, California 94553
     (925) 335-8000
4
     Attorneys for Abhinav Bhatnagar
5

6              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
               IN AND FOR THE COUNTY OF CONTRA COSTA
7

THE PEOPLE OF THE STATE OF CALIFORNIA
8                                                    No. 1-127484-4

9                                                    NOTICE AND MOTION TO
                                                     SUPPRESS EVIDENCE
10                          v.                        PURSUANT TO PENAL CODE
                                                     SECTION 1538.5
11

ABHINAV BHATNAGAR,
12                                                   Date:   October 16, 2006
                                                     Time:   1:30 p.m.
13                               Defendant.          Dept.   29

14

TO:   ROBERT J. KOCHLEY, DISTRICT ATTORNEY, CONTRA COSTA COUNTY,
15          MARTINEZ, CALIFORNIA, AND THE CLERK OF THE ABOVE COURT:

16

17          PLEASE TAKE NOTICE that defendant, Abhinav Bhatnagar, will move the court for an

18    order to suppress evidence under California Penal Code §1538.5. This evidence was obtained by an

19    unreasonable search and seizure in violation of the California and United States Constitutions. (CA

20    Const. Art. 1, §15; U.S. Const., Amends. IV, XIV.)

21    This motion will be based on the files in this case, the attached memorandum of points and

22    authorities, and any evidence adduced at the hearing of this motion. The evidence to be

23    suppressed consists of ANY OBSERVATIONS BY THE OFFICERS, ANY STATMENTS

24

                                                 1

1  MADE BY MR. BHATNAGAR, as well as any other tangible and/or intangible evidence

2  obtained as the result of the alleged violation. This motion also includes, but is not limited to,

3  any statements or gestures of the defendant and the testimony of any witnesses regarding the

4  same.

5

6  Dated:  September 20, 2006

7

8                                                                Respectfully submitted,

9

10                                                               Diana Garrido
                                                                 Attorney for Mr. Bhatnagar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### *STATEMENT OF THE CASE*

3      By Complaint dated June 20, 2006, the prosecution charged Mr. Bhatnagar with driving

4  under the influence of a alcohol or drugs, in violation of Vehicle Code section 23152 (a); and driving

5  with a 0.08 or higher blood alcohol, in violation of Vehicle Code section 23152 (b).

6      The charges are based on evidence derived from an unreasonable search and seizure of

7  Mr. Bhatnagar that occurred on May 20, 2006. Mr. Bhatnagar moves to suppress evidence

8  derived from this search and seizure because it was obtained in violation of his expectation of

9  privacy and right to be free from unreasonable searches and seizures.

10      ### *DISCUSSION*

11      The Fourth Amendment of the Constitution prohibits the government from subjecting

12  citizens to unreasonable searches and seizures. (See U.S. Const., Amends. IV, XIV.) A citizen

13  may challenge a government search or seizure that violates his reasonable expectations of

14  privacy in the area searched or the item seized. (*Minnesota v. Olson* (1990) 495 U.S. 91, 95;

15  *Rakas v. Illinois* (1978) 439 U.S. 128.) The evidence obtained by unreasonable search or seizure

16  is subject to suppression. (*Mapp v. Ohio* (1961) 367 U.S. 643.)

17      A search or seizure made without a valid warrant is presumed unreasonable and any

18  resulting evidence should be suppressed unless the prosecution demonstrates sufficient

19  justification. (*Badillo v. Superior Court* (1956) 46 Cal.2d 269.) The prosecution must plead its

20  justification for the warrantless search and seizure, before the hearing of a challenge, based on

21  facts it expects to adduce at the hearing. (*People v. Williams* (1999) 20 Cal. 4th 119.) If the

22  prosecution will rely upon information from dispatch or other secondary sources to justify the

23

24

1    detention or search, the information must be presented at the hearing on this matter. (*People v.*

2    *Harvey* (1958) 156 Cal.App.2d 516; *People v. Madden* (1970) 2 Cal.3d 1017.)

3           Mr. Bhatnagar was searched and seized without a warrant. Thus, the burden rests with

4    the prosecution to establish a sufficient lawful justification for the search and seizure. The

5    evidence adduced at the hearing of this motion will reveal no such justification. Hence, evidence

6    obtained as a result of this search and seizure should be suppressed.

7                                    ***CONCLUSION***

8           For the foregoing reasons, the motion to suppress evidence should be granted.

9

10    Dated: September 20, 2006

11                                                          Respectfully submitted,

12

13                                                          Diana Garrido
                                                           Attorney for Mr. Bhatnagar

14

15

16

17

18

19

20

21

22

23

24