1  ROBERT J. KOCHLY
   District Attorney
2  Contra Costa County
   Holly Harpham
3  State Bar No. 240482
   10 Douglas Drive., Suite 130
4  Martinez, CA 94553
   (925) 646-2526
5
6
7              SUPERIOR COURT, STATE OF CALIFORNIA
8                      CONTRA COSTA COUNTY
9
10
11
12
13  THE PEOPLE OF THE STATE OF CALIFORNIA,  ) Case No. 1-127484-4
14                       Plaintiff,          ) MEMORANDUM OF POINTS
                                             ) AND AUTHORITIES IN
15          vs.                              ) OPPOSITION TO DEFENDANT'S
                                             ) MOTION TO SUPPRESS
16  ABHINAV BHATNAGAR,                       ) EVIDENCE (Penal Code §1538.5)
                                             )
17                       Defendant.          )
                                             ) Date: October 16th
18                                           ) Time: 1:30
                                             ) Dept.: 29
19                                           )
20  _____)

21                      **STATEMENT OF FACTS**

22          On May 20th 2006 at approximately 1:08 a.m Officer Ingrassia of the San Ramon

23  Police Department was on routine patrol in a marked police car. On this date and time Officer

24  Ingrassia was located westbound on Bollinger Canyon Road at the intersection with Bishop

25  Ranch 1 East. While at this location the officer observed a silver Nissan Sentra make a "U-turn"

26  from westbound Bollinger Canyon Road to eastbound Bollinger Canyon Road at the intersection

27  with Bishop Ranch 1 East. This U-Turn was in violation of the posted "No U-Turn" sign

28  located at the intersection. The officer then followed the Nissan, later identified as the

1  defendant's vehicle, through the same intersection. The vehicle then made a right turn into the
2  number one lane of southbound Market Place. As the officer followed the vehicle it made an
3  abrupt right turn from the left lane, across the right lane of Market Place, into the Valero Gas
4  Station at 1081 Market Place. As the Nissan made this turning movement it failed to use any
5  turn single and the officer was forced to break and slow down to avoid a possible collision. The
6  officer made contact with the defendant, who identified himself with an expired driver's license.
7  During this conversation the officer noticed objective signs of intoxication, including the odor of
8  alcohol, bloodshot and droopy eyes and slightly slurred speech. The defendant failed to
9  complete a field sobriety test as explained and was placed under arrest for a violation of Penal
10 Code §23152 (a).

## DEFENDANT'S MOTION

The defendant has now moved this Court, pursuant to Penal Code section 1538.5, to suppress all tangible and/or intangible evidence obtained as a result of an illegal act. In support of his motion, the defendant argues that the evidence was the fruit of an illegal arrest, search and seizure, in violation of the Constitutions of the United States and the State of California.

## STANDARD OF REVIEW

A court may deny a motion to suppress evidence pursuant to Penal Code Section 1538.5 when the court believes that the factual testimony on behalf of the People is more probably true then false. In other words, the standard of proof that the People must meet to justify warrantless police action is proof by a preponderance of the evidence that the police conduct was lawful. (*United States v. Matlock* (1974) 415 U.S. 164, 177, fn. 14; *People v. James* (1977) 19 Cal. 3d 99, 106 Cal.3d 99, 106, fn. 4; *People v. Superior Court (Bowman)* (1971) 18 Cal.App.3d 316)

-2-

## POINTS AND AUTHORITIES

I. **The Stop of the Defendant's Vehicle is Constitutionally Permissible Because the Defendant Had Violated the California Vehicle Code.**

An officer with reasonable suspicion that a motorist has violated the California Vehicle Code may stop the vehicle involved for investigation. (*People v. Castellon* (1999) 76 Cal.App.4th 1369, 1373 [expired registration]; *Kodani v. Snyder* (1999) 75 Cal.App.4th 471, 476-477 [no seat belt]; *People v. Bell* (1996) 43 Cal.App.4th 754, 760-761; *People v. Uribe* (1993) 12 Cal.App.4th 1432, 1436 [unsafe lane change]; *Byrd v. Superior Court* (1968) 268 Cal.App.2d 495, 496; *People v. Bracken* (2000) 83 Cal.App.4th Supp. 1 [weaving within lane].) While the temporary detention of a driver to investigate a suspected Vehicle Code violation "will not ordinarily be deemed an arrest," (*People v. Superior Court (Simon)* (1972) 7 Cal.3d 186, 200) a traffic violation constitutes a "public offense" for which a warrantless arrest may be made without violating the Fourth Amendment. (*Atwater v. City of Lago Vista* (2001) 532 U.S. 318; *People v. McKay* (2002) 27 Cal.4th 601.)

Here, Officer Ingrassia had reasonable suspicion to believe the defendant had violated two California Vehicle Codes when he observed the defendant make a 'U-Turn' in violation of a posted 'No U-Turn' sign, a violation of CVC §22101 (d) and was forced to use evasive measures when the defendant made an abrupt turn without benefit of a turn signal in violation of CVC §22107.

II. **The Arrest Was Supported By Probable Cause Because the Officer Observed Objective Signs of Intoxication After The Defendant's Vehicle Was Stopped.**

A warrantless custodial arrest is reasonable under the Fourth Amendment whenever a police officer has probable cause to believe the person arrested has committed a criminal offense. (Pen. Code, § 836(a)(1) & (2); *People v. Moore* (1975) 51 Cal.App.3d 610, 616; *People v. Braun* (1973) 29 Cal.App.3d 949, 966-967.) The probable cause standard applies to all offenses, from felonies to very minor criminal offenses punishable only by a fine. (*Atwater v. City of Lago Vista* (2001) 532 U.S. 318, 323, 340, 353; *People v. McKay* (2002) 27 Cal.4th 601, 605, 618.)

Cause to arrest exists when the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information would lead an officer of ordinary care

-3-

and prudence to entertain an honest and strong suspicion that the person arrested is guilty of a crime. (*Beck v. Ohio* (1964) 379 U.S. 89, 91; *People v. Price* (1991) 1 Cal.4th 324, 410; *People v. Harris* (1975) 15 Cal.3d 384, 389.)

Probable cause is a practical, nontechnical concept to be determined upon the facts and circumstances of each case. (*People v. Braun, supra.*) It requires only the probability of criminal activity, not a prima facie showing. (*People v. Rodriguez* (1997) 53 Cal.App.4th 1250, 1262; *People v. Lewis* (1980) 109 Cal.App.3d 599, 608.) Probable cause is "having more evidence for than against . . . evidence which inclines the mind to believe, but leaves some room for doubt." (*People v. Ingle* (1960) 53 Cal.2d 407, 412-413.)

> [P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be to sub silentio impose a drastically more rigorous definition of probable cause than the security of our citizens' demands. . . . In making a determination of probable cause the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal conduct.

(*Illinois v. Gates* (1983) 462 U.S. 213, 243, fn. 13; *People v. Brown* (1990) 216 Cal.App.3d 1442, 1449-1450.)

The evidence supporting probable cause need not be admissible at trial on the issue of guilt. (*People v. Ingle, supra*, 53 Cal.2d at pp. 412-413.). Here, the officer had probable cause to arrest the defendant because of the objective sings of intoxication which he exhibited, including red and watery eyes, slurred speech and the odor of alcohol.

## CONCLUSION

For the foregoing reasons, the defendant's motion and the arguments upon which it is based are without merit. The People respectfully request that the defendant's motion be denied.

1
2  DATED: 10/9/06                    Respectfully submitted,
3
4                                    ROBERT J. KOCHLY
5                                    District Attorney
6
7
8                                    Holly Harpham
                                     Deputy District Attorney
9  //
10 //
11
12 //
13 //
14 //
15
16 //
17 //
18 //
19 //
20 //
21
22 //
23
24
25
26
27
28

CERTIFICATE OF SERVICE BY FACSIMILE TRANSMISSION
(C.C.P. 1012, 1013a, 1963(24), 2015.5)

No. 1-127484-4

Re: PEOPLE v. ABHINAV BHATNAGAR

I certify that my address is the District Attorney's Office of Contra Costa County, 10 Douglas Drive, Suite 130, Martinez, California, 94553, and I am a citizen of the United States, over 18 years of age, a resident of the County of Contra Costa, and not a party to the within action;

I served a true copy of the attached

MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

by placing said copy in the **Telephone Facsimile Machine** and transmitting as follows:

Public Defender's Office
Facsimile (FAX) Telephone Number: (925) 335-8010

The instrument of transmittal is a telephone facsimile machine which is located in a place having proper telephone hookup and transmission capabilities and is served by telephone number (925) 646-2524, located at 10 Douglas Drive, Suite 130, Martinez, California, Contra Costa County.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 10, 2006
at Martinez, California.

*B. Welch*

bw/Clerk

-1-