STATE OF CALIFORNIA - BUSINESS, TRANSPORTATION AND HOUSING AGENCY                              Arnold Schwarzenegger, Governor   APS
**DEPARTMENT OF MOTOR VEHICLES**
LICENSING OPERATIONS DIVISION
303 Hegenberger Road, Ste 400
Oakland, CA   94621



Telephone: (510) 563-8900    FAX: (510) 563-8950

RENEWED RIGHT TO HEARING
ADMINISTRATIVE PER SE – .08
NOTIFICATION OF FINDINGS AND DECISION & ORDER OF SET ASIDE

**Abhinav Bhatnagar**
**36927 Papaya St**
**Newark, CA   94560**

| DRIVER LICENSE OR FILE NO. |
|---|
| D3219816 |
| ARREST DATE |
| May 20, 2006 |

The stay of the suspension against your driving privilege has been ended. The suspension resulting from the arrest on May 20, 2006, is hereby set aside.

Abhinav Bhatnagar is hereinafter also known as "Respondent."

The following findings and determinations are the results of your hearing on **March 30, 2007**.

## FINDINGS OF FACT

I

### Reasonable Cause:
On or about Saturday, May 20, 2006 at 1:08 AM, Officer J. Ingrassia, Badge # 65945, of the San Ramon Police Department, had made an unjustified contact with Respondent as specified under the fourth amendment of the constitution.  The details are as follows: The documents indicate that respondent was observed making an illegal u-turn. Officer J. Ingrassia was subpoenaed by the department to provide testimony during this hearing of which he checked in with the receptionist in the DMV office then later stated that whatever was decided could be decided without his testimony, and Officer J. Ingrassia left the office and did not honor the subpoena the department sent to him.  Respondent's testimony included that he did not make a u-turn and that he made a left turn from Bolinger Canyon Rd to Market and then turned right into a gas station.  And with going with the best evidence rule being direct testimony and the fact that the Officer left the office, not honoring the subpoena, the department is not able to rebut the testimony of the respondent and therefore the matter will be set aside..

Because of the unjustified contact, Officer Ingrassia did not have reasonable cause to believe that Respondent was driving a motor vehicle while under the influence of alcohol.

II

### Lawful Arrest:
Because of the fact that reasonable cause could not be established as a result of an unlawful contact, it is hereby determined that Respondent was not lawfully arrested for a violation of driving under the influence of alcohol.

As a result of the findings contained herein, the administrative action against Respondent's driving privilege cannot be upheld in this case.

III

### Other Findings:
° Other Finding: Officer J. Iglassias appeared as subpoenaed by the department, then later approached the DMV receptionist and stated that whatever would be decided could be decided without him, and he left the premises without appearing for the hearing.  The documents prepared by this officer are not able to be authenticated, and respondent's testimony stands as being the best evidence in following the best evidence rule of direct testiimony.  As a result the administrative action in this case cannot be upheld.  Further since Officer J. Iglassias opted to not testify during this

Program Version 7.0.0 Template Revision 1/12/2005                                                                         Page 1 of 2

hearing although he appeared to do so, gives the department belief that he was less than truthful when completing the documents submitted to the department.

° Respondent was consistent while testifying, in that: His testimony was forthright and he was able to clearly explain the matters leading up to his arrest.

IV

### Driving With B.A.C. At Or Above 0.08%:

Based on the preceding it is determined that the preponderance of evidence in this case supports that Respondent was not driving a commercial motor vehicle at the time that the concentration of alcohol in his blood was at or above 0.08%. Therefore, it is hereby ordered that the administrative action against Respondent's driving privilege in this case be set aside.

## DETERMINATION OF ISSUES

1) The peace officer had no reasonable cause to believe you were driving a motor vehicle in violation of Vehicle Code Section 23140, 23152, or 23153.
2) You were not placed under lawful arrest.
3) You were not driving a commercial motor vehicle when you had .08% or more by weight of alcohol in your blood.
4) The evidence that was defective, lacking, or sufficient resulting in a district attorney no filing DUI criminal charges included credibility issues in relation to officer J. Igrassia, in relation to the probable cause to pull over the respondent, or make contact with the respondent, of which officer J. Igrassia did not honor the subpoena sent him by the department, and therefore the department utilized the best evidence rule of direct testimony and finds that there was no probable cause to contact the respondent.

## DECISION

As a result of the preceding Findings & Determination, suspension of your driving privilege is hereby set aside as specified here in these documents.

Dated: March 30, 2007

J. Beireis-molnar - Driver Safety Officer

*THIS ACTION IS INDEPENDENT OF ANY OTHER ACTION TAKEN BY THE COURT OR THIS DEPARTMENT*

| DATE | SIGNATURE OF AUTHORIZED DMV EMPLOYEE |
|---|---|
| 3/30/2007 | J. BEIREIS-MOLNAR |

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929, From Voice Phones: 1-800-735-2922

cc: Kevin Taguchi, Attorney at Law
    1260 B St Ste 240
    Hayward, Ca 94541