# Justice First, LLP
## Attorneys at Law

Jenny Huang, Partner
Sarita Ordóñez, Partner
Shamus Roller, Fellow

Main Office:
2831 Telegraph Avenue
Oakland, CA 94609
t (510) 628-0695 • f (510) 272-0711

February 16, 2007

**By fax and mail**

Sgt. Ted Anderson
Contra Costa County Sheriff's Dept.
P.O. Box 391
Martinez, CA 94553

**Re: Internal affairs investigation of Officer Ingrassia**

Dear Sgt. Anderson:

    We write with regard to your ongoing investigation of complaints by Mr. Bhatnagar and the Contra Costa County Public Defender's Office of misconduct by Officer Jason Ingrassia. To assist you in your investigation, please be informed that Officer Ingrassia was found to have fabricated testimony in at least one other matter with facts remarkably similar to Mr. Bhatnagar's case.

    Specifically, on February 5, 2007, Contra Costa County Superior Court Judge Kolin dismissed criminal charges in People v. Eli, Case No. 1-128472-8 after finding in favor of Mr. Eli's testimony that Officer Ingrassia had no basis upon which to stop him. The basic facts of Mr. Eli's and Mr. Bhatnagar's cases are very similar. Both men were stopped by Officer Ingrassia for no apparent reason other than their race. Officer Ingrassia fabricated testimony in both cases as to the basis for the stops and both men were falsely arrested and imprisoned due to Officer Ingrassia's misconduct. The judges in each case rejected Officer Ingrassia's testimony and concluded that he had no lawful basis upon which to stop the individuals, and criminal charges in both cases were dismissed accordingly.

    These two cases alone suggest that Officer Ingrassia is unable to enforce the law fairly and equally, without regard to one's race, and that he has unlawfully abused his position of authority. As part of your pending investigation, we request that you conduct further investigation to

determine whether this officer has acted unlawfully towards other individuals, including members of racial minorities. We suspect that a thorough investigation by your office will reveal additional cases in which Officer Ingrassia has conducted himself in a similar, unlawful manner.

As we expressed to you before, Mr. Bhatnagar's primary interest is to ensure that no one else is subjected to the indignities he suffered at the hands of Officer Ingrassia. We therefore request that, after conducting a proper investigation, your office take appropriate disciplinary action against Officer Ingrassia.

We thank you in advance for your time and consideration of this serious matter.

Sincerely,

Shamus Roller