SILVANO B. MARCHESI (SBN 42965)
County Counsel
GREGORY C. HARVEY(SBN 47974)
Assistant County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone:  (925) 335-1800
Facsimile:   (925) 335-1866
email: gharv@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA
and CITY OF SAN RAMON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>Plaintiff<br><br>v.<br><br>JASON INGRASSIA, COUNTY OF CONTRA COSTA, and CITY OF SAN RAMON,<br><br>Defendants. | Case No. CV07-02669 CRB<br><br>DECLARATION OF GREGORY C. HARVEY |

I, Gregory C. Harvey, declare:

1.      I make the following declaration based on my own personal knowledge and, if called to testify, I would be competent to testify to the statements made below.

2.      I an Assistant County Counsel in the offices of the County Counsel and am attorney of record for the City of San Ramon and the County of Contra Costa.

DECLARATION OF GREGORY C. HARVEY

3.    Exhibit A to this declaration is a true and correct copy of the Notification of the Findings of Fact and Decision of Hearing Officer L. Lee, dated October 16, 2006 relative to Department of Motor Vehicle hearings relating to the May 20, 2006 arrest for driving under the influence, i.e., driving with a blood alcohol content at or above 0.08.

4.    Exhibit A is a true and correct copy of the document that was produced by plaintiff in response to defendant County's discovery request by Justice First, the attorneys of record of Abhinav Bhatnagar.

5.    On October 17, 2007, I attended and participated in the deposition of Abhinav Bhatnagar.  Exhibit D contains true and correct copies of excerpts of testimony the deposition of Mr. Bhatnagar.

    a.    Exhibit D-1 is a true and correct copy of an excerpt from Mr. Bhatnagar's testimony at  299:16-24.

    b.    Exhibit D-2  is a true and correct copy of an excerpt from Mr. Bhatnagar's testimony at 293:18-294:20.

    c.    Exhibit D-3 is a true and correct copy of an excerpt from Mr. Bhatnagar's testimony at 291:21-293:22.

    d.    Exhibit D-4 is a true and correct copy of an excerpt from Mr. Bhatnagar's testimony at 167:11-168:3.

    e.    Exhibit D-5 is a true and correct copy of an excerpt from Mr. Bhatnagar's testimony at 310:5-311:7

DECLARATION OF GREGORY C. HARVEY

1

2        f.     Exhibit D-6 is a true and correct copy of an excerpt from Mr. Bhatnagar's

3            testimony at 168:8-18.

4

5        g.     Exhibit D-7 is a true and correct copy of an excerpt from Mr. Bhatnagar's

6            testimony at 311:8-312:8.

7

8        h.     Exhibit D-8 is a true and correct copy of an excerpt from Mr. Bhatnagar's

9            testimony at 169:20-170:17.

10

11  6.    On January 22, 2008, I took the deposition of Jonathon Young, a contracting

12       phlebotomist for the Contra Costa County Sheriff.   As established in Exhibit E, Mr.

13       Young took blood from Mr. Bhatnagar at approximately 2:30 a.m. on May 20, 2006 and

14       sealed and marked the vials containing the blood which was ultimately tested for blood

15       alcohol levels by Stephanie Williams.  Exhibit E contains true and correct copies of

16       excerpts of testimony from and exhibits to the deposition of Jonathon Young.

17

18        a.     Exhibit E-1 is a true and correct copy of an excerpt from Mr. Young's testimony

19            at 25:11-26:12.

20

21        b.     Exhibit E-2 is a true and correct copy of an excerpt from Mr. Young's testimony

22            at 31:15-36:25.

23

24        c.     Exhibit E-3 is a true and correct copy of an excerpt from Mr. Young's testimony

25            at 38:11-39:3.

26

27        d.     Exhibit E-4 is a true and correct copy of Exhibit 2 to the deposition of Jonathon

28            Young.

1

2       e.      Exhibit E-5 is a true and correct copy of Exhibit 3 to the deposition of Jonathon

3               Young.

4

5       f.      Exhibit E-6 is a true and correct copy of Exhibit 4 to the deposition of Jonathon

6               Young.

7

8   7.  Exhibit G is a compilation exhibit of an aerial photograph and map showing the area of

9       Central Park, the Valero gas station, and the El Balazo Restaurant.

10

11      a.      Exhibit G-1 is a true and correct copy of an aerial photograph showing the

12              location, based on my personal inspection, of Central Park, the Valero Gas

13              Station, and El Balazo Bar and Restaurant which I downloaded through the

14              County Intranet from the County's GIS mapping system in the Department of

15              Public Works to show the relation of the park to Bollinger Canyon Road and the

16              Valero Gas Station.

17

18      b.      Exhibit G-2 is a corresponding map showing the streets for same location

19              downloaded from the Contra Costa County GIS system.

20

21  8.  Exhibit H is a true and correct copy of the proof of service from the Court's electronic

22      filing docket declaring that Ms. Huang, Mr. Bhatnagar's attorney, served Officer

23      Ingrassia, with the summons and complaint in Abhinav Bhatnagar v. Jason Ingrassia et

24      al., United States District Court No. C07-20669.   The document indicates that this

25      service was accomplished at the Superior Court building at 1010 Ward Street, in

26      Martinez on the date of the Smith Hearing on August 8, 2007, the date of the motion to

27      suppress in *People v. Smith*. (see Exhibit 11 to the plaintiff's motion.).

28

DECLARATION OF GREGORY C. HARVEY

9.  On December 4, 2007, I participated in the deposition of Marcus Compagna who was Mr. Bhatnagar's dining and drinking companion on the night of May 19-20, 2006.

10. Exhibit L is a collection of deposition excerpts and exhibits from the deposition of Marcus Compagna which contradict Mr. Bhatnagar's versions of events as to both what and how much he had to drink, the timing of his drinking, the location of drinking, and the purpose of his meeting with Mr. Compagna.

11. Exhibit L-7 contradicts Mr. Bhatnagar's version of his interaction with Officer Ingrassia at the police station in two respects. First, that the officer said something racial that Compagna overheard.  Secondly, Compagna's recollection of what Bhatnagar asked him, i.e. to come pick him up at the police station contradicts Mr. Bhatnagar's version of his interaction with Officer Ingrassia and confirms Officer Ingrassia's statement that he allowed Mr. Bhatnagar to make calls so that he could be cited and released after his blood test rather than be taken to jail as long as he could get somebody to be responsible for him.

12. The exhibits within Exhibit L can be summarized as follows:

    a.  Exhibit L-1:  Mr. Bhatnagar and Mr. Compagna had dinner at Left Bank Restaurant with Lilliana Quesada.  Mr. Bhatnagar knows Lilliana Quesada. They arrived at the restaurant between 7:00 and 8:00 p.m. (30:2-24, 34:24-36:12)

    b.  Exhibit L-2:  After arriving, they spent about 10-15 minutes at the bar. Bhatnagar had a mixed drink containing alcohol.  (37:18-38:6.)

    c.  Exhibit L-3:  Mr. Bhatnagar had maybe a couple of more drinks during dinner. The drinks that Mr. Bhatnagar had were large blue drinks that Mr. Compagna

DECLARATION OF GREGORY C. HARVEY

1   describes as "foo-foo" drinks and were served in 8 ounce glasses (38:18-39:6;

2   42:21-43:15.)

3

4   d.    Exhibit L-4: The excerpts show that during dinner they discussed not only a

5         possible job for Mr. Bhatnagar, but also a racial discrimination and wrongful

6         termination case that Bhatnagar had filed, a wrongful termination case that Mr.

7         Compagna had filed, and a mutual class action that Bhatnagar, Lilliana, and

8         Compagna were all involved in.  (39:7-15; 17:22-19:22; 24:4-7; 24:22-25:12;

9         30:2-24; 34:4-20.)

10

11  e.    Exhibit L-5: The excerpts show that Bhatnagar and Compagna left the restaurant

12        sometime between ten and eleven.  On the way back to Compagna's house, they

13        stopped a little bar called El Balazo where they both had a beer. (40:13-23.)

14

15  f.    Exhibit L-6: The excerpts show that Compagna and Bhatnagar went back to

16        Compagna's house which was located about two blocks from the bar.  Bhatnagar

17        did not stay.  He said he had to go and stated that he was fine to drive.  (40:24-

18        41:25.)

19

20  g.    Exhibit L-7: The excerpts show that after Bhatnagar left, Compagna watched

21        T.V. for a while.  He then got a call from Bhatnagar who had been arrested for

22        DUI.  Bhatnagar stated that the officer was willing to let him go if someone

23        could pick him up in 20-30 minutes. (43:20-44:18.)

24

25  h.    Exhibit L-8: The excerpts show that Mr. Bhatnagar brought over a statement for

26        Mr. Compagna to sign that Mr. Bhatnagar had drafted.  Many of the factual

27        statements in that document are not true.  Compagna did not read it at the time

28        he signed it.  It was signed late at night on the hood of Mr. Bhatnagar's car after

DECLARATION OF GREGORY C. HARVEY

1    Mr. Bhatnagar had called and woken Compagna up. Mr. Compagna was in his

2    pajamas. It was not signed at noon as Mr. Bhatnagar has testified. (49:21-57:21;

3    66:9-18; 71:25-72:4; 74:12-24; 98:18-99:2.)

4

5    The above statements are true and correct. Executed under penalty of perjury on April

6    ___, 2008 in Martinez, CA.

7

8                                          _____

9                                          Gregory C. Harvey

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GREGORY C. HARVEY