# EXHIBIT A

STATE OF CALIFORNIA - BUSINESS, TRANSPORTATION AND HOUSING AGENCY                  ARNOLD SCHWARZENEGGER, Governor   APS

**DEPARTMENT OF MOTOR VEHICLES**
LICENSING OPERATIONS DIVISION
303 Hegenberger Road, Ste 400
Oakland, CA  94621

Telephone: (510) 563-8900    FAX: (510) 563-8950



## ADMINISTRATIVE PER SE - 0.08% BAC
### NOTIFICATION OF FINDINGS AND DECISION

DS289101606D3219816BHA102506
**Abhinav Bhatnagar**
36927 Papaya St.
Newark, CA  94560

| DRIVER LICENSE OR FILE NO. |
|---|
| D3219816 |
| ARREST DATE |
| May 20, 2006 |

The stay of the suspension against your driving privilege will be ended on October 25, 2006. The suspension will be re-imposed effective October 25, 2006. The suspension will remain in effect through February 24, 2007.

Abhinav Bhatnagar is hereinafter also known as "Respondent."

The following findings and determinations are the results of your hearing on July 26, 2006 and the reconvene hearing on October 11, 2006.

## FINDINGS OF FACT

### Probable Cause:
On or about Saturday, May 20, 2006 at 1:08 AM, Officer J. Ingrassia, Badge # 65945, of the Contra Costa County Sheriff's Office on assignment with the San Ramon Police Department, observed Respondent driving a motor vehicle and making an illegal U-turn, a violation of the California Vehicle Code.

The evidentiary basis for the finding on the probable cause issue is:
° DMV Exhibits: Arrest Report & DS-367.
° The testimony of Officer J. Ingrassia confirms the events.

### Objective Symptoms:
Subsequent to making contact with Respondent, Officer Ingrassia formed the belief that Respondent was intoxicated after having observed the following objective symptoms of intoxication:
° Bloodshot and watery eyes.
° Odor of alcoholic beverage.
° Unsteady gait.
° Slurred speech.

Officer Ingrassia also considered the following as contributing factors in forming the belief of intoxication:
° Unsatisfactory Field Sobriety Tests.
° PAS result indicated intoxication.
° An admission of alcohol consumption.

The evidentiary basis for the finding on the objective symptoms of intoxication issue is:
° The DS-367 (Officer's Sworn Statement).
° The Arrest Report.

0027

Abhinav Bhatnagar    DL/ID/X # D3219816

III

## Reasonable Cause:
Based on the preceding findings concerning probable cause, Officer Ingrassia's determination of driving, the Officer's belief that Respondent was intoxicated because of the objective symptom of intoxication, and the additional reported factors that the Officer used to form the belief of intoxication, it is hereby determined that Officer Ingrassia had reasonable cause to believe that Respondent was driving a motor vehicle while under the influence of alcohol.

IV

## Lawful Arrest:
On 5/20/2006, at after 1:33 AM Respondent was arrested for violation of Section 23152 of the Vehicle Code.

The determination that Respondent was arrested under the charge of driving under the influence, Section 23152 of the Vehicle Code, is based on:
° Explicit statements in DMV's documentary evidence.

As a result of the reasonable cause determination and the subsequent findings of an arrest taking place, it is hereby determined that Respondent was lawfully arrested for a violation of Section 23152 of the Vehicle Code.

V

## Chemical Test:
As based on the evidence presented for this matter, it is hereby determined that Respondent submitted to and completed a chemical test of his blood, with a result of 0.09 % B.A.C. at 02:30 AM on 5/20/2006.

\* Respondent Contends: The presentation and calculations of the forensic toxicologist expert, K. Mark, who testified that Respondent's B.A.C. was less than 0.08% at the time of driving.
\>> Determination: The testimony of K. Mark supporting the contention was deemed not credible because K. Mark's testimony was inconsistent as based on:
Mark testified that the preliminary alcohol screening (PAS) test results were not used in the calculations by K. Mark because the PAS device was not known by K. Mark to be functioning accurately. However, K. Mark later admitted that K. Mark had used, in K. Mark's calculations, an amount of alcohol (The Margarita) not known by K. Mark in K. Mark's calculations.

VI

## Other Findings:
\* Respondent Contends: Respondent did not make an illegal U-turn.
\>> Determination: The contention is insufficient to rebut Officer Ingrassia's testimony, which is given more weight than Respondent's testimony as based on Respondent's credibility finding.

\* Respondent Contends: There was no preponderance of evidence for a reasonable cause to suspect Respondent was driving while under the influence of alcohol.
\>> Determination: The contention is insufficient to rebut findings I, II, and III.

\* Respondent Contends: Officer Ingrassia was harassing Respondent because Officer Ingrassia stopped Respondent twice for the same Vehicle Code violation.
\>> Determination: The contention is too speculative. The mere fact that Officer Ingrassia stopped Respondent twice for the same Vehicle Code violation does not necessarily equate to harassment by Officer Ingrassia of Respondent.

\* Respondent Contends: Officer Ingrassia was biased against Asians.
\>> Determination: The contention is too speculative in that no credible evidence was presented to support the contention.

° The testimony of Officer J. Ingrassia is deemed credible in that the officer was consistent in his testimony.

° The testimony of R. Ha is deemed not credible in that R. Ha was inconsistent in his testimony because R. Ha testified R. Ha (while R. Ha was walking towards to "check" on the gas station's restroom) had first observed Respondent while Respondent was walking to pay for the gasoline but R. Ha's declaration (exhibit E) declared that R. Ha had first observed Respondent while Respondent had "park at the gas station and then he started walking towards the station."

A⌒..av Bhatnagar    DL/ID/X # D3219816

° The testimony of L. Garrison is deemed not credible in that the capacity for L. Garrison to perceive the events testified to is speculative because L. Garrison was not physically present at the scene of the arrest. L. Garrison testified that L. Garrison perceived the events via a cellular telephone. L. Garrison testified that Respondent was "tired" and not "drunk" but L. Garrison could not describe (L. Garrison said that a person is tired when the person yawns but L. Garrison testified that Respondent was "not yawning" during the cellular telephone conversation between L. Garrison and Respondent.) how L. Garrison came to this conclusion that Respondent was "tired."

° The ability of Respondent to recall events while testifying was selective and is deemed not credible, in that: Respondent was not able to recall what "dessert" Respondent had consumed nor if Respondent had called L. Garrison or if L. Garrison had called Respondent but Respondent was able to recall the approximate time line of this incident.

- Exhibits 1, 2, 3, 4, 5, 6, and 7 were identified at the hearing and are now all moved into evidence over any and all objections from Respondent. Exhibits A, B, C, D, E, F, H, I, and J are also moved into evidence. Exhibit G is not moved into evidence because the declarant has no official duty presumption and the declarant did not appear to testify.

VII

## Driving With B.A.C. At Or Above 0.08%:
Based on the preceding it is determined that the preponderance of evidence in this case supports that Respondent was driving a motor vehicle at the time that the concentration of alcohol in his blood was at or above 0.08%.

## DETERMINATION OF ISSUES

1) The peace officer had reasonable cause to believe you were driving a motor vehicle in violation of Vehicle Code Section 23140, 23152, or 23153.
2) You were placed under lawful arrest.
3) You were driving a motor vehicle when you had .08% or more by weight of alcohol in your blood.

## DECISION

As a result of the preceding Findings & Determination, suspension of your driving privilege is re-imposed as specified here in these documents.

Dated: October 16, 2006 _____

L. Lee - Driver Safety Officer

*THIS ACTION IS INDEPENDENT OF ANY OTHER ACTION TAKEN BY THE COURT OR THIS DEPARTMENT*

BEFORE A DRIVER LICENSE CAN BE ISSUED OR RETURNED TO YOU AFTER FEBRUARY 24, 2007, YOU MUST COMPLETE THE FOLLOWING:
A $125.00 reissue fee must be paid to DMV.
You must file proof of financial responsibility as provided in §16430 VC. (See attached or reverse.)
You must maintain proof of financial responsibility for three years.
Completion of a Driving Under the Influence (DUI) program licensed pursuant to §11836 of the Health and Safety Code is required if convicted of violation of §§23140, 23152, or 23153 VC.

**NOTE: If you drive while your driving privilege is suspended or revoked, you may be arrested and, if convicted, jailed and/or fined.**

Anunav Bhatnagar    DL/ID/X # D3219816

## APPEAL RIGHTS

You are entitled to a departmental review of this decision. A request for the departmental review does not stay the action. The review shall be limited to an examination of these findings and determination, and any documentary evidence submitted at the hearing. It will not include a personal interview nor a review of evidence not presented at the hearing. To have this review, you must submit your written request with $120 for any action taken pursuant to §13353 VC or §13353.2 VC to the address shown above within 15 days from the date shown below.

You may also request a court review of this action by contacting the superior court in your county of residence within 34 days from the date shown below.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of California, that on the date below, I deposited in the United States mail at the address shown above, a true copy of this document; that I am over the age of eighteen years; an employee of the Department of Motor Vehicles at the business address shown above in the county where the office is located; and that I am not a party to the cause herein mentioned.

| DATE | SIGNATURE OF AUTHORIZED DMV EMPLOYEE |
|---|---|
| 10/16/06 | L. LEE |

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; From Voice Phones: 1-800-735-2922

cc: Kevin D. Taguchi, Attorney at Law
Law Firm of Kevin D. Taguchi
1260 "B" Street, Suite 240
Hayward, CA  94541

0030

Page  4 of 5

Abhinav Bhatnagar   DL/ID/X # D3219816

## APPEAL RIGHTS

You are entitled to a departmental review of this decision. A request for the departmental review does not stay the action. The review shall be limited to an examination of these findings and determination, and any documentary evidence submitted at the hearing. It will not include a personal interview nor a review of evidence not presented at the hearing. To have this review, you must submit your written request with $120 for any action taken pursuant to §13353 VC or §13353.2 VC to the address shown above within 15 days from the date shown below.

You may also request a court review of this action by contacting the superior court in your county of residence within 34 days from the date shown below.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of California, that on the date below, I deposited in the United States mail at the address shown above, a true copy of this document; that I am over the age of eighteen years; an employee of the Department of Motor Vehicles at the business address shown above in the county where the office is located; and that I am not a party to the cause herein mentioned.

| DATE | SIGNATURE OF AUTHORIZED DMV EMPLOYEE |
|---|---|
| 10/16/06 | L. LEE |

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; From Voice Phones: 1-800-735-2922

cc: Kevin D. Taguchi, Attorney at Law
Law Firm of Kevin D. Taguchi
1260 "B" Street, Suite 240
Hayward, CA 94541

0030