1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile:  (925) 939-0203

6  Attorneys for Defendant
   JASON INGRASSIA
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ABHINAV BHATNAGAR,                    Case No. C07-02669 CRB

12         Plaintiff,                     **DEFENDANT JASON INGRASSIA'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

13      vs.

14  JASON INGRASSIA, individually and in  Date: April 25, 2008
    his official capacity; COUNTY OF      Time: 10:00 A.M.
15  CONTRA COSTA; and CITY OF SAN         Judge: Hon. Charles R. Breyer
    RAMON,
16
           Defendants.
17

## Table of Contents

Page

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT FACTS ............................................................................................. 1

III. LEGAL ARGUMENTS ......................................................................................... 2

    A. Due Process Mandates That The Prior Rulings Cannot Be Used Against Defendant Ingrassia .................................................................................. 3

        1. The Initial Suppression Ruling and the Subsequent Rulings Which Relied Upon That Initial Ruling Are Not An Allowable Basis for Collateral Estoppel .................................................................. 3

        2. The Prior Findings and Rulings Cannot Be Used Against Ingrassia ........... 4

    B. Public Policy Demands That Plaintiff's Motion in Limine Be Denied ................... 6

    C. If The Court Finds That The Prior Rulings Are Relevant Per the Doctrine of Collateral Estoppel, Such Evidence Should Still Be Excluded Against Defendants Due to Danger of Unfair Prejudice to Defendants per FRE 403 .......... 8

IV. CONCLUSION ..................................................................................................... 9

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# Table of Authorities

Page(s)

**Cases**

Allen v. McCurry, 449 U.S. 90 (1980) ................................................................................... 4

Ayers v. City of Richmond, 895 F.2d 1267 (9th Cir. 1990) .................................................... 4

Booker v. Ward, 94 F.3d 1052, 1057-1058 (7th Cir. 1996 ...................................................... 5

Davis v. Eide, 439 F.2d 1077, 1078 (9th Cir. 1971 ................................................................. 5

Duncan v. Clements, 744 F.2d 48, 51-52 (8th Cir. 1984) .................................................... 4, 5

Hardesty v. Hamburg TWP, 461 F.3d 646, 651 (6th Cir. 2006) .............................................. 5

Heath v. Cast, 813 F.2d 254, 258 (9th Cir. 1987) ................................................................... 3

Kauffman v. Moss, 420 F.2d 1270, 1274 (3rd Cir. 1970) ........................................................ 8

Kinslow v. Ratzlaff, 158 F.3d 1104, 1105-1106 (10th Cir. 1998) ........................................... 5

Lombardi v. City of El Cajon, 117 F.3d 1117, 1121-1122 (9th Cir. 1997) .......................... 3, 6

McCoy v. Hernandez, 203 F.3d 371, 375 (5th Cir. 2000 ........................................................ 5

McGowan v. City of San Diego, 208 Cal.App.3d 890, 897 .................................................... 8

Miller v. Superior Court, 168 Cal.App.3d 376 ....................................................................... 5

Obrey v. Johnson (9th Cir. 2005) 400 F.3d 691, 698 .............................................................. 9

People v. Gephart, 93 Cal.App.3d 989, 1000 (1979) ............................................................. 3

Rockwell v. Yukins, 341 F.3d 507, 513 (6th Cir. 2003 ........................................................... 9

Roos v. Red, 130 Cal.App.4th 870, 880 (2005) ...................................................................... 5

Santos v. Shasta County Sheriff's Department, 2006 U.S. dist. LEXIS 4589 *10 (E.D. Cal. 2006) ................................................................................................................................. 3

Schmidlin v. City of Palo Alto, 157 Cal.App.4th 728 (2007 ............................................... 4, 6

Turpin v. County of Rock, Nebraska, 262 F.3d 779, 782-783 (8th Cir. 2001) ........................ 5

Williams v. Kobel, 789 F.2d 463, 469-470 (7th Cir. 1986) ..................................................... 5

Yezek v. Mitchell, 2007 U.S. Dist. LEXIS 778 *10-16 (N.D. Cal. 2007 ............................. 4, 5

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 6, 7

**Table of Authorities**
(Continued)

Page(s)

California Penal Code § 1538.5 .................................................................................... 3, 4

**Rules**

Federal Rules of Evidence 403 .................................................................................... 8, 9

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DEFENDANT INGRASSIA'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB

iii

Defendant JASON INGRASSIA ("Ingrassia") hereby opposes Plaintiff's Motion in Limine as follows. Initially, as Mr. Harvey, Esq., counsel for Defendant COUNTY OF CONTRA COSTA and CITY OF SAN RAMON, has eloquently and extensively set forth the meritorious defense and opposition arguments in relation to Plaintiff's motion, Defendant Ingrassia hereby **JOINS** in the papers and arguments presented by Mr. Harvey in all respects, including all of the legal authorities cited by Mr. Harvey in Document 57 (Points and Authorities in Opposition to Plaintiff's Motion in Limine).

In addition to joining in the opposing papers and evidence presented by Mr. Harvey, Defendant Ingrassia hereby also provides the following additional information in opposition to Plaintiff's motion in limine and also concurrently files Objections and Motion to Strike Plaintiff's Proferred Evidence in Support of Plaintiff's Motion in Limine.

## I. INTRODUCTION

The issues raised in this motion implicate deep rooted Constitutional due process protections and what hangs in the balance is arguably the reputation and career of Deputy Ingrassia, a six year veteran of the Contra Costa County Sheriff's Office. Plaintiff's seek to improperly tilt the balance of fairness in their favor in this matter before a jury hears any evidence in this case. Thus far, Plaintiff's have admittedly been successful in spinning and manipulating the California justice and administrative systems in their favor, apparently building up to this moment and this subject motion in limine by using a prior ruling over and over again, which has compounded the evidentiary record in this matter in Plaintiff's attempt to seek preclusive effect of the prior rulings. However, as the Court can plainly see via the authorities and arguments submitted by Mr. Harvey in opposition to this motion and the arguments below, Plaintiff's arguments are unpersuasive and unsupported. In short, Plaintiff's manipulative run is over and the jury should be able to be the final arbiter in judging Plaintiff's claims.

## II. RELEVANT FACTS

In addition to the facts and evidence as identified by Mr. Harvey, Defendant Ingrassia hereby provides the following additional facts. Defendant Ingrassia is a current peace officer with the Sheriff's Department of the County of Contra Costa and he has been a sworn peace

officer since September of 2002. (See Exhibit A).[1] In the prior criminal and administrative proceedings, as indicated and referenced in Plaintiff's moving papers for this motion, Ingrassia was subpoenaed by the prosecution to testify as a witness at those criminal proceedings and was also subpoenaed to testify as a witness at the related DMV hearings pertaining to the status of Plaintiff's license. Ingrassia was not a party to any of those prior proceedings. Ingrassia was not able to cross-examine any witnesses at any of those prior proceedings. Ingrassia was not represented by counsel in any of those prior proceedings and was not able to call any witnesses in any of those prior proceedings.

Ingrassia had no personal stake in the outcome of any of the prior proceedings other than to testify as to his knowledge of events gained while on duty as a peace officer. Ingrassia was never warned by any judge or hearing officer that any rulings in any of the prior proceedings could place him in jeopardy or could be prejudicial to him in any subsequent civil action.

Ingrassia did not direct the events or procedures in any of the prior proceedings, nor did he get a chance to present any independent evidence on his own behalf other than him simply testifying as a witness to the events. When Ingrassia was not testifying in the criminal proceedings, he was excluded from the courtroom during the proceedings. Furthermore, Ingrassia could not appeal any adverse rulings against the prosecution in any of the criminal proceedings or similarly any adverse rulings in any of the DMV proceedings. Ultimately, it would be unfair to hold any prior rulings against Ingrassia in this civil case as Ingrassia was not given a full and fair opportunity to present and/or litigate any issues in any of those prior proceedings to satisfy the requirements of due process to preclude these issues from being litigated at trial.

### III. LEGAL ARGUMENTS

Though Mr. Harvey sufficiently and eloquently demonstrated the defense position in this matter, some additional highlighted points by Defendant Ingrassia are instructive.

---

[1] All these facts in this section are included in the Declaration of Jason Ingrassia, attached hereto as Exhibit A to Declaration of Noah G. Blechman, filed herewith.

DEFENDANT INGRASSIA'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB                    2

A. **Due Process Mandates That The Prior Rulings Cannot Be Used Against Defendant Ingrassia**

1. **The Initial Suppression Ruling and the Subsequent Rulings Which Relied Upon That Initial Ruling Are Not An Allowable Basis for Collateral Estoppel**

It would be patently unfair to allow Plaintiff to use collateral estoppel of the prior rulings against Defendants in this civil case and there is no binding or persuasive authorities cited by Plaintiff to allow such preclusion. At the outset, there are several authorities that command that motions to suppress evidence under California Penal Code § 1538.5, the initial criminal motion that started the flow of the criminal and administrative rulings at issue, if not followed by conviction or acquittal, are not considered final judgments under California law for the purposes of collateral estoppel.[2] Lombardi v. City of El Cajon, 117 F.3d 1117, 1121-1122 (9th Cir. 1997); Heath v. Cast, 813 F.2d 254, 258 (9th Cir. 1987) (same). The determination on a motion under Penal Code § 1538.5 "is a preliminary evidentiary determination and is independent of the real question in the proceedings, that of the accused's guilt." People v. Gephart, 93 Cal.App.3d 989, 1000 (1979).

Here, when Plaintiff's suppression motion was granted in his initial criminal proceedings, leading to the inevitable dismissal by the prosecutor for lack of evidence, Plaintiff was neither convicted nor acquitted. Plaintiff was actually never charged with any crime as can be seen in Plaintiff's Exhibit 5. A dismissal for lack of evidence is not a final judgment in this jurisdiction and, therefore, is without collateral estoppel effect in a subsequent civil suit. Santos v. Shasta County Sheriff's Department, 2006 U.S. dist. LEXIS 4589 *10 (E.D. Cal. 2006). Plaintiff has not made a proper showing that he was acquitted which is a prerequisite to attempting to use a suppression ruling as collateral estoppel. Furthermore, as Plaintiff's argument herein are founded upon the initial suppression ruling and the subsequent rulings that flowed from the initial

---

[2] The evidence sought to be introduced by Plaintiff is based on the favorable suppression ruling in the initial criminal proceedings versus Plaintiff. Defendants contend that the use and reliance of such a ruling by Plaintiff in Plaintiff's subsequent criminal and administrative proceedings were attempts by Plaintiff to **harden and memorialize** the initial ruling. In other words, if the Court is convinced that the initial suppression ruling is not a final judgment and/or was flawed, then all subsequent findings based upon and relying upon the initial suppression ruling are also poisoned, forcing Plaintiff's house of cards to fall.

DEFENDANT INGRASSIA'S OPPOSITION TO   3
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB

suppression ruling, justice dictates that all such subsequent findings are also without collateral estoppel effect in this civil context as the initial finding had no such effect. By analogy, such subsequent rulings are essentially fruit of the poisonous tree. In addition, any dictum as to the reasoning provided by the suppression judge should likewise not be available for preclusive effect. All in all, there should be no preclusive effect of these prior rulings.

2.  The Prior Findings and Rulings Cannot Be Used Against Ingrassia

The issues raised in this motion by Plaintiff have already been decided by this and other circuits in favor of the position asserted by Defendants herein. Recently, in Yezek, the plaintiffs contended that defendant Mitchell, the arresting CHP officer, was collaterally estopped from claiming there was probable cause for the traffic stop because the traffic commissioner found plaintiffs not guilty of speeding. Yezek v. Mitchell, 2007 U.S. Dist. LEXIS 778 *10-16 (N.D. Cal. 2007). The Court denied the application of collateral estoppel, finding that the officer was not a party or in privity with the state, had no counsel, and did not have a full and fair opportunity to litigate the matter at the traffic hearing. (Id). See also Duncan v. Clements, 744 F.2d 48, 51-52 (8th Cir. 1984)(state court's finding that arrest and search were unconstitutional could not be used offensively against arresting officer in subsequent civil rights suit because interests of State of Nebraska in criminal proceedings were not identical to personal interests of individual arresting officer and, thus, officer was not in privity with State, and officer did not have full and fair opportunity to litigate at suppression hearing as he had no control over State's case).

In several cases relied upon by Plaintiff, patently different then the case at issue, collateral estoppel applied to the **denial** of a P.C. § 1538.5 motion to suppress to preclude relitigation of issues by the Plaintiff (formerly the criminal defendant) in the subsequent civil case. Schmidlin v. City of Palo Alto, 157 Cal.App.4th 728 (2007); Ayers v. City of Richmond, 895 F.2d 1267 (9th Cir. 1990); Allen v. McCurry, 449 U.S. 90 (1980). In these cases, collateral estoppel applied defensively, to prevent Plaintiff (formerly the criminal defendant) from relitigating issues decided in the prosecutor's favor during the criminal process.

However, **Plaintiff has cited no case** supporting his contention that collateral estoppel applies to issues pertaining to the granting of a P.C. § 1538.5 motion to suppress, or in other

words, legal authorities that allow Plaintiff to use such a suppression ruling (and subsequent rulings based upon that initial ruling) <u>offensively</u> in any subsequent civil proceeding. On the contrary, there are no authorities that stand for the proposition that such rulings are given preclusive effect offensively versus the arresting officers.

The reason for this lack of precedent is that the arresting officers are not parties to the criminal case, are not in privity with the state law prosecution, are not represented by counsel, do not have a stake in the outcome and do not have a full and fair opportunity to litigate the issues in the criminal case, therefore the criminal rulings are not available to be used offensively versus the arresting officers.[3] This proposition has been repeatedly upheld by both binding and persuasive authorities abound. <u>Yezek v. Mitchell</u>, 2007 U.S. Dist. LEXIS 778 *10-16 (N.D. Cal. 2007); <u>Davis v. Eide</u>, 439 F.2d 1077, 1078 (9th Cir. 1971); <u>McCoy v. Hernandez</u>, 203 F.3d 371, 375 (5th Cir. 2000); <u>Hardesty v. Hamburg TWP</u>, 461 F.3d 646, 651 (6th Cir. 2006); <u>Booker v. Ward</u>, 94 F.3d 1052, 1057-1058 (7th Cir. 1996); <u>Williams v. Kobel</u>, 789 F.2d 463, 469-470 (7th Cir. 1986); <u>Turpin v. County of Rock, Nebraska</u>, 262 F.3d 779, 782-783 (8th Cir. 2001); <u>Duncan v. Clements</u>, 744 F.2d 48, 51-52 (8th Cir. 1984); <u>Kinslow v. Ratzlaff</u>, 158 F.3d 1104, 1105-1106 (10th Cir. 1998). The touchstone of collateral estoppel is that the party against whom estoppel is sought had a "full and fair" opportunity to litigate the issue in the earlier proceeding. <u>Roos v. Red</u>, 130 Cal.App.4th 870, 880 (2005). Plaintiff has not and cannot meet this threshold burden.

Plaintiff's reliance on the <u>Miller</u> case is misguided as that case involved significantly different facts and circumstances than are presented here. In <u>Miller</u>, the city was collaterally estopped in a civil action from relitigating the issue of whether plaintiff was raped by a city police officer where the officer had been <u>convicted</u> of raping plaintiff in the prior criminal case which was a final judgment. Miller v. Superior Court, 168 Cal.App.3d 376. (emphasis added). In that case, estoppel applied as the officer was given a full and fair opportunity to prove that he did not rape the victim. No such similar facts are presented here.

On the contrary, all the evidence shows that Defendant Ingrassia did not have a full and

---

[3] The only exception to this proposition that we have found was in the limited circumstances of <u>Miller</u> (supra) where the officer was the actual criminal defendant and was convicted of rape. No such similar issues are involved here.

DEFENDANT INGRASSIA'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB                5

fair opportunity to litigate any of the prior issues sought to now be used against him here in this civil case. In the prior criminal and administrative proceedings, as indicated and referenced in Plaintiff's moving papers for this motion, Ingrassia was subpoenaed to testify as a witness, was not a party to any of those prior proceedings, was not able to cross-examine or call any witnesses and was not represented by counsel. Ingrassia had no personal stake in the outcome of any of the prior proceedings and was never warned by any judge and/or hearing officer that any rulings in any of the prior proceedings could place him in jeopardy. Moreover, Ingrassia did not direct the events or procedures in any of the prior proceedings. When Ingrassia was not testifying in the criminal proceedings, he was excluded from the courtroom.

More importantly, Ingrassia could not appeal any adverse rulings against the prosecution in any of the criminal proceedings or similarly any adverse rulings in any of the DMV proceedings. Collateral estoppel <u>cannot apply</u> when the party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action. <u>Lombardi v. City of El Cajon</u>, 117 F.3d 1117, 1122 (9th Cir. 1997). (emphasis added).

Ultimately, it would be unfair to hold any prior rulings against Ingrassia in this civil case as Ingrassia was not given a full and fair opportunity to present and/or litigate any issues in any of those prior proceedings. Generally, as the <u>Schmidlin</u> Court recognized, "a suppression hearing may not provide as "full and fair" an opportunity to test the veracity of witnesses as is afforded by a civil lawsuit under *section* 1983." <u>Schmidlin v. City of Palo Alto</u>, 157 Cal.App.4th 728 (2007). Here, it is clear that Defendant Ingrassia was not given a complete and just opportunity to litigate the issues that Plaintiff now seeks to hold against him. Collateral estoppel should not apply here and Plaintiff's motion should be dismissed.

**B.    Public Policy Demands That Plaintiff's Motion in Limine Be Denied**

In addition to the authorities cited by Mr. Harvey in opposition and those evaluated above, there are numerous public policy reasons that command that Plaintiff's motion in limine be denied in its entirety. First, if the Court finds in favor of Plaintiff here, the Court is essentially imputing the findings and rulings of state criminal proceedings against the arresting officers. In other words, allowing plaintiffs (formerly criminal defendants) to use prior findings and criminal

rulings in state criminal proceedings in an <u>offensive</u> manner versus the arresting officers (now civil defendants) is patently unfair to such arresting officers. Under most circumstances, as is the case here, the arresting officers have absolutely no opportunity to formulate strategies for and/or direct the criminal prosecutions or administrative proceedings as they are not parties, have no opportunity to cross-examine witnesses, present evidence, are not appointed independent counsel for the proceedings, and have no rights to appeal adverse rulings. These are some of the touchstones of due process in our society. Unless and until those arresting officers are entitled to direct such prosecutions, are entitled to cross-examine witnesses and present evidence on their own behalf, are represented by independent counsel and can appeal any adverse rulings from the criminal proceedings, it is blatantly unjust to attribute any such criminal findings and rulings to such arresting officers in a civil context. Due process mandates otherwise.

Furthermore, a ruling in Plaintiff's favor here would essentially set the stage for all arresting officers who testify as witnesses in state criminal prosecutions to be forced to be represented by independent counsel during criminal proceedings to protect their individual interests which may be jeopardized by any potential subsequent § 1983 civil action. This would add a prohibitive and unreasonable cost element to state criminal proceedings, likely mandating that the costs be borne by the agencies employing the officers, namely cities and counties. Any such finding in Plaintiff's favor here would create a ludicrous precedent mandating that such law enforcement witnesses in state criminal prosecutions take unprecedented actions to protect themselves personally to prepare for a possible subsequent § 1983 civil action arising out of the criminal context. Plaintiff's position here would take this issue to its breaking point.

Moreover, in addition to the injustice and cost issues raised above, allowing similarly situated civil plaintiffs to use prior findings and rulings offensively versus arresting officers could also tend to expose public entities to an additional onslaught of civil rights litigation. Plaintiff is essentially attempting to hold Defendant Ingrassia and the County strictly liable, in a sense, for the strategies, proceedings and outcome of a state criminal prosecution. In other words, for the Court to agree with Plaintiff's arguments in this motion, the Court would essentially be pushing criminal defendants (now civil plaintiffs) further up the courthouse steps to the civil filings room

DEFENDANT INGRASSIA'S OPPOSITION TO                    7
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB

should those criminal defendants receive any beneficial rulings in the state criminal proceedings. A ruling in Plaintiff's favor here would no doubt lead to a significant increase in civil rights litigation by essentially holding arresting officers to an unreasonable and irrational standard akin to strict liability for their law enforcement activities.

Further, any doubts as to prior criminal and/or administrative proceedings should be determined in favor of denying any effect of collateral estoppel. As that McGowan Court appropriately warned:

> "**[A]ny doubt as to what was decided by a prior criminal proceeding should be resolved against using it as an estoppel as the litigant invoking the doctrine will still have the opportunity to establish its contentions at trial.**"

McGowan v. City of San Diego, 208 Cal.App.3d 890, 897; citing Kauffman v. Moss, 420 F.2d 1270, 1274 (3rd Cir. 1970). (emphasis added). Here, if the Court has any doubts as to what was decided in the prior criminal and administrative proceedings, and there are doubts based upon the inconsistent rulings in the DMV hearings and the inconclusive criminal evidence presented, then such doubt should be resolved in favor of denying Plaintiff's motion as Plaintiff can still challenge the lawfulness of his detentions/arrests at any civil trial in this matter. In essence, the jury should be able to judge this matter, not prior triers of fact who did not have all the information and facts in front of them when making their prior rulings.

Taking Plaintiff's contentions to their logical end, the theory of collateral estoppel was never meant to be used in such a perverse manner to lead to such inequitable and illogical results. It is clear that there are strong policy considerations that weigh heavily in Defendants favor in opposing this motion. As such, Plaintiff's motion should be denied on this basis as well.

C. **If The Court Finds That The Prior Rulings Are Relevant Per the Doctrine of Collateral Estoppel, Such Evidence Should Still Be Excluded Against Defendants Due to Danger of Unfair Prejudice to Defendants per FRE 403**

Per FRE 403, even though evidence may be deemed relevant, such evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or may mislead the jury. FRE 403. District courts have broad discretion

in assessing admissibility under Rule 403. Obrey v. Johnson (9th Cir. 2005) 400 F.3d 691, 698.

Here, if the Court finds that such prior rulings are relevant per the doctrine of collateral estoppel, such prior rulings should be excluded at trial as any limited probative value of such evidence is far outweighed by the danger of unfair prejudice to Defendants. If Plaintiff is able to offer up evidence that a prior judge or administrative officer found no probable cause (or found probable cause per the first DMV proceeding), or that Ingrassia had a credibility issue, then the jury in this case will no doubt give serious consideration and weight to those prior rulings and findings in evaluating the merits of this civil case. In other words, allowing such evidence will prejudice the jury against Defendants by allowing the jury to consider rulings and findings by other adjudicators, and not the entirety of the evidence offered in the civil trial, to formulate their verdict. The jury would have a strong temptation to conform any verdict to be consistent with the prior determination, which is obviously prejudicial and unfair. Rockwell v. Yukins, 341 F.3d 507, 513 (6th Cir. 2003). This would make the playing field of the civil trial uneven at the outset.

A better solution would be to allow the jury to make up their own minds about what happened in relation to the traffic stops and Plaintiff's claims, without inflaming them in Plaintiff's favor by admitting such likely negative evidence. Also, allowing such evidence may lead to the confusion of the jury when the Defendants are having to not only defend this civil action, but defend against each of the prior rulings, in essence creating mini-trials. All in all, it would be unfair for the Court to admit such evidence, which would unjustly pollute the jury in Plaintiff's favor, would likely lead to confusion and/or deception to the jury.

## IV. CONCLUSION

It is patently clear that collateral estoppel should not apply here. Plaintiff has not met his burden of proving the necessary elements of collateral estoppel to allow for Plaintiff to offensively use prior rulings to preclude further evidence on those points at trial. Plaintiff cannot overcome the arguments of Defendants that they did not have a full and fair opportunity to litigate these issues in the underlying criminal and administrative proceedings. The issues were not identical, Defendants were not in privity or a party to the prior proceedings, and they did not have a fair chance to combat the issues raised in the prior proceedings. To allow collateral estoppel

DEFENDANT INGRASSIA'S OPPOSITION TO    9
PLAINTIFF'S MOTION IN LIMINE – C07-02669 CRB

here would be blatantly unfair to Defendants, would go against public policy considerations and would expose Defendants to a significant danger of unfair prejudice. All in all, Plaintiff has not met his burden of proving collateral estoppel so Plaintiff's motion should be denied in total.

Dated: April 10, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant JASON INGRASSIA