JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
JASON INGRASSIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>Plaintiff,<br><br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON,<br><br>Defendants. | Case No. C07-02669 CRB<br><br>**DEFENDANT JASON INGRASSIA'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**<br><br>Date:  April 25, 2008<br>Time:  10:00 A.M.<br>Judge: Hon. Charles R. Breyer |

Defendant JASON INGRASSIA ("Ingrassia") hereby makes the following evidentiary objections and moves to strike portions of Plaintiff's proffered evidence in support of Plaintiffs' Motion in Limine as follows.

First of all, Ingrassia makes a blanket objection to any and all documents proffered by Plaintiff in support of his motion as Plaintiff failed to seek judicial notice for such court and administrative documents, transcripts and rulings, in violation of FRE 201. Further, Plaintiff failed to properly authenticate such documents, in violation of FRE 901 and 902 and per Ricketts v. City of Hartford (2nd Cir. 1996) 74 F.3d 1397, 1407. In addition to these blanket objections to all of Plaintiff's proffered evidence, Ingrassia also objects to the following specific items of evidence as follows:

///

| Objection Number | Plaintiff's Proffered Evidence | Defendants' Grounds for Objections and Motions to Strike |
|---|---|---|
| 1 | Plaintiff's Exhibit 3, Pg. 61:5-8 (Document 51-4 of Court's Docket, Transcript of November 27, 2006 suppression hearing). | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Judge Treat's statements about his reasoning for his suppression ruling are hearsay without an exception in violation of Federal Rule of Evidence ("FRE") 800 et seq. |
| 2 | Plaintiff's Exhibit 5 (Document 52 of Court's Docket, Notice of Failure to File Criminal Charges). | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) The District Attorney's explanation for their failure to file charges against Plaintiff for the May 20, 2006, DUI arrest is hearsay without an exception in violation of FRE 800 et seq. The entire exhibit is hearsay and should be excluded. |
| 3 | Plaintiff's Exhibits 10 and 11 (Documents 52-5 and 53 of Court's Docket, Transcripts in People v. Eli and People v. Smith). | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Such transcripts are hearsay without an exception in violation of FRE 800 et seq.<br>(2) Such transcripts are irrelevant to this motion in violation of FRE 401 et seq.<br>(3) If relevant, then their probative value is substantially outweighed by unfair prejudice to Defendant Ingrassia per FRE 403. |
| 4 | Plaintiff's Exhibits 12, 14, 15 and 16 (Letters from Ms. Garrido and Ms. Huang) | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Such letters are hearsay without an exception in violation of FRE 800 et seq.<br>(2) Such letters are irrelevant to this motion in violation of FRE 401 et seq.<br>(3) If relevant, then their probative value is substantially outweighed by unfair prejudice to Defendant Ingrassia per FRE 403. |
| 5 | Affidavit of Plaintiff Bhatnagar (Document 54 in Court's Docket) | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Such affidavit is not signed by Plaintiff in violation of FRE 603 and, therefore, should be summarily excluded as having absolutely no value in support of Plaintiff's motion. |
| 6 | Affidavit of Jenny Huang (Documents 50 and | Defendants' object to this proffered evidence, and move to strike it, on the basis that: |

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DEFENDANT INGRASSIA'S OBJECTIONS AND MOTIONS TO STRIKE PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF MOTION IN LIMINE – C07-02669 CRB

2

| | | |
|---|---|---|
| | 51(duplicate) in Court's Docket); ¶¶ 5, 7, 14, 16, 17, 18, 19, 20, 21, 22. | (1) Such statements of counsel are hearsay without an exception in violation of FRE 800 et seq.<br>(2) Ms. Huang has not laid a proper foundation and does not have personal knowledge of such representations per FRE 602. |
| 7 | Affidavit of Jenny Huang (Documents 50 and 51(duplicate) in Court's Docket); ¶¶ 18, 19, 20, 21, 22, 23. | Defendants' object to this proffered evidence, and move to strike it, on the basis that:<br>(1) Such statements of counsel are hearsay without an exception in violation of FRE 800 et seq.<br>(2) Ms. Huang has not laid a proper foundation and does not have personal knowledge of such representations per FRE 602.<br>(3) These statements also improperly include opinion testimony by a lay witness in violation of FRE 701. |

Dated: April 10, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
JASON INGRASSIA

DEFENDANT INGRASSIA'S OBJECTIONS AND MOTIONS TO STRIKE PLAINTIFF'S PROFFERED EVIDENCE IN SUPPORT OF MOTION IN LIMINE – C07-02669 CRB            3