JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br>    Plaintiff,<br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>    Defendants. | Case No.:  Case No. CV07-02669 (CRB)<br><br><br>Date:  April 25, 2007<br>Time:  10:00am<br>Honorable Charles R. Breyer |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE***

**TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iii-iv

ARGUMENT ..................................................................................................... 1-10

I.   EXCLUSION OF THE PRIOR JUDICIAL FINDINGS
     WOULD VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS
     TO A FAIR HEARING ........................................................................... 1-5

     A. The Prior Findings are Necessary to Establish Plaintiff's
        Claims for Malicious Prosecution, False Arrest, and
        False Detention ................................................................................ 1-2

     B. The Prior Findings are Relevant to Plaintiff's Claims
        of Municipal Liability ...................................................................... 2-3

     C. The Prior Findings are Admissible Against
        Defendant Ingrassia ............................................................................. 4

     D. The Prior Findings are Relevant for the Purpose of Disproving
        Asserted Defenses of Immunity .......................................................... 5

II.  THE PRIOR JUDICIAL FINDINGS SHOULD BE ADMITTED
     AS EVIDENCE AGAINST ALL DEFENDANTS ................................. 6-8

     A. The Prior Judicial Findings Do Not Constitute
        Hearsay Evidence ............................................................................ 6-7

     B. The Probative Value of the Prior Findings Outweigh
        Any Prejudicial Impact .................................................................... 7-8

III. THE DISTRICT ATTORNEY'S SWORN STATEMENT
     OF INSUFFICIENT PROBABLE CAUSE TO SUPPORT
     PLAINTIFF'S ARREST IS ADMISSIBLE .......................................... 8-10

IV.  THIS COURT SHOULD GIVE PRECLUSIVE EFFECT TO
     THE PRIOR JUDICIAL AND ADMINISTRATIVE FINDINGS……10-11

CONCLUSION ......................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

Federal Cases:

*Awabdy v. City of Adelanto* (9th Cir. 2004) 368 F.3d 1062 ..................................... 2

*Ayers v. City of Richmond* (9th Cir. 1990) 895 F.2d 1267 ..................................... 10

*Beck v. City of Pittsburgh* (3rd Cir. 1996) 89 F.3d 966 ............................................ 3

*Bird v. Glacier Elec. Coop., Inc.,* (9th Cir. 2001) 255 F.3d 1136 ............................. 1

*Carter v. District of Columbia* (D.C. Cir. 1986) 795 F.2d 116 ................................ 3

*Fiacco v. City of Rensselaer, N.Y.* (2nd Cir. 1986) 783 F.2d 319 ............................ 3

*Foley v. City of Lowell* (1st Cir. 1991) 948 F.2d 10 ................................................. 3

*Freeman v. City of Santa Ana* (9th Cir. 1995) 68 F.3d 1180 .................................... 1

*Grandstaff v. City of Borger, Tex.* (5th Cir. 1985) 767 F.2d 161 ............................. 3

*Henry v. County of Shasta* (9th Cir. 1993) 132 F.3d 512 ......................................... 2

*Hervey v. Estes,* (9th Cir. 1995) 65 F.3d 784 ............................................................ 5

*Jinro America Inc. v. Secure Investments, Inc.* (9th Cir. 2001) 266 F.3d 993 ........... 1

*Malley v. Briggs* (1986) 475 U.S. 335 ...................................................................... 5

*McRorie v. Shimoda* (9th Cir. 1986) 795 F.2d 780 .............................................. 2-3

*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092 ................................................... 2

*Murphy v. Lynn* (2nd Cir. 1997) 118 F.3d 938 ......................................................... 2

*Parklane Hosiery Co., Inc. v. Shore* (1978) 439 U.S. 322 ....................................... 4

*Patzner v. Burkett* (8th Cir. 1985) 779 F.2d 1363 .................................................... 4

*United States v. Boulware* (9th Cir. 2004) 384 F.3d 79 ........................................... 6

*United States v. Sine* (9th Cir. 2007) 493 F.3d 1021 ........................................... 6, 7

Federal Rules and Statutes:

Fed.R.Civ.Pro., rule 42(b) ......................................................................................... 8

Fed.R.Evid., rule 403 ................................................................................................ 7

Fed.R.Evid., rule 801(d)(2) ....................................................................................... 9

Fed.R.Evid., rule 801(d)(2)(C) ...........................................................................................9

Fed.R.Evid., rule 801(d)(2)(D) ...........................................................................................9

Fed.R.Evid., rule 803(7) .....................................................................................................9

Fed.R.Evid., rule 803(22) ...................................................................................................7

Fed.R.Evid., rule 804(b)(3) ................................................................................................9

United States Amend. V .....................................................................................................1

United States Amend. XIV .................................................................................................1


State Rules and Statutes:

Cal. Constitution art. I, § 15................................................................................................1

Cal. Penal Code § 1538.5(m) ............................................................................................10

Cal. Veh. Code § 13353.2(f) ...........................................................................................8, 9

**ARGUMENT**

**I. EXCLUSION OF THE PRIOR JUDICIAL FINDINGS WOULD VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS TO A FAIR HEARING.**

Pursuant to his constitutional rights to due process, Plaintiff Abhinav Bhatnagar is guaranteed the right to a fair trial. (U.S. Amend. V, XIV; Cal. Const. art. I, § 15; *Jinro America Inc. v. Secure Investments, Inc*. (9th Cir. 2001) 266 F.3d 993, 1007 (due process right to fair trial applies in civil, as well as, criminal proceedings. (quoting *Bird v. Glacier Elec. Coop., Inc.,* (9th Cir. 2001) 255 F.3d 1136, 1151).) As such, Plaintiff is entitled to present evidence of the prior judicial findings for the various purposes of (1) establishing his claims for malicious prosecution, false arrest and imprisonment, (2) proving his claims of municipal liability, and (3) disproving the asserted immunity defenses. With regard to some claims, the admission of the prior findings is a requisite showing necessary for Plaintiff to establish the claim.

In opposition to Plaintiff's motion *in limine*, the municipal defendants submit numerous documents relating to Defendant Ingrassia's arrest of Plaintiff on May 20, 2006. With no apparent relationship to the motion presently before this court, Defendants again seek to re-litigate the legality of Plaintiff's arrest, inundating the court with evidence relating to Plaintiff's blood alcohol level, testimony from the phlebotomist, a declaration from a forensic toxicologist, and documentation of the chain of custody of sealed vials of Plaintiff's blood. To the extent that this court allows Defendants to rehash these matters, Plaintiff should not be denied the opportunity to presence evidence showing the outcome of the criminal charges brought against him. In fact, with regard to several of Plaintiff's claims, he is required to show that his criminal case was decided in his favor.

    A. <u>The Prior Findings are Necessary to Establish Plaintiff's Claims for Malicious Prosecution, False Arrest, and False Detention.</u>

Judge Treat's findings are necessary and admissible for the purpose of proving Plaintiff's claims for malicious prosecution, false arrest, and false detention. To establish a claim for malicious prosecution, Plaintiff must prove the following elements: (1) malice, (2) no probable cause, and (3) for the purpose of denying a constitutional right. (*Freeman v. City of Santa Ana* (9th Cir. 1995) 68 F.3d 1180, 1189.) Additionally, the plaintiff must prove that the prior

JUSTICE FIRST, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
PAGE 1 OF 11

proceedings were terminated in such a manner as to suggest her innocence. (*Awabdy v. City of Adelanto* (9th Cir. 2004) 368 F.3d 1062, 1068.) Such a determination depends upon the nature and circumstances of the termination and the focus of the inquiry is whether the failure to proceed with criminal charges implies a lack of reasonable grounds for the prosecution. (*Murphy v. Lynn* (2nd Cir. 1997) 118 F.3d 938, 948.)

To establish a claim of malicious prosecution, Plaintiff is entitled to present the specific findings by Judge Treat which suggest his innocence. Thus, Plaintiff should be permitted to show that the dismissal of his criminal case was based on the trial court's finding that Defendant Ingrassia lacked credibility and its implicit rejection of the deputy's testimony that he stopped Plaintiff because he made an illegal u-turn. The admission of such findings is necessary to show that Defendant Ingrassia had no basis for stopping Plaintiff. Plaintiff should not be limited to introducing the mere dismissal of the criminal charges, because such limited information does not convey the magnitude of Judge Treat's findings and why they are so suggestive of Plaintiff's innocence.

Similarly, the specific findings made by Judge Treat are also necessary to establish the elements of Plaintiff's claims for false arrest and false imprisonment, which require proof that the confinement was without lawful privilege. (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1123.) To make such a showing, Plaintiff must be permitted to introduce the specific findings by Judge Treat which show that Defendant Ingrassia falsified his reasons for stopping Plaintiff.

B. The Prior Findings are Relevant to Plaintiff's Claims of Municipal Liability

In their opposition brief, the municipal defendants do not dispute Plaintiff's argument that the prior findings are relevant for the purpose of establishing municipal liability. (Opposition Brief of County of Contra Costa and City of San Ramon ("Mun. Opp. Brief") at 12-15.) Indeed, it is well-established law in the Ninth Circuit that a police department's failure to investigate and take appropriate disciplinary action in response to repeated complaints of police misconduct is admissible for the purpose of proving a policy or custom of deliberate indifference to the danger of problem officers. (*Henry v. County of Shasta* (9th Cir. 1997) 132 F.3d 512, 518-19; *McRorie*

1  *v. Shimoda* (9th Cir. 1986) 795 F.2d 780, 784.)   This is the prevailing law in numerous other
2  circuit courts.  (*See, Beck v. City of Pittsburgh* (3rd Cir. 1996) 89 F.3d 966, 973-74;  *Foley v. City*
3  *of Lowell* (1st Cir. 1991) 948 F.2d 10, 14 ;   *Carter v. District of Columbia* (D.C. Cir. 1986) 795
4  F.2d 116, 124; *Fiacco v. City of Rensselaer, N.Y.* (2nd Cir. 1986) 783 F.2d 319, 327-28;
5  *Grandstaff v. City of Borger, Tex.* (5th Cir. 1985) 767 F.2d 161, 171.)  Unlike most cases in
6  which mere complaints of abuse against an officer are deemed admissible, Plaintiff's evidence is
7  even more probative of municipal liability because he has the benefit of numerous judicial
8  findings against Defendant Ingrassia.  Because these incidents have already been adjudicated
9  before a trier of fact, they are inherently more reliable than mere allegations of police
10 misconduct.  Despite such repeated findings against Defendant Ingrassia by three separate
11 judges, the Sheriff's Department failed to properly respond to repeated findings and instead
12 sought to undermine such findings under the guise of its internal affairs investigation.  The
13 admissibility of these findings is therefore critical to establishing the Department's gross and
14 deliberate indifference to numerous findings of misconduct against Defendant Ingrassia.
15       The prior findings are also relevant to show that the municipal defendants had adequate
16 notice that Defendant Ingrassia was a problem deputy, yet ignored the gravity of such judicial
17 findings.  Immediately after Judge Treat granted Plaintiff's motion to suppress evidence, the
18 public defender advised the Internal Affairs Department of the court's findings and provided a
19 transcript which included fabricated testimony by the deputy.  (Affidavit of Jenny Huang in
20 Support of Plaintiff's Motion *In Limine* ("Huang Affidavit") at ¶¶ 17, 22, Exh. 15.)  About two
21 months later, Plaintiff's counsel informed the internal affairs investigators of another adverse
22 finding against Defendant Ingrassia by a different superior court judge. (*Id.* at ¶ 23, Exh. 16.)
23 Despite receiving notice of these adverse judicial findings, the Sheriff's Department ignored the
24 findings, used its investigation as a means to undermine those findings, and then concluded that
25 the complained acts simply "did not occur". (Affidavit of Abhinav Bhatnagar in Support of
26 Plaintiff's Motion *In Limine* ("Bhatnagar Affidavit") at ¶ 32, Exh. 1.) The Department's failure
27 to respond to these judicial findings is also admissible for the purpose of showing that they had a
28 policy and custom of ignoring evidence of his misconduct by Defendant Ingrassia.

JUSTICE FIRST, LLP

C. <u>The Prior Findings are Admissible Against Defendant Ingrassia.</u>

As discussed above, Judge Treat's findings are necessary to establish Plaintiff's claims against Defendant Ingrassia for malicious prosecution, false arrest, and false imprisonment. In an untimely opposition to Plaintiff's Motion *In Limine*, Defendant Ingrassia does not dispute that the prior findings are relevant as to the deputy's character and for the purpose of establishing his pattern, habit, and absence of mistake in fabricating the basis for stopping motorists.[1] (*See,* Plaintiff's Motion *In Limine* at 9-10; Opposition Brief of Defendant Ingrassia ("Ingrassia Opp. Brief.) Rather, Defendant Ingrassia asks this court to categorically deny the doctrine of offensive collateral estoppel, although the U.S. Supreme Court has long held that trial courts have broad discretion to determine when offensive collateral estoppel should apply. (Ingrassia Opp. Brief at 6-7; *Parklane Hosiery Co., Inc. v. Shore* (1978) 439 U.S. 322, 331; *see also, Patzner v. Burkett* (8th Cir. 1985) 779 F.2d 1363, 1369, fn 7.)

Defendant Ingrassia contends that by permitting criminal defendants to use favorable findings from their criminal trial in an offensive manner in subsequent civil litigation, this court would open the floodgates to a wave of civil litigation. (Ingrassia Opp. Brief at 7-8.) However, this assumes that criminal courts routinely make adverse findings of credibility against police officers, much less the same officer and that suppression motions are regularly granted. To the contrary, Plaintiff's case presents a highly unusual set of facts in which three separate judges made adverse findings against Defendant Ingrassia and on that basis, dismissed the criminal cases in which he was the arresting officer. Given these extraordinary circumstances, Plaintiff should be permitted to present these facts and prior findings for the purpose of showing that the Sheriff's Department was grossly and deliberately indifferent to repeated warnings from the criminal courts about this deputy.

---

[1] Defendant Ingrassia did not timely file an opposition brief to Plaintiff's Motion *In Limine*, which was due on April 4, 2008. Without seeking leave to file a late brief, Defendant Ingrassia did not file an opposition brief until one week later on April 10, 2008, the same day Plaintiff's reply brief is due. Because Plaintiff has had insufficient time to respond to the deputy's opposition brief, it should be stricken from the record.

JUSTICE FIRST, LLP

D. The Prior Findings are Relevant for the Purpose of Disproving Asserted Defenses of Immunity.

In Answers filed by the Defendants in this action, they each assert various immunities in defense to Plaintiff's claims. To disprove these immunity defenses, Plaintiff is required to show that Defendants' did not reasonably believe their conduct to be lawful. (*Hervey v. Estes,* (9th Cir. 1995) 65 F.3d 784, 788.) To defeat state law immunities, Plaintiff is further required to show that the Defendants' conduct was not discretionary and within the scope of employment. (Cal. Govt. Code § 820.2.)

As applied to the unique facts underlying this case, Plaintiff will be required to show that Defendants are not immune from liability because the deputy's intentional fabrication of evidence demonstrates that his conduct was not the type of discretionary conduct that is ordinary protected by the defense of immunity. Moreover, the adverse findings against Defendant Ingrassia's credibility further lend support that the municipal defendants should not be immune from liability because the deputy's testimony was fabricated. In the absence of false statements, courts have found that the lack of probable cause is enough to deny a claim of qualified immunity. For instance, in *Malley v. Briggs,* the United States Supreme Court held that an officer who applied for a warrant without probable cause was not protected by immunity because his claimed basis for probable cause was not objectively reasonable. (*Malley v. Briggs* (1986) 475 U.S. 335, 340-41.)

To defeat the immunity defenses, Plaintiff will need to show that Defendant Ingrassia's claimed reason for stopping Plaintiff was not only unreasonable, it was a complete fabrication. To make such a showing, Plaintiff should not bear the burden of duplicating the evidence adduced at his criminal trial, particularly when at least one of his key witnesses has been subjected to intense harassment and retaliation for testifying in Plaintiff's favor. (*See,* Plaintiff's Motion for Protective Order Pursuant to Fed.R.Civ.Pro., rule 26(c), filed on 11/27/07.) Moreover, Plaintiff's witnesses have already been required to appear in several hearings in the Department of Motor Vehicles and in criminal court. To avoid the additional burden of

appearing in yet another proceeding that is likely to elicit police harassment and retaliation, Plaintiff should be permitted to rely upon the testimony and findings in the prior proceedings.

## II. THE PRIOR JUDICIAL FINDINGS SHOULD BE ADMITTED AS EVIDENCE AGAINST ALL DEFENDANTS

### A. The Prior Judicial Findings Do Not Constitute Hearsay Evidence

In an apparent recognition that the prior findings are relevant to Plaintiff's claims of municipal liability, the municipal defendants instead argue that the prior judicial findings should be excluded as hearsay evidence. This argument assumes that Plaintiff seeks to introduce these findings for the purpose of establishing the truth of the judicial findings. However, it is not Plaintiff's objective to substitute the prior findings of credibility for the jury's ultimate role in assessing the credibility of Defendant Ingrassia. Rather, as discussed in thorough detail above in Section I, Plaintiff seeks to admit the prior findings for various reasons that have nothing to do with the truth of those findings. For instance, the prior findings are admissible to prove Plaintiff's claims of malicious prosecution, false arrest, and false detention, to disprove asserted defenses of immunity, and to establish various theories of municipal liability. In these circumstances, a prior finding is not accurately characterized as hearsay evidence. (*United States v. Boulware* (9th Cir. 2004) 384 F.3d 79, 806 (evidence of prior judgment was not hearsay when offered to show the judgment's legal effect and not for the truth of the matter asserted.)

In support of its hearsay argument, the municipal defendants rely primarily on the findings in *United States v. Sine* (9th Cir. 2007) 493 F.3d 1021. (Mun. Opp. Brief at 13-14.) In that case, credibility findings by a state court judge in a related civil action against the defendant were repeatedly recited in his subsequent criminal prosecution for mail fraud. The Ninth Circuit held that the prosecutor's repeated use of the judge's adverse findings to cross-examine witnesses constituted inadmissible hearsay because they had little probative value and were introduced for no reason other than to taint the defendant's credibility before the jury. (*Id.* at 1035.) The court further concluded that although such evidence was highly prejudicial, it did not amount to plain error. (*Id.* at 1033-35, 1038-40.)

Unlike the questionable motives for such evidence in *United States v. Sine,* Plaintiff does not seek to admit the prior judicial findings for the purpose of influencing the jury's assessment of Defendant Ingrassia's credibility.  Rather, evidence of the prior findings is necessary evidence to establish numerous claims asserted by Plaintiff.  Moreover, this case is unlike the facts in *United States v. Sine,* where the court noted that the prosecution could have proved the facts underlying the judge's finding in a less prejudicial manner. (*Id.* at 1035.)  It is has been well-documented throughout this case that Defendant Ingrassia and other police officers have engaged in a campaign of police harassment and retaliation against Plaintiff and who has challenged the deputy's misconduct.. (Affidavits of Richard Ha, Diana Garrido, Tim Ahearn, Abhinav Bhatnagar, and Jenny Huang, submitted in Support of Plaintiff's Motion for Protective Order Pursuant to Fed.R.Civ.Pro., rule 26(c), filed on 11/27/07.)  Given the history of police intimidation in this case, Plaintiff does not have the same ability to recreate the facts underlying Judge Treat's findings without eliciting understandable concerns about further retaliation from the police.

B.   The Probative Value of the Prior Findings Outweigh Any Prejudicial Impact

Defendants contend that admission of the prior judicial findings will be unfairly prejudicial and should therefore be excluded pursuant to Fed. R. Evid., rule 403. (Mun. Opp. Brief at 13-14.)  Defendant Ingrassia further claims that pursuant to Rule 403, he is entitled to relitigate the criminal charges alleged and subsequently dismissed against Plaintiff. (Ingrassia Opp. Brief at 9.)  As the Ninth Circuit has recognized, judicial findings are not always inadmissible and in some situations, their probative value outweighs any prejudicial impact. (*United States v. Sine, supra,* 493 F.3d at 1034; *see also,* Fed.R.Evid., rule 803(22) advisory committee note (noting that courts are increasingly reluctant to reject in total the validity of the law's factfinding processes, particularly when collateral estoppel does not apply).)  Here, the prior findings carry substantial probative value with numerous aspects of Plaintiff's case, the denial of which would violate Plaintiff's right to prove his claims by way of a fair trial. Therefore, this case presents precisely one of those situations in which the probative value of admitting the prior findings far outweighs any prejudicial impact to Defendants.

1   To minimize the prejudicial impact, if any, to the Defendants, they are entitled to request
2   bifurcation of the trial in the event they can show that evidence that may be admissible against
3   the municipal defendants would not also be admissible against Defendant Ingrassia.
4   (Fed.R.Civ.Pro., rule 42(b).) Defendants can also seek limiting instructions to guide the jury on
5   the limited purpose for which the prior findings are admitted.

### III. THE DISTRICT ATTORNEY'S SWORN STATEMENT OF INSUFFICIENT PROBABLE CAUSE TO SUPPORT PLAINTIFF'S ARREST IS ADMISSIBLE

In their opposition brief, the municipal defendants summary argue that a sworn statement submitted by an Assistant District Attorney to the Department of Motor Vehicles ("DMV") should be excluded as hearsay evidence.[2] (Mun. Opp. Brief at 15.) As a preliminary matter, it is significant to note that county counsel artfully describes the document at issue as a "letter" by the district attorney. (*Id.* at 15:8.) However, the document is more accurately described as a sworn statement signed by Assistant District Attorney Douglas Foley under penalty of perjury on 1/5/07, in which he states that "probable cause for the stop was insufficient." (*See,* Huang Affidavit in Support of Plaintiff's Motion *In Limine* ("Huang Affidavit"), Exhibit 5.) The document is on DMV letterhead, it is entitled, "Administrative Per Se Notice of Failure to File Criminal Charges," and it is labeled as DMV's Form No. DS 702. (*Id.*) Pursuant to Cal. Vehicle Code § 13353.2(f), the document contained in Exhibit 5 is a business record maintained by the DMV for the purpose of explaining the district attorney's reason for failing to prosecute criminal charges against the driver in question. (Cal. Veh. Code § 13353.2(f).) This business record is submitted for consideration in a renewed right to request an administrative hearing before the DMV, for the purpose of determining whether the driver's license suspension should be reversed. (*Id.*)

---

[2] In Plaintiff's Notice of Motion *In Limine*, Plaintiff inadvertently listed Mr. Foley's sworn statement as evidence for which Plaintiff seeks an *in limine* ruling. (Plaintiff's Notice of Plaintiff's Motion *In Limine*, filed on 3/14/08, at 2:15-17.) Plaintiff's counsel subsequently informed Defendants' counsel of the error contained in the Notice of Motion and indicated that it would not seek an *in limine* ruling on this document at this time. (Affidavit of Jenny Huang in Support of Plaintiff's Reply Motion *In Limine* "Huang Reply Affidavit" at ¶¶ 2-3.) Nevertheless, county counsel apparently seeks, and Plaintiff agrees, that an *in limine* ruling on the admissibility of Mr. Foley's sworn statement is appropriate at this time.

JUSTICE FIRST, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
PAGE 8 OF 11

The District Attorney's sworn statement is relevant to Plaintiff's claims against the municipal defendants. First, it provided notice to the Sheriff's Department that Defendant Ingrassia authored false police reports and repeatedly provided false testimony under penalty of perjury. As the statement indicates, the prosecution, as well as Judge Treat, did not believe Defendant Ingrassia had probable cause to stop or arrest Plaintiff. Mr. Foley's statement is further evidence of the deliberate indifference demonstrated by the Sheriff's Department in its failure to properly investigate and discipline Defendant Ingrassia for such misconduct. Mr. Foley's sworn statement is also admissible against Defendant Ingrassia, for the purpose of challenging his ongoing efforts to fabricate his reason for stopping Plaintiff on the night of the arrest. Specifically, the statement is admissible to show that the deputy had an improper motive, intent, and absence of mistake when he stopped Plaintiff based on the fabricated claim that he made an illegal u-turn.

Pursuant to the Federal Rules of Evidence, the District Attorney's sworn statement does not constitute hearsay because it is a party admission. (Fed.R.Evid., rule 801(d)(2).) Although Mr. Foley is not a party to the present proceeding, he is a person authorized by Contra Costa County to make a statement concerning the subject at issue. (Fed.R.Evid., rule 801(d)(2)(C).) Alternatively, Mr. Foley is an agent or servant of Contra Costa County who provided a statement concerning a matter within and during the scope of his employment. (Fed.R.Evid., rule 801(d)(2)(D).)

Alternatively, the District Attorney's sworn statement is admissible as a hearsay exception. Regardless of whether Mr. Foley is available as a witness at trial, the sworn statement is admissible as a business record of the DMV. (Fed.R.Evid., rule 803(7); Cal. Veh. Code § 13353.2(f).) Pursuant to state statute, this DMV record is kept in the course of DMV's regularly conducted business activity pertaining to administrative *per se* hearings. (Cal. Veh. Code § 13353.2(f).) Moreover, the statute mandates that it is the agency's regular practice to require prosecutor's to complete this record for consideration at the administrative hearing. (*Id.*)

In the event that Mr. Foley is not available at trial, his statement will be admissible as a statement against interest. (Fed.R.Evid., rule 804(b)(3).) Mr. Foley's statement that "probable

cause for the stop was insufficient" is one that was clearly against his interest as a prosecutor. (Huang Affidavit, Exhibit 5.) Although Judge Treat had already granted the suppression motion and dismissed the criminal charges against Plaintiff, the prosecutor was still entitled to seek review of Judge Treat's suppression order. (Cal. Penal Code § 1538.5(m).) Mr. Foley's statement further suggests reliability and trustworthiness because it is an admission that has the tendency of exposing the prosecutor or his employer to civil liability.

### IV. THIS COURT SHOULD GIVE PRECLUSIVE EFFECT TO THE PRIOR JUDICIAL AND ADMINISTRATIVE FINDINGS

In their opposition briefs, Defendants grossly mischaracterize Plaintiff's suppression hearing as Plaintiff's "spinning and manipulating of the California justice and administrative systems." (Ingrassia Opp. Brief at 1.) Defendant Ingrassia complains that he was not able to cross-examine any witnesses at any of the prior proceedings, although the record in this case documents his longstanding efforts to harass, intimidate, and retaliate against Plaintiff and at least one of his key witnesses. (*Id.* at 2; Affidavits of Richard Ha, Diana Garrido, Tim Ahearn, Abhinav Bhatnagar, and Jenny Huang, submitted in Support of Plaintiff's Motion for Protective Order Pursuant to Fed.R.Civ.Pro., rule 26(c), filed on 11/27/07.) The deputy further complains he was not represented by counsel in the prior proceedings and that no one ever warned the deputy that perjured testimony could "place him in jeopardy or could be prejudicial to him in any subsequent civil action." (Ingrassia Opp. Brief at 2.) Similarly, the municipal defendants assert that they were denied the opportunity to call witnesses, present evidence, or otherwise participate in Plaintiff's suppression hearing. (Mun. Opp. Brief at 4-5.)

Defendants' attempts to challenge the validity of Plaintiff's suppression hearing and the validity of Judge Treat's findings are seriously undermined by the simple fact that the prosecution had the opportunity, but declined, to seek review of Judge Treat's suppression order. (Huang Reply Affidavit at ¶ 4.) In the absence of any such appeal, Judge Treat's suppression order became final as a matter of law. (*Ayers v. City of Richmond* (9th Cir. 1990) 895 F.2d 1267, 1271-72.) Defendants claim that they had no ability to influence, communicate, or collaborate

with the District Attorney's Office during Plaintiff's criminal case, but the benefit of future discovery will prove otherwise.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this court issue an order granting his motion *in limine* in its entirety.

Date:  April 11, 2008
       Oakland, California

                                **JUSTICE FIRST, LLP**
                                Attorneys for Plaintiff Abhinav Bhatnagar
                                By:
                                _____/s/_____
                                Jenny C. Huang
                                2831 Telegraph Avenue
                                Oakland, CA  94609
                                Tel.: (510) 628-0695