JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA  94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>           Plaintiff,<br><br>     vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>           Defendants. | Case No.:  Case No. CV07-02669 (CRB)<br><br>**AFFIDAVIT OF JENNY HUANG IN RESPONSE TO DEFENDANT INGRASSIA'S OPPOSITION BRIEF ON PLAINTIFF'S MOTION *IN LIMINE*** |

I, JENNY HUANG, state under penalty of perjury as follows:

1.      I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action.  I submit this affidavit in support of Mr. Bhatnagar's Reply to Defendant Ingrassia's Opposition Brief on Plaintiff's Motion *In Limine*.

2.      Attached hereto as Exhibit 1 is a true and accurate copy of a sworn statement provided by Defendant Ingrassia to assist the Department of Motor Vehicles in its proceedings to suspend the driver's license of Mr. Bhatnagar.

3. On or about May of 2007, I called the clerk of the Contra Costa County Superior Court to inquire about the status of the criminal proceedings in *People v. Raymond Eli,* Case No. 128472-8. I was informed that a hearing was scheduled for October 5, 2007 to hear the appeal of Judge Kolin's suppression order.

4. In response to the limited discovery conducted by Mr. Bhatnagar in this case, the municipal defendants produced documents indicating that Mr. Eli filed a notice to pursue civil claims arising from his arrest by Defendant Ingrassia. These documents further show that in May of 2007, the County of Contra Costa settled Mr. Eli's civil claims prior to the initiation of any litigation by Mr. Eli.

5. Upon information and belief, the prosecution did not subsequently pursue its right to appeal Judge Kolin's suppression order, dated February 5, 2007, in *People v. Raymond Eli,* Case No. 128472-8.

6. In October of 2007, Defendant Ingrassia sought to depose Richard Ha but asserted his right to attend this deposition, in spite of Mr. Ha's assertions of ongoing harassment and intimidation by the deputy and other officers.

7. By order dated December 28, 2007, Judge Breyer granted in part Plaintiff's Motion for Protective Order by excluding the deputy from the deposition room of the witness. Pursuant to the court's order to meet and confer regarding the logistical matters for Mr. Ha's deposition, I repeatedly attempted to communicate with counsel for Defendant Ingrassia to reschedule and proceed with Mr. Ha's deposition. To date, defense counsel has not expressed any interest in rescheduling the deposition of Mr. Ha.

8. Prior to the court's order excluding Defendant Ingrasssia from the deposition of Mr. Ha, the deputy's counsel vigorously sought to depose Mr. Ha prior to the mediation

conference between the parties. Since the court's order excluding the deputy from the deposition room of Mr. Ha, Defendant Ingrassia has apparently lost interest in taking the deposition of this key witness.

9.  Instead, I was contacted by Mr. Fitzgerald's secretary last week, for the purpose of scheduling depositions in May of unidentified attorney's from the Contra Costa County's Office of the Public Defender.

10.  Attached hereto as Exhibit 2 is a true and accurate copy of a felony complaint filed in the currently pending case of *People v. Diego Diaz, Damon Moses*, Contra Costa County Superior Court Case No. 130194-4. This document indicates that the criminal charges involved in this case are for possession and transportation of cocaine, in violation of Penal Code §§ 11350(a) and 11352(a).

11.  Attached hereto as Exhibit 3 is a true and accurate copy of the suppression motion filed in *People v. Diego Diaz, Damon Moses* on August 9, 2007, which states that Defendant Ingrassia executed a traffic stop on the defendants in that case, he allegedly pat-searched the passenger of the vehicle in violation of his constitutional rights, and then arrested both defendants.

12.  Attached hereto as Exhibit 4 is a true and accurate copy of the Clerk's Docket and Minutes from a hearing conducted on September 27, 2007 in *People v. Diego Diaz, Damon Moses.* This minute order indicates that Assistant District Attorney Paul Sequeira appeared as the district attorney of record in this case.

13.  Attached hereto as Exhibit 5 is a true and accurate copy of information I printed from the website of the District Attorney's Office in Contra Costa County. As indicated in this

1  document, Paul Sequeira holds the position of Assistant District Attorney for Contra Costa

2  County and supservises the office's Felony Trial Team Division.

3      14.    I conducted an internet search to determine caliber of criminal cases typically

4  assigned to Mr. Sequeira. A simple internet search showed that Mr. Sequeira is a veteran

5  prosecutor who typically prosecutes the county's high-profile murder cases. Most recently, Mr.

6  Sequeira served as the prosecutor of record in the nationally publicized murder trial against

7  Susan Polk.

8      I declare under penalty of perjury that the foregoing is true and correct. Executed on

9  April 18, 2008 in Oakland, California.

                                              /s/ Jenny Huang
                                              JENNY HUANG