JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Nadia Aziz, SBN 252966
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com
         naziz@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ABHINAV BHATNAGAR,<br><br>    Plaintiff,<br><br>  vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br><br>    Defendants. | Case No.: Case No. CV-07-02669 (CRB)<br><br><br><br><br><br><br>Date: August 22, 2008<br>Time: 10:00 a.m.<br>Honorable Charles R. Breyer |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO PLAINTIFF'S 1ST SET OF DISCOVERY REQUESTS
ON DEFENDANT INGRASSIA**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS................................................................................ii-iii

TABLE OF AUTHORITIES ......................................................... iv-v

BACKGROUND FACTS ............................................................... 1-4

ARGUMENT ................................................................................. 4-25

    A.  Defendant Ingrassia's 1st Set of Interrogatories
       Have Not Been Verified................................................... 4-5

    B.  State Law Privileges Do Not Apply in Federal Cases ....................... 5-6

    C.  The Stipulated Protective Order Adequately Addresses
       Objections Asserted by Defendant Ingrassia as the Basis for
       Withholding Discovery........................................................6

    D.  Plaintiff Has Not Exceeded the Allowable Number
       of Interrogatories................................................... 6-7

    E.  Disputed Discovery Requests

       1.  Interrogatory Request No. 1...................................... 7-8

       2.  Interrogatory Request No. 3...................................... 8-9

       3.  Interrogatory Request No. 5...................................... 9-10

       4.  Interrogatory Request No. 6...................................... 10-12

       5.  Interrogatory Request No. 7......................................12

       6.  Interrogatory Request No. 8...................................... 13-14

       7.  Interrogatory Request No. 9...................................... 14-15

       8.  Interrogatory Request No. 10..................................... 15-17

       9.  Interrogatory Request No. 11..................................... 17-18

       10.  Interrogatory Request No. 12................................... 18-19

       11.  Interrogatory Request No. 13................................... 19-21

       12.  Interrogatory Request No. 14...................................21

13. Interrogatory Request No. 15.................................................. 21-22

14. Document Request No. 1 ...................................................... 22-23

15. Document Request No. 7 ...................................................... 23-24

16. Document Request No. 8 ........................................................24

17. Document Request No. 9 ........................................................24

18. Document Request No. 10 ......................................................24

19. Document Request No. 11 ......................................................25

CONCLUSION.............................................................................25

1

2

## <u>TABLE OF AUTHORITIES</u>

3

<u>Page(s)</u>

4

<u>Federal Cases</u>:

5

*American Floral Services, Inc. v. Florists Transworld Delivery Ass'n.,*
107 F.R.D. 258 (N.D. Ill. 1985)...................................................................9

6

7

*Estate of Le Baron v. Rohm & Haas*, 441 F.2d 575 (9th Cir. 1971).......................8

8

*Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D.Cal. 1993) ..........6, 16, 18, 23

9

*Honda Motor Co. Ltd. v. Oberg,* 512 U.S. 415 (1994).........................................20

10

*Kelly v. City of San Jose,*
114 F.R.D.653 (N.D. Cal. 1987).............................5, 7, 8, 9, 13, 14, 15, 17, 18, 22

11

*Kerr v. United States District Court for Northern Dist.,*
511 F.2d 192 (9th Cir. 1975) .................................................................5

12

13

*Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281 (C.D.Cal. 1998) ....................20

14

*Pope v. Savings Bank of Puget Sound,* 850 F. 2d 1325 (9th Cir. 1988) ................11

15

*Premium Service Corp. v. Sperry & Hutchinson Co.,*
511 F.2d 225 (9th Cir. 1975) ...............................................................19, 21

16

17

*Safeco of America v. Rawstrom*, 181 F.R.D. 441 .............................................6-7

18

*St. Paul Reinsurance Co. v. Commercial Fin. Corp.,*
198 F.R.D. 508 (N.D. Iowa 2000) ......................................................12

19

20

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995).........5, 6, 16, 17, 18, 23

21

*Trudeau v. N.Y. State Consumer Protection Board,*
237 F.R.D 325 (N.D.N.Y. 2006) ..........................................................19, 21

22

23

*United States v. Antonakeas*, 255 F. 3d 714 (9th Cir. 2001)..................................19

24

*United States v. Castillo,* 181 F. 3d 1129 (9th Cir. 1999).....................................19

25

*United States v. Scott*, 74 F.3d 175 (9th Cir. 1996) ................................................19

26

*U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136 (1989) ...........................11-12

27

28

<u>Federal Rules and Statutes</u>:

42 U.S.C. § 1983...............................................................................1, 3

Fed.R.Civ.Pro., rule 26(a)(1)(A)(i) ..................................................9

Fed.R.Civ.Pro., rule 26(a)(1)(A)(iv) ............................................22

Fed.R.Civ.Pro., rule 26(b)(5) ......................................................6

Fed.R.Civ.Pro., rule 33 ...........................................5, 6, 18, 20, 21

Fed.R.Evid. 404(b) ....................................................................19

Fed.R.Evid. 608(b) ....................................................................19

Fed.R.Evid. 609 ........................................................................19

Fed.R.Evid. 613 ........................................................................11

Fed.R.Evid. 801(d) ....................................................................11


State Cases:

*People v. Bhatnagar*, Case No. 127484-4 (Contra Costa Sup. Ct.)................... 2-3

*People v. Bhatnagar*, Case No. 968674-2 (Contra Costa Sup. Ct.) ........................3

*People v. Eli*, Case No. 128472-8 (Contra Costa Sup. Ct.) ....................................3

*People v. Smith*, Case No. 5-070257-1 (Contra Costa Sup. Ct.) ............................3

*Pitchess v. Superior Court,*
11 Cal.3d. 531 (1974) ..................................7, 8, 9, 13, 14, 15, 17, 18, 22

*Rifkind v. Superior Court,* 123 Cal.App.3d 1045 (1981)................................19, 21


State Statutes:

Cal. Civil Code section 3295 ...............................................................19

Cal. Evid. Code section 1040.................................5, 7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Evid. Code section 1043.................................5, 7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Evid. Code section 1045.................................7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Evid. Code section 1046.................................7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Govt. Code section 3300 ..................................7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Penal Code section 832.5 ...............................................................5

Cal. Penal Code section 832.7 .................................7, 8, 9, 13, 14, 15, 17, 18, 22

Cal. Penal Code section 832.8 .................................7, 8, 9, 13, 14, 15, 17, 18, 2

1

## **BACKGROUND FACTS**

2

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 against Contra Costa

3 County Deputy Sheriff Jason Ingrassia, the City of San Ramon, and the County of Contra Costa for

4 police misconduct and harassment by Defendant Ingrassia. This case arises from Defendant

5 Ingrassia's unlawful detention and subsequent arrest of Mr. Bhatnagar on May 20, 2006, but also

6 includes numerous instances of threatening conduct and harassment against Mr. Bhatnagar in

7 retaliation for complaining about the officer's misconduct.

8

On May 20, 2006, Mr. Bhatnagar was purchasing gas at a station in San Ramon when

9 Defendant Ingrassia pulled into the gas station and parked his patrol car at another gas pump.

10 (Affidavit of Abhinav Bhatnagar in Support of Plaintiff's Motion *In Limine* dated 3/13/08

11 ("Bhatnagar Aff.") at ¶¶ 2-3 (Docket No. 73).) Mr. Bhatnagar was standing outside of his vehicle,

12 speaking to a drunk, Caucasian woman who was asking him for money to buy cigarettes, when

13 Defendant Ingrassia approached him. (*Id.*) Defendant Ingrassia targeted Mr. Bhatnagar on the basis

14 of his actual or perceived race and started interrogating him without reasonable suspicion to believe

15 that he had committed any crime. (*Id.* at ¶ 4; Huang Affidavit in Support of Plaintiff's Motion *In*

16 *Limine* dated 3/14/08 ("Huang Aff. 3/14/08"), Exhibit 3 at 61:5-8 (Docket No. 51).) After Mr.

17 Bhatnagar admitted that he had a couple drinks earlier that evening, Defendant Ingrassia arrested Mr.

18 Bhatnagar for driving under the influence. (Bhatnagar Aff. at ¶ 4 (Docket No. 73).) Defendant

19 Ingrassia repeatedly called Mr. Bhatnagar a "terrorist," told him he could arrest Mr. Bhatnagar for

20 looking like a "terrorist," and made derogatory comments about Asians. (*Id.* at ¶ 5.) Mr.

21 Bhatnagar's friend, Laurie Garrison, overheard Defendant Ingrassia making these derogatory

22 remarks to Plaintiff. (Huang Aff. 3/14/08, Exh. 3 at 34-37; Exh. 4 at 80-81 (Docket No. 51).)

23

In an effort to cover-up his discriminatory conduct, Defendant Ingrassia falsified evidence by

24 claiming that he saw Mr. Bhatnagar driving, that Mr. Bhatnagar made an illegal u-turn, and that he

25 pulled Mr. Bhatnagar over at the gas station for a traffic violation. In addition to making false

26 statements in his police report, Defendant Ingrassia gave false testimony under oath during Mr.

27 Bhatnagar's hearing before the Department of Motor Vehicles ("DMV") and during the suppression

28 hearing in his criminal case. (Huang Aff. 3/14/08, Exh. 3 at 5-25, Exh. 4 at 7-47 (Docket No. 51).)

JUSTICE FIRST, LLP

1   Defendant Ingrassia's testimony was directly contradicted by the testimony of Richard Ha, a gas
2   station attendant who was working on the night of Mr. Bhatnagar's arrest.  For instance, Mr. Ha
3   testified that Mr. Bhatnagar was getting gas at the gas station when Defendant Ingrassia first
4   approached him. (Huang Aff. 3/14/08, Exhibit 3 at 28 (Docket No. 51).)  Mr. Ha also corroborated
5   Mr. Bhatnagar's testimony that the emergency lights on Defendant Ingrassia's patrol car were not
6   turned on at any point that night.  (*Id.* at 29.)

7       While his criminal case was pending in August of 2006, the Contra Costa County Public
8   Defender's Office advised the City of San Ramon and the County of Contra Costa of Defendant
9   Ingrassia's misconduct and informed them of repeated threatening phone calls received by Mr.
10  Bhatnagar and his family in which the caller said to "watch your back," "watch your family," and
11  "you don't belong here."  At the request of the Public Defender's office, the Contra Costa County
12  Sheriff's Department initiated an internal affairs ("IA") investigation into these allegations against
13  Defendant Ingrassia.  (Huang Aff. 3/14/08, Exhibit 12 (Docket No. 53).)

14      Several months after his arrest and while the criminal case and the IA affairs investigation
15  were both pending, Defendant Ingrassia stopped Mr. Bhatnagar on September 29, 2006 while he was
16  driving in San Ramon.  Defendant Ingrassia threatened Mr. Bhatnagar with physical violence for
17  bringing a complaint against him, told him never to return to San Ramon again, and told Mr.
18  Bhatnagar that his attorneys could not do anything to him. (Bhatnagar Aff. at ¶¶ 20-24 (Docket No.
19  73).)  Defendant Ingrassia then issued Mr. Bhatnagar a traffic citation based again on the false
20  allegation that Mr. Bhatnagar made an illegal u-turn.  (*Id.* at ¶ 25.)  Later that day, the Public
21  Defender's Office notified the Sheriff's Department of Defendant Ingrassia's retaliatory conduct
22  against Mr. Bhatnagar and his flagrant abuse of authority.  (Huang Aff. 3/14/08, Exhibit 14 (Docket
23  No. 53).)

24      Mr. Bhatnagar was subsequently exonerated of all administrative and criminal charges
25  against him relating to his criminal charges for driving under the influence of alcohol, the retaliation
26  traffic citation issued by Defendant Ingrassia, and the suspension of his driver's license.   In
27  November of 2006, Superior Court Judge Charles Treat dismissed all criminal charges against Mr.
28  Bhatnagar arising from the incident on May 20, 2006, finding that Defendant Ingrassia's testimony

JUSTICE FIRST, LLP

1   was not credible and that "the officer was trolling for drunk drivers across from the bar and picked

2   on this defendant because of his race." (*See*, Memorandum of Points and Authorities in Support of

3   Plaintiff's Motion *In Limine* ("Plaintiff's *In Limine* Brief") at 3-4 (Docket No. 56).)  In March of

4   2007, Commissioner Joel Golub found Mr. Bhatnagar not guilty of and dismissed the traffic citation

5   issued by Defendant Ingrassia on 9/29/06. (Plaintiff's *In Limine* Brief at 5 (Docket No. 56).)  Also in

6   March of 2007, a DMV hearing officer found that Defendant Ingrassia had no reasonable cause to

7   believe Mr. Bhatnagar was driving under the influence of alcohol and that the officer unlawfully

8   arrested Mr. Bhatnagar on May 20, 2006.  The hearing officer concluded that Defendant Ingrassia

9   lacked credibility and that "he was less than truthful when completing documents submitted to the

10  department." (Plaintiff's *In Limine* Brief at 5 (Docket No. 56).)

11      Defendant Ingrassia's credibility was further undermined by two other superior court judges

12  in separate criminal matters against motorists who were also arrested by the same officer.  In *People*

13  *v. Eli*, an African American motorist was also detained without justification and unlawfully arrested

14  by Defendant Ingrassia.  In February of 2007, Superior Court Judge William Kolin dismissed all

15  criminal charges against Mr. Eli, concluding that Defendant Ingrassia's testimony lacked credibility.

16  (Plaintiff's *In Limine* Brief at 5-6 (Docket No. 56).)  Similarly, in *People v. Smith*, Superior Court

17  Judge Nancy Stark dismissed criminal charges against yet another motorist who was arrested by

18  Defendant Ingrassia, based on negative findings of credibility against this officer. (Plaintiff's *In*

19  *Limine* Brief at 6-7 (Docket No. 56).)

20      Mr. Bhatnagar brought this lawsuit to ensure that Defendant Ingrassia's flagrant misconduct

21  would not continue without meaningful consequences and corrective action by his employer, the

22  Contra Costa County Sheriff's Department.  Mr. Bhatnagar's lawsuit includes claims pursuant to 42

23  U.S.C. § 1983 against Defendant Ingrassia for unreasonable stop, search and detention, false arrest,

24  malicious prosecution, harassment, retaliation, and abuse of process, among other claims.  His

25  lawsuit also includes claims under § 1983 against the municipal defendants, based primarily on their

26  failure to reasonably investigate claims of misconduct against Defendant Ingrassia, the failure to

27  properly discipline the officer for misconduct, failure to prevent further harassment and retaliation

28  against Mr. Bhatnagar, and inadequate hiring, training, and supervising of the officer.

JUSTICE FIRST, LLP

1   Mr. Bhatnagar's 1st Set of Discovery Requests on Defendant Ingrassia

2       Plaintiff served Defendant Ingrassia with Plaintiff's 1st Set of Discovery Requests, responses

3   to which were due by June 12, 2008. (Declaration of Jenny Huang in Support of Plaintiff's Motion

4   to Compel dated 7/26/08 ("Huang Decl. 7/26/08" at ¶ 2.) Instead of providing Plaintiff with

5   information that is plainly discoverable, Defendant Ingrassia has obstructed and delayed discovery.

6   To date, Defendant Ingrassia has not produced a single document to Plaintiff, thereby delaying

7   Plaintiff's ability to effectively depose the officer. (Huang Decl. 7/26/08 at ¶ 16.)

8       By way of document requests and interrogatories, Plaintiff requested basic information such

9   as the officer's training, job experience, and policies governing his conduct. (Huang Decl. 7/26/08

10  at ¶ 2.) Plaintiff also requested information pertaining to the events underlying this lawsuit,

11  including the officer's disciplinary record, documents relating to Mr. Bhatnagar's arrest, the officer's

12  phone records, and other complaints of misconduct against the officer. (*Id.*) In response, Defendant

13  Ingrassia denied Plaintiff discovery by asserting spurious objections, citing inapplicable state laws,

14  and claiming ambiguity in basic words such as "crime," "present," "discussed," "sworn testimony,"

15  "complained about you," "concerning your conduct," "disciplined," "arrested," and "convicted."

16  (Huang Decl. 7/26/08 at ¶ 5.)

17      In a good faith effort to resolve these issues, Plaintiff twice attempted to address these

18  matters with counsel for Defendant Ingrassia. (Huang Decl. 7/26/08 at ¶¶ 6, 8.) On July 5, 2008,

19  Plaintiff's counsel faxed and mailed a letter to James Fitzgerald, addressing objections asserted by

20  Defendant Ingrassia for each of the disputed discovery requests. (Huang Decl. 7/26/08 at ¶ 6.) On

21  July 11, 2008, Noah Blechman responded by repeating the objections asserted by Defendant

22  Ingrassia and refusing to provide Plaintiff with any additional discovery. (Huang Decl. 7/26/08 at ¶

23  7.) On July 14, 2008, Mr. Candappa made another attempt to meet and confer with Mr. Blechman

24  on these matters. (Huang Decl. 7/26/08 at ¶ 8.) To date, Mr. Blechman has not responded, nor has

25  he produced any documents to Plaintiff. (Huang Decl. 7/26/08 at ¶ 9.)

26  **ARGUMENT**

27  A.   Defendant Ingrassia's 1st Set of Interrogatories Have Not Been Verified

28      As an initial matter, Defendant Ingrassia did not provide a signed verification for answers to

JUSTICE FIRST, LLP

1    Plaintiff's 1st Set of Interrogatories, as required by Fed.R.Civ.Pro., rule 33(b).    Although Mr.

2    Blechman stated by letter dated July 11, 2008 that the officer's verification would be provided, it has

3    not yet been received to date.    Plaintiff requests that Defendant Ingrassia be compelled to verify his

4    answers to Plaintiff's interrogatories, in compliance with the federal rules.

5    B.    State Law Privileges Do Not Apply in Federal Cases

6        Throughout his discovery responses, Defendant Ingrassia repeatedly asserts privileges such

7    as privacy, official information, and other statutory privileges that are based on state law.    As a

8    threshold matter, California statutory privileges do not apply in federal cases, where federal common

9    law determines the law on privileges. (*Kerr v. United States District Court for Northern Dist.*,

10    511 F.2d 192 (9th Cir. 1975); *Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal. 1995)

11    (holding that privileges under Cal. Evid. Code §§ 1043 et seq. and Penal Code § 832.5 are

12    inapplicable in federal courts).) Under federal law, discovery is governed by a more liberal

13    standard and it is the party resisting discovery who bears the burden of proving

14    that disclosure is not required. (*Soto, supra,* 162 F.R.D. at 609, fn 2.)    Significantly, Assistant

15    County Counsel Gregory Harvey now acknowledges that the same privileges asserted by Defendant

16    Ingrassia are not applicable in federal cases. (Huang Decl. 7/26/08 at ¶ 11.)

17        Defendant's reliance on *Kelly v. City of San Jose*, 114 F.R.D.653 (N.D. Cal. 1987) is

18    misguided.  *Kelly* recognizes that state law privileges are not binding on federal courts in § 1983

19    cases. (114 F.R.D. at 655-56.)  In fact, in *Kelly*, the court permitted the disclosure of evidence to

20    the parties in the suit.  (*Id.* at 671.)  With regard to the "official information" privilege asserted

21    by Defendant Ingrassia pursuant to Evid. Code § 1040, the court in *Kelly* noted that in civil rights

22    cases, the balancing test is moderately weighted in favor of disclosure. (*Id.* at 661.)  Moreover,

23    Defendant Ingrassia has failed to make the threshold showing required by *Kelly* to assert the "official

24    information" privilege.  The burden of justification is on the party invoking the privilege and the

25    party must provide a declaration from a responsible official with personal knowledge of the disputed

26    information.  The declaration must show that the disputed information has been gathered and

27    reviewed, it must indicate what specific interests would be harmed by disclosure, how disclosure

28    would result in harm if made under a protective order, and how much harm would result.  (*Id.* at

669-70.)  Because Defendant simply cites the statutory privilege and did not attempt to make threshold showing required to assert the "official information" privilege, disclosure of the documents is required. (*Soto, supra,* 162 F.R.D. at 613 (if party resisting disclosure fails to make the threshold showing, disclosure of the documents will be ordered); *Hampton v. City of San Diego,* 147 F.R.D. 227, 231 (S.D.Cal. 1993).)

At minimum, a party who withholds information based on a privilege must provide a privilege log which, among other things, describes the nature of the documents withheld. (Fed.R.Civ.Pro., rule 26(b)(5).)   Defendant Ingrassia cited numerous privileges as the basis for withholding discovery, yet failed to produce any privilege log in compliance with the federal rules.

C.     The Stipulated Protective Order Adequately Addresses Objections Asserted by
        Defendant Ingrassia as the Basis for Withholding Discovery

Over a six-week period starting in June of 2008, the parties in this case negotiated the terms of a comprehensive protective order to address Defendants' concerns about privacy and confidentiality.  The Stipulated Protected Order was subsequently signed by all parties and approved by Judge Breyer on July 21, 2008. (*See,* Stipulated Protective Order (Docket No. 91).)   The protective order limits the use of designated discovery obtained in this case to the purposes of this litigation and ensures even greater protection for documents that are designated as highly confidential.   Therefore, the parties have already adopted a process by which to address any objections Defendants may have for private or confidential information.  In light of this process, Defendants are not entitled to withhold discovery on these grounds.

D.     Limit on Number of Interrogatories

Although Plaintiff has requested a total of 15 interrogatories, Defendant Ingrassia refuses to answer Interrogatory Nos. 13-15, claiming that they exceed the allowable 25 interrogatories pursuant to Fed.R.Civ.Pro. 33.  According to Defendant Ingrassia's calculations, Plaintiff's Interrogatory Nos. 1-9 comprise over the allowable 25 interrogatories, by including all the subparts. (Huang Decl. 7/26/08, Exh. B, at p.3 (Response to No.10).)  However, subparts to an interrogatory count as one interrogatory when they are "logically or factually subsumed within and necessarily related to" the primary question." (*See, Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal.

JUSTICE FIRST, LLP

1998).)  Accordingly, Plaintiff has not exceeded the allowable number of interrogatories pursuant to the federal rules.

**Interrogatory Request No. 1:**

Identify EACH position that you have held as an employee of the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT.  For each position, include the following:

a.    Dates of employment in each position,
b.    A detailed description of the duties and responsibilities you held in each position,
c.    State the salary and benefits you received in each position,
d.    IDENTIFY your direct supervisor for each position, and
e.    State the reason why you left this position.

Response:

Defendant objects to this request insofar as the documents requested are privileged and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Ca 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d. 531, and its progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad vague and ambiguous as to term "position," overbroad as to time, is unduly burdensome, oppressive and harassing to Defendant, especially with regard to financial information which is totally irrelevant, and there is no prima facie showing for such discovery request. Without waiving the foregoing objections, Defendant responds as follows: Ingrassia has been with the Contra Costa County Sheriff's Office as a Deputy Sheriff since October of 2002 and is still currently employed with the Sheriffs Office. The duties of a Deputy vary, but essentially they are the same as peace officers in California, namely to uphold and enforce the laws of the State of California, as well as to maintain jail populations and functions.

Discussion:

By objecting to the plainly discoverable information sought by this request, Defendant Ingrassia denies Plaintiff basic discovery such as the officer's work history, his work duties and responsibilities, and salary received.  Such information is important to evaluate the officer's level of experience, work performance, and professional capabilities.  Moreover, information regarding the

JUSTICE FIRST, LLP

1   officer's compensation is necessary to determine whether any corrective action was taken against

2   Defendant Ingrassia, in the form of a demotion, loss of pay or benefits, or any other economic

3   sanction, for the officer's misconduct.  For instance, Plaintiff has learned that Defendant Ingrassia

4   was removed from patrol and has been assigned to work at the jail.  For the purpose of establishing

5   municipal liability and claims against the officer, Plaintiff is therefore permitted to learn when and

6   under what circumstances this change in employment occurred.

7       Contrary to his objections, the officer's financial information is necessary and relevant to this

8   lawsuit, particularly when Defendants have thus far denied that any corrective action has been taken

9   against Defendant Ingrassia.  Accordingly, the officer's financial information is discoverable. (*See*,

10  *Estate of Le Baron v. Rohm & Haas*, 441 F.2d 575, 577-78 (9th Cir. 1971) (financial information

11  relevant to the litigation is discoverable).)

12  **Interrogatory Request No. 3**:

13      IDENTIFY EACH and ALL PERSON(s) with whom you have discussed any of the

14  allegations, claims, defenses, or facts related to this case.

15  Response:

16      Defendant objects to this request insofar as the information requested is privileged and

17  confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California

18  constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Ca

19  1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300

20  et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d 531, and its

21  progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of

22  relevant and/or admissible evidence, is overly broad, vague and ambiguous as to the terms "ALL

23  PERSON(s)" and "discussed" and "any of the allegations, claims, defenses, or facts related to this

24  case," overbroad as to time, is unduly burdensome, oppressive and harassing to Defendant, there is

25  no prima facie showing for such discovery request and may seek information protected from

26  disclosure due to the attorney-client and attorney work product privileges. Without waiving the

27  foregoing objections, Defendant responds as follows: Other than with my attorneys and my

28  employer, as well as members of my family, I have not discussed this case with any other person

JUSTICE FIRST, LLP

1    to the best of my recollection.

2    Discussion:

3        Plaintiff is entitled to discover the identity of any persons who may possess information

4    leading to discoverable matters, including any person with whom Defendant Ingrassia has discussed

5    this case. (Fed.R.Civ.Pro., rule 26(a)(1)(A)(i).) Without inquiring into the content of those

6    conversations, the information requested does not require the disclosure of attorney client and work

7    product privileges because the interrogatory requests the identity only of persons with whom

8    Defendant Ingrassia has discussed this case. The officer broadly answers that he has discussed this

9    case with his attorneys, employer, and family remembers, his answer is incomplete in that it fails to

10   include each person's full name, present or last known address and place of employment. The

11   identity and location of those persons must be disclosed. (*See,* Fed.R.Civ.Pro., rule 26(a)(1)(A)(i);

12   A*merican Floral Services, Inc. v. Florists Transworld Delivery Ass'n*., 107 F.R.D. 258, 260 (N.D.

13   Ill. 1985) (identity and location of persons with knowledge of any discoverable matters must be

14   disclosed).)

15   **Interrogatory Request No. 5:**

16       IDENTIFY EACH and ALL PERSON(s) who has ever questioned you in regards to any of

17   the allegations, claims, defenses, or facts related to this case.

18   Response:

19       Defendant objects to this request insofar as the request seeks information that is privileged

20   and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California

21   constitutions, and per California statutes per <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Ca

22   1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et

23   seq., Penal Code §§ 832.7, 832.8, and per <u>Pitchess v. Superior Court</u> (1974) 11 Cal.3d. 531, and its

24   progeny, is fatally overbroad, is compound, and is overly broad, vague and ambiguous as to the

25   terms "questioned you," and "the allegations, claims, or facts related to this case," overbroad as to

26   time, is unduly burdensome, oppressive and harassing to Defendant, and also may call for the

27   disclosure of information protected from disclosure pursuant to the attorney client and/or attorney

28   work product privileges.

JUSTICE FIRST, LLP

1  Discussion:

2      For the purpose of proving municipal liability, Mr. Bhatnagar is permitted to discover the

3  employers' responses to allegations of misconduct against Defendant Ingrassia.  For instance,

4  Defendant Contra Costa County has produced documents indicating that the Internal Affairs

5  Division investigated Mr. Bhatnagar's claims against Defendant Ingrassia.  By way of this

6  interrogatory, Mr. Bhatnagar seeks information that includes the officer's participation in this

7  investigation, as well as any other investigations in which the officer was questioned.  This

8  interrogatory also seeks information about any other cases in which the officer was questioned about

9  his misconduct in the incidents underlying this lawsuit.

10      As above, this interrogatory does not require the disclosure of attorney client

11  communications or attorney work product.  This request seeks the identity of persons and not the

12  content of any communications or attorney work product.

13  **Interrogatory Request No. 6**

14      IDENTIFY EACH and ALL matters in which you have sworn testimony, either verbally or

15  in writing, including but not limited to, any hearings, trials, depositions, meetings, investigations,

16  interviews, and conferences.  For each case, provide the name of the matter, case number, location,

17  and date of your testimony.

18  Response:

19      Defendant objects to this request insofar as the request is fatally overbroad as it seeks all oral

20  or written sworn testimony in my entire law enforcement career, is compound, and is overly broad,

21  vague and ambiguous as to the terms "sworn testimony, either verbally or in writing," and overbroad

22  as to time, is unduly burdensome, oppressive and harassing to Defendant for Defendant to attempt to

23  spend countless hours trying to forensically investigate and identify all such instances of testimony,

24  and this also seeks information available in the public domain.

25  Discussion:

26      In matters involving Mr. Bhatnagar, as well as other motorists, Defendant Ingrassia has

27  testified and found to lack credibility by five different judges, commissioners, and hearing officers.

28  In November of 2006, Superior Court Judge Charles Treat dismissed all criminal charges against Mr.

JUSTICE FIRST, LLP

JUSTICE FIRST, LLP

1   Bhatnagar, finding that Defendant Ingrassia's testimony was not credible and that "the officer was

2   trolling for drunk drivers across from the bar and picked on this defendant because of his race."

3   (Huang Aff. 3/14/08, Exh. 3 (Docket No. 51).)  In March of 2007, Commissioner Joel Golub found

4   Mr. Bhatnagar not guilty of and dismissed the traffic citation issued by Defendant Ingrassia on

5   9/29/06. (Huang Aff. 3/14/08, Exh. 8 (Docket No. 52).) Also in March of 2007, a DMV hearing

6   officer found that Defendant Ingrassia had no reasonable cause to believe Plaintiff was driving under

7   the influence and that he unlawfully arrested Plaintiff.  The hearing officer concluded that Defendant

8   Ingrassia lacked credibility and that "he was less than truthful when completing documents

9   submitted to the department." (Huang Aff. 3/14/08, Exh. 7 (Docket No. 52).) In suppression hearings

10  brought by two other motorists arrested by Defendant Ingrassia, two separate judges found the

11  officer's testimony lacked credibility. (Huang Aff. 3/14/08, Exhs. 10 (Docket No. 52), Exh. 11

12  (Docket No. 53).)

13          The credibility of Defendant Ingrassia is central to the claims asserted in this lawsuit.  The

14  officer's credibility will determine whether he fabricated the entire basis for stopping and detaining

15  Mr. Bhatnagar, whether he made racist and derogatory remarks to Mr. Bhatnagar, and whether he

16  retaliated against Mr. Bhatnagar by making threatening phone calls and issuing him a false traffic

17  citation.  Prior sworn testimony is also relevant to Plaintiff's municipal liability claims, for the

18  purpose of showing that the officer's employer had adequate notice of misconduct by Defendant

19  Ingrassia.

20          Mr. Bhatnagar has identified at least five instances in which Defendant Ingrassia gave false

21  testimony.  On this basis, Plaintiff has good reason to believe there are other similar findings

22  discrediting the officer's sworn testimony.  Prior sworn testimony is discoverable as it may be used

23  at trial as both impeachment and substantive evidence. (*Pope v. Savings Bank of Puget Sound,* 850 F.

24  2d 1325 (9th Cir. 1988) (prior deposition testimony from unrelated proceeding was admissible as

25  both impeachment and substantive evidence); Fed.R.Evid., rules 613, 801(d).)

26          Defendant Ingrassia withholds discovery of his prior sworn testimony on the basis that such

27  information is available in the public domain.  This assertion has long been rejected by the courts as

28  a basis for withholding discovery. (*U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 150-54

JUSTICE FIRST, LLP

1   (1989).)  Parties are required to produce responsive documents whether or not they are in the public

2   domain. (*St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa

3   2000) (public domain objection is insufficient basis to resist discovery request).)  The fact that

4   responsive documents may be available in the public domain does not relieve Defendant Ingrassia

5   from producing the requested documents.   Finally, the information requested is not unduly

6   burdensome because it involves less than a six-year period, part of which the officer was assigned to

7   work at the jail and not on patrol.

8   **Interrogatory Request No. 7**:

9        IDENTIFY EACH and ALL PERSON(s) who authorized, approved, condoned, or ratified

10  your actions relating to your encounters with Mr. Bhatnagar on May 20, 2006 and September 29,

11  2006.

12  Response:

13       Defendant objects to this request insofar as the request is compound, is fatally overly

14  broad, vague and ambiguous as to the terms "authorized, approved, condoned, or ratified your

15  actions," which are not defined, seeks information that is not reasonably calculated to lead to the

16  discovery of admissible evidence, calls for a legal conclusion and this interrogatory is also better

17  directed to the County of Contra Costa, Ingrassia's employer.

18  Discussion:

19       Mr. Bhatnagar is permitted to discover, based on the officer's understanding, whether his

20  conduct towards Plaintiff was authorized by anyone.  This evidence is relevant to Plaintiff's claims

21  against the officer because it may reflect upon the reasonableness of the officer's conduct.  It is also

22  relevant to Plaintiff's municipal liability claims, for the purpose of showing that others had notice of

23  the officer's misconduct.  Defendant Ingrassia asserts that this interrogatory is relevant to the *Monell*

24  claims only and thereby directs Plaintiff to the County for the requested information.  However,

25  Defendant Ingrassia is a named party in this case, separate and in addition to the municipal

26  defendants.  As such, Mr. Bhatnagar is entitled to conduct discovery on all parties and is likewise

27  permitted to discover information from one party to support claims asserted against another party.

28

**Interrogatory Request No. 8:**

Provide any and all telephone numbers used by you from May 1, 6006 to present, including all personal and work cell phone numbers, home phone numbers, and work phone numbers.

Response:

Defendant objects to this request insofar as the information requested is privileged and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Ca 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d. 531, and its progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad, vague and ambiguous is unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie showing for such discovery request.

Discussion:

While criminal and administrative charges were still pending against Mr. Bhatnagar, he started receiving numerous disturbing and threatening phone calls. For instance, on July 27, 2006, the day after Defendant Ingrassia testified at Mr. Bhatnagar's Department of Motor Vehicles hearing, he received a threatening phone call from someone who cursed and threatened him with physical violence. This was the first of many harassing and threatening phone calls to come. (See, Affidavit of Abhinav Bhatnagar in Support of Plaintiff's Motion for Protective Order dated 10/29/07 ("Bhatnagar Aff.") at ¶¶ 13-14.) Over the next several months, Mr. Bhatnagar received many threatening phone calls, mostly late at night. The caller told me, among other things, "watch your back," "watch your family," "be careful," "watch out," and "you don't belong here." Between July and October of 2006, he received at least 15 phone calls of this nature. (Bhatnagar Aff. at ¶ 15.) Mr. Bhatnagar also received many phone calls where the caller remained silent but stayed on the line. These calls tended to occur late at night and virtually always originated from blocked phone numbers. These disturbing phone calls were more frequent around dates related to Mr. Bhatnagar's DMV, criminal, and traffic ticket cases. For example, within a week after my March 5, 2007 traffic ticket hearing, I received more than ten threatening phone calls in one day. The caller was extremely

JUSTICE FIRST, LLP

JUSTICE FIRST, LLP

abusive, stating things such as, "why can't you talk, you mother fucker," "I'm trying to talk to you – listen to me," "I'm going to fuck your mom," and "I'm going to destroy your family." (Bhatnagar Aff. at ¶ 17.)  Mr. Bhatnagar's family was so disturbed and frightened by these threatening phone calls that he contacted the phone company and arranged to have unidentified phone calls blocked from their home phone.  Because of Defendant Ingrassia's past conduct towards him, as well as the timing of the phone calls, Mr. Bhatnagar believes that Defendant Ingrassia is responsible for the many threatening and harassing phone calls he has received. (Bhatnagar Aff. at ¶¶ 18-19.)  The phone numbers and phone records for Defendant Ingrassia are necessary for Mr. Bhatnagar to confirm that the officer is, in fact, responsible for the harassing phone calls.  Any concerns the officer may have for the privacy of his phone records can be addressed pursuant to the process outlined in the Stipulated Protective Order. (Stipulated Protective Order (Docket No. 91).)

**Interrogatory Request No. 9**:

Describe in detail EACH and ALL training you have received in your capacity as a Deputy Sheriff for the Contra Costa County Sheriff's Department in the areas of racial profiling, racial sensitivity, and Fourth Amendment law.  Please include the date, title, and duration of the training, as well as the name of the training provider.

Response:

Defendant objects to this request insofar as the information requested is privileged and confidential , implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Ca 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per <u>Pitchess v. Superior Court</u> (1974) 11 CaI.3d 531, and its progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad, vague and ambiguous as to the terms "areas of racial profiling, racial sensitivity, and Fourth Amendment law," is unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie showing for such discovery request. Should personnel records be ordered produced in this matter, Ingrassia will produce training records as well.

1

JUSTICE FIRST, LLP

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Discussion:

As stated in the officer's objections and in the meet and confer letter from Mr. Blechman, Defendant Ingrassia suggests that information responsive to this request will be provided upon the execution of the Stipulated Protective Order.  Since the protective order was signed by the court on July 21, 2008, Plaintiff has not received any supplemental disclosures from Defendant Ingrassia in response to Plaintiff's 1st Set of Discovery Requests. (Huang Decl. 7/26/08 at ¶ 15.)

**Interrogatory Request No. 10:**

IDENTIFY EACH and ALL PERSON(s) who has ever complained about you, either verbally or in writing, concerning your conduct as a Contra Costa County Deputy Sheriff and provide a short summary of the substance of the complaint, the date of the complaint, and the disposition of the complaint.

Response:

Defendant objects to this request insofar as the information requested is privileged and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d 531, and its progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad, vague and ambiguous as to terms "complained about you" and "concerning your conduct" overbroad as to time, is unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie showing for such discovery request.  The term "complained" is not properly defined.  In addition, due to the numerous interrogatories and subparts above, this interrogatory now exceeds the allowable 25 interrogatories per FRCP 33 and Plaintiff has not obtained leave to serve additional interrogatories so Defendant objects to the excess interrogatories.

Discussion:

Mr. Bhatnagar's claims of misconduct against Defendant Ingrassia are well-documented in this case.  In addition to Mr. Bhatnagar, other witnesses have felt threatened and intimidated by

1    Defendant Ingrassia as well.  For instance, Richard Ha, the gas station attendant who witnessed the
2    arrest and detention of Mr. Bhatnagar, has been subjected to intimidation and harassment by
3    Defendant Ingrassia and other police officers in retaliation for giving testimony which contradicted
4    the officer's testimony. (*See,* Affidavit of Richard Ha in Support of Plaintiff's Motion for Protective
5    Order dated 11/7/07 (Docket No. 29).)

6        Defendant Ingrassia has also engaged in intimidating conduct towards two deputy public
7    defenders, both of whom successfully defended their clients and obtained negative credibility
8    findings against the officer from separate judges.  For instance, just a few weeks after Ms. Garrido
9    obtained a dismissal of criminal charges against Plaintiff, Defendant Ingrassia stared at her in a
10   hateful manner as they passed each other in the courthouse. (Affidavit of Diana Garrido in Support
11   of Plaintiff's Motion for Protective Order dated 10/25/07 (Docket No. 30) at ¶ 8.)  Similarly, Deputy
12   Public Defender Tim Ahearn was accosted by Defendant Ingrassia in the county jail just two weeks
13   after he successfully argued a suppression motion against the officer in a separate matter before a
14   different judge. (Affidavit of Tim Ahearn in Support of Plaintiff's Motion for Protective Order dated
15   10/26/07 (Docket No. 34) at ¶¶ 5-9.)   Notably, Mr. Ahearn states that he has never felt so
16   intimidated by a deputy sheriff in over eight years working as a public defender. (Ahearn Decl. at
17   ¶15.)

18       Based on such known acts of misconduct, Mr. Bhatnagar has good reason to believe that
19   Defendant Ingrassia has engaged in similar conduct against other motorists.  Civilian complaints
20   against police officers are discoverable in civil rights' litigation.  (*Soto, supra,* 162 F.R.D. at 621
21   (privacy interests of officers or 3rd parties did not  outweigh the need for disclosure of other civilian
22   complaints against defendant officers).)  Such evidence is relevant for the purpose of showing "the
23   defendant officers' patterns of behavior, as well as the City's response to such behavior."  (*Soto,*
24   *supra*, 162 F. R.D. at 615; *see also, Hampton v. City of San Diego* 147 F. R.D. 227, 229 (S.D. Cal.,
25   1993) (information in personnel files of officers, including other instances of misconduct "may be
26   relevant on the issues of credibility, notice to the employer, ratification by the employer, and motive
27   of the officers").)  Such evidence is relevant not only to show the officer's pattern, intent, motive,
28   and absence of mistake, but is also critical for establishing municipal liability and an award for

JUSTICE FIRST, LLP

1  punitive damages.  For instance, evidence of civilian complaints may show that Defendant Ingrassia

2  engaged in a pattern of racially discriminatory conduct, thereby giving notice to the municipal

3  defendants of his misconduct.

4        In the context of civil rights claims against the police, federal courts have recognized that

5  there is a strong public interest in disclosure because it exposes civil rights violations and enhances

6  public confidence in the justice system. (*Soto, supra*, 162 F. R.D. at 621.)  Courts have also

7  recognized that information contained in police personnel files is unlikely to be obtained from any

8  other source. (*Id.* at 617.)  Moreover, Defendant Ingrassia already has the protections guaranteed by

9  the Stipulated Protective Order, to ensure the confidentiality and privacy of information disclosed to

10  Plaintiff. (Stipulated Protective Order (Docket No. 91).)  A balancing of interests will show that

11  Plaintiff's need for the evidence far outweighs the interests, if any, that may result from disclosure.

12  **Interrogatory Request No. 11:**

13        Have you ever been disciplined by the Contra Costa County Deputy Sheriff's Department,

14  Contra Costa County, or the City of San Ramon in response to any of the allegations, claims,

15  defenses, or facts related to this case?  If yes, please also state:

16        a.  The nature of the discipline,
      b.  The date you were informed of the disciplinary action,
17      c.  The facts on which such discipline was based,
      d.  IDENTIFY the person who ordered the disciplinary action, and
18      e.  IDENTIFY the person who administered the disciplinary action.

19  Response:

20        Defendant objects to this request insofar as the information requested is privileged and

21  confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California

22  constitutions, and per California statutes per <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal

23  1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et

24  seq., Penal Code §§ 832.7, 832.8, and per <u>Pitchess v. Superior Court</u> (1974) 11 Cal.3d 531, and its

25  progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant

26  and/or admissible evidence, is overly broad, vague and ambiguous as to terms "disciplined" and "in

27  response to any of the allegations, claims, defenses, or facts related to this case," is overbroad as to

28  time, is unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie

showing for such discovery request.  In addition, due to the numerous interrogatories and subparts above, this interrogatory now exceeds the allowable 25 interrogatories per FRCP 33 and Plaintiff has not obtained leave to serve additional interrogatories so Defendant objects to the excess interrogatories.

Discussion:

Information pertaining to any disciplinary action taken against Defendant Ingrassia is critical to establishing Mr. Bhatnagar's claims against the officer and the municipal defendants.   As recognized by the Northern District in *Soto v. City of Concord*, such information is relevant to the issues of credibility, notice to the employer, ratification by the employer, punitive damages, and malicious intent. (*Soto, supra,* 162 F.R.D. at 615 (quoting *Hampton v. City of San Diego* 147 F. R.D. 227, 229 (S.D. Cal., 1993)).)

**Interrogatory Request No. 12:**

Have you ever been arrested and/or conviction of any crime? If yes, please also state the offense, date of occurrence, location, and disposition of the charges.

Response:

Defendant objects to this request insofar as the information requested is privileged and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d 531, and its progeny, is compound and includes sub-parts, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad, vague and ambiguous as to terms "arrested" and "convicted," overbroad as to time, is unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie showing for such discovery request.  Without waiving the foregoing objections, Defendant responds as follows: It is utterly irrelevant as to whether Ingrassia was ever arrested or convicted of any crimes, which does not differentiate between infractions or other minor crimes and the term crime has not been defined.  However, Ingrassia has never been convicted of any felony offense.

JUSTICE FIRST, LLP

1    <u>Discussion</u>:

2       Defendant Ingrassia's criminal history, if any, is relevant to the officer's credibility and

3 veracity, his qualifications to serve as a Sheriff's deputy, and the County's policies and practices in

4 hiring, training, and supervision.  Under the federal rules, evidence of a prior conviction may be used

5 to impeach a witness. (Fed.R.Evid., rule 609.)  It is also admissible under Fed.R.Evid. 404(b), as

6 evidence of other wrongs to prove the officer's motive, intent, plan, knowledge, or absence of

7 mistake or as specific instances of conduct for the purpose of attacking the officer's character for

8 truthfulness. (Fed.R.Evid., rule 608(b).)  Evidence about a prior arrest is therefore admissible to

9 impeach a witness. (U*nited States v. Antonakeas*, 255 F. 3d 714, 724 (9th Cir. 2001); *United States v.*

10 *Castillo,* 181 F. 3d 1129, 1133-1134 (9th Cir. 1999); *United States v. Scott*, 74 F.3d 175, 177 (9th Cir.

11 1996).)  Because evidence of prior arrests and convictions may lead to admissible evidence, Mr.

12 Bhatnagar is permitted to conduct discover whether the officer has any criminal history.  To address

13 any concerns the officer may have for the privacy of the requested information, Plaintiff has already

14 agreed to the process outlined in the Stipulated Protective Order. (Stipulated Protective Order

15 (Docket No. 91).)

16 **Interrogatory Request No. 13:**

17       Describe in detail all of your sources of income from 2003 to present, whether or not

18 reported on any tax return, and, as to all income received, identify the source of income, the amount

19 received, and describe any services you perform in exchange for the income.

20 <u>Response</u>:

21       Defendant objects to this request insofar as the information requested is privileged and

22 confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California

23 constitutions and per <u>Premium Service Corp. v. Sperry & Hutchinson Co.</u> (9th Cir. 1975) 511 F.2d

24 225, 229; <u>Trudeau v. N.Y. State Consumer Protection Board</u> (N.D. NY 2006) 237 FRD 325, 331-

25 332; <u>Rifkind v. Superior Court</u> (1981) 123 Cal.App.3d 1045; and California Civil Code § 3295,

26 improperly seeks financial information without permission of the Court, seeks information that is not

27 calculated to lead to the discovery of relevant and/or admissible evidence, is compound and includes

28 sub parts, unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie

1   showing for such discovery request. In addition, due to the numerous interrogatories and subparts

2   above, this interrogatory now exceeds the allowable 25 interrogatories per FRCP 33 and Plaintiff has

3   not obtained leave to serve additional interrogatories so Defendant objects to these excess

4   interrogatories.

5   Discussion:

6       Information about the Defendant Ingrassia's various sources of income is relevant to

7   Plaintiff's claim for punitive damages and for the purpose of determining whether the officer was

8   subjected to any economic sanction for his misconduct.  In order to assess the officer's ability to pay

9   any punitive damages awarded in this case, Mr. Bhatnagar is permitted to discover information about

10   the officer's income, assets, and overall wealth. (*Honda Motor Co. Ltd. v. Oberg,* 512 U.S. 415, 439

11   (1994) (evidence of corporation's wealth admissible upon prima facie showing to support punitive

12   damages claim); *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 286 (C.D.Cal. 1998) (discovery

13   of financial information is allowed if relevant to a punitive damages claim, whether or not such

14   evidence would be admissible at trial).)   As discussed above, Plaintiff has already gathered a

15   substantial amount of evidence showing that Defendant Ingrassia fabricated the basis for detaining

16   Mr. Bhatnagar on May 20, 2006, he gave false testimony against him in three sworn proceedings, he

17   retaliated against him by threatening him and issuing him a false ticket citation on September 29,

18   2006, and he has engaged in threatening and intimidating conduct against Mr. Bhatnagar, at least one

19   of his witnesses, and two public defenders.  Based on this evidence, Plaintiff has made the necessary

20   showing to support his claim for punitive damages, thereby permitting discovery of the officer's

21   financial information.  To address any concerns the officer may have for the privacy of the requested

22   information, Plaintiff has already agreed to the process outlined in the Stipulated Protective Order.

23   (Stipulated Protective Order (Docket No. 91).)

24       Counsel for Defendant Ingrassia proposes that he withhold any discovery of the officer's

25   income and assets until after Plaintiff prevails on his liability claims, assuming that the liability and

26   damages portions of this case will be bifurcated.  However, Plaintiff is permitted to discover

27   information regarding the officer's income and assets well in advance of trial, in order to effectively

28   rebut any claim the officer may assert that he lacks financial resources.

JUSTICE FIRST, LLP

1    For reasons stated above, Plaintiff has not exceeded the allowable number of interrogatories.

2    **Interrogatory Request No. 14:**

3    Identify and describe any assets you presently own either individually, jointly, or in

4    partnership, including but not limited to any money, land, real property, businesses, buildings,

5    investments, bank accounts, stocks, bonds, IRAs, pensions, vehicles (including cars, trucks, or

6    boats), or other valuables.  For each asset identified, state the nature of your interest in the asset, the

7    location of each asset, and give a fair market value for each asset identified.

8    Response:

9    Defendant objects to this request insofar as the information requested is privileged and

10    confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California

11    constitutions and per Premium Service Corp. v. Sperry & Hutchinson Co. (9th Cir. 1975) 511 F.2d

12    225, 229; Trudeau v. N.Y. State Consumer Protection Board (N.D. NY 2006) 237 FRD 325, 331-

13    332; Rifkind v. Superior Court (1981) 123 Cal.App.3d 1045; and California Civil Code § 3295,

14    improperly seeks financial information without permission of the Court, seeks information that is not

15    calculated to lead to the discovery of relevant and/or admissible evidence, is compound and includes

16    sub parts, unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie

17    showing for such discovery request. In addition, due to the numerous interrogatories and subparts

18    above, this interrogatory now exceeds the allowable 25 interrogatories per FRCP 33 and Plaintiff has

19    not obtained leave to serve additional interrogatories so Defendant objects to these excess

20    interrogatories.

21    Discussion:

22    See discussion above for Interrogatory Request No. 13.

23    **Interrogatory Request No. 15:**

24    At the time of the INCIDENT, was there in effect any insurance policy through which you

25    were or might be insured in any manner against the risk of liability arising out of the allegations,

26    claims, defenses, or facts related to this case?  If yes, state:

27        a.  The name and address of the insurer,
    b.  The name and address of the person(s) who pay(s) the premiums,

28        c.  The identification number of the policy, and
    d.  The effective dates of each policy.

JUSTICE FIRST, LLP

JUSTICE FIRST, LLP

Response:

Due to the numerous interrogatories and subparts above, this interrogatory now exceeds the allowable 25 interrogatories per FRCP 33 and Plaintiff has not obtained leave to serve additional interrogatories so Defendant objects to these excess interrogatories.

Discussion:

Defendant Ingrassia does not dispute the relevancy of the requested information. Pursuant to the federal rules, the officer is required to produce any agreement under which an insurer may be accountable for all or part of any judgment against him. (Fed.R.Civ.Pro., rule 26(a)(1)(A)(iv).) For reasons stated above, Plaintiff has not exceeded the allowable number of interrogatories.

**Document Request No. 1**:

ALL DOCUMENTS that comprise or are part of your personnel file, including your disciplinary record, and any other documents concerning your hiring, training, duties, performance, assignments, and mental and physical condition.

Response:

Defendant objects to this request insofar as the documents requested are privileged and confidential, implicates Defendant's fundamental rights to privacy under the U.S. and California constitutions, and per California statutes per Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Ca 1987) and per California Evidence Code §§ 1040, 1043, 1045, 1046, Government Code §§ 3300 et seq., Penal Code §§ 832.7, 832.8, and per Pitchess v. Superior Court (1974) 11 Cal.3d 531, and its progeny, is not calculated to lead to the discovery of relevant and/or admissible evidence, is overly broad, vague and ambiguous as to the terms "personnel file," it is compound, unduly burdensome, oppressive and harassing to Defendant, and there is no prima facie showing for such discovery request. Without waiving the foregoing objections, Defendant responds as follows: Defendant may agree to submit these requested personnel related records to a Magistrate Judge for an in camera review of the documents following a meet and confer effort between the parties to limit the overbroad scope of the personnel record requests . Any ordered production needs to be made following the execution of a proper stipulated protective order.

Discussion:

Federal courts have repeatedly found that personnel records of defendant officers in police misconduct cases are relevant evidence. (*Soto, supra,* 162 F.R.D. at 614-15; *Hampton, supra,* 147 F.R.D. at 229.)  As the court in *Soto* found, personnel files may contain information relevant to issues of credibility, notice to or ratification by the employer, and motive of the officer.  Personnel files may also include information relevant to punitive damages, if it discloses evidence of a pattern of conduct that reflects malicious intent. (*Soto, supra,* 162 F.R.D. at 614-15.)  Personnel records, including training records, letters of commendation, interviews, evaluations, promotions, and employment applications may reveal evidence about Defendant Ingrassia's patterns of behavior, as well as his employer's response to his behavior.

To address any concerns the officer may have for the privacy of the requested information, Plaintiff has already agreed to the process outlined in the Stipulated Protective Order. (Stipulated Protective Order (Docket No. 91).)

**Document Request No. 7**:

All police materials governing your conduct during the INCIDENT including but not limited to, any guidelines, directives, policies, procedures, and training materials.

Response:

Defendant objects to this request insofar as the documents requested are not calculated to lead to the discovery of relevant and/or admissible evidence, the request is fatally overly broad, is overly broad, vague and ambiguous as to the terms "police materials," and "governing your conduct during the INCIDENT," it is compound and is unintelligible. The request is also unduly burdensome, oppressive and harassing to Defendant.

Discussion:

The existence or non-existence of police guidelines or policies governing the conduct at issue is relevant to Plaintiff's claims against the municipal defendants. (*Soto, supra,* 162 F.R.D. at 621.) The substance of those policies is also relevant for the purpose of showing the reasonableness of the officer's conduct and to reveal any police policies that may be inadequate to prevent civil rights violations.  As noted in *Soto*, any interest a police department may have in non-disclosure is

JUSTICE FIRST, LLP

substantially undermined if the records are produced subject to a tightly drawn protective order. (*Id.* at 622.)  Because the Stipulated Protective Order would address any confidentiality concerns by Defendants, the requested documents should be disclosed.

**Document Request No. 8**:

A copy of the telephone records for each telephone number identified in your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 8, for the period from May 1, 2006 to the present.

Response:

Not applicable as objections to the corresponding interrogatory were made and no documents were identified.

Discussion:

See discussion above for Interrogatory Request No. 8.

**Document Request No. 9**:

ALL DOCUMENTS RELATING to any training you received as identified in your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 9.

Response:

Not applicable as objections to the corresponding interrogatory were made and no documents were identified.

Discussion:

See discussion above for Interrogatory Request No. 9.

**Document Request No. 10**:

ALL DOCUMENTS RELATING to any complaint you identified in response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 10.

Response:

Not applicable as objections to the corresponding interrogatory were made and no documents were identified.

Discussion:

See discussion above for Interrogatory Request No. 10.

JUSTICE FIRST, LLP

**Document Request No. 11**:

ALL DOCUMENTS RELATING TO any disciplinary action described in your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 11.

Response:

Not applicable as objections to the corresponding interrogatory were made and no documents were identified.

Discussion:

See discussion above for Interrogatory Request No. 11.

## CONCLUSION

For reasons stated above, Mr. Bhatnagar respectfully requests an order requiring Defendant Ingrassia to (1) answer specified interrogatories in Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, and (2) produce documents responsive to specified document requests in Plaintiff's 1st Set of Document Requests on Defendant Ingrassia.

Date:    July 26, 2008
          Oakland, California

                         **JUSTICE FIRST, LLP**
                         Attorneys for Plaintiff Abhinav Bhatnagar
                         By:
                         _____/s/ Jenny Huang_____
                         Jenny C. Huang
                         2831 Telegraph Avenue
                         Oakland, CA  94609
                         Tel.: (510) 628-0695

JUSTICE FIRST, LLP