# EXHIBIT A

# JIVAKA CANDAPPA
ATTORNEY AT LAW

46 Shattuck Square, #15
Berkeley, CA 94704

T  510 981 1808
F  510 981 1817
jcandappa@att.net

July 5, 2008

*By mail and facsimile transmission*

James V. Fitzgerald, III, Esq.
McNamara, Dodge et al.
1211 Newell Avenue
Walnut Creek, CA 94596

<u>Abhinav Bhatnagar v. Jason Ingrassia et al.</u> Case #:C07-02669 (CEB)

Dear Mr. Fitzgerald:

This letter serves as a meet and confer about Defendant Jason Ingrassia's responses to Plaintiff's first set of interrogatories and request for documents. Specifically, Plaintiff requests Defendant to provide answers to interrogatories numbers 1, 3, and 5 through 15, produce all documents responsive to document requests 1, and 7 through 11, and to provide the relevant verifications to Defendant's discovery responses.

As a general matter, Plaintiff notes that Defendant has not produced a single document in response to Plaintiff's twelve documents requests, and has not provided meaningful responses to Plaintiff's fifteen interrogatories. Further, Defendant's prophylactic objections are without merit, and are legally and factually inapposite as discussed more fully below. In the interest of avoiding an extension of the discovery cut-off and a continuance of the trial date, Plaintiff would urge Defendant to reconsider its strategy in responding to Plaintiff's legitimate discovery.

Please note that Plaintiff does not intend to further prolong resolution of this discovery dispute by engaging in several rounds of discussion regarding the discoverability of matters covered in Plaintiff's discovery requests. Accordingly, **Plaintiff requests Defendant to provide responses to interrogatories numbers 1, 3, and 5 through 15, produce all documents responsive to document requests 1, and 7 through 11, and provide the relevant verifications to Defendant's discovery responses by 5:00 p.m. on July 11, 2008.** And to the extent that Defendant's responses or documents production implicates matters that are privileged, confidential or private, Plaintiff is willing to stipulate to a protective order based on the federal

model. In this regard, a copy of the stipulated protective order negotiated between Plaintiff and Contra Costa County is attached for Defendant Ingrassia's review. Plaintiff would request Defendant Ingrassia to join in the stipulation so as to facilitate the disclosure of responsive documents, which Defendant claims are of a confidential nature.

### Defendant Ingrassia's Responses to Plaintiff's 1st Set of Interrogatories

#### Interrogatory No. 1

Defendant's response, including his response about his job duties and responsibilities, is wholly inadequate, non responsive and borders on being evasive. Contrary to Defendant's contention, Plaintiff's request is relevant and not unduly burdensome, oppressive or harassing. As you are aware, Plaintiff has sought punitive damages against Defendant Ingrassia. Plaintiff is therefore entitled to learn whether Defendant suffered a demotion in rank or pay. Plaintiff also asserts liability claims against Contra Costa County and the City of San Ramon. In order to prove those claims, Plaintiff is permitted to learn whether Defendant was reassigned consequent to the subject lawsuit or complaints made against Defendant. Moreover, Plaintiff's request is not unduly burdensome or overbroad as it would only require production of employment records from October 2002 onwards. Plaintiff's request is also not vague and ambiguous as to the term "position." The term "position" viewed in the context of Defendant's employment is readily understood and requires no definition.

Further, Defendant's privilege-based objections under state law are inconsistent with federal law and inapplicable in federal litigation. *See Kerr v. United States District Court for Northern Dist.*, 511 F.2d 192 (9th Cir. 1975); *Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal. 1995) (holding that privileges under Cal. Evidence Code §§ 1043 et seq. and Penal Code § 832.5 are inapplicable in federal courts.). Under federal law, discovery is governed by a more liberal standard and it is the party resisting discovery who bears the burden of proving disclosure is not required. (*Soto v. City of Concord, supra*, 162 F.R.D. at 609, fn 2.) At minimum, a party who withholds information based on a privilege must provide a privilege log which, among other things, describes the nature of the information withheld. (Fed.R.Civ.Pr., rule 26(b)(5).)

Moreover, Defendant's reliance on *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) is misguided because the court permitted the disclosure of evidence to the parties in the suit. 114 F.R.D. at 671.[1] Likewise, Defendant's objection that the request is compound because it includes subparts is incorrect. The interrogatory is not compound as the information sought is "logically or factually subsumed within and necessarily related to" the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

---

[1] "The issue in *Kelly* was not whether there should be a protective order, but whether there should be disclosure to the party requesting discovery." *Welsh v. City and County of San Francisco*, 887 F. Supp. 1293, 1298 (N.D. Cal. 1995).

Kindly provide a comprehensive response to each subpart in the first interrogatory, including a detailed description of Defendant Ingrassia's duties and responsibilities in each position with the Contra Costa County Sheriff's Office.

### Interrogatory No. 3

As a threshold matter, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, the interrogatory is not compound as the information sought is "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Plaintiff's interrogatory requests Defendant to identify all persons with whom Defendant discussed any aspect of the Bhatnagar case. In identifying each such person Defendant must provide the "person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." *See* "Definitions" in Plaintiff's Interrogatories to Defendant. Defendant, in responding to Plaintiff's interrogatory, admits that he discussed the case with his employer and family members. However, the relevant identifying information was not provided.

Kindly provide the relevant identifying information pertaining to each and every family member and employee of Contra Costa County referenced in Defendant's partial response to Plaintiff's interrogatory and further provide responses to all of the subparts in Plaintiff's interrogatory.

### Interrogatory No. 5

As a threshold matter, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. To the extent that Defendant's refusal to answer the interrogatory is based on attorney client and attorney work product privileges, kindly produce a privilege log identifying the nature of documents or communications that you contend are subject to attorney-client and attorney work product privileges. In this regard, the identity of persons not covered by attorney client and attorney work product privileges must be disclosed.

Further, the interrogatory is not compound as it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Moreover, Defendant's objections that the interrogatory is overbroad, vague and ambiguous are without merit.

Plaintiff has asserted claims against the municipalities involved and is therefore entitled to discover the employers' responses to allegations of misconduct against Defendant Ingrassia. Defendant Ingrassia knows or ought to know the identity of persons who questioned him in

connection with the subject case. Accordingly, the identity and location of persons having knowledge of any discoverable matters must be disclosed. *See* FRCP 26(a)(1), *American Floral Services, Inc. v. Florists Transworld Delivery Ass'n.*, 107 F.R.D. 258, 260 (N.D. Ill 1985).

### Interrogatory No. 6

Plaintiff disagrees with Defendant's legal and factual contentions. Given that Defendant's employment with the Contra Costa County Sheriff's Office began in October 2002, the interrogatory can hardly be characterized as overbroad, unduly burdensome, oppressive or harassing. Moreover, Defendant's objections to the interrogatory clearly indicate that the interrogatory is neither vague nor ambiguous.

Plaintiff is aware of at least five instances in which Defendant Ingrassia has testified under oath. In each of those five instances, the factfinder concluded that Defendant Ingrassia's testimony lacked credibility. Plaintiff is therefore entitled to discover any other instances in which Defendant Ingrassia has been less than truthful in giving sworn testimony.

Accordingly, Plaintiff requests Defendant to answer the interrogatory.

### Interrogatory No. 7

Defendant's legal objections are without merit. First, the interrogatory is not compound as it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Second, the information is relevant for purpose of Plaintiff's *Monell* claim. Accordingly, if Defendant Ingrassia is in possession of information responsive to Plaintiff's interrogatory, he must disclose such information instead of improperly directing Plaintiff to the County of Contra Costa. Third, the information sought in the interrogatory does not call for legal conclusions as Plaintiff asked Defendant to identify any and all persons who authorized, approved, condoned or ratified Defendant's actions. Finally, as to the definitions for each of the disputed terms, Plaintiff would suggest that Defendant provide an answer consistent with the plain meaning of each of the disputed definitions.

### Interrogatory No. 8

Plaintiff's request for Defendant's telephone numbers is relevant because one of the issues in this case pertains to the harassment and intimidation of Plaintiff and witnesses. Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) in this regard are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, the interrogatory is not compound as the information sought is "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Plaintiff is therefore entitled to know whether any of the calls relating to the harassment and intimidation of witness were made from a phone number used by Defendant in the period May 1, 2006, through present.

### Interrogatory No. 9

As Defendant is well aware, one of the issues in this case is Defendant's racial profiling of Plaintiff. Defendant also knows that at least three judges have found that Defendant engaged in conduct that violated the Fourth Amendment rights of Plaintiff and others. Consequently, the training received by Defendant in the areas identified in Plaintiff's interrogatory are relevant and should be disclosed. As stated above, Plaintiff is willing to stipulate to a protective order based on the federal model.

Moreover, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. The interrogatory is also not compound because it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Finally, Plaintiff disagrees with Defendant's contention that the disputed terms are vague, ambiguous, overly broad, and that the interrogatory has been propounded to oppress or harass Defendant.

Accordingly, Defendant must provide a meaningful response to the interrogatory. Please note that the production of training records is not an adequate response to this interrogatory, which requires a written response that includes all of the requested information.

### Interrogatory No. 10

Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections as to the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Contrary to Defendant's contention, prior complaints about Defendant's conduct as a Sheriff's deputy would be relevant to credibility issues, *Monell* liability, and punitive damages. Further, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. In addition, the strong public interest in uncovering civil rights violations, outweighs any privacy interest Defendant may have in non-disclosure. (*Soto v. City of Concord, supra*, 162 F.R.D. at 620-21 *See also*, Discussion Re. Interrogatory No. 1, *supra*. Plaintiff also disagrees with Defendant's conclusory contention that the term "complained" is not properly defined. In this regard, Plaintiff would suggest that Defendant provide an answer consistent with the plain meaning of the disputed definition.

### Interrogatory No. 11

The interrogatory is relevant, for example, to prove Plaintiff's *Monell* claim. Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above,

Defendant's objections regarding the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

### Interrogatory No. 12

Defendant's criminal history, if any, is relevant with respect to issues such as Defendant's credibility and veracity, the County's policies pertaining to hiring, training and supervision, and Defendant's general qualifications to serve as a Sheriff's deputy.

Further, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Plaintiff also disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections regarding the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

### Interrogatories No. 13 and 14

Plaintiff's discovery is relevant for purposes of developing his claim for punitive damages. And as discussed above, Plaintiff's interrogatories have not exceeded the allowable limit of 25. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Moreover, Defendant's objections on the basis of privilege and confidentiality pursuant to *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) are inapplicable here. As the court in *Premium Service* pointed out, "Tax returns do not enjoy an absolute privilege from discovery." 511 F.2d at 229.

Accordingly, Defendant must answer Plaintiff's interrogatories.

### Interrogatory No. 15

Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections as to the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Accordingly, Defendant must answer Plaintiff's interrogatory.

### Defendant Ingrassia's Responses to Plaintiff's 1st Set of Document Requests

#### Document Request No. 1
Plaintiff's request is relevant for purposes of proving his claims against Defendant Ingrassia and the County of Contra Costa. As discussed above, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, Defendant's objection that the term "personnel file" is vague and ambiguous is without merit. The term "personnel file" in the context of Plaintiff's employment with the Contra Costa County Sheriff's Office is readily understood and requires no definition. As stated above, Plaintiff is prepared to stipulate to a protective order to facilitate the disclosure of Defendant's personnel records. *See* attached Stipulated Protective Order for Defendant's review. However, Plaintiff does not see the need to submit Defendant's entire personnel file for an in camera review. If there are specific documents Defendant claims are privileged, please provide a privilege log as required under Fed.R.Civ.Pro. 26(b)(5) and Plaintiff will consider whether to submit those documents for in camera review.

#### Document Request No. 7
Plaintiff disagrees with Defendant that the phrases "police material" and "governing your conduct during the INCIDENT" are vague, ambiguous, compound and unintelligible. In this regard, the terms "police" and "law enforcement" are synonymous. Accordingly, Plaintiff requests Defendant to produce all responsive documents bearing on Defendant's conduct at issue in this case the scope of which may be determined by the categories of documents identified in Plaintiff's request.

#### Document Requests No. 8 through 11.
Defendant's failure to produce responsive documents is based on an erroneous argument that the companion interrogatories exceeded the statutory limit of 25. However, as explained above, Defendant should have provided answers to interrogatories 8 through 11 and accordingly must produce all documents responsive to document requests 8 through 11 as well. *See also* discussion above pertaining to Interrogatories 8 through 11. And, Defendant's refusal to produce responsive documents based on state law privileges and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), is in error. *See* Discussion Re. Interrogatory No. 1, *supra*.

In the interest of avoiding a delay in the trial of this case, please understand that Defendant will not be granted further extensions of time to respond to the disputed discovery. Accordingly, Plaintiff looks forward to receiving all responsive discovery and the requisite verifications by 5:00 p.m. on July 11, 2008.

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 8 of 8

Sincerely,

*[signature]*
Jivaka Candappa
Attorney for Plaintiff, Abhinav Bhatnagar

cc:  Noah Blechman, Esq.
     McNamara, Dodge et al.

     Greg Harvey, Esq.
     Contra Costa County Counsel