# EXHIBIT B

**MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP**
ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
SHAWN F. HARDING
PETRA BRUGGISSER
CHRISTOPHER N. ODNE

MARK P. IEZZA
CHRISTOPHER T. LUSTIG
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL
ALEXANDER CHASE
ARA S. ALIKIAN

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

PLEASE RESPOND TO:
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

RECEIVED BY JH DATE 7/14/08

July 11, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Jivaka Candappa, Esq.
46 Shattuck Square, Suite 15
Berkeley, CA 94704

Re: **Bhatnagar, Abhinav v. Jason Ingrassia, et al.**

Dear Mr. Candappa:

We are writing in response to your July 5th meet and confer letter to our office in regards to the discovery responses of Defendant Ingrassia. Specifically, Plaintiff requested that Defendant Ingrassia provide amended answers to Interrogatories 1, 3, 5-15 and produce documents responsive to document requests 1, 7-11. We now respond to your letter in regards to these specific discovery items.

## Request for Interrogatories

### No. 1

Defendant Ingrassia fully and accurately responded to this interrogatory. Plaintiff essentially contends that this interrogatory, which asks Ingrassia to identify each "position" that he has held as an employee of the Sheriff's Department, is not vague and ambiguous as to the term "position." Defendant Ingrassia disagrees with that assessment. The term "position" is not defined. Defendant Ingrassia interpreted the term to mean something to the effect of job title and responded in kind per that definition. Defendant Ingrassia has been a peace officer with the Sheriff's Department since October of 2002 and is still in this position. Defendant Ingrassia will not reveal his salary and benefits information which is private and privileged material. Defendant Ingrassia' response to this interrogatory is complete.

Jivaka Candappa, Esq.
July 11, 2008
Page 2

Re:   Bhatnagar, Abhinav v. Jason Ingrassia, et al.

### No. 3

Plaintiff's question via Interrogatory No. 3 is so overbroad as it pertains to essentially any conversation that Ingrassia has had regarding any allegation, claim, defense or any fact related to this case. As you are aware, this case has numerous factual layers and Plaintiff's allegations are widespread. Due to the over breadth of this interrogatory, it is unduly burdensome, oppressive and frankly impossible for Defendant Ingrassia to identify all persons to whom he has mentioned, spoke to and/or discussed any aspect of this case, no matter how short or long that conversation or discussion may have been. Defendant Ingrassia has identified that he has discussed this matter with his immediate family and generally his employer. Defendant Ingrassia cannot provide any further detail. This response is adequate.

### No. 5

In line with Interrogatory No. 3, this Interrogatory No. 5 is also way overbroad and seeks essentially the same information as sought in Interrogatory No. 3. The term "questioned," which is not defined by Plaintiff, is essentially seeking the same information as Interrogatory No. 3, regarding conversations and discussions regarding this case. In other words, this interrogatory can be interpreted to mean for Ingrassia to disclose all persons who have ever asked you a question regarding any issues in this case. That is way too overbroad to respond. For example, as framed, this would potentially include attorneys, judges and hearing officers from all criminal hearings in relation to these arrests. In addition, Plaintiff concedes in his meet and confer letter that Plaintiff seeks this information to discover the "employers' responses to allegations of misconduct against Defendant Ingrassia." As Plaintiff is well aware, Ingrassia's employer, the County of Contra Costa, is a Defendant in this action so any such requested information should be directed to the County, not Defendant Ingrassia. Defendant Ingrassia is not in any position to discuss how or what his employer did to respond to such claimed allegations against him.

Furthermore, to the extent this interrogatory may seem to imply (and Plaintiff should have done this directly if Plaintiff sought such information) that Plaintiff seeks information regarding any internal affairs investigation into the Plaintiff's complaint about Ingrassia to the Sheriff's Department, Defendant Ingrassia objected to such personnel related records per the authorities listed. However, as the parties are in the process of meeting and conferring on a stipulated protective order and working out the details to the production of Ingrassia's personnel records, which would include any such internal affairs investigation, the production of such documents would be further responsive to this interrogatory.

### No. 6

Defendant Ingrassia stands on his response to this interrogatory.

Jivaka Candappa, Esq.
July 11, 2008
Page 3

Re:   Bhatnagar, Abhinav v. Jason Ingrassia, et al.

No. 7

Plaintiff concedes that the information sought in this interrogatory relates to *Monell* issues. With that being admitted, Plaintiff should seek such information from the public entity, the County, not from Defendant Ingrassia, who is not a proper party to respond to such an interrogatory. Defendant Ingrassia cannot speak on behalf of his employer as to who or what or when or how or if the County "authorized, approved, condoned, or ratified" his actions. Plus, none of these terms are even defined so he could respond to such an interrogatory. Overall, *Monell* discovery should be sought from the public entity and Defendant Ingrassia stands on his objections and response to this interrogatory.

No. 8

Information pertaining to personal telephone numbers of Defendant Ingrassia clearly implicate privacy rights of Deputy Ingrassia, privacy rights which are strongly upheld in California for peace officers due to officer safety issues. These rights are also strongly protected in the Federal system as the balance of interests weighs in favor of protecting such information from disclosure. Furthermore, there has been absolutely no evidence submitted in this case thus far showing any nexus between any alleged harassing telephone calls and Defendant Ingrassia. On the contrary, Plaintiff has testified that he did not believe that Ingrassia was involved in the telephone calls and many of the calls were from a female caller. Defendant Ingrassia stands on his response to this interrogatory.

No. 9

This interrogatory implicates production of personnel related information. As indicated above in Paragraph 2 under the "No. 5" heading, the parties are in the process of meeting and conferring on a stipulated protective order and working out the details to the production of Ingrassia's personnel records. Such records include training related information which would responsive to this interrogatory.

No. 10

See the paragraph above under the heading "No. 9" which deals with personnel related records and issues.

Furthermore, based upon the compound nature of the prior interrogatories, which include various sub-parts, in Defendant Ingrassia's estimation, Interrogatories 1-9 include essentially 25 plus interrogatories via all the sub-parts. Plaintiff attempts to get around this position by arguing, in Plaintiff's meet and confer letter, that all such sub-parts are subsumed within and

Jivaka Candappa, Esq.
July 11, 2008
Page 4

Re:   Bhatnagar, Abhinav v. Jason Ingrassia, et al.

necessarily related to the primary question, making the interrogatory and all sub-parts simply count as one interrogatory. Defendant Ingrassia disagrees with this bald assertion by Plaintiff. Plaintiff attempts to mask his voluminous interrogatories, in violation of Rule 33, via asking various sub-parts in each question, each sub-part of which requires its own evaluation and pointed response. Simply because the sub-parts may potentially relate to the main question being asked does not make such numerous interrogatories valid. Plaintiff's interrogatories contain too numerous sub-parts in violation of Rule 33. This response to this issue relates to Interrogatories 10-15, in addition to other issues raised herein and per Ingrassia's objections in his responses.

### No. 11

See the paragraph above under the heading "No. 9" which deals with personnel related records and issues.

### No. 12

This interrogatory of Plaintiff simply attempts to go too far a field. Defendant Ingrassia responded as to whether or not he has ever been convicted of a felony, an issue that Defendant concedes is reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff's request as to all arrests or convictions of Ingrassia, no matter if related to inadmissible and unrelated misdemeanors or minor traffic violations, is entirely too overbroad and seeks irrelevant information. There is no relevance as to whether or not Ingrassia received a traffic citation for speeding at some point or whether or not he was cited for littering or what not. Defendant Ingrassia stands on his response to this interrogatory.

### No.'s 13 and 14

These interrogatories improperly seek income sources and assets of Defendant Ingrassia. This information is patently private information of Defendant Ingrassia and is being sought by Plaintiff at this point in the litigation to clearly harass Defendant Ingrassia. Plaintiff even concedes in his meet and confer letter that such information is entitled to qualified privileges from discovery. Defendant Ingrassia will not produce such information absent a Court order. Plaintiff needs to show a compelling need for such information. Further, the rate of pay of a Deputy Sheriff is also in the public domain. For Plaintiff to be able to obtain such information, the Court will balance the need for the information against the compelling privacy right asserted by Ingrassia here. Rubin v. Regents of the University of California (ND CA 1986) 114 FRD 1, 2. In California, there are strong protections of such information from discovery and disclosure and this Court should and will consider such protections in evaluating any such balancing process.

Jivaka Candappa, Esq.
July 11, 2008
Page 5

Re:   Bhatnagar, Abhinav v. Jason Ingrassia, et al.

Furthermore, such information is not normally ordered produced at this stage of the litigation. Normally, bifurcation of liability and damages occurs in these types of situations and Defendant will be seeking such bifurcation prior to trial. Though you may not be aware of this as you were not present at the case management conference, Judge Breyer indicated that all such bifurcation and evidentiary issues will be determined at the Pre-Trial Conference set in this matter.

If Plaintiff proves his punitive damages claim at the liability portion of trial, Defendant Ingrassia would agree to disclose income sources and assets at that time as is customary. After all, in this Court, as opposed to state court actions, it is Defendant's burden of introducing evidence of net worth if Defendant wishes these facts to be considered in limiting any award of punitive damages, not Plaintiff's burden of showing Defendant's financial condition as in state actions. Smith v. Lightning Bold Productions, Inc. (2nd Cir. 1988) 861 F.2d 363, 373. Overall, this information sought is protected from disclosure due to strong privacy rights of Ingrassia and Plaintiff has not demonstrated a compelling need for such information, nor such a need for such information at this stage of the litigation. In Defendant's opinion, Plaintiff has sought this discovery simply to harass and embarrass Ingrassia, an improper motive and basis for the production of such information. Defendant Ingrassia stands on his responses and objections to these interrogatories.

<u>No. 15</u>

Plaintiff exceeded the allowable limit of interrogatories per Rule 33 so Defendant stands on his response to this interrogatory. See also Paragraph 2 under the "No. 10" heading above.

### **Request for Production of Documents**

At the outset, no documents were produced by Defendant Ingrassia regarding Plaintiff's requests as <u>Defendant Ingrassia is not in possession or control of any such requested documents</u>. The County has possession of most, if not all, of Plaintiff's requested information (should those requests relate to discoverable documents), not Ingrassia. Ingrassia does not have a personal file of work related documents at his house or at his place of employment. Most, if not all, of the requested documents are in the possession and control of the County, a separate and represented Defendant in this action. This would include Request No. 7.

As stated above, once the stipulated protective order issues are resolved, Ingrassia's personnel records will be produced, satisfying Request No.'s 1, 9-11.

As for Request No. 8, Defendant is not producing any identification of any telephone numbers of Ingrassia and is not producing any documentation regarding such telephone numbers.

Jivaka Candappa, Esq.
July 11, 2008
Page 6

Re: <u>Bhatnagar, Abhinav v. Jason Ingrassia, et al.</u>

Firstly, Defendant incorporates his meet and confer response to Interrogatory No. 8, listed above, which pertains to the same arguments for this information and such records. These requests relate to private, personal and protected information and documentation with officer safety implications if disclosed in any manner, even with a stipulated protective order, in this case. Defendant Ingrassia is not in possession of such requested information, nor is it discoverable per the above and objections in Ingrassia's responses.

In terms of verifications, we are in the process of obtaining Defendant Ingrassia's signed verification to Plaintiff's Request for Interrogatories and we will forward such as soon as it is received from our client. As you are well aware per the Federal rules, responses to document requests do not need to be verified if signed by an attorney, as was the case here.

We believe we have addressed all of your concerns and issues raised in your extensive July 5th meet and confer letter. Following the likely anticipated production of Ingrassia's personnel records once the stipulated protective order issue is worked out, perhaps most, if not all, of your discovery concerns will be alleviated. If you wish to discuss these issues further, please contact us in writing.

Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

Very truly yours,

Noah G. Blechman

NGB:ssa

cc: Ms. Jenny C. Huang
    Greg Harvey, Esq.