# EXHIBIT C

# JIVAKA CANDAPPA
ATTORNEY AT LAW

46 Shattuck Square, #15
Berkeley, CA 94704

T 510 981 1808
F 510 981 1817
jcandappa@att.net

July 14, 2008

**RECEIVED**
BY JH    DATE 7/15/08

*By mail and facsimile transmission*

Noah G. Blechman, Esq.
McNamara, Dodge et al.
1211 Newell Avenue
Walnut Creek, CA 94596

<u>*Abhinav Bhatnagar v. Jason Ingrassia et al.* Case #:C07-02669 (CRB)</u>

Dear Mr. Blechman:

I am in receipt of your letter of July 11, 2008, essentially refusing to answer Plaintiff's interrogatories and produce responsive documents. As a preliminary matter, I would note that you have not discussed or distinguished the cases cited in my meet and confer, which establish that the state law privileges relied on by you are inapplicable here. Further, you have not produced a privilege log as required. Moreover, although you state that the parties are negotiating a stipulated protective order Plaintiff's counsel have not heard from counsel for Defendant Ingrassia concerning the proposed protective order. In this regard, the municipal defendant Contra Costa County ("County") has signed the stipulation so as to facilitate the disclosure of confidential documents.

It is apparent that Defendant Ingrassia is unwilling to respond to Plaintiff's discovery in good faith. Consequently, Plaintiff will petition the Court to resolve the discovery dispute between the parties with respect to matters discussed below and in Plaintiff's letter of July 5, 20008.

### Defendant Ingrassia's Responses to Plaintiff's 1st Set of Interrogatories

**Interrogatory No. 1**

As stated previously, Defendant's refusal to provide a meaningful description of his job duties, and salary and benefits information is without merit. Significantly, Defendant has not even discussed much less distinguished the cases cited by Plaintiff, which establish that the state law privileges relied on by Defendant are inapplicable here. In this regard, Plaintiff is interested in discovering whether Defendant suffered a demotion or a pay cut and further, if he

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CRB)
Discovery Meet and Confer
July 14, 2008
Page 2 of 4

was reassigned from patrol duties to the Martinez jail at any time after the May 20, 2006, detention and arrest of Plaintiff.

### Interrogatory No. 3

Plaintiff disagrees with Defendant's contention that his answer is adequate. Defendant in his answer stated that he discussed this matter with family members and County employees. However, Defendant failed to provide the full name, present or last known address, and last known place of employment of such family members and County employees as requested by Plaintiff.

### Interrogatories Nos. 5 through 7

Your argument that Defendant Ingrassia is justified in withholding responsive information because another party to the lawsuit has knowledge of such matters is unacceptable. Defendant Ingrassia as a party to the lawsuit must answer the questions put to him if he has knowledge of such matters and Plaintiff is entitled to conduct discovery of the same topics on both parties.

Further, Plaintiff has no personal knowledge as to the number of times Defendant Ingrassia has testified under oath. Accordingly, Plaintiff is prepared to consider a reasonable compromise concerning the disclosure of matters where Defendant has testified under oath.

Finally, as to Interrogatory Number 7, Plaintiff is particularly interested in learning the identity of those persons employed by Contra Costa County who advised Defendant or otherwise authorized, approved, or ratified Defendant's conduct in connection with the incidents involving Plaintiff on May 20 and September 29, 2006.

### Interrogatory No. 8

Plaintiff disagrees with Defendant's characterization of the facts and evidence in this case. The fact that one or more calls may have been made by a female does not in any way negate the fact that such calls may have been placed from a phone used by Defendant Ingrassia. Plaintiff is entitled to discover whether or not Defendant Ingrassia's phone was used to make any of the harassing calls to Plaintiff or the witnesses in this case. As Plaintiff stated in a sworn statement, he has a good faith belief that Defendant Ingrassia is responsible for the harassing phone calls he received. (Declaration of Abhinav Bhatnagar in Support of Plaintiff's Motion for Protective Order, dated 10/29/07, at ¶¶ 13-19.) Defendant Ingrassia's phone numbers are necessary for Plaintiff to conduct the necessary discovery to determine whether Defendant Ingrassia is indeed responsible for the harassing phone calls Plaintiff received.

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CRB)
Discovery Meet and Confer
July 14, 2008
Page 3 of 4

Significantly, the municipal defendant has already stipulated that discovery of Defendant Ingrassia's phone numbers is relevant to claims asserted by Plaintiff. Accordingly, the municipal defendant has agreed to disclose such information upon consent by Defendant Ingrassia. (*See* Letter from Gregory Harvey to Jenny Huang, dated 7/1/08)

### Interrogatory No. 9
Plaintiff and the municipal defendant have already agreed to a stipulated protective order. As stated above, Defendant has not indicated whether he would sign the stipulated protective order so as to facilitate the disclosure of responsive documents, which Defendant claims are of a confidential nature.

### Interrogatories Nos. 10 and 11
Plaintiff disputes Defendant's arithmetic that interrogatories 1 through 9 add up to 25 interrogatories. Further, Defendant has not distinguished the cases cited by Plaintiff in support of the proposition that the interrogatories are not compound and thus not in excess of the limit of 25.

Moreover, Plaintiff has good cause to propound 30 additional interrogatories on Defendant given the numerous incidents involved in this lawsuit and incidents involving other motorists. If Defendant insists on maintaining its objections and is unwilling to stipulate that Plaintiff may serve an additional 30 interrogatories on Defendant Ingrassia, Plaintiff will seek permission of the Court to do so.

### Interrogatory No. 12
Plaintiff is not interested in obtaining evidence of traffic infractions committed by Defendant Ingrassia. Further, traffic infractions such as speeding are not considered to be criminal offenses. However, Defendant's representation that he has no felony convictions is insufficient. Plaintiff is entitled to discover whether Defendant Ingrassia has been arrested or convicted of any crime that would potentially impeach his credibility as a witness or raise questions as to his suitability to serve as a Sheriff's deputy.

### Interrogatories Nos. 13 and 14
Plaintiff is prepared to classify the information responsive to these interrogatories as "Highly Confidential-Attorneys' Eyes Only", pursuant to the protective order, which should adequately address Defendant's privacy concerns.

### Interrogatory No. 15
Plaintiff disputes Defendant's arithmetic that interrogatories 1 through 14 add up to 25 interrogatories. *See* discussion above pertaining to interrogatories 10 and 11.

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CRB)
Discovery Meet and Confer
July 14, 2008
Page 4 of 4

### Defendant Ingrassia's Responses to Plaintiff's 1st Set of Document Requests

Your representation that Defendant Ingrassia is not in possession of any documents responsive to requests 1, 7, and 9 through 11 is noted. Kindly provide a verified amended response from Defendant Ingrassia that he is not in possession of any documents responsive to requests 1, 7, and 9 through 11. Further, your objections as to request number 8 will be taken up with the Court as it appears that a protective order covering the disclosure of Defendant's telephone records will not resolve the matter. Finally, Defendant has not indicated whether he would join in the proposed stipulated protective order so as to facilitate the disclosure of responsive documents, which Defendant claims are of a confidential nature. In this regard, Defendant Contra Costa County has already signed the stipulation.

Given your stated unwillingness to provide meaningful responses to Plaintiff's interrogatories and refusal to produce documents responsive to request number 8, Plaintiff is left with no reasonable alternative, but to file a motion with the Court to compel discovery.

Sincerely,

Jivaka Candappa
Attorney for Plaintiff Abhinav Bhatnagar

cc:  Gregory C. Harvey, Esq.
     Contra Costa County Counsel