JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Nadia Aziz, SBN 252966
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com
        naziz @justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>　　　　Defendants. | Case No.: Case No. CV07-02669 (CRB)<br><br>**DECLARATION OF JENNY HUANG IN SUPPORT OF PLAINTIFF'S REQUEST TO FILE EXPEDITED MOTION TO COMPEL DISCOVERY** |

I, JENNY HUANG, state under penalty of perjury as follows:

1.　I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action. I submit this declaration in support of Plaintiff's Request to File an Expedited Motion to Compel Discovery from Defendant Ingrassia, pursuant to Civil Local Rule 6-1.

2.　On May 13, 2008, I served Plaintiff's 1st Set of Interrogatories and Document Requests on Defendant Ingrassia, which requested basic discovery such as the officer's training, job experience, and policies governing his conduct. These requests also sought discovery on matters underlying this lawsuit, including the officer's disciplinary record, documents relating to

1  Mr. Bhatnagar's arrest, the officer's phone records, and other complaints of misconduct against

2  the officer. Responses to Plaintiff's 1st Set of discovery requests were due on June 12, 2008.

3. On May 14, 2008, I served Plaintiff's 1st Set of Amended Document Requests on Defendant Ingrassia.

4. On June 3, 2008, Defendant Ingrassia requested, and Plaintiff agreed, to extend the deadline for responses to Plaintiff's 1st Set of Discovery Requests until June 30, 2008.

5. On July 1, 2008, Plaintiff received responses from Defendant Ingrassia Plaintiff's 1st Set of Interrogatories and Amended Document Requests on Defendant Ingrassia. In response to Plaintiff's 1st Set of Interrogatories, Defendant Ingrassia refused to answer most of the interrogatories by asserting boilerplate objections, citing privileges based on state law, and claiming ambiguity in basic words such as "crime," "present," "discussed," "sworn testimony," "complained about you," "concerning your conduct," "disciplined," "arrested," and "convicted." In response to Plaintiff's 1st Set of Amended Document Requests, Defendant Ingrassia did not produce any documents.

6. Plaintiff's counsel made several unsuccessful attempts to meet and confer with counsel for Defendant Ingrassia, in an effort to resolve the discovery disputes underlying this motion.

7. To date, Defendant Ingrassia has continued to withhold answers to at least 10 of the 15 interrogatories requested, and he has not produced a single document in response to Plaintiff's 1st Set of Document Requests.

8. This case is presently scheduled for a jury trial before Judge Breyer starting on December 8, 2008.

9. Pursuant to the federal rules, the parties are required to provide expert disclosures no later than September 8, 2008. (Fed.R.Civ.Pro., rule 26(a)(2)(C)(i).)

10. Mr. Bhatnagar has retained an expert witness to evaluate, among other issues, the incidents of misconduct by Defendant Ingrassia, the internal affairs investigation conducted by

the Sheriff's Department, and the Department's failure to impose corrective action against Defendant Ingrassia.

11. Prior to September 8, 2008, Mr. Bhatnagar is required to depose Defendant Ingrassia to obtain information necessary for the expert witness to make complete and final disclosures.

12. In the absence of basic and permissible discovery, Mr. Bhatnagar has been unable to proceed with the deposition of Defendant Ingrassia. The officer has denied basic and permissible discovery to Mr. Bhatnagar, thereby making it impossible to conduct an effective and complete deposition of this defendant. In the interest of avoiding the expense and inconvenience of conducting piecemeal depositions, Mr. Bhatnagar has delayed the officer's deposition until Defendant Ingrassia provides the disputed discovery underlying this motion.

13. In the event that Plaintiff's Motion to Compel is not heard on an expedited basis, Mr. Bhatnagar will be required to wait until September 1, 2008, at the earliest, for a court to compel responses from Defendant Ingrassia. This would provide the parties with one week to comply with the court's order, review the officer's discovery responses, conduct the deposition of Defendant Ingrassia, order an expedited transcript of his deposition, and to review, evaluate, and incorporate the officer's testimony into the expert reports that are presently due on September 8, 2008.

14. On July 17, 2008, I sent an e-mail to counsel for Defendants inquiring whether they would be agreeable to filing the motion to compel discovery from Defendant Ingrassia on an expedited basis. That same day, Mr. Blechman advised by e-mail that he would not agree to filing the motion to compel on an expedited basis. Similarly, on July 18, 2008, Assistant County Counsel Gregory Harvey also advised that he would not agree to filing the motion to compel on an expedited basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 26, 2008 in Oakland, California.

                                                     _____/s/ Jenny Huang_____
                                                     JENNY HUANG