JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
JASON INGRASSIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>Plaintiff,<br><br>vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON,<br><br>Defendants. | Case No. C07-02669 CRB<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO FILE [AN] EXPEDITED MOTION TO COMPEL RESPONSES TO FIRST SET OF DISCOVERY REQUESTS ON DEFENDANT INGRASSIA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 22, 2008<br>Time: 10:00 a.m.<br>Dept: Courtroom 8, 19th Floor<br>Judge: Hon. Charles Breyer |

Defendant JASON INGRASSIA ("Ingrassia") hereby opposes Plaintiff's Motion to File [an] Expedited Motion to Compel Responses to First Set of Discovery Requests on Defendant Ingrassia ("Ingrassia"), pursuant to Northern District of California Local Rule 6-3(c). Defendant's Opposition is based on this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion and the Declaration of Noah G. Blechman, filed concurrently with this Motion.

//

//

//

//

INGRASSIA'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE [AN] EXPEDITED MOTION
TO COMPEL – C07-02669-CRB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Despite Defendant Contra Costa County's ("CCC") recent good-faith production of voluminous, confidential and/or privileged documents to Plaintiff in response to his discovery requests, Plaintiff moves to expedite a hearing regarding his Motion to Compel Defendant Ingrassia's further responses. In support of his Motion, Plaintiff offers his counsel's declaration ("Huang Declaration"). For the reasons stated below, the Huang Declaration does not satisfy the requirements of Northern District of California Local Rule ("Local Rule") 6-3(a), and thus Plaintiff has not justified his request to shorten time to hear the motion. Accordingly, Ingrassia respectfully requests that Plaintiff's Motion to File [an] Expedited Motion to Compel be denied and the Motion instead be heard on a normal scheduling basis, pursuant to Local Rule 7-2(a).

## II.   ARGUMENT

### A.   The Huang Declaration Does Not Set Forth With Particularity the Reasons for Shortening Time.

Local Rule 6-3(a) provides that a declaration supporting a motion to change time must, initially "[set] forth with particularity, the reasons for the requested…shortening of time." Rule 6-3(a)(1). In essence, the moving party must show sufficient good cause.

Here, the Huang Declaration does not satisfy this Local Rule because it does not set forth with particularity the good cause for requesting an expedited hearing. The Huang Declaration claims that if the Motion to Compel is not heard on an expedited basis on August 22, 2008, seeking a corresponding and favorable order to be entered thereafter, Plaintiff would be hindered in that Plaintiff (1) must depose Ingrassia before September 8, 2008, in order to provide his expert with sufficient information to make "complete and final disclosures," (Pl.'s Motion pg. 3:3-4); (2) would have insufficient information in order to conduct an "effective and complete deposition" of Ingrassia; (Pl.'s Motion pg. 3:5-10), and, (3) would have only one week to prepare his expert's reports. (Pl.'s Motion pg. 11-18).

Plaintiff's reference to a claimed compressed calendar for deposing Ingrassia and preparing his expert disclosures is not sufficient good cause for burdening and prejudicing

INGRASSIA'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE [AN] EXPEDITED MOTION
TO COMPEL – C07-02669-CRB                        2

Defendant with a significantly shortened briefing schedule regarding Plaintiff's complex and voluminous Motion to Compel. Plaintiff's purported inconvenience is not sufficiently particular to mandate that Ingrassia respond to Plaintiff's Motion on an expedited basis. Accordingly, Plaintiff has not satisfied Local Rule 6-3(a)(1) and the Court should deny Plaintiff's Motion on that basis alone.

### B. **The Huang Declaration Does Not Identify or Adequately Explain the Substantial Harm or Prejudice to Plaintiff if the Motion is Not Heard on a Regular Schedule.**

Second, Plaintiff has not specifically identified the *substantial* harm or prejudice that would occur if his Motion to Compel is not heard on a normal motion schedule. Local Rule 6-3(a)(3); ("[the declaration must identify] the substantial harm or prejudice that would occur if the Court did not change the time)."

Similar to the discussion above, Plaintiff's claim of a compressed expert disclosure and deposition schedule, and purported resulting inconvenience, is insufficient to burden Ingrassia with a shortened period in which to respond to Plaintiff's lengthy **twenty-five (25)-page** Motion to Compel requesting additional discovery responses and documents. In fact, subjecting Defendant to such an abbreviated response period would *substantially harm and prejudice Defendant*, not Plaintiff, as Defendant would be forced, on limited time, to respond to Plaintiff's extensive motion.

In this case, CCC has recently produced (1) Ingrassia's confidential law enforcement personnel records and (2) documents relating to the Internal Investigation of Plaintiff's complaint, following the Court's approval of the stipulated protective order, in addition to a litany of other documents. These personnel related records address most, if not all, of Plaintiff's concerns outlined in his Motion to Compel. As such, Plaintiff cannot demonstrate that he will be substantially harmed or prejudiced by a regular briefing and hearing schedule, because he is now in possession of the documents and information at the center of Plaintiff's motion, namely personnel related records.

Additionally, Ingrassia and CCC informed Plaintiff of their positions denying an

INGRASSIA'S OPPOSITION TO PLAINTIFF'S    3
MOTION TO FILE [AN] EXPEDITED MOTION
TO COMPEL – C07-02669-CRB

expedited briefing schedule on July 17th and 18th, 2008, respectively. (*See* Declaration of Noah G. Blechman, filed herewith). Inexplicably, Plaintiff then waited nine (9) days after learning of Ingrassia's position (and eight (8) days after learning of CCC's position) to file this motion for an expedited hearing. If Plaintiff had filed his Motion to Compel on July 18th, then this Motion could have been heard on August 22, 2008, pursuant to proper notice, the date Plaintiff is now seeking on shortened notice. Local Rule 7-2(a). Plaintiff should have filed his expedited schedule request directly after being informed of Defendants' respective positions, or should have taken more immediate efforts to file this Motion. Defendants should not be prejudiced because Plaintiff waited to perform written discovery until late in this litigation and has deferred the deposition of target defendant Ingrassia until the 11th hour.

Accordingly, because Plaintiff has not shown good cause and satisfied Local Rule 6-3(a)(3), the Court should deny his Motion to File [an] Expedited Motion to Compel Responses to First Set of Discovery Requests on Defendant Ingrassia.

### III.   Conclusion

Plaintiff has voluntarily deferred key written discovery and the deposition of Deputy Ingrassia until the final 2-3 months of open discovery, despite discovery being open since at least October of 2007. Defendants should not now be prejudiced by Plaintiff's own voluntary and dilatory tactics and strategic choices. Further, the Huang Declaration does not set forth with particularity and with sufficient good cause the reasons for an expedited hearing on his Motion to Compel, nor does it identify the substantial harm or prejudice to Plaintiff of a regular briefing and hearing schedule. On the contrary, Ingrassia will be substantially harmed and prejudiced by being forced to respond to a 25-page brief on a shortened schedule. Additionally, following the Court's approval of the protective order, CCC produced the documents and records which are the focus of Plaintiff's Motion to Compel, making an expedited hearing even more unnecessary. Accordingly, Defendant Ingrassia respectfully requests Plaintiff's Motion for [an] Expedited Motion to Compel be denied.

INGRASSIA'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE [AN] EXPEDITED MOTION
TO COMPEL – C07-02669-CRB

4

| | | |
|---|---|---|
| 1 | Dated: July 30, 2008 | MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | James V. Fitzgerald, III |
| | | Noah G. Blechman |
| 5 | | J. Garret Deal |
| | | Attorneys for Defendant |
| 6 | | JASON INGRASSIA |

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

INGRASSIA'S OPPOSITION TO PLAINTIFF'S    5
MOTION TO FILE [AN] EXPEDITED MOTION
TO COMPEL – C07-02669-CRB