JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Nadia Aziz, SBN 252966
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com
naziz @justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>    Plaintiff,<br><br>    vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>    Defendants. | Case No.: 3:07-cv-02669 (CRB)(EDL)<br><br>Date: To be determined<br>Time: To be determined<br>Honorable Elizabeth D. Laporte |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S REQUEST FOR EXPEDITED MOTION TO COMPEL DISCOVERY**

**ARGUMENT**

Counsel for Defendant Ingrassia misrepresents to this court the prior history on discovery conducted in this case. Specifically, Mr. Fitzgerald represents that the discovery has been "open" in this case since October 2007. (Opposition Brief of Defendant Ingrassia ("Opp. Brief") at 4:16-17.) To the contrary, Mr. Fitzgerald is well aware that Judge Breyer actually prohibited the parties from conducting any discovery while repeated efforts were made to settle this case. (Declaration of Jenny Huang, dated 7/31/08 ("Huang Decl. II") at ¶¶ 2-6.) It is simply inaccurate to characterize Plaintiff's discovery as delayed when it was not until May of 2008 that Judge Breyer permitted the parties to resume discovery in this case. (Huang Decl. II at ¶ 5, Exh. 2.) Rather, it is because of repeated representations by the defendants in this case of their purported interest in settling this matter that discovery has been postponed in this case.

In the interest of avoiding any further delay of discovery, Plaintiff requests permission to hear Plaintiff's Motion to Compel Discovery from Defendant Ingrassia on an expedited basis. Consistent with his prior delay tactics, Defendant Ingrassia now opposes this request and seeks to further delay his production of discovery until after expert disclosures are due on September 8, 2008. This is not the first time Defendant Ingrassia has sought to delay Plaintiff's discovery in this case. Contrary to counsel's representation to this court, Plaintiff requested to schedule the deposition of Defendant Ingrassia in April of 2008. (Declaration of Noah Blechman ("Blechman Decl.") at ¶ 3; Huang Decl. II at ¶¶ 7-8.) Similarly, in June of 2008, Defendant Ingrassia requested from Plaintiff an extension to produce responses to Plaintiff's 1st Set of Discovery Requests, suggesting that additional time was required to produce voluminous discovery responses. (Declaration of Jenny Huang, dated 7/26/08 ("Huang Decl. I") at ¶ 4.) After waiting nearly two months for discovery responses, Defendant Ingrassia failed to produce any responsive documents, hardly answered any interrogatories, and instead asserted spurious and boilerplate objections. (Huang Decl. I at ¶¶ 5, 7.) In light of such ongoing delay from Defendant Ingrassia, Plaintiff seeks to expedite the underlying motion to compel discovery.

Defendant Ingrassia repeatedly cites to recent discovery responses produced by the County of Contra Costa ("County") to suggest that Plaintiff's request for an expedited hearing is unwarranted.

As an initial matter, the County is a separate party in this case, represented by counsel independent from counsel for Defendant Ingrassia. Any efforts by Assistant County Counsel Gregory Harvey to comply with Plaintiff's discovery does not relieve Defendant Ingrassia of his obligation to do the same. Moreover, the County's discovery responses overlap very minimally with discovery requested from Defendant Ingrassia. (Huang Decl. II at ¶¶ 10-11.) At best, the County's production pertains to only 3 of the 27 discovery requests propounded on Defendant Ingrassia. Moreover, Plaintiff is entitled to request discovery from Defendant Ingrassia, in addition to the County, especially because the County improperly redacted records pertaining to Defendant Ingrassia.

The training and personnel records produced by the County hardly addresses Plaintiff's Motion to Compel in its entirety, as Defendant Ingrassia contends. To the contrary, Plaintiff seeks to compel numerous other areas of discovery from Defendant Ingrassia, such as his work, cell and home phone numbers, his income and assets, the reason why he is no longer assigned to patrol, any investigations conducted upon him, any witnesses with whom he has discussed this case, his prior sworn testimony, other complaints of misconduct against him, his criminal history, any insurance coverage he may have, and any disciplinary action taken against him. None of these areas are addressed by any of the 8,000 pages of discovery recently produced by the County.

As previously discussed, Plaintiff will be prejudiced by any further delay of such basic discovery from Defendant Ingrassia. In the absence of an expedited motion to compel discovery, Plaintiff will be required to (1) conduct the deposition of Defendant Ingrassia without any responsive discovery from this officer, (2) complete expert disclosures without necessary discovery from Defendant Ingrassia, and (3) supplement expert disclosures upon the eventual production of necessary discovery from Defendant Ingrassia. To avoid such substantial harm, Plaintiff respectfully

//
//
//
//
//
//

1  requests an expedited schedule, based upon the court's availability, to hear Plaintiff's Motion to
2  Compel Discovery from Defendant Ingrassia.

4  Date: July 31, 2008
       Oakland, California

**JUSTICE FIRST, LLP**
Attorneys for Plaintiff Abhinav Bhatnagar
By:
_____/s/ Jenny Huang_____
Jenny C. Huang
2831 Telegraph Avenue
Oakland, CA  94609
Tel.: (510) 628-0695