JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
Nadia Aziz, SBN 252966
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com
        naziz @justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>              Plaintiff,<br><br>     vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>              Defendants. | Case No.: 3:07-cv-02669 (CRB)(EDL)<br><br>**DECLARATION OF JENNY HUANG IN SUPPORT OF REPLY BRIEF ON PLAINTIFF'S REQUEST TO FILE EXPEDITED MOTION TO COMPEL DISCOVERY** |

I, JENNY HUANG, state under penalty of perjury as follows:

1.      I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action. I submit this declaration in support of the Reply Brief on Plaintiff's Request to File an Expedited Motion to Compel Discovery from Defendant Ingrassia

2.      Until May of 2008, the parties have engaged in limited discovery and repeated efforts to reach an early settlement of this case. At the initial case management conference on August 24, 2007, this case was referred to mediation and the parties agreed to conduct very limited discovery prior to the mediation conference scheduled in January of 2008, for the

JUSTICE FIRST, LLP

1  purpose of assessing the merits of an early settlement.  Specifically, Defendants conducted the

2  depositions of Mr. Bhatnagar and three witnesses, while Plaintiff served an initial set of

3  discovery requests on one of the defendants, Contra Costa County ("County").

4

5          3.      On January 11, 2008, the parties attended a mediation conference and failed to

6  reach a settlement of this case.  When the parties reported back to Judge Breyer in February of

7  2008, the court ordered the parties to brief an *in limine* motion seeking to admit the prior

8  findings underlying this case, as a way to encourage an early resolution of this case.  In the

9  meantime, the court formally prohibited the parties from conducting any further discovery in this

10  case. (Court Minutes dated 2/15/08, attached hereto as Exhibit 1.)

11          4.      On March 14, 2008, Plaintiff filed the requested motion *in limine*, seeking the

12  admission of all the prior judicial and administrative findings against Defendant Ingrassia.  (*See*,

13  Plaintiff's Motion *In Limine* (Docket Nos. 51-53, 56, 73).)  By order dated May 5, 2008, Judge

14  Breyer ruled that all of the prior findings were admissible at trial, although they would not be

15  entitled to collateral estoppel effect.  (*See,* Order dated 5/5/08 (Docket No. 80).)

16          5.      It was not until May 2, 2008 that Judge Breyer permitted the parties to conduct

17  discovery in this case. (Court Minutes dated 5/2/08, attached hereto as Exhibit 2.)

18          6.      In light of his ruling on Plaintiff's Motion *In Limine*, Judge Breyer ordered the

19  parties to attend a settlement conference.  After two settlement conferences before Magistrate

20  Judge James, the parties were unable to settle this matter.

21          7.      On April 9, 2008, I requested dates of availability for the deposition of Defendant

22  Ingrassia in May of 2008, assuming that Judge Breyer would permit the parties to resume

23  discovery at that time.  I was advised by Mr. Fitzgerald's secretary that she would inquire with

24  Mr. Fitzgerald and Defendant Ingrassia, and get back to me.  Attached as Exhibit 3 is a true and

25  correct copy of my e-mail correspondence seeking to schedule the deposition of Defendant

26  Ingrassia.

27          8.      To date, I have not been provided with any dates of availability for the deposition

28  of Defendant Ingrassia.

JUSTICE FIRST, LLP

9.      On July 10, 2008, Assistant County Counsel Gregory Harvey produced a supplemental response to Plaintiff's 1st Set of Discovery Requests on the County.  The supplemental response consisted of nearly 4,000 pages of documents that did not pertain to Defendant Ingrassia.  The documents were not organized or labeled in any manner, but appear to consist of selected files kept by the Risk Management Department and County Counsel, most of which of which included multiple copies of voluminous motion papers previously filed by the parties in this case.

10.      On July 16, 2008 and again on July 18, 2008, the County produced responses to Plaintiff's 2nd Set of Discovery Requests on the County.  Again, this production consisted of more than 4,000 pages of shuffled and unlabeled documents, some of which appeared to include training and personnel records of Defendant Ingrassia in redacted form.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 31, 2008 in Oakland, California.

_____ /s/ Jenny Huang _____
JENNY HUANG

JUSTICE FIRST, LLP