1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    NOAH G. BLECHMAN (State Bar No. 197167)
2   J. GARRET DEAL (State Bar No. 249934)
    McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
3   PFALZER, BORGES & BROTHERS LLP
    1211 Newell Avenue
4   Post Office Box 5288
    Walnut Creek, CA 94596
5   Telephone: (925) 939-5330
    Facsimile: (925) 939-0203
6
    Attorneys for Defendant
7   JASON INGRASSIA

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ABHINAV BHATNAGAR,                    Case No. CV 07-02669 CRB (EDL)

12              Plaintiff,                **DEFENDANT JASON INGRASSIA'S**
                                          **MEMORANDUM OF POINTS AND**
13       vs.                              **AUTHORITIES IN SUPPORT OF**
                                          **OPPOSITION TO PLAINTIFF'S MOTION**
14  JASON INGRASSIA, individually and in  **TO COMPEL**
    his official capacity; COUNTY OF
15  CONTRA COSTA and CITY OF SAN          Date:   August 26, 2009
    RAMON,                                Time:   9:30 a.m.
16                                        Dept:   Courtroom E, 15th Floor
              Defendants.                 Judge:  Honorable Elizabeth D. Laporte
17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

## Table of Contents

2

Page

3 I. ........ INTRODUCTION ............................................................................................ 1

4 II. ....... RELEVANT PROCEDURAL HISTORY ...................................................... 1

5 III. ...... ARGUMENT ................................................................................................... 2

6

7   A.   Defendant Verified His Responses to Plaintiff's First Set of
        Interrogatories. ............................................................................................ 3

8   B.   Plaintiff's Interrogatories Contain Discrete Subparts Violating Federal Rule
        of Civil Procedure 33(a), and Defendants Have Fully and Completely

9        Responded to Plaintiff's Interrogatories and Document Requests. ......................... 3

10 IV. ..... CONCLUSION .............................................................................................. 20

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

**Table of Authorities**

2

**Page(s)**

3

**Cases**

4

*Honda Motor Co. Ltd. v. Oberg*, 512 U.S. 415, 439 (1994) ........................................... 15

5

*Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).......................................... 9, 10, 13, 14

6

*Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) ........................... 5

7

*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).............................. 15, 16

8

*Pitchess v. Superior Court*, 11 Cal.3d 531 (1974) ............................................ 9, 10, 13, 14, 18, 19

9

*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) ............. 14

10

*Rifkind v. Superior Court*, 123 Cal.App.3d 1045 (1981) ................................................. 14

11

*Rubin v. Regents of the University of California*, 114 F.R.D. 1, 2 (N.D. Cal. 1986).................... 16

12

*Safeco of America v. Rawstrom* 181 F.R.D. 441, 445 (C.D. Cal. 1998)............................. 5, 11, 12

13

*Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 373 (2nd Cir. 1988). ............................... 16

14

*Trudeau v. N.Y. State Consumer Protection Board*, 237 F.R.D. 325, 331-332 (N.D. NY 2006).. 14

15

**Statutes**

16

California Civil Code § 3295 ............................................................... 15

17

California Evidence Code §§ 1040, 1043, 1045, 1046 ..................................... 9. 10, 13, 14, 18, 19

18

California Government Code §§ 3300 ............................................... 9, 10, 13, 14, 18, 19

19

California Penal Code §§ 832.7 and 832.8 ........................................ 9, 10, 13, 14, 18, 19

20

Federal Rule of Civil Procedure ("FRCP") 33(a) .............................. 4, 5, 11, 12, 13, 17

21

**Other Authorities**

22

Merriam-Webster Online Dictionary. 2008 .......................................................... 4

23

24

25

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

**DEFENDANT JASON INGRASSIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant JASON INGRASSIA ("Ingrassia" or "Defendant") hereby opposes Plaintiff Abhinav Bhatnagar's ("Plaintiff") Motion to Compel Responses to his First Set of Discovery Requests. Despite Defendant Contra Costa County's ("CCC") recent production of a litany of confidential and/or privileged documents in response to Plaintiff's voluminous discovery requests, supplementing Ingrassia's previous full and complete answers to Plaintiff's Interrogatories, Plaintiff now moves this Court for an Order compelling further responses from Defendant Ingrassia. For the reasons stated below, the Court should deny Plaintiff's Motion.

Defendant's Opposition is based on this Memorandum of Points and Authorities and the Declaration of James V. Fitzgerald, III, filed concurrently herewith.

## I.    INTRODUCTION

On May 13, 2008, Plaintiff served his First Set of Interrogatories and Document Requests on Ingrassia. Many of these Interrogatories and Requests sought confidential and/or privileged law enforcement personnel-related records and/or information. Ingrassia accordingly objected to answering these personnel-related discovery requests until the parties agreed to and the Court entered a stipulated protective order. Moreover, at no time did Ingrassia possess documents relating to his employment at CCC responsive to Plaintiff's requests, including his personnel file and disciplinary history. Rather, it was CCC, Ingrassia's employer and a separate Defendant, who possessed these documents and/or information, not Ingrassia.

## II.    RELEVANT PROCEDURAL HISTORY

On June 30, 2008, CCC responded to Plaintiff's First Set of Interrogatories and Document Requests. On July 10, 2008, CCC provided Plaintiff with Supplemental Responses to his First Set of Discovery Requests, Request Number Five. Privileged and/or confidential personnel related documents responsive to this Request were withheld pending entry of the protective order.

On July 16, 2008, CCC responded to Plaintiff's Second Set of Document Requests by providing non-confidential documents responsive to those Requests. Confidential and/or

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   privileged documents were again withheld pending entry of the protective order.

2         On July 18, 2008, CCC provided Plaintiff with Supplemental Responses to Plaintiff's

3   Second Set of Document Requests.   These documents included training file records for

4   Ingrassia's POST academy classes.  That same day, CCC also provided Plaintiff with additional

5   documents and compact discs supplementing its July 16, 2008 responses.

6         On July 21, 2008, under the security of the protective order entered that same day, CCC

7   provided its Amended Responses to Plaintiff's Document Requests, which included additional

8   confidential records of Ingrassia's personnel files and the Internal Affairs investigation report

9   regarding Plaintiff's complaint to the Contra Costa County Sheriff's Office. (pertaining to issues

10  now involved in this litigation).

11        On July 26, 2008, ostensibly dissatisfied with these responses, Plaintiff moved for an

12  expedited briefing and motion schedule regarding his Motion to Compel. Ingrassia opposed this

13  Motion.   On August 4, 2008, the Court granted Plaintiff's Motion and ordered a shortened

14  briefing and hearing schedule to hear Plaintiff's Motion to Compel. The Court ordered Plaintiff

15  to file a statement, by August 6, 2008, indicating which discovery requests he claimed had been

16  satisfied by CCC's recent production.  (Attached as "**Exhibit A**" to Declaration of James V.

17  Fitzgerald, III ("Fitzgerald Decl.")).  In that statement, Plaintiff disingenuously informs the Court

18  that "the County produced portions of Defendant Ingrassia's personnel file with redactions of

19  significant  and  relevant  information."      (**Exhibit A**  to  Fitzgerald  Decl.)      This  is  a

20  misrepresentation and the records were produced subject to minor redactions of irrelevant private

21  information and/or information relating to other CCC employees.  Plaintiff vaguely claims in his

22  letter that CCC redacted "significant and relevant information" in these documents.  (**Exhibit A**

23  to Blechman Decl.).  Plaintiff fails to explain in any meaningful way what this "significant and

24  relevant information" may be, or why CCC should produce unredacted copies of these files.

25  Accordingly, Plaintiff's Motion to Compel should be denied.

26                    **III.      ARGUMENT**

27        This case revolves around Plaintiff's allegations that Deputy Ingrassia unlawfully arrested

28  and cited Plaintiff on two different dates in the City of San Ramon.  Defendants deny Plaintiff's

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    allegations, and contend Ingrassia lawfully arrested Plaintiff for driving under the influence of

2    alcohol and later lawfully cited him for making an illegal "U-turn."   During this litigation,

3    Defendants have successfully discredited Plaintiff and several of his purported witnesses.

4    Nonetheless, Plaintiff has continued, during discovery, to harass Ingrassia with a litany of

5    irrelevant, oppressive and incredibly overbroad discovery requests and Interrogatories.

6    A.    <u>Defendant Verified His Responses to Plaintiff's First Set of Interrogatories.</u>

7    On August 6, 2008, Ingrassia mailed Plaintiff Ingrassia's signed verification in response

8    to Plaintiff's First Set of Interrogatories.  Accordingly, this issue is now moot.

9    B.    <u>Plaintiff's Interrogatories Contain Discrete Subparts Violating Federal Rule of Civil
        Procedure 33(a), and Defendants Have Fully and Completely Responded to Plaintiff's</u>

10   <u>Interrogatories and Document Requests.</u>

11   <u>Interrogatory Request No. 1</u>

12   Plaintiff's Interrogatory No. 1 asks Ingrassia to:

13   "Identify EACH position that you have held as an employee of the CONTRA COSTA

14   COUNTY SHERIFF'S DEPARTMENT.  For each position, include the following:

15
        a.    Dates of employment in each position,
16      b.    A detailed description of the duties and responsibilities you held in each
              position,
17      c.    State the salary and benefits you received in each position,
        d.    IDENTIFY your direct supervisor for each position, and
18      e.    State the reason why you left this position."

19   Ingrassia provided a full and accurate response to this Interrogatory.  Plaintiff complains

20   Defendant's response to this Interrogatory "denies Plaintiff basic discovery such as the officer's

21   work history, his work duties and responsibilities, and salary received."  (Pl.'s Mot. to Compel

22   pg. 7:26-28).   As noted in Defendant Ingrassia's Opposition to Plaintiff's Motion for [an]

23   Expedited Motion to Compel, CCC recently produced Ingrassia's personnel files which include

24   information and documentation on Ingrassia's work history and salary as a Contra Costa County

25   Sheriff's Deputy.  While Ingrassia initially objected to providing his salary history as irrelevant,

26   CCC produced documents indicating Ingrassia's salary history, making this issue moot.  Ingrassia

27   also notes Plaintiff has withdrawn his Motion to Compel further responses to part (c) of this

28   Interrogatory regarding Ingrassia's salary and benefits pursuant to his August 6, 2008 letter to the

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    Court.  (**Exhibit A** to Fitzgerald Decl.).  Ingrassia's response to this Interrogatory is therefore

2    complete, and Plaintiff's Motion to Compel should accordingly be denied.

3            Plaintiff's Interrogatory also does not define the key term "position".  Ingrassia interprets

4    the term to mean "job title".  (*See* Merriam-Webster Online Dictionary. 2008.  Merriam-Webster

5    Online.  5  August  2008,  http://www.merriam-webster.com/dictionary/position,  **Position**:  "an

6    employment for which one has been hired").  Accordingly, Defendant responded that he has been

7    and currently is a peace officer with the Sheriff's Department since October 2002.  Thus,

8    Defendant's response to this Interrogatory is complete and, should Plaintiff want to explore this

9    topic and ask Ingrassia questions about his position with CCC since October 2002, Plaintiff can

10   simply do so in the upcoming deposition of Ingrassia.  Plaintiff's Motion to Compel Further

11   Responses to this Interrogatory should therefore be denied.

12           Federal Rule of Civil Procedure ("FRCP") 33(a) also provides, in relevant part, "any party

13   may serve upon any other party written interrogatories, not exceeding 25 in number *including all*

14   *discrete subparts…*"    (Emphasis added).    If a party wants to propound more than 25

15   Interrogatories, it must seek leave of Court to do so.  Id.  However, in this case, Plaintiff has not

16   requested or been granted leave to serve additional interrogatories.  Here, many of Plaintiff's

17   Interrogatories include numerous *discrete* subparts and, thus, Ingrassia has rightly refused to

18   answer these excessive Interrogatories.  Moreover, even assuming Plaintiff's Interrogatories do

19   not violate FRCP 33(a), Ingrassia and CCC have fully and completely responded to Plaintiff's

20   Interrogatories and Document Requests, as discussed below.

21           Plaintiff's Interrogatory No. 1 could be read to ask **at least seven** discrete questions:

22           (1) "Identify EACH position that you have held as an employee of the CONTRA COSTA

23   COUNTY SHERIFF'S DEPARTMENT.  For each position, include the following:

24           a.    (2) Dates of employment in each position,
25           b.    (3) A detailed description of the duties and responsibilities you held in each
                          position,
26           c.    (4) State the salary and (5) benefits you received in each position,
             d.    (6) IDENTIFY your direct supervisor for each position, and
27           e.    (7) State the reason why you left this position."

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5310

1    Further, Plaintiff attempts to avoid the clear language of FRCP 33(a) by claiming this sort

2    of interrogatory only counts as one interrogatory because its subparts are "logically or factually

3    subsumed within and necessarily related to the primary question," citing *Safeco of America v.*

4    *Rawstrom* 181 F.R.D. 441, 445 (C.D. Cal. 1998).  Plaintiff does not explain how his **six** discrete

5    subparts to this interrogatory are "logically or factually subsumed within and necessarily related

6    to the primary question," nor can Defendant discern why this is so.  However, one court has

7    explained,

8        [p]robably the best test of whether subsequent questions, within a
         single interrogatory, are subsumed and related, is to examine
9        whether the first question is primary and subsequent questions are
         secondary to the primary question. *Or, can the subsequent question*
10       *stand alone? Is it independent of the first question? Genuine*
         *subparts should not be counted as separate interrogatories.*
11       *However, discrete or separate questions should be counted as*
         *separate interrogatories, notwithstanding [that] they are joined by*
12       *a conjunctive word and may be related.*

13    *Safeco, supra*, at 445, citing *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D.

14    Nev. 1997).  Here, Plaintiff's subparts stand alone and are independent of the first question (*e.g.*,

15    "For each position, include the following: State the reason why you left this position.")

16    (Interrogatory 1(e)).

17    Thus, the subparts in Interrogatory No. 1 can stand alone and are thus not "subsumed"

18    within the primary question.  Accordingly, these Interrogatories, when coupled with the others,

19    exceed the allowable limit provided by FRCP 33(a), and Defendant need not answer excessive

20    Interrogatories without Plaintiff first obtaining leave of Court, which Plaintiff did not do here.

21    This is but one example of the numerous discrete subparts included in Plaintiff's Interrogatories.

22    <u>Interrogatory Request No. 2</u>

23    Plaintiff asks Ingrassia to "IDENTIFY EACH and ALL PERSON(s) with whom you have

24    discussed any of the allegations, claims, defenses, or facts related to this case."  Ingrassia

25    responded to this Interrogatory by stating that, to the best of his knowledge, he has not discussed

26    this case with any person other than his attorneys, his employer and members of his family.

27    Again, apparently dissatisfied with this response, Plaintiff complains the "answer is incomplete in

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   that it fails to include each person's full name, present or last known address and place of

2   employment." (Pl.'s Motion to Compel pg. 9:9-10).

3        Initially, Plaintiff's question is fatally overbroad because it pertains to essentially any

4   conversation Ingrassia has had at any time regarding any allegation, claim, defense, or fact related

5   to this case.  This case is factually complex and Plaintiff's allegations are widespread.  This

6   Interrogatory is unduly burdensome, oppressive and it is frankly impossible for Ingrassia to

7   identify all persons who he has mentioned, spoken to and/or discussed any aspect of this case,

8   regardless of the length or specificity of discussion.  Ingrassia accurately and completely

9   responded to this Interrogatory by stating he discussed this matter with his immediately family

10  and his employer.  Should Plaintiff seek clarification of this answer, he can simply inquire about

11  the matter at Ingrassia's upcoming deposition.  Also, Ingrassia will not be identifying the contact

12  information for his immediate family as such information is private.  Accordingly, Plaintiff's

13  Motion to Compel Further Responses to this Interrogatory should be denied.

14       Interrogatory Request No. 5

15       Plaintiff next asks Ingrassia to "IDENTIFY EACH and ALL PERSON(s) who has ever

16  questioned you in regards to any of the allegations, claims, defenses, or facts related to this case."

17  This question seeks essentially the same information as Interrogatory No. 3, discussed above, and

18  is fatally overbroad.  Plaintiff also does not define the term "questioned," which Ingrassia

19  interprets as seeking essentially identical information Plaintiff requested in Interrogatory No. 3,

20  pertaining to conversations and discussions regarding this case.  As posed, this question also

21  theoretically asks Ingrassia to identify his attorneys, other attorneys, judges and hearing officers

22  from every criminal and/or administrative hearing potentially relating to Plaintiff's arrests, which

23  is overbroad and clearly oppressive.

24       Plaintiff concedes he wants this information in order to discover what CCC's "responses

25  [were] to allegations of misconduct against Defendant Ingrassia."  (July 5, 2008 Ltr. From

26  Jivakka Candappa to James V. Fitzgerald, III, pg. 3, attached to Fitzgerald Decl. as "**Exhibit B**").

27  As noted above, following the entry of the stipulated protective order, CCC produced the Internal

28  Affairs investigation report regarding Plaintiff's complaint, including documents indicating who

1  within CCC investigated Plaintiff's complaint and questioned Defendant Ingrassia. Because CCC

2  is a separate Defendant in this action, Ingrassia is not in a position to discuss how or what his

3  employer did and/or the actions it took in response to Plaintiff's allegations. As noted above,

4  should Plaintiff desire additional information, he may simply question Ingrassia at his deposition

5  in an effort to clarify the issue, as it is not clear as phrased in the Interrogatory. Accordingly,

6  Plaintiff's Motion to Compel Further Responses to this Interrogatory should be denied.

7      Interrogatory Request No. 6

8      Plaintiff asks Ingrassia to "IDENTIFY EACH and ALL matters in which you have (sic)

9  sworn testimony, either verbally or in writing, including but not limited to, any hearings, trials,

10  depositions, meetings, investigations, interviews, and conferences. For each case, provide the

11  name of the matter, case number, location and date of your testimony."

12      This request is fatally overbroad as it seeks all oral or written sworn testimony in

13  Ingrassia's entire life and career as a Deputy Sheriff, [1] is compound, overly broad, vague and

14  ambiguous as to the terms "sworn testimony, either verbally or in writing," and is overbroad as to

15  time, unduly burdensome, oppressive and harassing for Ingrassia to be forced to spend countless

16  hours attempting to forensically investigate all incidents of such testimony, and the Interrogatory

17  seeks information in the public domain and equally available to Plaintiff. Plaintiff may also

18  question Ingrassia at his deposition regarding his testimony in other matters.

19      Plaintiff claims that he "has identified at least five instances in which Defendant Ingrassia

20  gave false testimony. On this basis, Plaintiff has good reason to believe there are other similar

21  findings discrediting the officer's sworn testimony." (Pl.'s Mot. to Compel pg. 11:20-22). As

22  noted above, CCC recently produced Ingrassia's personnel records and the Internal Affairs

23  investigation regarding Plaintiff's complaint in a nearly ***8000-page*** production in response to

24  Plaintiff's document requests. Plaintiff's conclusory speculation that he has "good reason to

25  believe" there are findings discrediting Ingrassia's sworn testimony outside these documents is

26  not a sufficient reason to force Ingrassia to spend countless hours attempting to identify each and

---

[1] Plaintiff's claim that this Interrogatory "is not unduly burdensome because it involved less than a six-year period, part of which the officer was assigned to work at the jail and not on patrol" is untrue. The Interrogatory contains no such qualification and could easily be read to pertain to Ingrassia's entire life.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   every case where he has been called as a witness throughout his lifetime. This would clearly be

2   burdensome as no such list of prior testimony exists. Also, Ingrassia has likely testified over one-

3   hundred times under oath. CCC and Ingrassia have therefore satisfied their duty to respond to

4   this clearly overbroad Interrogatory. The Court should accordingly deny Plaintiff's Motion to

5   Compel Further Responses to this Interrogatory.

6       Interrogatory Request No. 7

7       Plaintiff asks Ingrassia to "IDENTIFY EACH and ALL PERSON(s) who authorized,

8   approved, condoned, or ratified your actions relating to your encounters with Mr. Bhatnagar on

9   May 20, 2006 and September 29, 2006." Ingrassia objected to this Interrogatory on the grounds

10  that it was compound, fatally overbroad, vague and ambiguous as to the terms "authorized,

11  approved, condoned, or ratified your actions," which Plaintiff did not define, sought information

12  not reasonably calculated to lead to the discovery of admissible evidence, called for a legal

13  conclusion and was better directed towards CCC, Ingrassia's employer and a separate Defendant.

14      In response to Ingrassia's final point (i.e., this Interrogatory was better directed to CCC),

15  Plaintiff claims he is "entitled to conduct discovery on all parties and is likewise permitted to

16  discover information from one party to support claims asserted against another party." (Pl.'s Mot.

17  to Compel pg. 12:26-27). Plaintiff cites no authority for this remarkable proposition, and

18  Ingrassia is unaware of any. Plaintiff does, however, concede that the information he seeks

19  relates to his public entity employer's alleged liability. (**Exhibit B** to Fitzgerald Decl., pg. 4).

20  Therefore, Plaintiff should seek this information from CCC, Ingrassia's employer, not Ingrassia

21  himself. Obviously, Ingrassia does not have authority to speak for CCC regarding which CCC

22  agent (if any) allegedly (1) authorized; (2) approved; (3) condoned; and/or (4) ratified Ingrassia's

23  actions on either May 20, 2006 or September 29, 2006. Nor does Plaintiff define these terms.

24  Accordingly, the Court should deny Plaintiff's Motion to Compel further responses to this

25  Interrogatory, a question that should clearly be directed to CCC, Ingrassia's employer.

26      Interrogatory Request No. 8

27      Plaintiff next asks Ingrassia to provide "any and all telephone numbers used by you from

28  May 1, 2006 to present, including all personal and work cell phone numbers, home phone

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   numbers, and work phone numbers." As foundation for propounding this Interrogatory, which

2   requests <u>highly sensitive information</u> from a law enforcement officer, Plaintiff claims that while

3   criminal and administrative charges were still pending against him, he started receiving numerous

4   and threatening phone calls from an unidentified caller. Plaintiff then claims that because "of

5   Defendant Ingrassia's past conduct towards him, as well as the timing of the phone calls, Mr.

6   Bhatnagar believes that Defendant Ingrassia is responsible for the many threatening and harassing

7   phone calls he has received." (Pl.'s Mot. to Compel pg. 14:5-7). Accordingly, Ingrassia's phone

8   numbers and records "are necessary for Mr. Bhatnagar to confirm that the officer is, in fact,

9   responsible for the harassing phone calls." *Id.* at pg. 14:7-9.

10      Ingrassia objected to this Interrogatory on the basis of Constitutionally recognized and

11   statutorily mandated privacy rights protecting peace officers from the dissemination of such

12   information. See, *e.g.*, *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); California

13   Evidence Code ("Cal. Evid. Code") §§ 1040, 1043, 1045, 1046; California Government Code

14   ("Cal. Gov.'t Code") §§ 3300 *et seq.*, California Penal Code ("Cal. Penal Code") §§ 832.7 and

15   832.8; and *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974). Defendant further objected that the

16   Interrogatory was compound, included discrete subparts, was not reasonably calculated to lead to

17   the discovery of admissible evidence, overly broad, vague and ambiguous, unduly burdensome,

18   oppressive and harassing, and Plaintiff had not made a *prima facie* showing for such a discovery

19   request.

20      As the Court is aware, California law stoutly protects peace officers' personal

21   information, including telephone numbers, given obvious officer-safety concerns. Telephone

22   numbers are easily traceable to an address and it is not difficult to imagine a situation where

23   Ingrassia and/or his family members could be confronted in his home by a retaliatory and violent

24   citizen should this information somehow be disseminated and Ingrassia's address be discovered.

25   Likewise, under federal law, the balance of interests weigh in favor of protecting this information

26   from disclosure. In this case, Plaintiff cannot identify **any** evidence establishing a nexus between

27   any harassing telephone calls and Ingrassia, and this conclusion is clearly a product of Plaintiff's

28   imagination and speculation. Indeed, Plaintiff admitted in the Internal Affairs investigation that

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   he did not believe Ingrassia placed the telephone calls and that an unidentified female caller

2   placed many of them. (CC 7946-7947, attached as "**Exhibit C**" to Fitzgerald Decl.). In fact, at

3   the time of the alleged harassing calls, Plaintiff had filed a discrimination complaint against a

4   female supervisor in the course of his employment. Accordingly, it is probable this female

5   supervisor was indeed the person allegedly calling Plaintiff, not Ingrassia. Ingrassia's telephone

6   number is highly sensitive information and should not be produced absent a compelling showing

7   of relevancy, which Plaintiff has not met here. Accordingly, Plaintiff's Motion to Compel further

8   responses to this Interrogatory should be denied.

9          Interrogatory Request No. 9

10         Plaintiff has withdrawn his Motion to Compel further responses to this Interrogatory in its

11  entirety pursuant to his letter to the Court. (**Exhibit A** to Fitzgerald Decl.)

12         Interrogatory Request No. 10

13         Plaintiff next asks Ingrassia to "IDENTIFY EACH and ALL PERSON(s) who has ever

14  complained about you, either verbally or in writing, concerning your conduct as a Contra Costa

15  County Deputy Sheriff and provide a short summary of the substance of the complaint, the date of

16  the complaint, and the disposition of the complaint."

17         Ingrassia also objected to this Interrogatory on the basis of Constitutionally protected and

18  statutorily mandated privacy rights shielding peace officers from the dissemination of such

19  information. See, e.g., *Kelly*, *supra*, 114 F.R.D. 653 (N.D. Cal. 1987); Cal. Evid. Code §§ 1040,

20  1043, 1045, 1046; Cal. Gov.'t Code §§ 3300 *et seq*., Cal. Penal Code §§ 832.7 and 832.8; and

21  *Pitchess*, *supra*, 11 Cal.3d 531 (1974). Defendant further objected that the Interrogatory was

22  compound, included discrete subparts, was not reasonably calculated to lead to the discovery of

23  admissible evidence, overly broad, vague and ambiguous as to the terms "complained about you"

24  and "concerning your conduct", overbroad as to time, unduly burdensome, oppressive and

25  harassing, and Plaintiff had not made a *prima facie* showing for such a discovery request. The

26  term "complained" was also not properly defined.

27         At the time of this response, Ingrassia's personnel records had not yet been produced, as

28  discussed above. However, following the entry of the stipulated protective order, CCC produced

Ingrassia's entire personnel record, which included all documents related to complaints made against Ingrassia in his capacity as a Sheriff's Deputy. Accordingly, this Interrogatory request has been satisfied. Should Plaintiff seek clarification on this issue, he will have an opportunity to examine Ingrassia at his deposition to inquire into such matters. Defendant Ingrassia is also not under a duty to summarize the contents of the nearly <u>8000</u> pages of documents CCC produced to Plaintiff. Accordingly, Plaintiff's Motion to Compel further responses to this Interrogatory should be denied.

Similarly to Plaintiff's Interrogatory Request No. 1, discussed above, Ingrassia objected to this Interrogatory because it contains numerous discrete subparts and therefore violates FRCP 33(a) and, as noted above, Plaintiff has not obtained leave to propound additional Interrogatories on Ingrassia. Again, the relevant question for determining whether the Interrogatory contains discrete subparts is whether "the subsequent question can stand alone…[or is] independent of the first question?" *Safeco*, *supra*, at 445.

This Interrogatory contains conceivably *eight* independent, discrete and subsequent questions, as shown below:

- Identify each and all persons who have ever complained about you verbally concerning your conduct as a Deputy Sheriff;

- Identify each and all persons who have ever complained about you in writing concerning your conduct as a Deputy Sheriff;

- For each such verbal complaint, provide a short summary of the substance of the complaint;

- For each such complaint in writing, provide a short summary of the substance of the complaint;

- For each such verbal complaint, provide the date of the complaint;

- For each such complaint in writing, provide the date of the complaint;

- For each such verbal complaint, provide the disposition of the complaint, and;

- For each such complaint in writing, provide the disposition of the complaint.

Clearly, this Interrogatory seeks to lump as many as eight subparts into one Interrogatory in an attempt to avoid propounding clearly focused, easily understood questions. Each one of these

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    queries requires its own evaluation and response. If Plaintiff insists on having each of these

2    questions answered, he should seek appropriate leave of Court to do so pursuant to FRCP 33(a),

3    or should simply inquire about the matter in Ingrassia's deposition. Plaintiff's Motion to Compel

4    further responses to this Interrogatory should accordingly be denied.

5              Interrogatory Request No. 11

6              Plaintiff asks Ingrassia if he has "ever been disciplined by the Contra Costa County

7    Deputy Sheriff's Department, Contra Costa County, or the City of San Ramon in response to any

8    of the allegations, claims, defenses, or facts related to this case? If yes please also state:

9
            a.    The nature of the discipline,
10           b.    The date you were informed of the disciplinary action,
            c.    The facts upon which such discipline was based,
11           d.    IDENTIFY the person who ordered the disciplinary action, and
            e.    IDENTIFY the person who administered the disciplinary action."
12
      As discussed above, Ingrassia objected to this Interrogatory because it contains numerous

13   discrete subparts and therefore violates FRCP 33(a) and, as noted above, Plaintiff has not

14   obtained leave to propound additional Interrogatories on Ingrassia. Again, the relevant question

15   for determining whether the Interrogatory contains discrete subparts is whether "the subsequent

16   question can stand alone...[or is] independent of the first question?" *Safeco*, *supra*, at 445.

17             Taken to its theoretical limit, this Interrogatory contains conceivably ***seventy-two***

18   independent, discrete and/or subsequent questions[2] which are potentially "independent of each

19   other." *Safeco*, *supra*, at 445. At bottom, this Interrogatory asks Ingrassia to describe every

20   single possible (1) allegation; (2) claim; (3) defense and/or (4) fact pertaining to Plaintiff's

21   complaint against Ingrassia and the resulting investigation by not one, but *three separate entities*.

22   This question, almost by definition and by its sheer number of variations, is unduly burdensome,

23   oppressive and harassing, and clearly in violation of FRCP 33(a).

24             Incredibly, in his meet and confer letter regarding the propriety of this Interrogatory,

25   _____

26   [2] Even if Defendant concedes the terms "allegations" and "claims" mean the same thing for purposes of this
      Interrogatory, this Interrogatory still demands Ingrassia identify each (1) claim and/or allegation; (2) defenses
27   and (3) facts relating any disciplinary action by (1) CCC Sheriff's Department; (2) Contra Costa County, and; (3)
      the City of San Ramon. Plaintiff then wants Ingrassia to identify the (1) nature; (2) date; (3) facts; (4) the person
28   ordering the discipline, and; (5) the person administering the discipline.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    Plaintiff flippantly declared it "did not contain subparts or [if it did, they were] 'logically or

2    factually subsumed within and necessarily related to the primary question,'" (**Exhibit B** to

3    Blechman Decl., pg. 6). If seventy-two possible variations on a question can be "logically or

4    factually subsumed within and necessarily related to the primary question," as Plaintiff claims,

5    FRCP 33(a)'s numerical limitations have little practical effect.

6         Ingrassia also objected to this Interrogatory on the basis of Constitutionally protected and

7    statutorily mandated privacy rights shielding peace officers from the dissemination of such

8    information. See, *e.g.*, *Kelly*, *supra*, 114 F.R.D. 653 (N.D. Cal. 1987); Cal. Evid. Code §§ 1040,

9    1043, 1045, 1046; Cal. Gov.'t Code §§ 3300 *et seq.*, Cal. Penal Code §§ 832.7 and 832.8; and

10   *Pitchess*, *supra*, 11 Cal.3d 531 (1974). Defendants further objected that the Interrogatory was

11   compound, included discrete subparts, was not reasonably calculated to lead to the discovery of

12   admissible evidence, overly broad, vague and ambiguous as to the terms "disciplined" and "in

13   response to any of the allegations, claims, defenses, or facts related to this case", overbroad as to

14   time, unduly burdensome, oppressive and harassing, and Plaintiff had not made a *prima facie*

15   showing for such a discovery request.

16        Again, as discussed above, following the entry of the stipulated protective order, CCC

17   produced Ingrassia's entire personnel record, which included documents relating to all discipline

18   against Ingrassia while employed as a Deputy Sheriff. This Interrogatory request has accordingly

19   been satisfied. Should Plaintiff seek clarification on this issue, he has an opportunity to question

20   Ingrassia at deposition per the documents produced. Accordingly, Plaintiff's Motion to Compel

21   further responses to this Interrogatory should be denied.

22        <u>Interrogatory Request No. 12</u>

23        Plaintiff asked Ingrassia if he had "ever been arrested and/or convicted of any crime? If

24   yes, please also state the offense, date of occurrence, location and disposition of the charges."

25   Defendant again objected on the basis of Constitutionally protected and statutorily mandated

26   privacy rights shielding peace officers from the dissemination of such information. See, *e.g.*,

27   *Kelly*, *supra*, 114 F.R.D. 653 (N.D. Cal. 1987); Cal. Evid. Code §§ 1040, 1043, 1045, 1046; Cal.

28   Gov.'t Code §§ 3300 *et seq.*, Cal. Penal Code §§ 832.7 and 832.8; and *Pitchess*, *supra*, 11 Cal.3d

531 (1974). Defendants further objected that the Interrogatory was compound, included discrete subparts, was not reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague and ambiguous as to the terms "arrested" and "convicted", overbroad as to time, unduly burdensome, oppressive and harassing, and Plaintiff had not made a *prima facie* showing for such a discovery request.

Nonetheless, Ingrassia, in a good faith effort to answer this irrelevant and vague Interrogatory, answered that he had never been convicted of any felony offense, and objected to answering questions relating to minor offenses as irrelevant and overbroad.

Again, as discussed above, following the entry of the stipulated protective order, CCC produced Ingrassia's entire personnel record, which includes documents relating to Ingrassia's application for a position as a Deputy Sheriff and the corresponding thorough criminal background check conducted prior to his offer of employment. This Interrogatory request has accordingly been satisfied. Should Plaintiff seek clarification on this issue, he will have an opportunity to question Ingrassia at his deposition pertaining to relevant issues. Accordingly, Plaintiff's Motion to Compel further responses to this Interrogatory should be denied.

Interrogatory Request No. 13

Plaintiff asked Ingrassia to "[d]escribe in detail all of your sources of income from 2003 to present, whether or not reported on any tax return, and, as to all income received, identify the source of income, the amount received, and describe any services you perform in exchange for the income."

Defendant objected to this Interrogatory on the grounds that the information requested was and is privileged and confidential and implicated Ingrassia's fundamental rights under the Constitutions of the United States and California, *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Trudeau v. N.Y. State Consumer Protection Board*, 237 F.R.D. 325, 331-332 (N.D. NY 2006); *Rifkind v. Superior Court*, 123 Cal.App.3d 1045 (1981) and Cal. Civil Code § 3295. Ingrassia further objected that the Interrogatory improperly sought financial information without the Court's permission, was not reasonably calculated to lead to the discovery of relevant and/or admissible evidence, compound and included subparts, unduly

MEMORANDUM OF POINTS AND AUTHORITIES IN                    14
SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL CV 07-02669 CRB (EDL)

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    burdensome, oppressive and harassing, and there was no *prima facie* showing for such a

2    discovery request.  Defendants also objected that inclusion of this Interrogatory violated the

3    numerical requirements of FRCP 33(a).

4         Plaintiff claims he is "permitted to discover information about the officer's income, assets,

5    and overall wealth," (Pl.'s Mot. to Compel p. 20:9-10), and cites in support Justice Ginsburg's

6    dissenting opinion in *Honda Motor Co. Ltd. v. Oberg*, 512 U.S. 415, 439 (1994).  In *Honda*, the

7    Supreme Court of the United States interpreted an amendment to the Oregon Constitution

8    prohibiting judicial review of the amount of punitive damages awarded by a jury "unless the court

9    can affirmatively say there is no evidence to support the verdict." *Id.* at 418.  The question

10   presented to the Court was whether that prohibition was consistent with the Due Process Clause

11   of the Fourteenth Amendment. The Court held that it was not. *Id. Honda*, a product liability case

12   resulting in a jury award for punitive damages, has limited or no applicability to this discovery

13   dispute in a civil rights lawsuit where Plaintiff propounds discovery to ascertain the details of a

14   police officer's financial situation *prior to trial and prior to a finding that Plaintiff is even*

15   *entitled to punitive damages*.

16        Plaintiff next cites *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal.

17   1998), for the proposition that "discovery of financial information is allowed if relevant to a

18   punitive damages claim, whether or not such evidence would be admissible at trial." (Pl.'s Mot.

19   to Compel p. 20:12-14).  *Oakes*, a district court opinion which is of course not binding on this

20   Court, is clearly distinguishable on its facts and reasoning.  In *Oakes*, Plaintiff, the purchaser of

21   an allegedly defective yacht, sued the supplier of the yacht alleging numerous cause of action.

22   The supplier counterclaimed and requested a preliminary injunction against Plaintiff after

23   Plaintiff allegedly posted numerous false and libelous statements about Defendant on an internet

24   website. *Oakes* at 282.  The trial court granted defendant's request for the injunction, specifically

25   finding Defendant was *likely to prevail* on its cause of action for trade libel. *Id.*  Defendant

26   thereafter sought discovery related to Plaintiff's financial situation, under the protections of a

27   protective order.  The court in *Oakes* determined that Defendant was entitled to such discovery.

28        However, in this lawsuit, Plaintiff enjoys the benefits of no early favorable findings

MEMORANDUM OF POINTS AND AUTHORITIES IN            15
SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL CV 07-02669 CRB (EDL)

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    regarding Ingrassia's liability as were found in *Oakes*.  Rather, Ingrassia denies liability and

2    contends his actions were wholly lawful.  Accordingly, *Oakes* is not applicable to this case and

3    Plaintiff is not entitled at this time to seek irrelevant information regarding Ingrassia's finances.

4         Finally, this Interrogatory seeks patently private information, and Plaintiff conceded as

5    much in his meet and confer letter by impliedly admitting this information is entitled to qualified

6    protection.  (**Exhibit B** to Fitzgerald Decl., at pg. 6.)  As such, Ingrassia will not produce this

7    information absent Plaintiff demonstrating that his need for it outweighs Ingrassia's compelling

8    right of privacy.  *Rubin v. Regents of the University of California*, 114 F.R.D. 1, 2 (N.D. Cal.

9    1986).

10        In further support Plaintiff's of demand for this information, he claims "[i]nformation

11   about the (sic) Defendant Ingrassia's various sources of income is relevant to Plaintiff's claim for

12   punitive damages and for the purpose of determining whether the officer was subjected to any

13   economic sanction for his misconduct." (Pl.'s Mot. to Compel pg. 20:6-8).  For purposes of this

14   Opposition, Defendant does not dispute that his net worth may be relevant to Plaintiff's claim of

15   punitive damages at some later point.  However, typically Plaintiffs are not entitled to this type of

16   information at this stage of litigation.  Normally, trial is bifurcated into liability and damages

17   portions and Defendants will accordingly seek such an Order or joint stipulation prior to this trial.

18   Indeed, at the most recent case management conference, Judge Breyer indicated that issues

19   relating to bifurcation and punitive damages will be decided at the Pre-Trial Conference.

20        Under federal law, which governs punitive damages issues in this case, Defendant has the

21   burden of introducing evidence of assets if he wants the jury to consider that evidence in limiting

22   any award of punitive damages.  *Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 373 (2nd Cir.

23   1988).  If Plaintiff convinces the jury during trial that he is entitled to punitive damages, Ingrassia

24   will then disclose his income sources and assets.  At this stage of litigation, however, Ingrassia

25   should not have to identify the amount or sources of his income absent Plaintiff showing that his

26   need for this information outweighs Ingrassia's compelling privacy rights at this point of

27   litigation.  This is simply a ploy of harassment by Plaintiff and it should not be condoned.

28   Further, documents indicating Ingrassia's salary history as an employee with CCC have already

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  been produced to Plaintiff.  Additionally, this Interrogatory is compound and contains discrete

2  subparts and thus Plaintiff's Interrogatories violate FRCP 33(a).  The Court should accordingly

3  deny Plaintiff's Motion to Compel further responses to this Interrogatory.

4      Interrogatory Request No. 14

5      Plaintiff again asks Ingrassia to "[i]dentify and describe any assets you presently own

6  either individually, jointly, or in partnership, including but not limited to any money, land, real

7  property, businesses, buildings, investments, bank accounts, stocks, bonds, IRAs, pensions,

8  vehicles (including cars, trucks, or boats), or other valuables.  For each asset identified, state the

9  nature of your interest in the asset, the location of each asset, and give a fair market value for each

10 asset identified."

11     Defendants objected to this Interrogatory on the grounds set forth directly above in

12 Interrogatory Request No. 13.  For the same reasons, the Court should deny Plaintiff's Motion to

13 Compel further responses to this Interrogatory as to this highly private information.

14     Interrogatory No. 15

15     Plaintiff asked Ingrassia "[a]t the time of the INCIDENT, was there in effect any

16 insurance policy through which you were or might be insured in any manner against the risk of

17 liability arising out of the allegations, claims, defenses, or facts related to this case.  If yes, state:

18     a.    The name and address of the insurer,

19     b.    The name and address of the person(s) who pay(s) the premiums,
    c.    The identification number of the policy, and

20     d.    The effective dates of each policy."

21     As discussed above, the previous Interrogatories contained numerous subparts which

22 caused Plaintiff's Interrogatories to exceed the numerical limitations of FRCP 33(a).

23 Accordingly, absent Plaintiff obtaining leave from the Court to propound additional

24 Interrogatories, the Court should deny Plaintiff's Motion to Compel a response to this question, as

25 it exceeds the allowable number of interrogatories.

26     Request for Production of Documents No. 1

27     Plaintiff requested "ALL DOCUMENTS that comprise or are part of your personnel file,

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    including your disciplinary record, and any other documents concerning your hiring, training,

2    duties, performance, assignments, and mental and physical condition."

3        Defendant objected to this Request on the basis of Constitutionally protected and

4    statutorily mandated privacy rights shielding peace officers from the dissemination of such

5    information. See, e.g., Kelly, supra, 114 F.R.D. 653 (N.D. Cal. 1987); Cal. Evid. Code §§ 1040,

6    1043, 1045, 1046; Cal. Gov.'t Code §§ 3300 et seq., Cal. Penal Code §§ 832.7 and 832.8; and

7    Pitchess, supra, 11 Cal.3d 531 (1974). Defendants further objected that the Request was not

8    reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague and

9    ambiguous as to the term "personnel file", compound, unduly burdensome, oppressive and

10   harassing, and Plaintiff had not made a *prima facie* showing for such a discovery request.

11       Nonetheless, Ingrassia, in a good faith effort to answer this irrelevant and vague Request,

12   stated he may agree to submit these requested personnel related records to the Court for an *in*

13   *camera* review following a meet and confer effort between the parties to limit the overbroad

14   scope of this Request. The records have now been produced subject to minor redactions of

15   irrelevant and private information and/or information relating to other CCC employees.

16   Accordingly, this issue is now moot.

17       Request for Production of Documents No. 7

18       Plaintiff has withdrawn his Motion to Compel further responses to this Request in its

19   entirety pursuant to his letter to the Court, dated August 6, 2008. (**Exhibit A** to Fitzgerald Decl.)

20       Request for Production of Documents No. 8

21       Plaintiff requests a "copy of the telephone records for each telephone number identified in

22   your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 8, for

23   the period from May 1, 2006 to the present."

24       Similarly to Plaintiff's Interrogatory No. 8, Ingrassia objected to this Request on the basis

25   of Constitutionally recognized and statutorily mandated privacy rights protecting peace officers

26   from the dissemination of such information. See, e.g., Kelly, supra, 114 F.R.D. 653 (N.D. Cal.

27   1987); Cal. Evid. Code §§ 1040, 1043, 1045, 1046; Cal. Gov.'t Code §§ 3300 et seq., Cal. Penal

28   Code §§ 832.7 and 832.8; and Pitchess, supra, 11 Cal.3d 531 (1974). Defendant further objected

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   that the Request was not reasonably calculated to lead to the discovery of admissible evidence,

2   unduly burdensome, oppressive and harassing, and Plaintiff had not made a *prima facie* showing

3   for such a discovery request.

4   As discussed above, Plaintiff's request for Ingrassia's personal telephone number and

5   related records should be denied given obvious officer-safety concerns. Plaintiff cannot identify

6   **any** evidence establishing a nexus between any harassing telephone calls and Ingrassia, and such

7   a conclusion is clearly a product of Plaintiff's imagination. As noted above, during the Internal

8   Affairs investigation, Plaintiff stated he did not believe that Ingrassia placed the telephone calls

9   and an unidentified female caller may have indeed placed many of them. (**Exhibit C** to

10  Fitzgerald Decl.). Moreover, Ingrassia does not have such records in his possession.

11  Accordingly, Plaintiff's Motion to Compel further responses to this Request should be denied.

12  Request for Production of Documents No. 9

13  Plaintiff requested "ALL DOCUMENTS RELATING to any training you received as

14  identified in your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request

15  No. 9."

16  Because Plaintiff has withdrawn his Motion to Compel further responses to Interrogatory

17  No. 9 in its entirety pursuant to his letter to the Court, dated August 6, 2008, he has impliedly

18  withdrawn this corresponding document Request. (**Exhibit A** to Fitzgerald Decl.). Further, CCC

19  produced records relating to Ingrassia's training in its most recent document production.

20  Request for Production of Documents No. 10

21  Plaintiff asks for "ALL DOCUMENTS RELATING to any complaint you identified in

22  response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 10."

23  As discusses above, Ingrassia's entire personnel file, which includes documents relating to

24  any complaints against Ingrassia, has been produced subject to minor redactions relating to

25  private information and/or other CCC employees. Plaintiff's Motion to Compel should therefore

26  be denied.

27  Request for Production of Documents No. 11

28  Plaintiff seeks "ALL DOCUMENTS RELATING to any disciplinary action described in

1    your response to Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, Request No. 11."

2         As discusses above, Ingrassia's entire personnel file, which includes documents relating to

3    any disciplinary action taken against Ingrassia, has been produced subject to minor redactions

4    relating to private information and/or other CCC employees. Plaintiff's Motion to Compel should

5    therefore be denied.

6                              IV.    **CONCLUSION**

7         Defendants CCC and Ingrassia have fully satisfied their respective discovery obligations

8    in this case by fully and completely answering Plaintiff's Interrogatories and producing more than

9    8000 pages of documents, including confidential and privileged documents, in response to

10   Plaintiff's document requests. Accordingly, and for the reasons stated above, Defendant Ingrassia

11   respectfully requests that the Court deny Plaintiff's Motion to Compel Further Responses to his

12   Interrogatories and Requests for Documents.

13   Dated: August 13, 2008              MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                         PFALZER, BORGES & BROTHERS LLP
14

15

16                                       By: _____
                                             James V. Fitzgerald, III
17                                           Noah G. Blechman
                                             J. Garret Deal
18                                           Attorneys for Defendant
                                             JASON INGRASSIA
19

20

21

22

23

24

25

26

27

28

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330