1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  J. GARRET DEAL (State Bar No. 249934)
   McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
3  PFALZER, BORGES & BROTHERS LLP
   1211 Newell Avenue
4  Post Office Box 5288
   Walnut Creek, CA 94596
5  Telephone: (925) 939-5330
   Facsimile: (925) 939-0203
6
   Attorneys for Defendant
7  JASON INGRASSIA

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ABHINAV BHATNAGAR,                    Case No. C07-02669 CRB (EDL)

12              Plaintiff,               **DECLARATION OF JAMES V.**
                                         **FITZGERALD, III, IN SUPPORT OF**
13       vs.                             **DEFENDANT JASON INGRASSIA'S**
                                         **OPPOSITION TO PLAINTIFF'S MOTION**
14  JASON INGRASSIA, individually and in **TO COMPEL**
    his official capacity; COUNTY OF
15  CONTRA COSTA; and CITY OF SAN         Date:   August 26, 2008
    RAMON,                               Time:   9:30 a.m.
16                                        Dept:   Courtroom E, 15th Floor
              Defendants.                Judge:  Honorable Elizabeth D. Laporte
17

18       I, James V. Fitzgerald, III, Esq., hereby declare:

19       1.      I am an attorney at law duly licensed to practice before the courts of the State of

20  California and am a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer,

21  Borges & Brothers LLP, attorneys of record for Defendant JASON INGRASSIA. I have personal

22  knowledge of each matter stated herein. I submit this declaration in support of Defendant JASON

23  INGRASSIA'S ("Ingrassia") Opposition to Plaintiff's Motion to Compel Responses to First Set

24  of Discovery Requests.

25       2.      On May 13, 2008, Plaintiff served his First Set of Interrogatories and Document

26  Requests on Ingrassia. Many of these interrogatories and requests sought confidential and/or

27  privileged law enforcement personnel-related records and/or information. Defendants therefore

28  Declaration of James V. Fitzgerald, III, in Support
    of Defendant Jason Ingrassia's Opposition to
    Plaintiff's Motion to Compel C07-02669 CRB
    (EDL)

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    objected to answering Plaintiff's Interrogatories and Document Requests until the Court approved

2    a stipulated protective order.  These records and/or information were also not in Ingrassia's

3    custody, possession and/or control and thus the documents and/or information were not produced

4    by Ingrassia, but rather by Contra Costa County ("CCC"), a separate Defendant.

5         3.    On June 30, 2008, Defendants served Ingrassia's responses to Plaintiff's First Set

6    of Interrogatories and Amended Document Requests.

7         4.    On July 10, 2008, CCC served Plaintiff with its Supplemental Production of

8    Documents in Response to Plaintiff's First Set of Discovery Requests, Request Number Five.

9    Personnel-related documents responsive to this Request which were privileged and/or

10   confidential were again withheld pending approval of a signed and filed protective order.

11        5.    On July 16, 2008, CCC served Plaintiff with its Responses to Plaintiff's Second

12   Set of Document Requests, including non-confidential documents responsive to those Requests.

13   Confidential and/or privileged personnel-related documents were again withheld pending

14   approval of a signed and filed protective order.

15        6.    On July 18, 2008, CCC served Plaintiff with its Supplemental Responses to

16   Plaintiff's Second Set of Document Requests.  These documents included training file records for

17   Ingrassia's POST academy classes.  That same day, CCC also served Plaintiff with additional

18   documents and compact discs supplementing its responses provided to Plaintiff on July 16, 2008.

19        7.    On July 21, 2008, CCC served Plaintiff with its Amended Responses to Plaintiff's

20   Document Requests, including confidential records produced pursuant to a protective order

21   entered that same day.  These confidential records included Ingrassia's personnel files, as well as

22   the Internal Affairs investigation report regarding Plaintiff's complaint to the Contra Costa

23   County Sheriff's Office.

24        CCC redacted portions of several documents.  These redactions included:

25   • Ingrassia's California Driver's License Number;

26   • Ingrassia's firearm's serial number;

27   • Sergeant Ted Anderson's personal cellular telephone number;

28   Declaration of James V. Fitzgerald, III, in Support          2
     of Defendant Jason Ingrassia's Opposition to
     Plaintiff's Motion to Compel C07-02669 CRB
     (EDL)

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   • Ingrassia's Social Security Number;

2   • Ingrassia's prior and current addresses;

3   • Ingrassia's telephone number(s);

4   • Ingrassia's parents' personal and business addresses and telephone numbers;

5

6   • Names, addresses and telephone numbers of individuals Ingrassia had lived with prior to
        him joining the Sheriff's Office;

7   • Addresses and telephone numbers of personal references for Ingrassia's employment
        application submitted to the Sheriff's Office;

8

9   • Names of references from various schools for Ingrassia's employment application
        submitted to the Sheriff's Office;

10  • Last names of coworkers and supervisors at Ingrassia's employments prior to joining the
        Sheriff's Office;

11

12  • Ingrassia's Military Selective Service Number;

13  • Ingrassia's automobile liability insurance policy number;

14  • Ingrassia's credit card number and balances thereof;

15  • Ingrassia's student identification number at Los Medanos College;

16  • Names of Sheriff's Deputies reassigned with Ingrassia;

17  • Names and social security numbers of Sheriff's Deputies promoted with Ingrassia, and;

18  • Descriptions of Ingrassia's employment-related injuries and/or illnesses.

19          8.      Attached as "**Exhibit A**" is a true and correct copy of a letter dated August 6,

20  2008, from Jenny Huang, Plaintiff's Counsel, to Honorable Magistrate Judge Laporte, pursuant to

21  the Court's August 4, 2008 Order granting Plaintiff's Motion to Shorten Time and Setting

22  Briefing Schedule and Hearing on Plaintiff's Motion to Compel.

23          9.      Attached as "**Exhibit B**" is a true and correct copy of July 5, 2008 Letter from

24  Jivakka Candappa, Plaintiff's counsel, to James V. Fitzgerald, III, regarding Plaintiff's effort to

25  meet and confer regarding Defendants' discovery responses.

26          10.     Attached as "**Exhibit C**" is a true and correct copy of relevant portions of the

27  Internal Affairs investigation regarding Plaintiff's complaint, "BATES" numbered "CC 7946-

28  7947."

Declaration of James V. Fitzgerald, III, in Support          3
of Defendant Jason Ingrassia's Opposition to
Plaintiff's Motion to Compel C07-02669 CRB
(EDL)

1    I declare under penalty and perjury the foregoing is true and correct.

2

3    Executed this  _12th_  day of August, 2008 at Walnut Creek, California.

4                              By: _____

5                                   James V. Fitzgerald, III, Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Declaration of James V. Fitzgerald, III, in Support          4
of Defendant Jason Ingrassia's Opposition to
Plaintiff's Motion to Compel C07-02669 CRB
(EDL)

# Exhibit A

# Justice First, LLP
## Attorneys at Law

Jenny Huang, Partner
Sarita Ordóñez, Partner
Nadia Aziz, Fellow
Shawn Elzie, Intern

Main Office:
2831 Telegraph Avenue
Oakland, CA 94609
t (510) 628-0695 • f (510) 272-0711

August 6, 2008

**By electronic filing**

The Honorable Elizabeth D. Laporte
Northern District of California
450 Golden Gate Ave., 15th Floor
San Francisco, CA 94102

      **Re: *Bhatnagar v. Ingrassia et al.*, Case No. 3:07-cv-02669 (CEB)(EDL)**

Dear Magistrate Judge Laporte:

      Pursuant to the court's order dated August 4, 2008, Plaintiff submits this letter to inform the court of any discovery requests that are no longer at issue in Plaintiff's Motion to Compel Responses to the 1st Set of Discovery Requests on Defendant Ingrassia, filed on July 26, 2008. Starting on July 16, 2008, Defendant County of Contra Costa ("County") began producing documents in response to Plaintiff's 2nd Set of Document Requests on the County. Because some of the documents produced by the County overlap with discovery sought from Defendant Ingrassia, Plaintiff withdraws several of the discovery requests at issue in his motion to compel, as detailed below.

      First, in light of the County's production of policies, procedures, and training records pertaining to Defendant Ingrassia, Plaintiff withdraws Interrogatory Request No. 9 and Document Request No. 7 in their entirety.

      Second, the County produced information from which Plaintiff can determine the salary and benefits received by Defendant Ingrassia. For this reason, Plaintiff will withdraw information requested in Interrogatory Request No. 1(c). All other information requested by Interrogatory Request No. 1 remain at issue, including each employment position held by Defendant Ingrassia, the dates of employment, a description of his duties and responsibilities in each position, identification of his director supervisor in each position, and the reason why he left the position.

      Finally, the County produced portions of Defendant Ingrassia's personnel file with redactions of significant and relevant information. Among other documents, the County has

agreed to produce unredacted copies of Defendant Ingrassia's personnel file, upon the issuance of a court order. The County stated that it would not oppose any request by Plaintiff for such an order, but anticipates objections from Defendant Ingrassia. Therefore, Plaintiff requests that the court consider the parties' arguments relating to Document Request No. 1 and if appropriate, order the County to produce an unredacted copy of Defendant Ingrassia's personnel file.

In all other respects, the discovery sought in Plaintiff's motion to compel remain at issue. The court's time and consideration of this matter is sincerely appreciated.

Yours truly,

/s/  Jenny Huang

Jenny Huang

cc:    James Fitzgerald, Esq.
       Gregory Harvey, Esq.

# Exhibit B

# JIVAKA CANDAPPA
**ATTORNEY AT LAW**

46 Shattuck Square, #15
Berkeley, CA 94704

T  510 981 1808
F  510 981 1817
jcandappa@att.net

July 5, 2008

*By mail and facsimile transmission*

James V. Fitzgerald, III, Esq.
McNamara, Dodge et al.
1211 Newell Avenue
Walnut Creek, CA 94596

<u>*Abhinav Bhatnagar v. Jason Ingrassia et al.* Case #:C07-02669 (CEB)</u>

Dear Mr. Fitzgerald:

This letter serves as a meet and confer about Defendant Jason Ingrassia's responses to Plaintiff's first set of interrogatories and request for documents. Specifically, Plaintiff requests Defendant to provide answers to interrogatories numbers 1, 3, and 5 through 15, produce all documents responsive to document requests 1, and 7 through 11, and to provide the relevant verifications to Defendant's discovery responses.

As a general matter, Plaintiff notes that Defendant has not produced a single document in response to Plaintiff's twelve documents requests, and has not provided meaningful responses to Plaintiff's fifteen interrogatories. Further, Defendant's prophylactic objections are without merit, and are legally and factually inapposite as discussed more fully below. In the interest of avoiding an extension of the discovery cut-off and a continuance of the trial date, Plaintiff would urge Defendant to reconsider its strategy in responding to Plaintiff's legitimate discovery.

Please note that Plaintiff does not intend to further prolong resolution of this discovery dispute by engaging in several rounds of discussion regarding the discoverability of matters covered in Plaintiff's discovery requests. Accordingly, **Plaintiff requests Defendant to provide responses to interrogatories numbers 1, 3, and 5 through 15, produce all documents responsive to document requests 1, and 7 through 11, and provide the relevant verifications to Defendant's discovery responses by 5:00 p.m. on July 11, 2008.** And to the extent that Defendant's responses or documents production implicates matters that are privileged, confidential or private, Plaintiff is willing to stipulate to a protective order based on the federal

Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 2 of 8

model. In this regard, a copy of the stipulated protective order negotiated between Plaintiff and
Contra Costa County is attached for Defendant Ingrassia's review. Plaintiff would request
Defendant Ingrassia to join in the stipulation so as to facilitate the disclosure of responsive
documents, which Defendant claims are of a confidential nature.

<u>Defendant Ingrassia's Responses to Plaintiff's 1st Set of Interrogatories</u>

<u>Interrogatory No. 1</u>
       Defendant's response, including his response about his job duties and responsibilities, is
wholly inadequate, non responsive and borders on being evasive. Contrary to Defendant's
contention, Plaintiff's request is relevant and not unduly burdensome, oppressive or harassing.
As you are aware, Plaintiff has sought punitive damages against Defendant Ingrassia. Plaintiff
is therefore entitled to learn whether Defendant suffered a demotion in rank or pay. Plaintiff
also asserts liability claims against Contra Costa County and the City of San Ramon. In order to
prove those claims, Plaintiff is permitted to learn whether Defendant was reassigned
consequent to the subject lawsuit or complaints made against Defendant. Moreover, Plaintiff's
request is not unduly burdensome or overbroad as it would only require production of
employment records from October 2002 onwards. Plaintiff's request is also not vague and
ambiguous as to the term "position." The term "position" viewed in the context of Defendant's
employment is readily understood and requires no definition.

       Further, Defendant's privilege-based objections under state law are inconsistent with
federal law and inapplicable in federal litigation. *See Kerr v. United States District Court for
Northern Dist.*, 511 F.2d 192 (9th Cir. 1975); *Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal.
1995) (holding that privileges under Cal. Evidence Code §§ 1043 et seq. and Penal Code § 832.5
are inapplicable in federal courts.). Under federal law, discovery is governed by a more liberal
standard and it is the party resisting discovery who bears the burden of proving disclosure is
not required. (*Soto v. City of Concord, supra,* 162 F.R.D. at 609, fn 2.) At minimum, a party who
withholds information based on a privilege must provide a privilege log which, among other
things, describes the nature of the information withheld. (Fed.R.Civ.Pr., rule 26(b)(5).)

       Moreover, Defendant's reliance on *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.
1987) is misguided because the court permitted the disclosure of evidence to the parties in the
suit. 114 F.R.D. at 671.[1] Likewise, Defendant's objection that the request is compound because
it includes subparts is incorrect. The interrogatory is not compound as the information sought
is "logically or factually subsumed within and necessarily related to" the primary question."
*See Safeco of America v. Rawstrom,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).

[1] "The issue in *Kelly* was not whether there should be a protective order, but whether there should be
disclosure to the party requesting discovery." *Welsh v. City and County of San Francisco,* 887 F. Supp. 1293,
1298 (N.D. Cal. 1995).

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 3 of 8

Kindly provide a comprehensive response to each subpart in the first interrogatory, including a detailed description of Defendant Ingrassia's duties and responsibilities in each position with the Contra Costa County Sheriff's Office.

### Interrogatory No. 3

As a threshold matter, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, the interrogatory is not compound as the information sought is "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Plaintiff's interrogatory requests Defendant to identify all persons with whom Defendant discussed any aspect of the Bhatnagar case. In identifying each such person Defendant must provide the "person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." *See* "Definitions" in Plaintiff's Interrogatories to Defendant. Defendant, in responding to Plaintiff's interrogatory, admits that he discussed the case with his employer and family members. However, the relevant identifying information was not provided.

Kindly provide the relevant identifying information pertaining to each and every family member and employee of Contra Costa County referenced in Defendant's partial response to Plaintiff's interrogatory and further provide responses to all of the subparts in Plaintiff's interrogatory.

### Interrogatory No. 5

As a threshold matter, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. To the extent that Defendant's refusal to answer the interrogatory is based on attorney client and attorney work product privileges, kindly produce a privilege log identifying the nature of documents or communications that you contend are subject to attorney-client and attorney work product privileges. In this regard, the identity of persons not covered by attorney client and attorney work product privileges must be disclosed.

Further, the interrogatory is not compound as it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Moreover, Defendant's objections that the interrogatory is overbroad, vague and ambiguous are without merit.

Plaintiff has asserted claims against the municipalities involved and is therefore entitled to discover the employers' responses to allegations of misconduct against Defendant Ingrassia. Defendant Ingrassia knows or ought to know the identity of persons who questioned him in

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 4 of 8

connection with the subject case. Accordingly, the identity and location of persons having knowledge of any discoverable matters must be disclosed. *See* FRCP 26(a)(1), *American Floral Services, Inc. v. Florists Transworld Delivery Ass'n.*, 107 F.R.D. 258, 260 (N.D. Ill 1985).

### Interrogatory No. 6
Plaintiff disagrees with Defendant's legal and factual contentions. Given that Defendant's employment with the Contra Costa County Sheriff's Office began in October 2002, the interrogatory can hardly be characterized as overbroad, unduly burdensome, oppressive or harassing. Moreover, Defendant's objections to the interrogatory clearly indicate that the interrogatory is neither vague nor ambiguous.

Plaintiff is aware of at least five instances in which Defendant Ingrassia has testified under oath. In each of those five instances, the factfinder concluded that Defendant Ingrassia's testimony lacked credibility. Plaintiff is therefore entitled to discover any other instances in which Defendant Ingrassia has been less than truthful in giving sworn testimony.

Accordingly, Plaintiff requests Defendant to answer the interrogatory.

### Interrogatory No. 7
Defendant's legal objections are without merit. First, the interrogatory is not compound as it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Second, the information is relevant for purpose of Plaintiff's *Monell* claim. Accordingly, if Defendant Ingrassia is in possession of information responsive to Plaintiff's interrogatory, he must disclose such information instead of improperly directing Plaintiff to the County of Contra Costa. Third, the information sought in the interrogatory does not call for legal conclusions as Plaintiff asked Defendant to identify any and all persons who authorized, approved, condoned or ratified Defendant's actions. Finally, as to the definitions for each of the disputed terms, Plaintiff would suggest that Defendant provide an answer consistent with the plain meaning of each of the disputed definitions.

### Interrogatory No. 8
Plaintiff's request for Defendant's telephone numbers is relevant because one of the issues in this case pertains to the harassment and intimidation of Plaintiff and witnesses. Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) in this regard are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, the interrogatory is not compound as the information sought is "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Plaintiff is therefore entitled to know whether any of the calls relating to the harassment and intimidation of witness were made from a phone number used by Defendant in the period May 1, 2006, through present.

*Lorraine Dumanzgar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 5 of 8

### Interrogatory No. 9

As Defendant is well aware, one of the issues in this case is Defendant's racial profiling of Plaintiff. Defendant also knows that at least three judges have found that Defendant engaged in conduct that violated the Fourth Amendment rights of Plaintiff and others. Consequently, the training received by Defendant in the areas identified in Plaintiff's interrogatory are relevant and should be disclosed. As stated above, Plaintiff is willing to stipulate to a protective order based on the federal model.

Moreover, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. The interrogatory is also not compound because it does not include any subparts. *See, e.g., Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Finally, Plaintiff disagrees with Defendant's contention that the disputed terms are vague, ambiguous, overly broad, and that the interrogatory has been propounded to oppress or harass Defendant.

Accordingly, Defendant must provide a meaningful response to the interrogatory. Please note that the production of training records is not an adequate response to this interrogatory, which requires a written response that includes all of the requested information.

### Interrogatory No. 10

Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections as to the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Contrary to Defendant's contention, prior complaints about Defendant's conduct as a Sheriff's deputy would be relevant to credibility issues, *Monell* liability, and punitive damages. Further, Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. In addition, the strong public interest in uncovering civil rights violations, outweighs any privacy interest Defendant may have in non-disclosure. (*Soto v. City of Concord, supra*, 162 F.R.D. at 620-21 *See also*, Discussion Re. Interrogatory No. 1, *supra*. Plaintiff also disagrees with Defendant's conclusory contention that the term "complained" is not properly defined. In this regard, Plaintiff would suggest that Defendant provide an answer consistent with the plain meaning of the disputed definition.

### Interrogatory No. 11

The interrogatory is relevant, for example, to prove Plaintiff's *Monell* claim. Defendant's objections pursuant to state law and *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra*. Further, Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above,

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 6 of 8

Defendant's objections regarding the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).

### Interrogatory No. 12
Defendant's criminal history, if any, is relevant with respect to issues such as Defendant's credibility and veracity, the County's policies pertaining to hiring, training and supervision, and Defendant's general qualifications to serve as a Sheriff's deputy.

Further, Defendant's objections pursuant to state law and *Kelly v. City of San Jose,* 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite. *See* Discussion Re. Interrogatory No. 1, *supra.* Plaintiff also disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections regarding the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).

### Interrogatories No. 13 and 14
Plaintiff's discovery is relevant for purposes of developing his claim for punitive damages. And as discussed above, Plaintiff's interrogatories have not exceeded the allowable limit of 25. *See, e.g., Safeco of America v. Rawstrom,* 181 F.R.D. 441, 445 (C.D. Cal. 1998). Moreover, Defendant's objections on the basis of privilege and confidentiality pursuant to *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975) are inapplicable here. As the court in *Premium Service* pointed out, "Tax returns do not enjoy an absolute privilege from discovery." 511 F.2d at 229.

Accordingly, Defendant must answer Plaintiff's interrogatories.

### Interrogatory No. 15
Plaintiff disagrees with Defendant's contention that the interrogatories exceed the allowable limit. As discussed above, Defendant's objections as to the compound nature of Plaintiff's interrogatories are without merit because the interrogatories did not contain subparts or were "logically or factually subsumed within and necessarily related to the primary question." *See Safeco of America v. Rawstrom,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Accordingly, Defendant must answer Plaintiff's interrogatory.

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 7 of 8

### Defendant Ingrassia's Responses to Plaintiff's 1st Set of Document Requests

**Document Request No. 1**
Plaintiff's request is relevant for purposes of proving his claims against Defendant
Ingrassia and the County of Contra Costa. As discussed above, Defendant's objections
pursuant to state law and *Kelly v. City of San Jose,* 114 F.R.D. 653 (N.D. Cal. 1987) are inapposite.
*See* Discussion Re. Interrogatory No. 1, *supra.* Further, Defendant's objection that the term
"personnel file" is vague and ambiguous is without merit. The term "personnel file" in the
context of Plaintiff's employment with the Contra Costa County Sheriff's Office is readily
understood and requires no definition. As stated above, Plaintiff is prepared to stipulate to a
protective order to facilitate the disclosure of Defendant's personnel records. *See* attached
Stipulated Protective Order for Defendant's review. However, Plaintiff does not see the need to
submit Defendant's entire personnel file for an in camera review. If there are specific
documents Defendant claims are privileged, please provide a privilege log as required under
Fed.R.Civ.Pro. 26(b)(5) and Plaintiff will consider whether to submit those documents for in
camera review.

**Document Request No. 7**
Plaintiff disagrees with Defendant that the phrases "police material" and "governing
your conduct during the INCIDENT" are vague, ambiguous, compound and unintelligible. In
this regard, the terms "police" and "law enforcement" are synonymous. Accordingly, Plaintiff
requests Defendant to produce all responsive documents bearing on Defendant's conduct at
issue in this case the scope of which may be determined by the categories of documents
identified in Plaintiff's request.

**Document Requests No. 8 through 11.**
Defendant's failure to produce responsive documents is based on an erroneous
argument that the companion interrogatories exceeded the statutory limit of 25. However, as
explained above, Defendant should have provided answers to interrogatories 8 through 11 and
accordingly must produce all documents responsive to document requests 8 through 11 as well.
*See also* discussion above pertaining to Interrogatories 8 through 11. And, Defendant's refusal
to produce responsive documents based on state law privileges and *Kelly v. City of San Jose,* 114
F.R.D. 653 (N.D. Cal. 1987), is in error. *See* Discussion Re. Interrogatory No. 1, *supra.*

In the interest of avoiding a delay in the trial of this case, please understand that
Defendant will not be granted further extensions of time to respond to the disputed discovery.
Accordingly, Plaintiff looks forward to receiving all responsive discovery and the requisite
verifications by 5:00 p.m. on July 11, 2008.

*Abhinav Bhatnagar v. Jason Ingrassia et al.*
Case #:C07-02669 (CEB)
Discovery Meet and Confer
Page 8 of 8

Sincerely,

Jivaka Candappa
Attorney for Plaintiff, Abhinav Bhatnagar

cc:     Noah Blechman, Esq.
        McNamara, Dodge et al.

        Greg Harvey, Esq.
        Contra Costa County Counsel

# Exhibit C

# 2006-048
DO NOT COPY

Date Received: 11-21-06
Complainant: Bhatnagar, Abhinav

CONFIDENTIAL
COPYING PROHIBITED
By Court Order in No. C 07-2669 CRB
United States District Court
Northern District of California

## September 7, 2006

San Ramon Police Chief Holder authored a letter to Ms. Garrido acknowledging the letter. He informed her the case would be forwarded to the Sheriff's Field Operations Bureau Command Staff for further review and investigation.

## September 13, 2006

Professional Standards Unit Lieutenant Navarro sent a letter to both Ms. Garrido and Bhatnagar acknowledging the receipt of the complaint from the Sheriff's Field Operations Bureau Command Staff.

## September 14, 2006

At 1430 hours, Professional Standards Unit Lieutenant Navarro received a telephone call from Bhatnagar. Lieutenant Navarro authored a document with a summary of the conversation. The following is an excerpt from the document. "Mr. Bhatnagar told me that he didn't want to go forward with the complaint and stated that he had been through a lot lately, including a death in his family. I told Mr. Bhatnagar that the Office of the Sheriff does not condone the misconduct that had been alleged in the letter from his attorney." Mr. Bhatnagar replied that "everything was all right now" and he is not getting anymore phone calls. He said that he didn't believe it was the officer who had been calling him anyway. Lt. Navarro asks Bhatnagar to send a letter requesting the Office of the Sheriff to discontinue the investigation into the allegations. As of this day, no letter was received.

## September 29, 2006

Lieutenant Navarro received a second letter from Ms. Garrido. Garrido stated Bhatnagar had a second incident with Officer Ingrassia on September 29, 2006 at 0200 hours. Bhatnagar was issued a citation from Officer Ingrassia for an illegal U-turn in San Ramon. During the exchange, Officer Ingrassia allegedly stated, *"What the fuck are you doing in San Ramon? I don't want to see your ass in San Ramon"* He went on to say, *"You can take me to court, but you can't do anything to me. I can take your ass to jail anytime. I could take your ass to jail right now."* (San Ramon citation 25-132423.5)

## October 4, 2006

Professional Standards Unit, Lieutenant Navarro, wrote a letter to Bhatnagar. The letter included the following content, **"Per our conversation, you told me that you did not want to pursue a complaint alleging misconduct on the part of Officer Ingrassia. Additionally, you told me that "everything was all right now" and you didn't**

Bhatnagar v. CCC   CV07-02669 CRB
CC30
Bhatnagar v. CCC   CV 07-02669 CRB
CC 7946   8



# 2006-048
DO NOT COPY
CONFIDENTIAL
COPYING PROHIBITED
By Court Order in No. C 07-2669 CRB
United States District Court
Northern District of California

Date Received: 11-21-06
Complainant: Bhatnagar, Abhinav

believe the Officer had been calling or harassing you as Ms. Garrido's letter alleged."

The letter went on to say the Office of the Sheriff has received a letter from your counsel, which again you allege misconduct on the part of Officer Ingrassia from a separate incident that occurred on September 29, 2006.

*November 16, 2006*

Bhatnagar submitted a written citizen complaint. The complaint stated the following: *I was called a terrorist and threatened in a separate incident 9/29/06, that my bones will be broken and I never should visit San Ramon and was given a traffic ticket (illegal u-turn) which I never made a u-turn by the same police officer.*

*January 8, 2007*

Lieutenant Navarro contacted DMV Oakland and requested a copy of the taped Admin Per Se hearing that occurred on July 26, 2006 and October 11, 2006 in Oakland.

*January 9, 2007*

Lt. Navarro assigned me to investigate this complaint.

I contacted CCCSO dispatch and requested a copy of the dispatch tapes and dispatch logs for the two separate incidents: 5-20-06 and 9-29-06. I was informed the time limit had expired on the 5-20-06 incident and the tape was not retrievable. I responded to dispatch and retrieved the 9-29-06 tape and dispatch log along with the dispatch log for the 5-20-06 incident. (See attachments)

I contacted Public Defender Garrido and requested a copy of the taped DMV Admin Per Se hearing. Garrido returned my call and told me she would make a copy of the hearing tape.

I traveled to the City of San Ramon and spoke with San Ramon Police Sergeant E. Webb. I requested a copy of the intoxilizer room videotape from San Ramon dated 5-20-06. Sgt Webb stated the videotapes of the intoxilizer room are not kept more than a month. I also questioned Sgt Webb regarding the possibility of public security videotaping equipment in the city park on Bollinger Canyon Road at Market Place. Sgt Webb stated the city park does have videotaping equipment for the concession stand to aid against vandalism and theft, but the cameras do not face Bollinger Canyon Road.