JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>    Plaintiff,<br><br>    vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>    Defendants. | Case No.: 3:07-cv-02669 (CEB)(EDL)<br><br><br><br>Date:  August 26, 2008<br>Time:  9:30 a.m.<br>Honorable Elizabeth D. Laporte |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO PLAINTIFF'S 1ST SET OF DISCOVERY REQUESTS
ON DEFENDANT INGRASSIA**

# ARGUMENT

## I. RELEVANT DISCOVERY FROM DEFENDANT INGRASSIA REMAINS UNANSWERED AND IN DISPUTE.

Pursuant to the court's order dated August 4, 2008, Plaintiff submitted a statement indicating the extent to which any discovery produced by Defendant Contra Costa County ("County") overlapped with discovery requested from Defendant Ingrassia. (Docket No. 107.) Accordingly, Plaintiff withdrew two discovery requests in their entirety (Interrogatory No. 9 and Document Request No. 7), and portions of two additional discovery requests (Interrogatory No. 1 and Document Request No. 1.) Nonetheless, Defendant Ingrassia repeatedly represents to this court that the County's document production satisfies discovery requests propounded on Defendant Ingrassia.

Quite to the contrary, this motion presents highly relevant aspects of discovery that remain unanswered by any defendant in this case. For instance, Defendants have repeatedly denied Plaintiff discovery that is necessary to investigate and confirm that Defendant Ingrassia is responsible for making the harassing phone calls to Plaintiff. As early as October 30, 2007, Plaintiff requested documents from Defendant Ingrassia's personnel file that would reveal phone numbers for the officer. (Declaration of Jenny Huang dated 8/15/08 ("Huang Reply Decl.") at ¶ 2.) To date, Plaintiff has been unable to determine whether all documents from the officer's personnel file have been produced. (Huang Reply Decl. at ¶ 3-4.) Moreover, any documents that purportedly derive from the officer's personnel file have been redacted to hide any phone numbers used by Defendant Ingrassia. (Huang Reply Decl. at ¶ 4.) Although Assistant County Counsel admits the relevance of the officer's phone numbers, Mr. Harvey has refused to release this information without the officer's consent. (Huang Reply Decl. at ¶ 5.)

As is apparent from Defendant Ingrassia's opposition brief, the officer denies Plaintiff discovery of any of his phone numbers, claiming that such information is irrelevant and could subject him to retaliatory and violent conduct. (Interrogatory Request No. 8, Document Request No. 8, Opposition Brief at 9.) It is significant to note that there is absolutely nothing in the record to suggest that Plaintiff has ever attempted any violent or retaliatory conduct towards Defendant Ingrassia. To the contrary, it is well-documented throughout the record in this case that it is Defendant Ingrassia who has repeatedly harassed and threatened Mr. Bhatnagar, at least one witness,

JUSTICE FIRST, LLP

and two deputy public defenders. (*See, i.e.,* Affidavit of Abhinav Bhatnagar dated October 29, 2007, attached as Exhibit E to the Huang Reply Decl.)

The phone numbers used by Defendant Ingrassia from 2006 to 2007 are necessary for Plaintiff to investigate and confirm that the officer is indeed responsible for the harassing and threatening phone calls to Plaintiff. Such investigation by Plaintiff is particularly necessary because the Contra Costa County Sheriff's Department failed to conduct any investigation to determine whether Defendant Ingrassia was responsible for making these threatening phone calls to Plaintiff. Despite repeated requests made to the Sheriff's Department by Plaintiff's Deputy Public Defender Diana Garrido and by Plaintiff's counsel to investigate the threatening phone calls, the Sheriff's Department ignored such requests and failed to prevent ongoing harassment by Defendant Ingrassia. (Huang Reply Decl. at ¶¶ 6-11.) In the absence of any investigation by the Sheriff's Department about the harassing phone calls, it is imperative that Defendants provide Plaintiff with the necessary information to conduct his own investigation so that he can confirm and document the officer's involvement in these harassing phone calls.

In addition to discovery relating to the officer's phone numbers, there are numerous other relevant areas of discovery that remain unanswered by any defendant in this case. For instance, neither Defendant Ingrassia nor Defendant County of Contra Costa has provided Plaintiff with any information to explain when, why, and how the officer was transferred from patrol officer to the Martinez Detention Facility, subsequent to Plaintiff's arrest and the dismissal of all criminal charges. (Interrogatory Request No. 1.) To date, Plaintiff has been denied discovery to (1) identify people with whom Defendant Ingrassia has discussed this case (Interrogatory Request No. 5), (2) identify the officer's instances of prior sworn testimony (Interrogatory Request No. 6), (3) identify anyone who authorized the officer's conduct during the incidents in dispute (Interrogatory Request No. 7), (4) identify each person who has ever complained about the officer in his capacity as a Deputy Sheriff (Interrogatory Request No. 10), (5) determine whether Defendant Ingrassia has ever been subjected to disciplinary action by the Sheriff's Department (Interrogatory Request No. 11, Document Request No. 11), (6) describe the officer's prior criminal history (Interrogatory Request No. 12), (7) describe the officer's income and assets (Interrogatory Request Nos. 13-14), and (8)

describe the officer's insurance coverage (Interrogatory Request No. 15).[1]

## II. PLAINTIFF HAS NOT EXCEEDED THE ALLOWABLE NUMBER OF INTERROGATORIES.

As Mr. Fitzgerald acknowledges, Plaintiff has only served one set of interrogatories on Defendant Ingrassia – namely, the interrogatories underlying the present motion. (Declaration of James Fitzgerald ("Fitzgerald Decl.") at ¶ 2.) Yet, with regard to Plaintiff's very first interrogatory request on Defendant Ingrassia (Interrogatory Request No. 1), Mr. Fitzgerald disingenuously claims that Plaintiff has exceeded the allowable number of interrogatories under the federal rules. At the same time, Mr. Fitzgerald argues that Interrogatory Request No. 1 includes seven subparts, which is less than the 25 interrogatories allowed by the federal rules. (Defendant Ingrassia's Memorandum of Points and Authorities in Support of Opposition to Plaintiff's Motion to Compel ("Opposition Brief") at 4-5.) In similar fashion, Mr. Fitzgerald makes the astonishing claim that Plaintiff's Interrogatory Request No. 11 includes as many as 72 subparts. (Opposition Brief at 12.)

In the face of such gamesmanship and obstructive tactics by Defendant Ingrassia, Plaintiff respectfully requests the court's assistance in compelling answers to the allowable number of interrogatories requested by Plaintiff, with the exception of Interrogatory Request No. 9 which was withdrawn by Plaintiff. In the interest of avoiding future disagreements between the parties, Plaintiff also requests that the court rule upon the total number of interrogatories thus far requested by Plaintiff. Such a ruling will permit Plaintiff to determine whether a motion for leave will be required to propound additional interrogatories in Plaintiff's 2nd Set of Interrogatories on Defendant Ingrassia, pursuant to Civil Local Rule No. 33-3.

## III. PLAINTIFF REQUESTS THE COURT'S ASSISTANCE IN SCHEDULING THE DEPOSITION OF DEFENDANT INGRASSIA

In his opposition brief, Mr. Fitzgerald repeatedly denies Plaintiff discovery on the basis that the requested information can be inquired from the officer in his "upcoming deposition".

---

[1] To avoid repetition, Plaintiff relies in all other respects on his opening brief filed on July 26, 2008 for arguments in support of each discovery request that remains in dispute. (Docket No. 93.)

(Opposition Brief at 4:8-10, 6:10-11, 7:3-5, 7:17-18, 11:3-4, 13:19-20, 14:13-14.)  However, Mr. Fitzgerald fails to also inform the court that he has ignored Plaintiff's repeated efforts to schedule the deposition of Defendant Ingrassia.  (Huang Reply Decl. at ¶ 12-13.)  In the interest of avoiding any further delay of the trial date presently scheduled for December 8, 2008, Plaintiff respectfully requests the court's assistance in scheduling the deposition of Defendant Ingrassia. (Huang Reply Decl. at ¶ 14-15.)

Moreover, Plaintiff anticipates that he will require more than the allowable 1 day for 7 hours of testimony to fairly and fully depose Defendant Ingrassia.  (Huang Reply Decl. at ¶ 16-17.)  In addition to questioning Defendant Ingrassia about all the circumstances occurring before, during, and after the arrest of Plaintiff on May 20, 2006, Plaintiff will require adequate time to question the officer about numerous other areas of relevant inquiry, including but not limited to, the following:

1. Defendant Ingrassia's fabricated testimony about the arrest of Plaintiff on May 20, 2006 in the following matters:

    a. Proceedings before the Department of Motor Vehicles regarding the suspension of Plaintiff's driver's license,

    b. The suppression hearing on criminal charges against Plaintiff in *People v. Bhatnagar*, Case No. 127484-4, on November 27, 2006 before Contra Costa County Superior Court Judge Charles Treat,

2. Defendant Ingrassia's threatening conduct and retaliatory traffic ticket issued to Plaintiff on September 29, 2006, more than 4 months after his arrest and while internal investigation charges were pending against the officer,

3. Defendant Ingrassia's fabricated testimony during the traffic court hearing on the retaliatory traffic ticket.  This hearing was held on March 5, 2007 in *People v. Bhatnagar*, Case No. 968674-2 before Contra Costa County Commissioner Joel Golub,

4. The harassing and threatening phone calls received by Plaintiff from 2006 to 2007.

5. Defendant Ingrassia's threatening conduct towards Plaintiff during various court appearances,

6. Defendant Ingrassia's involvement in the internal affairs investigation into Plaintiff's complaints against the officer,

7. Defendant Ingrassia's participation in numerous incidents of harassment against Richard Ha, the gas station attendant who testified in Plaintiff's favor,

8. Defendant Ingrassia's prior criminal history,

9. Defendant Ingrassia's prior education and employment,

10. Defendant Ingrassia's application for employment with the Sheriff's Department,

11. Training received during Defendant Ingrassia's employment with the Sheriff's Department,

12. Disciplinary action taken against Defendant Ingrassia during his employment with the Sheriff's Department,

13. Defendant Ingrassia's arrest of Raymond Eli, an African American motorist, on September 15, 2006, and his fabricated testimony at the suppression hearing in *People v. Raymond Eli*, Case No. 128472-8, which resulted in the dismissal of criminal charges against Mr. Eli,

14. Defendant Ingrassia's arrest of Richard Smith on June 21, 2006 and his fabricated testimony at the suppression hearing in *People v. Richard Smith*, Case No. 5-070257-1, which resulted in the dismissal of criminal charges against Mr. Smith,

15. Other questionable arrests conducted by Defendant Ingrassia during his employment with the Sheriff's Department,

16. Injuries Defendant Ingrassia received to his right hand on January 25, 2004 when punching an unnamed inmate while working at the Martinez Detention Facility,

17. Injuries Defendant Ingrassia received to his knee on May 5, 2004 when striking an unnamed inmate in the face with his knee, while working at the Martinez Detention Facility

18. Injuries Defendant Ingrassia received to his knee on February 9, 2005 during a struggle with an unnamed inmate while working at the Martinez Detention Facility.

Pursuant to Fed.R.Civ.Pro., Rule 26(b)(2)(A) and 30(d)(1), Plaintiff respectfully requests leave to depose Defendant Ingrassia for two days of 7 hours testimony per day in order to allow adequate time to question the officer on all of the above relevant areas of inquiry.

## CONCLUSION

For reasons stated above, Mr. Bhatnagar respectfully requests an order requiring Defendant Ingrassia to (1) answer specified interrogatories in Plaintiff's 1st Set of Interrogatories on Defendant Ingrassia, and (2) produce documents responsive to specified document requests in Plaintiff's 1st Set of Document Requests on Defendant Ingrassia.

Date:   August 15, 2008
        Oakland, California

**JUSTICE FIRST, LLP**
Attorneys for Plaintiff Abhinav Bhatnagar
By:
         /s/ Jenny Huang
Jenny C. Huang
2831 Telegraph Avenue
Oakland, CA  94609
Tel.: (510) 628-0695