JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail: jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>  Plaintiff,<br><br>  vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>  Defendants. | Case No.: 3:07-cv-02669 (CEB)(EDL)<br><br>**DECLARATION OF JENNY HUANG IN SUPPORT OF PLAINTIFF'S REPLY BRIEF ON THE MOTION TO COMPEL RESPONSES TO 1ST SET OF DISCOVERY REQUESTS (DEFENDANT INGRASSIA)**<br><br>Date: August 26, 2008<br>Time: 9:30 a.m.<br>Honorable Elizabeth D. Laporte |

I, JENNY HUANG, state under penalty of perjury as follows:

1. I am counsel for Plaintiff Abhinav Bhatnagar in the above-referenced action. I submit this declaration in support of Mr. Bhatnagar's reply memorandum in support of his motion to compel responses to Plaintiff's 1st Set of discovery requests on Defendant Ingrassia.

HUAN G DECLARATION IN SUPPORT OF REPLY BRIEF ON PLAINTIFF'S MOTION TO COMPEL
1ST SET OF DISCOVERY REQUESTS (INGRASSIA)
PAGE 1 OF 5

2.  On October 30, 2007, Plaintiff served the 1st Set of Document Requests on Defendant County of Contra Costa, which requested a copy of Defendant Ingrassia's personnel file, among other requests (Document Request No. 8). One of the many purposes for which Plaintiff requested the officer's personnel file was to obtain phone numbers used by the officer to investigate and confirm the officer's involvement in harassing phone calls made to Plaintiff from 2006 to 2007.

3.  More than eight months later on July 16, 2008, Plaintiff received a supplemental production of documents from the County that presumably include documents contained in Defendant Ingrassia's personnel file. It is impossible to determine which documents are responsive to Plaintiff's 1st Set of Discovery Requests No. 8 because this document production included nearly 4,000 pages of documents that were disorganized, unlabeled, and did not indicate which document requests to which the documents were responsive. An amended response provided by Assistant County Counsel did not identify which documents in this production were purported to comprise Defendant Ingrassia's personnel file.

4.  Many documents produced by the County that may or may not include documents contained in Defendant Ingrassia's personnel file were redacted. Among the many redactions made, any and all phone numbers for the officer were redacted.

5.  In an effort to meet and confer with Assistant County Counsel, Mr. Harvey acknowledged by letter dated July 1, 2008, that discovery of Defendant Ingrassia's phone numbers is relevant to Plaintiff's claims of harassment by the officer by phone. Mr. Harvey agreed that he would release the phone numbers for Defendant Ingrassia, but conditional upon the approval of counsel for Defendant Ingrassia.

6. By letter dated August 30, 2006, Contra Costa County Deputy Public Defender Diana Garrido advised the municipal defendants of harassing and threatening phone calls received by Plaintiff. Ms. Garrido requested that the municipal defendants investigate the harassing phone calls to confirm Plaintiff's suspicion that Defendant Ingrassia was responsible for making these phone calls. A true and accurate copy of this letter from Ms. Garrido is attached hereto as Exhibit D.

7. On January 19, 2007, I represented Plaintiff at his interview with two internal affairs investigators at the Sheriff's Department.

8. During the course of the two-hour interview, the investigators interrogated Plaintiff about matters related to Plaintiff's criminal charges, although the charges had already been dismissed by the Contra Costa County Superior Court Judge Charles Treat. The investigators asked Plaintiff very few, if any, questions about his allegations of harassment and retaliation against Defendant Ingrassia.

9. At the close of Plaintiff's interview by internal affairs, I requested that the investigators conduct a fair and proper investigation to determine whether Defendant Ingrassia was responsible for making the threatening and harassing phone calls to Plaintiff. I also requested that the investigators advise Defendant Ingrassia that he is not to have any communications with Plaintiff. I was assured by the investigators that the officer would be so advised.

10. On March 5, 2007, I had the opportunity to question Defendant Ingrassia at the traffic court hearing on the retaliatory traffic ticket he issued to Plaintiff more than four months after his arrest. At that time, Defendant Ingrassia testified that he was never advised by anyone with the internal affairs division that he was not to have any communications with Plaintiff.

11. In support of Plaintiff's Motion for a Protective Order filed on November 21, 2007, Plaintiff filed an affidavit detailing the long history of harassment he has endured from Defendant Ingrassia. Included in this affidavit is information about the harassing and threatening phone calls Plaintiff received and the reasons why he believes Defendant Ingrassia is responsible for making these phone calls. A true and accurate copy of Mr. Bhatnagar's affidavit is attached hereto as Exhibit E.

12. On April 9, 2008, I requested dates of availability for the deposition of Defendant Ingrassia, to be scheduled in May of 2008. I was advised by Mr. Fitzgerald's secretary that she would inquire with Mr. Fitzgerald and Defendant Ingrassia and get back to me. However, I never received any response to this request. A true and accurate copy of the e-mail correspondence pertaining to this request is attached hereto as Exhibit F.

13. On August 6, 2008, I again requested dates of availability for the deposition of Defendant Ingrassia, to be scheduled on September 4-17, 2008. Once again, I have not received any response to this request. A true and accurate copy of my e-mail correspondence on August 6, 2008 is attached hereto as Exhibit G.

14. Plaintiff proposes to take the first day of Defendant Ingrassia's deposition on September 9, 10, 12, or 13, 2008. I have confirmed that Mr. Harvey is also available on those dates.

15. Plaintiff proposes to take the second day of Defendant Ingrassia's deposition on September 22, 23, or 24, 2008. I have not yet confirmed whether Mr. Harvey is also available on those dates.

16. On August 14, 2008, Plaintiff deposed Nathan Jones, the police officer who was present at the gas station when Plaintiff was arrested. Although Officer Jones was only partially involved in the circumstances underlying this lawsuit, his deposition took more than three hours to conduct.

17. To allow adequate time to depose Defendant Ingrassia on all the relevant areas of inquiry, I estimate that Plaintiff will require at least two days of seven hours of testimony per day to complete the officer's deposition. In the event that Defendant Ingrassia and/or his counsel are uncooperative at his deposition, additional time may be necessary to complete his deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 15, 2008 in Oakland, California.

                                                        /s/ Jenny Huang
                                                        JENNY HUANG