Justice First, LLP
Attorneys at Law

Jenny Huang, Partner
Sarita Ordóñez, Partner
Shawn Elzie, Intern

Main Office:
2831 Telegraph Avenue
Oakland, CA 94609
t (510) 628-0695 • f (510) 272-0711

September 19, 2008

**By electronic filing**

The Honorable Elizabeth D. Laporte
Northern District of California
450 Golden Gate Ave., 15th Floor
San Francisco, CA 94102

    Re:  *Bhatnagar v. Ingrassia et al.*, Case No. 3:07-cv-02669 (CEB)(EDL)

Dear Magistrate Judge Laporte:

    We regret the need to seek the Court's assistance in a scheduling matter regarding the deposition of a witness in the above-referenced matter.  Mr. James Fitzgerald, counsel for Defendant Jason Ingrassia, seeks to depose Diana Garrido for a second day of deposition on Monday, September 22, 2008 at 2pm.  Ms. Garrido is the public defender who successfully represented Plaintiff Abhinav Bhatnagar in his criminal case, which resulted in credibility and other findings against Defendant Ingrassia.  Ms. Garrido has agreed to appear for a second day of deposition, yet Mr. Fitzgerald has refused her reasonable requests to accommodate her by (1) holding the deposition at her office in Richmond, California, and (2) limiting defense counsel's questioning to an additional two hours based on their own estimates of additional time required.  Efforts by Ms. Garrido's counsel and Plaintiff's counsel to meet and confer with Mr. Fitzgerald about these reasonable requests for accommodation have been unsuccessful.

    Mr. Fitzgerald has no grounds to depose Ms. Garrido for a second day of deposition questioning. (Fed.R.Civ.Pro., Rule 30(a)(2)(A)(Advisory Committee Notes (2000) note that a single day of deposition is presumably preferable to a deposition extending over multiple days, unless otherwise stipulated between the parties).)  Ms.Garrido was already deposed by Mr. Fitzgerald on May 28, 2008. (*See*, Affidavit of Diana Garrido ("Garrido Aff."), dated 9/18/08, at ¶ 2 (attached hereto as Attachment A).)  It was simply to accommodate his own schedule, his failure to consult with his co-counsel on scheduling matters, and his failure to properly estimate the amount of necessary to conduct the deposition that Mr. Fitzgerald now requires a second day to depose Ms. Garrido.  (Garrido Aff. at ¶¶ 3-6.)  Despite her demanding caseload, Ms. Garrido has kindly agreed to appear for a second day of deposition on September 22, 2008 at 2pm.  (Garrido Aff. at ¶¶ 7, 9, 11.)

Nevertheless, Mr. Fitzgerald has refused Ms. Garrido's reasonable requests to hold the deposition at her office in Richmond and to limit her deposition to two hours of questioning by defense counsel. (Garrido Aff. at ¶¶ 9-10.) As a result of her heavy work schedule that week, it would be very burdensome for Ms. Garrido to appear, for a second time, at Mr. Fitzgerald's office in Walnut Creek. (Garrido Aff. at ¶¶ 2, 11.) Efforts by Ms. Garrido's counsel were unsuccessful in resolving this matter with Mr. Fitzgerald. (Garrido Aff. at ¶¶ 9-10.) My attempts to meet and confer with Mr. Fitzgerald's office on this matter have also been unsuccessful. Specifically, I left a voice mail message for Mr. Blechman on September 18, 2008 and a voice mail message for Mr. Fitzgerald on September 19, 2008, stating that I was seeking to meet and confer about Ms. Garrido's deposition. On September 19, 2008, I received a phone call from Mr. Fitzgerald's paralegal in response to my phone calls, advising me that the deposition would be held on September 22, 2008 at 2pm in Mr. Fitzgerald's office in Walnut Creek.

In light of Plaintiff's recent willingness to accommodate the requests of defense witnesses during depositions, Mr. Fitzgerald's conduct is particularly unreasonable. Specifically, Plaintiff's counsel has agreed, upon the requests of the deponents, to conduct three depositions at County Counsel's office in Martinez. Specifically, on September 17, 2008, Plaintiff's counsel conducted the deposition of Sheriff Warren Rupf in Martinez. In the following week, Plaintiff's counsel has also agreed to hold the depositions of the San Ramon Police Chief and a police bureau commander in Martinez as well.

We request the Court's intervention in this scheduling dispute because Ms. Garrido's requests are reasonable, especially in light of the courtesies extended by Ms. Garrido and Plaintiff's counsel. Moreover, we are concerned that if his unreasonable scheduling demands are not met, Mr. Fitzgerald will unilaterally cancel the noticed deposition of Defendant Ingrassia on September 23, 2008. Indeed, with regard to another scheduling conflict Mr. Fitzgerald's office had involving another witness, his office threatened outside counsel that they would retaliate by unilaterally canceling Defendant Ingrassia's deposition if she did not agree to his scheduling demands. (*See*, e-mail from Noah Blechman dated 9/16/08 (attached hereto as Attachment B.) Because fact discovery in this case closes on September 30, 2008, we simply cannot risk such unreasonable conduct by Mr. Fitzgerald and appreciate the Court's time and assistance with this request.

           Yours truly,

           /s/  Jenny Huang

           Jenny Huang

cc: Gregory Harvey, Esq.
   Jivaka Candappa, Esq.
   Elizabeth Barker, Esq.