# ATTACHMENT A

JUSTICE FIRST, LLP
Jenny C. Huang, SBN 223596
2831 Telegraph Avenue
Oakland, CA  94609
Telephone: (510) 628-0695
Fax: (510) 272-0711
E-mail: jhuang@justicefirstllp.com

JIVAKA CANDAPPA, SBN 225919
46 Shattuck Square, Suite 15
Berkeley, CA  94704
Telephone: (510) 654-4129
Fax: (510) 594-9610
E-mail:  jcandappa@sbcglobal.net

Attorneys for Plaintiff Abhinav Bhatnagar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>    Plaintiff,<br><br>  vs.<br><br>JASON INGRASSIA, individually and in his official capacity; COUNTY OF CONTRA COSTA; and CITY OF SAN RAMON.<br><br>    Defendants. | Case No.:  CV07-02669 (CRB)(EDL)<br><br>**AFFIDAVIT OF DIANA GARRIDO** |

I, DIANA GARRIDO, state under penalty of perjury as follows:

1. I am a Deputy Public Defender with the Office of the Public Defender in Contra Costa County, State Bar # 243343.  I defended Abhinav Bhatnagar against criminal charges brought against him in *People v. Bhatnagar*, Contra Costa County Superior Court Case No. 1-127484-4.

1        2.       I was deposed by Mr. James Fitzgerald, counsel for Defendant Jason Ingrassia, in the above-captioned matter on May 28, 2008 in the office of Mr. Fitzgerald in Walnut Creek, California.  Since March of 2008, I have worked in the Public Defender's Office in Richmond, California.

         3.       In scheduling the date for that deposition, I was advised by Mr. Fitzgerald's office that my deposition would last an hour long because Mr. Fitzgerald had a mediation scheduled at 10am.  Attached as Exhibit 1 is a true and accurate copy of the e-mail I received from Mr. Fitzgerald's office regarding the scheduling of my deposition.

         4.       On May 27, 2008, I began a preliminary hearing for one of my criminal cases that continued to the next day.  Because I had been advised by Mr. Fitzgerald's office that my deposition would conclude by 10am, I arranged to have the preliminary hearing continued until 11am on May 28, 2008.

         5.       My deposition started at 9:08am.  At the start of my deposition, Mr. Fitzgerald again advised that the deposition would conclude by 10am. (Exhibit 2 at p. 6 (attached as Exhibit 2 is relevant portions of the transcript from my deposition).) However, after an hour, Mr. Fitzgerald advised that he was not finished questioning me and that he had "no more than an hour" of additional questions. (Exhibit 2 at p. 49.)

         6.       At the end of my deposition, Assistant County Counsel Gregory Harvey advised that he had an additional hour of questions for me.  (Exhibit 2 at p. 44.)  Mr. Harvey also advised that Mr. Fitzgerald did not consult with Mr. Harvey about the scheduling of my deposition. (Exhibit 2 at p.45.)

         7.       It is burdensome for me to appear for a second day of deposition questioning because I have a heavy felony caseload.  On the week of September 22, 2008, I have to appear in court for sentencing hearings, multiple settings and changes of pleas, several preliminary hearings, arraignments, probation violations, a pretrial, and a motion to dismiss.

         8.       It is my understanding that I am requested to appear for a second day of deposition simply because defense counsel did not properly consult with each other and underestimated the amount of time it would take to complete my deposition.  For this reason, I do not believe they are entitled to depose me for a second day.

9.    Nevertheless, I have agreed to be deposed for a second day on September 22, 2008. By letter dated September 11, 2008, my counsel requested that the second day of my deposition be limited to two hours of questioning, because defense counsel previously represented they each had no more than an hour of additional questions to ask me. My counsel also requested that the second day of my deposition be held at my office in Richmond for my convenience. Attached as Exhibit 3 is a true and accurate letter from my counsel, Elizabeth Barker, to Mr. Fitzgerald.

10.    On September 12, 2008, Mr. Noah Blechman responded to Ms. Barker's letter with a hostile letter which misstated the circumstances under which the first day of my deposition was scheduled. Mr. Blechman refused to limit the deposition to two hours and he insisted on having the deposition at his office in Walnut Creek. Attached as Exhibit 4 is a true and accurate letter from Mr. Blechman dated September 12, 2008.

11.    It would be very burdensome for me to appear for a second day of deposition in Walnut Creek for more than two hours. On September 22, 2008, I have to return to the office after my deposition to prepare for court appearances, motions work, and case investigation.

12.    I request the Court's assistance in scheduling a second day of my deposition on September 22, 2008 at 2pm, in a conference room at my office, 3811 Bissell Avenue in Richmond, California. I also request that the court limit defense counsel to two hours of additional questioning, as they represented at my deposition on May 28, 2008 that they each had no more than one additional hour of deposition questions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 18, 2008 in Richmond, California.

_____
DIANA GARRIDO

# EXHIBIT 1



"Sabrina Ahia" &lt;Sabrina.Ahia@McNamaraLaw.com&gt;
05/19/2008 01:21 PM

To &lt;DGarr@pd.cccounty.us&gt;
cc
bcc
Subject  Bhatnagar v. Ingrassia

History: This message has been replied to and forwarded.

Ms. Garrido - Thank you for your message. We will proceed with your deposition on 5/28 at 9:00 a.m. We need to start on time as we have a mediation that starts at 10:00 am that day. Thank you.

*Sabrina Ahia*
*Legal Assistant to James V. Fitzgerald, III,*
*Noah G. Blechman, Petra Bruggisser and Garret Deal*
*(925) 817-3826 Direct #*
*(925) 930-5678 Fax*
*sabrina.ahia@mcnamaralaw.com*

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--



ABHINAV BHATNAGAR,           )
                             )
         Plaintiff,          )
                             )
vs.                          )   No. C07-02669 EMC
                             )
JASON INGRASSIA, individually)
and in his official capacity;)
COUNTY OF CONTRA COSTA; and  )
CITY OF SAN RAMON,           )
                             )
         Defendants.         )
                             )

DEPOSITION OF DIANA GARRIDO

Taken before VALERIE NUNEMACHER,

a Certified Shorthand Reporter,

License No. 10783, State of California

May 28, 2008

--oOo--



Certified Shorthand Reporters
2321 Stanwell Drive • Concord, CA 94520-4808
P.O. Box 4107 • Concord, CA 94524-4107
(925) 685-6222 • Fax (925) 685-3829

```
 1        A.    Susan Hutcher.
 2        Q.    And is there any relationship between
 3   Ms. Hutcher and Mr. Coleman in terms of managing public
 4   defender-type services for the county?
 5        A.    I have never been present in a management
 6   meeting.  I'm not aware of what goes on.
 7        Q.    Do they have management meetings together,
 8   though?
 9        A.    I have never been present, so I'm not sure to
10   be honest.
11        Q.    First of all, I'd like to thank you for
12   responding promptly to my e-mail and doing what you need
13   to do to be here.  I appreciate that.
14        A.    You're welcome.
15        Q.    As you have a conflict at 10:00, so do I.  I'm
16   a court-ordered mediator in a case, so I will be
17   finished by 10:00.  I can't speak for Mr. Harvey.  The
18   gentleman to my left is Mr. Blechman and he's here if it
19   goes past the time I ask questions to represent our side
20   here.
21              I don't know that we were formally introduced.
22   My name is Jim Fitzgerald.  I represent Deputy Ingrassia
23   who's been sued in a lawsuit that's been brought by
24   Ms. Huang.  I wanted you to come in here and answer
25   certain questions that came up in the course of that
```

Zandonella
REPORTING SERVICE, INC.

Certified Shorthand Reporters
2321 Stanwell Drive • Concord, CA 94520-4808
P.O. Box 4107 • Concord, CA 94524-4107
(925) 685-6222 • Fax (925) 685-3829

6

1  and I haven't asked any questions?  I don't think so.
2           MS. HUANG:  How long is your questions going
3  to take?
4           MR. HARVEY:  I think I'm going to be about an
5  hour.
6           MS. HUANG:  So you're going to be at least an
7  hour.  So why did you schedule this for an hour's time?
8           MR. HARVEY:  I didn't schedule the deposition.
9  I'm a different party.  Remember, I'm the County of
10 Contra Costa.  I have a right to ask questions at a
11 deposition.  You cannot prevent us --
12          MS. HUANG:  Are we on the record?
13          MR. HARVEY:  Yeah, I want to make sure that
14 we're on the record.
15          MS. HUANG:  Yes, please.
16          MR. HARVEY:  You cannot prevent us from asking
17 our questions in a deposition just because you want to.
18          MS. HUANG:  If you're going to bring a
19 deponent back on a second day then you are going to need
20 permission.
21          MR. HARVEY:  I'm not bringing anybody back,
22 I'm here.  My calendar is clear.  It's not my calendar
23 that's in the way.  And I understood that if Jim had to
24 go and the witness was available, we'd continue.  But,
25 you know, the witness has indicated at the outset of

Zandonella
REPORTING SERVICE, INC.

Certified Shorthand Reporters
2321 Stanwell Drive • Concord, CA 94520-4808
P.O. Box 4107 • Concord, CA 94524-4107
(925) 685-6222 • Fax (925) 685-3829

44

1  this that she's not available.

2       MS. BARKER:  My office was never informed of
3  that.  We were informed that it would be an hour.

4       MR. HARVEY:  I received a notice of a subpoena
5  for a deposition.  There was no limitation on the time
6  in the subpoena.  I apologize to you, but I had nothing
7  to do with that.  In fact, when the subpoena went out
8  and these dates were arranged, I was in Lake Tahoe on
9  vacation.  So obviously I had nothing to do with it.

10       But let's make it clear that the County of
11 Contra Costa's position is that we have the opportunity
12 to ask questions and we're not giving up that
13 opportunity.  And if we have to make extra efforts, we
14 will be seeking fees from the court for doing so.
15 Because, you know, this issue is not appropriate and you
16 know it.

17       MS. HUANG:  Are you done?

18       MR. HARVEY:  I'm done.

19       MR. FITZGERALD:  Ms. Garrido, what works with
20 your schedule?

21       MS. HUANG:  It's our position that you need to
22 get permission from Judge Breyer.  I don't think he's
23 going to conduct depositions in a piecemeal fashion when
24 we're talking about deposing public defenders here.

25       MR. FITZGERALD:  I'm sorry, they have some

```
 1  would produce Mr. Ha for deposition.
 2          MS. HUANG:  That I would produce?  I'm not
 3  producing Mr. Ha.
 4          MR. FITZGERALD:  Let's pick a date or a couple
 5  of dates that work for you, Ms. Garrido.
 6          MR. HARVEY:  If that's all right.  And we can
 7  provide the subpoena if you're more comfortable with a
 8  subpoena.
 9          MS. BARKER:  We have to have a subpoena.
10          MR. HARVEY:  I understand.  We'll work with
11  that.
12          MR. FITZGERALD:  We will.
13          MS. BARKER:  No, I expect you to.
14          MR. FITZGERALD:  We will.  I didn't quite get
15  the import of what you were -- what your problem or
16  concern was, now I do.  So let's just pick a date.
17          MS. HUANG:  Jim, do you have an estimate of
18  how much more time you need to question this witness?
19          MR. FITZGERALD:  No more than an hour.
20          THE WITNESS:  I just got a bunch of new cases.
21  I don't know what dates they're set on.  I have about
22  seven new cases in my in-box.  Can we arrange a new date
23  after we're all back at our respective offices?
24          MR. FITZGERALD:  It appears to be difficult,
25  otherwise I would say it's okay.  If it were you and me,
```

**Zandonella** REPORTING SERVICE, INC.

49

Certified Shorthand Reporters
2321 Stanwell Drive • Concord, CA 94520-4808
P.O. Box 4107 • Concord, CA 94524-4107
(925) 685-6222 • Fax (925) 685-3829

```
 1   STATE OF CALIFORNIA    }
                            } ss.
 2   COUNTY OF CONTRA COSTA }

 3

 4         I, VALERIE NUNEMACHER, CSR, License No. 10783, do

 5   certify:

 6         That DIANA GARRIDO, the witness in the foregoing

 7   deposition, was by me first duly sworn to testify to the

 8   truth, the whole truth, and nothing but the truth in the

 9   within-entitled cause;

10         That said deposition was reported by me at the time

11   and place therein stated by me, a Certified Shorthand

12   Reporter, and thereafter transcribed into typewriting;

13         I further certify that I am not interested in the

14   outcome of said action, nor connected with, nor related

15   to, any of the parties of said action or to their

16   respective counsel.

17         IN WITNESS WHEREOF, I have hereunto set my hand

18   this   5th   day of   June           , 2008.

19

20

21

22                         /s/ Valerie Nunemacher

23                         VALERIE NUNEMACHER, CSR 10783

24

25
```



Zandonella REPORTING SERVICE, INC.
Certified Shorthand Reporters
2321 Stanwell Drive • Concord, CA 94520-4808
P.O. Box 4107 • Concord, CA 94524-4107
(925) 685-6222 • Fax (925) 685-3829

55

# EXHIBIT 3



**PUBLIC DEFENDER**
Contra Costa County

David C. Coleman
Public Defender

WEST OFFICE
*Supervising Attorneys*
Martita Mayer

September 11, 2008

James V. Fitzgerald III
McNamara Law Firm
1211 Newell Avenue
Walnut Creek, CA 94596
SENT VIA FACSIMILE
(925) 939-0203

                          Abhivar Bhatnager v. Jason Ingrassia
                          Diana Garrido deposition

Dear Mr. Fitzgerald:

     It appears to my office that you are not entitled to continue to depose Diana Garrido. Federal Rules of Civil Procedure Rule 30(a)(2)(A)ii permits depositions to be held for one day or seven hours. Since you chose to depose Ms. Garrido for one hour, rather than the entire day, we believe you are not entitled to depose Ms. Garrido for a second day. However, as a courtesy to you, Ms. Garrido has graciously agreed to appear for a deposition.

     As you know, Ms. Garrido is a trial attorney with the public defender's office. She has a busy schedule. We ask that the second deposition, be limited to two hours and that the deposition be held at a location convenient to Ms. Garrido. We can make a conference room at the public defender's Richmond office available for the deposition.

     I trust these terms will be agreeable to you. Feel free to contact me to discuss the matter.

     Thank you for your consideration.

Very truly yours,

Elizabeth K. Barker
Deputy Public Defender

3811 Bissell Avenue, Richmond, California 94805-2298 • (510) 412-4900 • Fax (510) 412-4901
e-mail: defender@pd.cccounty.us • www.contracostapublicdefender.us

**EXHIBIT 4**

# McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP
### ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
SHAWN F. HARDING
PETRA BRUGGISSER
CHRISTOPHER N. ODNE

MARK P. IEZZA
CHRISTOPHER T. LUSTIG
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL
ALEXANDER CHASE
ARA S. ALIKIAN

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

PLEASE RESPOND TO:
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

Noah G. Blechman
noah.blechman@mcnamaralaw.com

September 12, 2008

**Via Facsimile Only**
Ms. Elizabeth K. Barker
Contra Costa County Public Defender
3811 Bissell Avenue
Richmond, California 94805-2298

Re:   **Bhatnagar, Abhinav v. Jason Ingrassia, et al.**
       RE: Deposition of Ms. Garrido

Dear Ms. Barker:

This letter is in response to your letter to my partner, James V. Fitzgerald, III, dated September 11, 2008, regarding the completion of Ms. Garrido's deposition. Initially, we do not agree with the unilateral terms in your letter. You should recall that the reason that we were only able to take Ms. Garrido's deposition for an hour during that initial subpoenaed deposition session was to accommodate Ms. Garrido who had a court appearance at 10 a.m., though our deposition started at 9 a.m. We were willing to finish her deposition that day, but we kindly allowed her to make it to her court appearance that morning. You should also recall that all parties agreed at the deposition, as well as yourself and Ms. Garrido, that Ms. Garrido's deposition would be reset for a mutually convenient date and time. Ms. Garrido agreed to provide additional dates for her deposition via a telephone call or e-mail to our office later that week, but she never provided such dates to our office. When we then followed up with her the following week, we were informed that you apparently had some family medical issues and/or some sabbatical to attend to so our office graciously agreed to wait for several months until September to complete this subpoenaed deposition so that you could attend.

We need to note that at no time until yesterday, however, have you or Ms. Garrido made any objections to this deposition going forward to be completed since it could not be completed

Elizabeth K. Barker, Esq.
September 12, 2008
Page 2

Re:   Bhatnagar, Abhinav v. Jason Ingrassia, et al.

after the first session as Ms. Garrido had to leave for a court appearance after only an hour of testimony. Ms. Garrido's deposition was not completed and Defendants have only about one hour of testimony on the record. Per Rule 30, Defendants still have six potential hours of deposition testimony left with Ms. Garrido before you can potentially raise any time restriction objections per this rule.

Our office has bent over backwards to accommodate you and your client for this subpoenaed deposition. While we understand that Ms. Garrido is a busy attorney, we are also busy, Mr. Harvey, counsel for the County of Contra Costa is also busy, and Plaintiff's counsel is also likely busy. We are all busy. Ms. Garrido is a witness in this case (she made herself a witness) and she was properly subpoenaed for deposition. Our office has already accommodated her by allowing her deposition to be continued to a later date after only an hour of testimony and then waiting more than three months to finish her deposition in an accommodation to both you and Ms. Garrido.

In short, we are not going to limit the deposition time to two hours for Ms. Garrido for the next session which has now been scheduled for September 22, 2008, at 2:00 pm at our office. Also, that deposition is to remain located at our office. We concede, however, that in all likelihood, this next deposition session will not come close to the allowable six remaining hours of testimony per Rule 30. Should these issues not meet with your approval, we suggest you immediately seek a protective order, the grounds upon which, in our opinion, are totally lacking. If these issues remain unresolved, we will seek assistance from Judge Breyer to resolve this issue and we are confident he will sympathize with our position as we have been more than accommodating to you and your client and are well within our rights under Rule 30.

Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

Very truly yours,

Noah G. Blechman

NGB:ssa