# MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
PETER W. SEKELICK
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
SHAWN F. HARDING
PETRA BRUGGISSER
MARK P. IEZZA

CHRISTOPHER T. LUSTIG
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
ALEXANDER CHASE
ARA S. ALIKIAN
JOHN C. ADAMS

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

**PLEASE RESPOND TO:**
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE:  (925) 939-0203

**www.mcnamaralaw.com**

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.

September 19, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Hon. Elizabeth D. Laporte
United States Northern District
450 Golden Gate Avenue, 15th floor
San Francisco, CA 94102

Re:    **Bhatnagar, Abhinav v. Jason Ingrassia, et al.**
       **Case No. 07-02669 CRB**

Dear Magistrate Judge Laporte:

It is utterly ridiculous that Ms. Huang now feels that she has to inject the Court into this minor scheduling issue, an issue that has been totally manufactured by Ms. Huang. Ms. Huang should not burden the Court with her own legal shortcomings, forcing the Court to weigh in on shortened time per a procedurally improper request by Ms. Huang. Candidly, this is also a large burden to the undersigned as I am currently at home taking care of my four month old daughter and I now have to hurriedly respond to Ms. Huang's misrepresentations to the Court.

Initially, we want to point out that Ms. Huang has no standing to seek court intervention to deal with this scheduling issue of Ms. Garrido, a third party witness, who was properly subpoenaed in this matter. Ms. Garrido has personal counsel, Ms. Barker, who would potentially have such standing, though Ms. Barker has not sought any court intervention on behalf of her own client. Secondly, Ms. Huang essentially hereby seeks a motion for a protective order on behalf of Ms. Garrido via a letter to the Court that was filed one business day (today) before the actual date of the deposition of Ms. Garrido (Monday, September 22nd). This is an improper procedure for such a request by Ms. Huang to attempt to re-designate the location of the deposition and to attempt to limit the time Defendants are able to rightfully depose Ms. Garrido. Ms. Huang has not sought an order shortening time to bring such an issue to the Court's attention and now seeks to usurp and flout the Court's local rules and the FRCP, to the prejudice and

Hon. Elizabeth D. Laporte
September 19, 2008
Page 2

Re:    Bhatnagar, Abhinav v. Jason Ingrassia, et al.


detriment of Defendants, to bring this issue to the Court's attention.  Procedurally, Ms. Huang's request should be summarily rejected.

Substantively, Ms. Huang's request should also be denied.  In essence, what Ms. Huang is trying to do in relation to this issue is to **interfere** with the deposition of a properly subpoenaed third party witness.  The deposition of Ms. Garrido is set to go forward on Monday, September 22nd, at 2:00 p.m. at my office in Walnut Creek (giving the Court a very limited time to address this issue).  This date and time was set around and per the schedule of Ms. Garrido.  Ms. Garrido provided the date and the time for the deposition and at no point until recently, had she sought any change of venue or other limitations to the deposition.  Defendants have made many accommodations to Ms. Garrido and her counsel, Ms. Barker, as can be seen by my letter to Ms. Barker, **Exhibit 4** to Ms. Huang's letter to the Court.

The initial deposition session of Ms. Garrido, which only lasted an hour as Ms. Garrido admittedly had to attend to a court matter, was at our Walnut Creek office per the location on the subpoena.  At no time until just recently has the location of the deposition become an issue.  Neither Ms. Garrido nor Ms. Barker raised these issues until September 11th.  Nonetheless, Defendants have accommodated Ms. Garrido's schedule at all points and have waited patiently to complete her deposition, allowing her counsel, Ms. Barker, several months of time to deal with family matters until we then reset this deposition.  Defendants should not now have to incur additional expenses by having the deposition of Ms. Garrido in Richmond, nor has Ms. Garrido demonstrated good cause or a sufficient reason to do so.  Our office is in Walnut Creek, Mr. Harvey's office is in Martinez and Ms. Huang's office is in Oakland.

Per her declaration, Ms. Garrido seems to imply that because she is a deputy public defender, she is more important than the rest of the attorneys in this matter.  That is not the case.  Ms. Garrido's court schedule is no different than that of the undersigned, Mr. Fitzgerald's schedule, or Mr. Harvey's schedule.  In fact, we have a meeting scheduled at our office on the morning of September 22nd that will last several hours and it would be burdensome to our office to be forced to cut our meeting short to travel to Richmond for the deposition of Ms. Garrido.

Ms. Huang's procedurally improper request to then limit the time Defendants are able to continue questioning Ms. Garrido is also entirely unreasonable.  The Court should also be made aware that Ms. Garrido injected herself into this litigation as a third party witness when she provided various letters on behalf of Plaintiff in relation to his criminal issues and she provided various declarations relating to key issues in this civil rights case.  Our office was well prepared to finish the deposition of Ms. Garrido during her first session, though it was Ms. Garrido who had to run off to Court (we had two attorneys attend the deposition as my partner, Mr. Fitzgerald had to perform a mediation for the Northern District as he is on the ADR panel).  Though our

Hon. Elizabeth D. Laporte
September 19, 2008
Page 3

Re:    Bhatnagar, Abhinav v. Jason Ingrassia, et al.


office may have provided an estimate for the time of questioning of Ms. Garrido, due to her testimony at deposition, additional questions and issues were raised that required follow up. Further, Mr. Harvey, counsel for the County of Contra Costa, has not been able to ask any questions of Ms. Garrido. While our office does not anticipate extended questioning of Ms. Garrido, per FRCP 30, Defendants are able to question her up to seven total hours, only one of which has been used by the undersigned. It cannot be stressed enough that Ms. Garrido made herself a percipient witness in this matter and now has to allow herself to be adequately deposed

It is clear that Ms. Huang is now trying to limit the time of questioning of Ms. Garrido as it would be a strategic advantage to Plaintiff if Defendants were not allowed a reasonable amount of time to question Ms. Garrido. Since Ms. Garrido made herself a witness in this case by providing letters to the County and providing declarations in this civil case, she must now cooperate by sitting for a deposition. Defendants must be given a reasonable amount of time to question Ms. Garrido on the issues, she herself, has raised. We cannot anticipate Ms. Garrido's answers to our questions to be able give a further estimate as to the time needed to completely depose Ms. Garrido. However, we anticipate that our office has approximately two to three hours of questions left for Ms. Garrido, which does not factor into any questioning by Mr. Harvey.

All in all, the Court can plainly see that Defendants have attempted to accommodate Ms. Garrido, and her counsel Ms. Barker, at all turns. (See Exhibit 4). It should also be noted that the undersigned counsel is not at all responsible for the locations of the depositions of County witnesses such as the Sheriff, etc. as cited in Plaintiff's letter as these are County witnesses, which were not at all set up by our office. We are entitled to have Ms. Garrido's deposition at our Walnut Creek office as noticed in the subpoena and to take the statutory time period allotted to complete her deposition per FRCP, if needed. Plaintiff's counsel cannot impose upon Defendants the unreasonable restrictions of a new deposition location and more importantly, a time restriction for further questioning of Ms. Garrido. Defendants have six more hours remaining to depose Ms. Garrido per FRCP 30 and so we are well within our rights to demand a full and fair opportunity to question Ms. Garrido, a witness who has injected herself into this case in many significant respects.

Should the Court wish to discuss these issues further, the undersigned will make himself available for a teleconference on Monday, September 22nd, at any time in the morning until 11 a.m. However, the undersigned does not see the necessity for the Court to have to intervene in Ms. Huang's unreasonable and procedurally improper request to the Court. This deposition should go forward as per the subpoena to Ms. Garrido.

Hon. Elizabeth D. Laporte
September 19, 2008
Page 4

Re:    Bhatnagar, Abhinav v. Jason Ingrassia, et al.


        Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial counsel on this matter.

                                            Very truly yours,

                                            Noah G. Blechman

NGB:ssa
cc:    Jivaka Candappa, Esq.
        Greg Harvey, Esq.
        Ms. Jenny C. Huang
        Ms. Elizabeth K.Barker