IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHINAV BHATNAGAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASON INGRASSIA, et al.,<br><br>　　　　Defendants._____/ | No. C-07-02669 CRB (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

　　　Defendant Ingrassia's Motion to Compel Further Responses at Deposition of Witness Garrido came on regularly for hearing on November 18, 2008.  After full consideration of the moving papers and supporting documents, the opposition and opposing arguments, any reply briefs and any oral arguments, the Court finds that Defendant Ingrassia's Motion to Compel Further Responses at Deposition of Witness Garrido is hereby granted in part and denied in part.

　　　As a result of Paragraph 6 of the Affidavit of Ms. Garrido (Exhibit A to the Declaration of Noah Blechman) and the letter from Ms. Garrido to Chief Holder dated August 30, 2006 (Exhibit B to the Declaration of Noah Blechman), the court determines that the attorney client privilege was waived with respect to communications Ms. Garrido had with Mr. Bhatnagar regarding the subject matter of the allegations contained in Paragraph 6 the Affidavit and all portions of the letter. The waiver, however, does not extend to any communications with Plaintiff regarding the internal affairs investigation launched in response to Ms. Garrido's letter that was referenced in Paragraph 6 of Ms. Garrido's Affidavit.  The waiver of the privilege is limited in scope and did not result in a waiver of attorney work product.  Defendant is therefore entitled to discover information pertaining only to those communications between Mr. Bhatnagar and Ms. Garrido regarding the

subject matter of the allegations described in paragraph 6 of the Affidavit and the August 30, 2006 letter, except as to the internal affairs investigation.

In addition, Defendant is entitled to discover whether Mr. Campagna ever called Ms. Garrido to inform her that the information in the Signed Statement of Campagna (Exhibit 2 to the Deposition of Garrido, Exhibit C to the Declaration of Noah Blechman) was not accurate.

These discovery inquiries are to be performed not via a further oral deposition of Ms. Garrido per FRCP 30, as requested by Defendant, but via written deposition questions to Ms. Garrido per FRCP 31. Answers shall be provided by Ms. Garrido consistent with this court's order, without objections based on the attorney-client privilege consistent with the scope of the waiver described above.

Defendant's motion to compel is denied as to all other areas of inquiry. In particular, the court determines that any communications Ms. Garrido may have had with other public defenders is protected by the common interest privilege. The court also concludes that any investigation conducted by Ms. Garrido is protected from disclosure as attorney work product. Accordingly, it is hereby ordered that Defendant Ingrassia's Motion to Compel Further Responses at Deposition of Witness Garrido is hereby granted in part and denied in part, as indicated above. Defendant Ingrassia shall serve, via facsimile, to Ms. Garrido's office, with copies to all counsel, Defendant's FRCP 31 questions by no later than 5:00 p.m. on November 19, 2008. Ms. Garrido's full and complete responses to such questions should be served, via facsimile, on all counsel, including the undersigned, by no later than 5:00 p.m. on November 26, 2008.

**IT IS SO ORDERED.**

Dated: November 21, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

2