**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   ABHINAV BHATNAGAR,                        No. C 07-2669  CRB
12            Plaintiff,                       **JURY INSTRUCTIONS**
13      v.
14   JASON INGRASSIA, et al.,
15            Defendants.
16   _____/
17
18
19
20
21
22   Dated: January 14 , 2009            _____
23                                       CHARLES R. BREYER
                                         UNITED STATES DISTRICT JUDGE
24
25
26
27
28

**DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# EVIDENCE FOR LIMITED PURPOSE

Some evidence has been admitted for a limited purpose only.

When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, if a witness sees a jet in the sky, that is direct evidence of the jet.  If, on the other hand, the witness sees the white jet trail crossing the sky, that is circumstantial evidence of the jet.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

2

**STIPULATIONS OF FACT**

3          The parties have agreed to certain facts that have been read to you.  You should

4  therefore treat these facts as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

**FOREIGN LANGUAGE TESTIMONY**

Witnesses who do not speak English or are more proficient in another language testified through an official court interpreter.  Although some of you may know the language used, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

### CLAIMS AND DEFENSES

To help you follow these instructions, I will give you a brief summary of the positions of the parties.

Plaintiff Abhinav Bhatnagar claims that:

1.      On May 20, 2006, defendant Jason Ingrassia arrested plaintiff Abhinav Bhatnagar, in violation of his rights under state and federal laws; and

2.      On September 29, 2006, defendant Jason Ingrassia falsely issued a citation for an illegal u-turn and threatened Abhinav Bhatnagar in retaliation for bringing a complaint against the officer; and

3.      Defendant Jason Ingrassia was responsible for making harassing phone calls to Abhinav Bhatnagar, and other intimidating conduct, in retaliation for bringing a complaint against the officer.

The plaintiff has the burden of proving these claims.  The defendant denies the claims.

**United States District Court**
For the Northern District of California

## LAW APPLICABLE TO PLAINTIFF'S CLAIMS FOR RELIEF–INTRODUCTION

I will now instruct you on the law as it applies to the specific claims for relief brought by plaintiff.

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiff brings some of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**SECTION 1983 CLAIM--ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his Section 1983 claims against defendant Jason Ingrassia, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  The defendant acted under color of law; and

2.  The acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find that plaintiff has proved each of these elements, and if you find that the plaintiff has proved all of the elements he is required to prove as discussed further in these Instructions, your verdict should be for plaintiff.  If, on the other hand, you find that plaintiff has failed to prove any one or more of these elements, your verdict should be for defendants.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

# PARTICULAR RIGHTS–FOURTH AMENDMENT–UNREASONABLE SEIZURE OF PERSON–GENERALLY

As previously explained, plaintiff has the burden to prove that the act[s] of defendant Jason Ingrassia deprived plaintiff of particular rights under the United States Constitution. Plaintiff alleges defendant Jason Ingrassia deprived him of his rights under the Fourth Amendment to the Constitution when defendant arrested plaintiff on May 20, 2006 and when defendant stopped plaintiff for a traffic violation on September 29, 2006.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove defendant Jason Ingrassia deprived plaintiff of this Fourth Amendment right, plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Jason Ingrassia seized plaintiff's person;

2. in seizing plaintiff's person, Jason Ingrassia acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in plaintiff's position would have felt free to leave, consider all of the circumstances, including:

17

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officers' manner would imply that compliance would be compelled; and

5. whether the officers' advised plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, plaintiff must prove defendant Jason Ingrassia meant to engage in the act[s] that caused a seizure of plaintiff's person.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE FOR ARREST**

**MAY 20, 2006**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the person has committed or was committing a crime.

In order to prove the May 20, 2006 seizure by arrest was unreasonable, plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under state law, it is a crime for any person to drive a motor vehicle with a blood alcohol level of 0.08 percent or more, by weight.

**United States District Court**
For the Northern District of California

### PARTICULAR RIGHTS—FOURTH AMENDMENT

### UNREASONABLE SEIZURE OF PERSON—INVESTIGATORY STOP

**SEPTEMBER 29, 2006**

Plaintiff also alleges that defendant Jason Ingrassia deprived plaintiff of his rights under the Fourth Amendment to the Constitution when he stopped the plaintiff for a traffic violation on September 29, 2006.

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer at the time:

1.    the officer had a reasonable suspicion that the person seized had committed a traffic violation; and

2.    the length and scope of the seizure was reasonable.

In order to prove the September 29, 2006 seizure was unreasonable, plaintiff must prove by a preponderance of the evidence that defendant Jason Ingrassia lacked reasonable suspicion to stop him.

"Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts.

**PARTICULAR RIGHTS—FIRST AMENDMENT**

The plaintiff also alleges defendant Jason Ingrassia deprived him of rights under the First Amendment to the Constitution when defendant retaliated against plaintiff by issuing him a false traffic citation on September 29, 2006, threatening him with physical harm, being responsible for harassing phone calls to plaintiff, and engaging in other threatening acts. Under the First Amendment, a citizen has the right to complain about a police officer's conduct.  In order to prove defendant deprived plaintiff of this First Amendment right, plaintiff must prove the following additional elements by a preponderance of the evidence:

1. plaintiff complained about a police officer's conduct;

2. defendant Jason Ingrassia took action against plaintiff; and

3. plaintiff's complaint about the officer was a substantial or motivating factor for defendant Jason Ingrassia's actions.

I instruct you that plaintiff's complaint about Jason Ingrassia's conduct was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.

United States District Court
For the Northern District of California

# STATE LAW CLAIMS–INTRODUCTION

In addition to the federal section 1983 claims, plaintiff makes several claims under state law.  I am now going to instruct you on the essential elements of plaintiff's state law claims.

. **WRONGFUL DETENTION–ESSENTIAL ELEMENTS**

**SEPTEMBER 29, 2006**

Plaintiff Abhinav Bhatnagar also makes a state law claim that defendant Jason Ingrassia wrongfully detained him on September 29, 2006.  To establish this claim, plaintiff must prove all of the following:

1.    That defendant Jason Ingrassia intentionally deprived Abhinav Bhatnagar of his freedom of movement by use of physical force, threats of force, menace, fraud, deceit, or unreasonable duress; and

2.    That plaintiff did not consent;

3.    That plaintiff was actually harmed; and

4.    That defendant's conduct was a substantial factor in causing plaintiff's harm.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## AFFIRMATIVE DEFENSE - POLICE OFFICER'S LAWFUL AUTHORITY TO DETAIN

Defendant Jason Ingrassia claims that the September 29, 2006 detention was not wrongful because he had a right to detain Abhinav Bhatnagar for questioning or other limited investigation.

If defendant has proven that he had a reasonable suspicion that plaintiff Abhinav Bhatnagar had made an illegal u-turn, then Jason Ingrassia had a right to stop and detain Abhinav Bhatnagar for questioning or other limited investigation.

Reasonable suspicion is an objectively reasonable belief based on specific and articulable facts.

**United States District Court**
For the Northern District of California

# ESSENTIAL ELEMENTS–FALSE ARREST

# WITHOUT A WARRANT BY A PEACE OFFICER

# MAY 20, 2006

Plaintiff Bhatnagar also claims that he was wrongfully arrested on May 20, 2006 by defendant Ingrassia.  To establish this claim, plaintiff must prove all of the following:

1.      That defendant Ingrassia arrested plaintiff without a warrant;

2.      That plaintiff was harmed; and

3.      That defendant Ingrassia's conduct was a substantial factor in causing plaintiff's harm.

**FALSE ARREST WITHOUT A WARRANT–AFFIRMATIVE DEFENSE**

**PEACE OFFICER–PROBABLE CAUSE TO ARREST**

**MAY 20, 2006**

Defendant Ingrassia claims the May 20, 2006 arrest was not wrongful because he had the authority to arrest plaintiff without warrant.

If defendant proves that he had factual evidence from his observations of plaintiff, plaintiff's statements, plaintiff's performance on the field sobriety tests and the results of the preliminary alcohol screening that, if proved, would constitute reasonable cause to believe that plaintiff had committed the offense of driving with a blood alcohol above 0.08%, then defendant Ingrassia had the authority to arrest plaintiff without a warrant.

**ESSENTIAL ELEMENTS–BANE ACT–CIVIL CODE SECTION 52.1**

Plaintiff claims that defendant Jason Ingrassia intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, or coercion.  To establish this claim, plaintiff must prove all of the following:

1.     That defendant Jason Ingrassia interfered with or attempted to interfere with plaintiff's rights under United States and California law to complain about a police officer's conduct;

2.     That defendant interfered with or attempted to interfere with plaintiff's rights through threats, intimidation, or coercion;

3.     That plaintiff was harmed; and

4.     That defendant's conduct was a substantial factor in causing plaintiff's harm.

# ESSENTIAL ELEMENTS OF INTENTIONAL INFLICTION
# OF EMOTIONAL DISTRESS

Plaintiff claims that defendant Ingrassia's conduct caused plaintiff to suffer severe emotional distress.  To establish this claim, plaintiff must prove all of the following:

1.      That defendant Ingrassia's conduct was outrageous;

2.      That defendant intended to cause plaintiff emotional distress; or

That defendant Ingrassia acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was present when the conduct occurred;

3.      That plaintiff suffered severe emotional distress; and

4.      That defendant Ingrassia's conduct was a substantial factor in causing plaintiff's severe emotional distress.

United States District Court
For the Northern District of California

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## - "OUTRAGEOUS CONDUCT" DEFINED

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether defendant Ingrassia's conduct was outrageous, you may consider, among other factors, the following:

(a)    Whether defendant Ingrassia abused a position of authority or a relationship that gave him real or apparent power to affect plaintiff Bhatnagar's interests;

(b)    Whether defendant Ingrassia knew that Plaintiff Bhatnagar was particularly vulnerable to emotional distress; and

(c)    Whether defendant Ingrassia knew that his conduct would likely result in harm due to mental distress.

**United States District Court**
For the Northern District of California

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## - "RECKLESS DISREGARD" DEFINED

Defendant Ingrassia acted with reckless disregard in causing plaintiff Bhatnagar emotional distress if:

      1.    Defendant Ingrassia knew that emotional distress would probably result from his conduct; or

      2.    Defendant Ingrassia gave little or no thought to the probable effects of his conduct.

**United States District Court**
For the Northern District of California

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## - "SEVERE EMOTIONAL DISTRESS" DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.

Plaintiff Bhatnagar is not required to prove physical injury to recover damages for severe emotional distress.

### DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on any of his claims, you must determine plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by the defendants.  You should consider the following:

a.  The nature and extent of the injuries;

b.  The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

c.  The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

d.  The cost and expenses associated with plaintiff's criminal arrest and the required defense against criminal charges;

e.  The cost and expenses associated with the suspension of plaintiff's driver's license and the required defense against administrative proceedings;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

32

**DAMAGES FOR VIOLATION OF CIVIL CODE SECTION 52.1**

If you decide that plaintiff Abhinav Bhatnagar has proved his Civil Code section 52.1 (Bane Act) claim against defendant Jason Ingrassia, you also must decide how much money to award him in damages, as previously instructed.

In addition, on this claim you may award plaintiff up to three times the amount of his actual damages as a penalty against defendant Jason Ingrassia.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for plaintiff but you find that plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

United States District Court
For the Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

# RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.